**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| IN RE: PREMARIN ANTITRUST LITIGATION ) ) ) _____) ) *Mattoon v. Wyeth-Ayerst Laboratories, Inc., et al.,* ) No. 1:01cv447, ) ) and ) ) *Forgue v. Wyeth-Ayerst Laboratories, Inc., et al.,* ) No. 1:01cv634 ) _____) | CIVIL ACTION NO. 1:01cv Judge Sandra Beckwith |

**END PAYOR PLAINTIFFS' MOTION
FOR CLARIFICATION OR MODIFICATION
OF AMENDED CASE MANAGEMENT ORDER NO. 1**

Plaintiffs, by their attorneys, move this court for clarification or modification of their present responsibilities under Amended Case Management Order No. 1 ("ACMO 1"). In support of this motion, plaintiffs state as follows:

1. This action seeks relief from defendant for, *inter alia*: (i) its anti-competitive conduct in connection with the sale of its menopause drug Premarin, (ii) systematically stifling competition from the drug Cenestin, and (iii) restraining trade and monopolizing the market for conjugated estrogens. This has caused the members of the class to have paid higher prices for Premarin than they would have but for defendants' exclusionary conduct.

2. Plaintiffs filed their initial complaint with this Court on July 6, 2001. Thereafter, certain direct purchasers of Premarin (the "Direct Purchaser Plaintiffs") filed a similar antitrust suit which was coordinated with the End Payor Plaintiffs' case.

3. On January 9, 2002, the Court entered ACMO 1, coordinating the cases for pretrial purposes (referring to them as the "Coordinated Action") and, *inter alia*, setting discovery and briefing schedules with respect to class certification. The Court in ACMO 1 set no schedule for merits discovery; only class discovery. The parties proceeded on the assumption that merits discovery would follow this Court's rulings on the motions for class certification. This is the issue on which the End Payor Plaintiffs seek clarification.

4. Both the Direct Purchaser Plaintiffs and End Payor Plaintiffs filed their motions for class certification in accordance with ACMO 1. Briefing on both motions was completed and the motions were taken under advisement.

5. On May 12, 2003, the Court certified the Direct Purchaser Plaintiffs class. Merits discovery in that case is now proceeding, with depositions scheduled to begin in October. The Court has not yet ruled on the End Payor Plaintiffs' motion for class certification.

6. In addition to bifurcating class and merits discovery, ACMO 1, by coordinating the actions of the Direct Purchaser Plaintiffs and End Payor Plaintiffs for pretrial purposes, implies that merits discovery should take place at the same time in both actions. With no ruling on class, however, End Payor Plaintiffs find themselves in the awkward position of possibly having to participate in merits discovery when ACMO 1 provides only for class discovery.

7. Plaintiffs raised this issue with defendants and asked to approach the Court jointly with this request for clarification. Defendants' response, however, was to say that End Payor Plaintiffs are welcome to incur huge expenses by engaging in merits discovery before a class ruling, even though AMCO 1 makes no provision for merits discovery in the End Payor Plaintiffs' case until class certification is decided.

WHEREFORE, End Payor Plaintiffs respectfully request clarification (or, perhaps, modification) of ACMO 1 to specify that End Payor Plaintiffs are not required to engage in merits discovery in the Coordinated Action until the Court rules on the motion for class certification. Upon commencement of merits discovery, End Payor Plaintiffs will endeavor in good faith to avoid unnecessary duplication.

DATED: September ___, 2003                                             End Payor Plaintiffs

                                                                       By: _____
                                                                       One of Their Attorneys

**Counsel for Plaintiffs:**

Kenneth A. Wexler
Elizabeth Fegan Hartweg
**The Wexler Firm**
One North LaSalle Street
Suite 2000
Chicago, IL 60602
(312) 346-2222

3