UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WYETH-AYERST LABORATORIES, INC., ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. C-1-01-447 <br><br> Judge Sandra S. Beckwith <br> Magistrate Judge Timothy S. Hogan |

**WYETH'S RESPONSE TO PLAINTIFFS' MOTION FOR CLARIFICATION
OR MODIFICATION OF AMENDED CASE MANAGEMENT ORDER NO. 1**

1. By order of January 9, 2002, this Court ordered that this consolidated action (the "End Payor Action") and the associated consolidated Direct Purchaser Actions "shall be coordinated for pretrial purposes jointly[.]" Amended Case Management Order No. 1 ("CMO"), ¶ 3.

2. Plaintiffs now request that the Court modify the existing CMO. Specifically, plaintiffs request this Court to endorse their plan not to participate in merits depositions that take place in the Direct Purchaser Actions while their motion for class certification remains pending in this action. At the same time, plaintiffs seek to reserve the right to re-depose these same individuals on the merits after this Court rules on class certification.

3. Wyeth submits that plaintiffs' proposal, if endorsed, would frustrate the purpose of the CMO and result in duplicative and wasteful discovery.

4. Plaintiffs' desire to have it both ways (*i.e.*, to sit out the current depositions but reserve the right to depose the same persons later) would result in inefficiencies that would defeat the very purpose of coordination, which is "to avoid conflicts and duplication." Manual for Complex Litigation (Third), § 21.455, at 89; *see also National Union Fire Insurance Co. of Pittsburgh v. Turtur*, 743 F. Supp. 260, 263 (S.D.N.Y. 1990) (ordering transfer of related cases to the same court so as to avoid duplicative discovery) (citations omitted); *see also In re Multidistrict Litigation Involving Frost Patent*, No. 46, 316 F. Supp. 977, 979 (JPML 1970) (assigning all related actions to a single judge to avoid "repetitious and duplicative discovery"); *Peter v. Platinum Publications, Inc.*, No. 93 Civ. 6709 (AGS), 1994 WL 440740, *7 (S.D.N.Y. Aug. 15, 1994) (the purpose of consolidating related cases in the same court is to "consolidate pre-trial discovery, effect judicial economy, avoid duplicative litigation, prevent waste of time and money and avoid inconsistent results"). For example, in *Metropolitan Life Insurance Co. v. Liberty Life Insurance Co.*, 585 F. Supp. 1398 (W.D.N.C. 1984), the court coordinated discovery in certain related cases, prohibited repetition of discovery, indicated that all parties will be present at depositions, and directed the parties to "avoid repetition and redundancy in questioning a witness if more than one counsel questions a witness at a deposition." *Id.* at 1399-1400.

5. The existing CMO was jointly submitted to the Court by the parties. It was accompanied by a Rule 26(f) report in which "[t]he parties agree[d] to use their best efforts to coordinate discovery with the direct purchaser cases . . . so as to avoid

unnecessary duplication of discovery." Joint Rule 26(f) Report, § X.  Indeed, the CMO specifically contemplated that "the parties will not be required to repeat discovery already undertaken in the Coordinated Action" even when requested by tag-along plaintiffs whose lawsuits had not been filed at the time the discovery took place.  CMO, ¶ 13.  It follows *a fortiori* that existing parties to the case who choose not to participate in discovery may not thereafter duplicate that same discovery.

6. Plaintiffs' motion relies on the fact that the CMO "set no schedule for merits discovery" (Pl. Motion, ¶ 3) and states that "[t]he parties proceeded on the assumption that merits discovery would follow this Court's rulings on the motions for class certification." (*Id.*)  In fact, however, the CMO noted that "the parties disagree as to whether class and merits discovery should be bifurcated in this matter[.]"  CMO, ¶ 31. Accordingly, there is nothing in the CMO that could possibly support plaintiffs' wishful thinking that they would be entitled to sit on the sidelines while the Direct Purchaser plaintiffs depose witnesses on the merits and somehow preserve the right to depose those same individuals later.

7. Plaintiffs' complaint that they will face "huge expenses" (Pl. Motion, ¶ 7) if they are not allowed to forego participation in the Direct Purchaser depositions does not justify their desire to impose duplicative discovery demands on witnesses and Wyeth.

