UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|   |   |
|---|---|
| MARJORIE FERRELL, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. C-1-01-447 |
| ) | |
| v. ) | |
| ) | Judge Sandra S. Beckwith |
| WYETH-AYERST LABORATORIES, INC., ) | Magistrate Judge Timothy S. Hogan |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**WYETH'S REQUEST TO SUBMIT SUPPLEMENTAL AUTHORITY IN
CONNECTION WITH ITS PARTIAL MOTION TO DISMISS**

Pursuant to Southern District of Ohio Local Rule 7.2(a)(2), Wyeth seeks leave of Court to bring to the Court's attention a recent ruling issued by the Court of Appeals of Ohio that supports Wyeth's pending partial motion to dismiss.

Wyeth's motion to dismiss is based in part on the argument that plaintiffs' unjust enrichment claims under the laws of the approximately 30 states – including Ohio – that do not allow private indirect purchasers to sue under antitrust law should be dismissed to avoid an "end run around the policies allowing only direct purchasers to recover". *See* Wyeth Mem. at 13 (quoting *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp.2d 1365, 1380 (S.D. Fla. 2001)).[1] The Court of Appeals of Ohio recently adopted

---

[1] Wyeth also urges that the unjust enrichment claims should be dismissed as to the approximately 20 states that <u>do</u> allow indirect purchaser lawsuits under state antitrust laws. Wyeth Mem. at 13-14. In such a

[Footnote is continued on next page]

- 2 -

this same view when it affirmed dismissal of a restitution (unjust enrichment) claim asserted by indirect purchasers. In *Johnson v. Microsoft Corp.*, -- N.E.2d --, No. C020564, 2003 WL 23022065 (Ohio App. 1 Dist. Dec. 30, 2003) (copy attached), the Court held that (1) Ohio's antitrust statute (the Valentine Act, RC § 1331.01) incorporated the *Illinois Brick* rule against allowing antitrust claims by indirect purchasers; and (2) "equitable restitution and unjust enrichment" claims under Ohio law were also barred because "this was essentially the putative class's antitrust claim in a different guise, and the same difficulties of pass-on theories and the like that troubled the court in *Illinois Brick* would confound calculation of any proper apportionment of damages between consumers such as [plaintiff] and the retailers from whom they bought their computers." *Id.* at *6.[2]

---

[Footnote continued from previous page]

case, the legislature has provided an adequate remedy for indirect purchasers and there is no equitable reason to provide an additional remedy under the rubric of unjust enrichment. *Id.*

[2]  The Court also upheld dismissal of a companion claim under the Ohio Consumer Sales Practices Act, RC § 1345.02, employing logic similar to the logic that Wyeth urged in its motion for rejection of plaintiffs' attempt to substitute a claim under the New Jersey Consumer Protection Act for their concededly flawed claim under New Jersey's antitrust statute. C*ompare* 2003 WL 23022065 at *6-7 *with* Wyeth Reply Mem. at 8.

                                          Respectfully submitted,

                                          s/ Grant S. Cowan
                                          James R. Adams (0008253)
                                          Grant S. Cowan (0029667)
OF COUNSEL:                            **FROST BROWN TODD LLC**
                                          2200 PNC Center
Dan K. Webb                              201 E. Fifth Street
W. Gordon Dobie                      Cincinnati, Ohio 45202-4182
**WINSTON & STRAWN, LLP**      (513) 651-6947
35 West Wacker Drive            Trial Attorneys for Defendants
Chicago, Illinois 60601-9703
(312) 558-5600

William J. Baer
David S. Eggert
**ARNOLD & PORTER, LLP**
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
(202) 942-5000


Dated: February 12, 2004

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing Wyeth's Request to Submit Supplemental Authority In Connection With Its Partial Motion to Dismiss was served electronically this 12th day of February 2004 on Janet Abaray, Lopez, Hodes, Restaino, Milman, Skikos & Polos, 312 Walnut Street, Suite 2090, Cincinnati, Ohio 45202, Joseph E. Conley, Jr., Buechel & Conley, 25 Crestview Hills Mall Road, Crestview Hills, Kentucky 41027, Kenneth A. Wexler, Kenneth A. Wexler and Associates, One North LaSalle, Suite 2000, Chicago, IL 60602, and Patrick E. Cafferty, Miller Faucher and Cafferty LLP, 101 N. Main Street, Suite 885, Ann Arbor, MI 48104, and by U.S. mail, postage prepaid upon the following:

    Daniel E. Gustafson
    Heins, Mills & Olson, P.C.
    700 Northstar East
    608 Second Avenue South
    Minneapolis, MN 55402

    Marc H. Edelson
    Hoffman & Edelson
    45 West Cart Street
    Doylestown, PA 18901

    s/Grant S. Cowan_____
    Grant S. Cowan, Esq.
    FROST BROWN TODD LLC