<u>First</u>, plaintiffs have filed a massive putative antitrust lawsuit against Wyeth and should be prepared to absorb any necessary expenses.

<u>Second</u>, plaintiffs do not, in fact, face any immediate significant expenses. Although the Direct Purchaser Plaintiffs have engaged in extensive document discovery since the date of this Court's certification order, they have not yet

noticed the depositions of any Wyeth employees. Although they noticed the Rule 30(b)(6) depositions of several pharmacy benefit managers, those deposition dates were withdrawn due to issues concerning document production and only one has been rescheduled. Thus, plaintiffs' concerns about "huge expenses" are premature at best.

Third, plaintiffs have not explained how it is that they will incur "huge expenses" simply by attending the depositions noticed by the Direct Purchaser plaintiffs and asking whatever follow-on questions may be required to preserve their unique interests. Indeed, there is no requirement that the End Payor plaintiffs even attend those depositions at all, given that many witnesses would have no information uniquely applicable to the End Payor lawsuits.

Fourth, any "expenses" associated with plaintiffs' participation in those depositions now would be dwarfed by the expenses to all parties that would be required if plaintiffs thereafter re-noticed these same individuals for deposition.

8.  As plaintiffs acknowledge, Wyeth has offered to allow plaintiffs to participate in discovery in the Direct Purchaser case while the End Payor motion for class certification is pending. This proposal best serves to avoid duplication and unnecessary expenses and achieves the Court's purpose of coordinating pretrial proceedings in the Direct Purchaser and End Payor actions.

9.  In sum, the plaintiffs' motion to modify (or to "clarify") the CMO should be denied. Wyeth requests that the Court advise the End Payor plaintiffs that they may participate in depositions in the Direct Purchaser action or not as they choose, but that they will not be allowed to re-depose these same individuals later on in this case.

                Respectfully submitted,

               s/*Grant S. Cowan*
              James R. Adams  (0008253)
              Grant S. Cowan   (0029667)
OF COUNSEL:            **FROST BROWN TODD LLC**
              2200 PNC Center
Dan K. Webb             201 E. Fifth Street
W. Gordon Dobie         Cincinnati, Ohio  45202-4182
**WINSTON & STRAWN**     (513) 651-6947 Phone
35 West Wacker Drive      (513) 651-6981 Facsimile
Chicago, Illinois  60601-9703  gcowan@fbtlaw.com
(312) 558-5600           Trial Attorneys for Defendants

William J. Baer
David S. Eggert
**ARNOLD & PORTER**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1202
(202) 942-5000


Dated:  October 1, 2003

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Wyeth's Response to Plaintiffs' Motion for Clarification or Modification of Amended Case Management Order No. 1 has been served electronically on Co-Liaison Counsel and upon Co-Lead Counsel via facsimile and U.S. mail, postage prepaid, this 1st day of October, 2003

Co-Liaison Counsel

Janet G. Abaray
LOPES, HODES, RESTAINO, MILMAN, & SKIKOS
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
Tel: (513) 852-5600
Fax: (513) 852-5611

Joseph E. Conley, Jr.
BUECHEL & CONLEY
25 Crestview Hills Mall, Rd.
Crestview Hills, KY 41027
Tel: (859) 578-6604
Fax: (859) 578-6609

Co-Lead Counsel

Kenneth A. Wexler
KENNETH A. WEXLER AND ASSOCIATES
One North LaSalle, Suite 2000
Chicago, IL 60602
Tel: (312) 346-2222
Fax: (312) 346-0022

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901
Tel: (215) 230-8043
Fax: (215) 230-8735

Daniel E. Gustafson
GUSTAFSON & GLUEK
725 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Tel: (612) 333-8844

Patrick E. Cafferty
MILLER FAUCHER CAFFERTY
101 N. Main Street, Suite 885
Ann Arbor, MI 48104
Tel: (734) 769-2144
Fax: (734) 769-1207

_s/*Grant S. Cowan*_
Grant S. Cowan, Esq.
FROST BROWN TODD LLC