Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 17363**

*2003 U.S. Dist. LEXIS 17363, ** *

PAVLOVA STERRY, Plaintiff, v. SAFE AUTO INSURANCE CO., Defendant.

Case No. C2-02-1271

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

2003 U.S. Dist. LEXIS 17363

August 25, 2003, Filed

**DISPOSITION:** [*1] Defendant's motion to dismiss GRANTED IN PART and DENIED IN PART.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff job applicant sued defendant prospective employer, asserting two causes of action: age discrimination in violation of both the Age Discrimination in Employment Act, 29 U.S.C.S. § 621 et seq., and Ohio Rev. Code § 4112.14. The employer moved to dismiss on two grounds.

**OVERVIEW:** The employer argued that the applicant's filing of a charge with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission precluded her from asserting a claim under Ohio Rev. Code § 4112.14. Second, the employer asserted that the facts as alleged could not, as a matter of law, constitute age discrimination under federal or state law. The court held that the applicant had denied herself the ability to pursue almost all Ohio Rev. Code Chapter 4112 age discrimination claims, but not a Ohio Rev. Code § 4112.99 claim based on Ohio Rev. Code § 4112.02 (A). As to the Age Discrimination in Employment Act (ADEA), 29 U.S.C.S. § 621 et seq., claim, standing alone, the mere fact that the employer recruited "recent college graduates" was not evidence of discrimination against older workers. But, as viewed through the prism of the Fed. R. Civ. P. 12(b)(6) standard, there was an inference that the employer held stereotypical beliefs about the capabilities of older applicants that influenced its hiring practices and that the applicant's age was the determinative or motivating factor in the decision not to hire. In this procedural posture, This was a viable legal theory.

**OUTCOME:** The court granted the employer's motion to dismiss all but one state claims and concluded that dismissal of the ADEA claim was not warranted at this juncture.

**CORE TERMS:** age discrimination, election, civil action, election-of-remedies, instituting, graduate, unlawful discriminatory practice, motion to dismiss, legislative intent, statutory scheme, plain language, statute of limitations, election of remedies, general provision, causes of action, predicated, age discrimination claim, cause of action, basis of age, undercut, construe, prevail, hiring, axiom, pool, college graduate, older, hire, appropriate relief, injunctive relief

**LexisNexis (TM) HEADNOTES - Core Concepts -** ◆ Hide Concepts

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action 

HN1 ± In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court will dismiss only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. In making such a determination, a court must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein. A court need not, however, accept conclusions of law or unwarranted inferences of fact. More Like This Headnote

Labor & Employment Law > Discrimination > Actionable Discrimination
HN2 ± See Ohio Rev. Code § 4112.02.

Labor & Employment Law > Discrimination > Actionable Discrimination
HN3 ± See Ohio Rev. Code § 4112.05(B)(1).

Governments > Legislation > Interpretation
Labor & Employment Law > Discrimination > Actionable Discrimination
HN4 ± See Ohio Rev. Code § 4112.08.

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
HN5 ± See Ohio Rev. Code § 4112.14.

Labor & Employment Law > Discrimination > Age Discrimination > Remedies
HN6 ± See Ohio Rev. Code § 4112.99.

Labor & Employment Law > Discrimination > Age Discrimination > Remedies
Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
HN7 ± Ohio law provides that if an individual elects to pursue relief first under the administrative remedies contained in Ohio Rev. Code § 4112.05, that claimant cannot then pursue claims under Ohio Rev. Code §§ 4112.02(N) or 4112.14. Ohio Rev. Code § 4112.08. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination
HN8 ± See Ohio Rev. Code § 4112.08.

Labor & Employment Law > Discrimination > Age Discrimination > Remedies
Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination
HN9 ± Ohio Rev. Code § 4112.99, which itself contains no express limitations period. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Application of State Law
HN10 ± In diversity cases, the federal courts must apply state law in accordance with the then controlling decision of the highest state court. If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue. Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other

persuasive data that the highest court of the state would decide otherwise. This rule applies regardless of whether the appellate court decision is published or unpublished. More Like This Headnote

Governments > Legislation > Interpretation
HN11± See Ohio Rev. Code § 1.51.

Labor & Employment Law > Discrimination > Actionable Discrimination
HN12± A plain reading of Ohio Rev. Code § 4112.99 yields the unmistakable conclusion that a civil action is available to remedy any form of discrimination identified in Ohio Rev. Code ch. 4112. More Like This Headnote

Governments > Legislation > Interpretation
HN13± The Ohio Supreme Court has stated that statutes relating to the same matter or subject, although passed at different times and making no reference to each other, are in pari materia and should be read together to ascertain and effectuate if possible the legislative intent. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination
HN14± Ohio Rev. Code § 4112.14(A) provides a general prohibition on age discrimination, while Ohio Rev. Code § 4112.14(B) provides a mechanism enabling an aggrieved individual to pursue relief for violating that § 4112.14(A) prohibition: a civil action. When Ohio Rev. Code § 4112.08 bars a plaintiff who filed first with the Ohio Civil Rights Commission from instituting a civil action under section 4112.14, it reaches the entirety of Ohio Rev. Code § 4112.14. Ohio Rev. Code § 4112.08 therefore bars by implication the possibility of a Ohio Rev. Code § 4112.14(A)-based civil action under both of that statute's enabling mechanisms, Ohio Rev. Code §§ 4112.14(B) and 4112.99. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination
HN15± The cause of action permitted by Ohio Rev. Code § 4112.02(N) targets the protection against age discrimination afforded by Ohio Rev. Code § 4112.02(A). More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination
HN16± See Ohio Rev. Code § 4112.02(N).

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination
HN17± The prohibition of Ohio Rev. Code § 4112.02(A) escapes the scope of Ohio Rev. Code § 4112.08, which bars a plaintiff from instituting a civil action under Ohio Rev. Code § 4112.02(N). Ohio Rev. Code § 4112.08 does not speak to an action brought under Ohio Rev. Code § 4112.99 but based on the age discrimination prohibition present in Ohio Rev. Code § 4112.02(A). More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination
HN18± According to the United States District Court for the Southern District of Ohio, Eastern Division, a plaintiff cannot institute a claim under Ohio Rev. Code § 4112.99 without effectively instituting a civil action under Ohio Rev. Code §

4112.14--more specifically, Ohio Rev. Code § 4112.14(A)--or under Ohio Rev. Code § 4112.02(A). More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination

HN19 According to the United States District Court for the Southern District of Ohio, Eastern Division, the Ohio Generally Assembly has created a statutory scheme in which, in the post-Ohio Civil Rights Commission filing landscape, there is no Ohio Rev. Code ch. 4112 prohibition to form the basis of an Ohio Rev. Code § 4112.99 suit without Ohio Rev. Code § 4112.02(A). Ohio Rev. Code § 4112.14(A) simply cannot serve as the predicate prohibition underlying a state claim due to the Ohio Rev. Code § 4112.08 election provision. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination

HN20 According to the United States District Court for the Southern District of Ohio, Eastern Division, Ohio Rev. Code § 4112.02(A) is exempt from the Ohio Rev. Code's ch. 4112 election of remedies scheme because Ohio Rev. Code § 4112.08's election-of-remedies list does not encompass the entirety of both Ohio Rev. Code §§ 4112.02 and 4112.14. Rather, Ohio Rev. Code § 4112.08 targets the entirety of Ohio Rev. Code § 4112.14 and only a single division of Ohio Rev. Code § 4112.02-specifically, Ohio Rev. Code § 4112.02(N). This leaves the actual Ohio Rev. Code § 4112.02(A) prohibition against age discrimination/conferral of protection untouched and provides the only basis for an Ohio Rev. Code § 4112.99 claim. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
Labor & Employment Law > Discrimination > Actionable Discrimination

HN21 The Ohio Rev. Code § 4112.08 election provision extends to claims brought pursuant to Ohio Rev. Code § 4112.99 only if they are based on Ohio Rev. Code § 4112.14(A), but not to claims based on Ohio Rev. Code § 4112.02(A). More Like This Headnote

Governments > Legislation > Interpretation

HN22 In interpreting statutes, the court is guided by the best indication of legislative intent and honors the plain language of the statutes involved. More Like This Headnote


**COUNSEL:** For Pavlova Sterry, PLAINTIFF: John Spenceley Marshall, Columbus, OH USA.

For Safe Auto Insurance Company, DEFENDANT: James M L Ferber, Littler Mendelson PC, Jonathan Ross Vaughn, Vorys Sater Seymour & Pease, Columbus, OH USA.

**JUDGES:** GREGORY L. FROST, UNITED STATES DISTRICT JUDGE. Magistrate Judge Mark R. Abel.

**OPINIONBY:** Gregory L. Frost

**OPINION: OPINION AND ORDER**

This matter is before the Court for consideration of a Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. # 3) filed by Defendant, Safe Auto Insurance Company ("Safe Auto"). Plaintiff, Pavlova Sterry, has filed a memorandum in opposition to the motion (Doc. # 5), to which Safe Auto has filed a reply (Doc. # 9) that apparently fails to include its second page. The

Court finds the motion to dismiss not well taken.

## I. Standard Involved

HN1 In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court will dismiss "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996) [*2] (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)), cert. denied, 520 U.S. 1251 (1997). The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Rippy ex rel. Rippy v. Hattaway, 270 F.3d 416, 419 (6th Cir. 2001) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). In making such a determination, a court must "'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.'" Sistrunk, 99 F.3d at 197 (quoting Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994)). A court need not, however, accept conclusions of law or unwarranted inferences of fact. Perry v. American Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003).

## II. Background

In her Complaint, Sterry claims that Safe Auto, an insurance company, had [*3] advertised in July 2001 for a claims adjuster. A newspaper advertisement for the position stated that "only true recent college graduates need apply" and that no experience was necessary. Sterry, who was over forty years old at the time, applied for the job. She interviewed on July 11, 2001, but by the end of the month Safe Auto had declined to hire her, allegedly because although she was a college graduate, she was not a recent graduate.

Sterry then filed a complaint with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter before filing the instant lawsuit on December 23, 2002. She asserts two causes of action: age discrimination in violation of both the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq, and Ohio Rev. Code § 4112.14. Sterry argues that Safe Auto ignored her qualifications and recommendations, refusing to hire her due to her status despite making exceptions to its preference for hiring recent college graduates in regard to other candidates. She also avers that Safe Auto had actual or constructive knowledge that the pool [*4] of recent college graduates primarily consists of individuals under the age of thirty. Further, Sterry claims that Safe Auto's 1998 job description for the position of claims adjuster required a Bachelor's degree, one or two years related experience, or an equivalent combination of the two. She contends that Safe Auto now has an informal requirement that an applicant have no experience within the insurance industry.

Safe Auto moves to dismiss on two grounds. First, it argues that Sterry's filing of a charge with the OCRC and the EEOC precludes her from asserting a claim under Ohio Rev. Code § 4112.14. Second, Safe Auto asserts that the facts as alleged cannot, as a matter of law, constitute age discrimination under federal or state law. The Court shall address each basis for dismissal in turn.

## III. Alleged Preclusion of State Claims

### A. Statutory Provisions Involved

The following statutes are relevant to today's decision: Ohio Rev. Code §§ 4112.02, 4112.05, 4112.08, 4112.08, and 4112.14, and 4112.99.

Ohio Rev. Code § 4112.02 provides:

HN2 It shall be an unlawful discriminatory practice: [*5]

(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

...

(N) An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.
A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code and from filing a charge with the commission under section 4112.05 of the Revised Code.

Ohio Rev. Code § 4112.05(B)(1) provides:

HN3 Any person may file a charge with the commission alleging that another person has engaged or is engaging [*6] in an unlawful discriminatory practice. In the case of a charge alleging an unlawful discriminatory practice described in division (A), (B), (C), (D), (E), (F), (G), (I), or (J) of section 4112.02 or in section 4112.021 or 4112.022 of the Revised Code, the charge shall be in writing and under oath and shall be filed with the commission within six months after the alleged unlawful discriminatory practice was committed. In the case of a charge alleging an unlawful discriminatory practice described in division (H) of section 4112.02 of the Revised Code, the charge shall be in writing and under oath and shall be filed with the commission within one year after the alleged unlawful discriminatory practice was committed.

Ohio Rev. Code § 4112.08 provides:

HN4 This chapter shall be construed liberally for the accomplishment of its purposes, and any law inconsistent with any provision of this chapter shall not apply. Nothing contained in this chapter shall be considered to repeal any of the provisions of any law of this state relating to discrimination because of race, color, religion, sex, familial status, disability, national origin, age, or ancestry, except that [*7] any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code.

Ohio Rev. Code § 4112.14 provides:

HN5 (A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to the applicant or employee for the costs, including reasonable attorney's fees, of the action, or to reinstate the employee [*8] in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

Finally, Ohio Rev. Code § 4112.99 provides that $^{HN6}$"whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

## B. Sterry's Complaint

As a threshold matter, the Court notes that there is a dispute as to what state-law claim or claims Sterry has brought. Safe Auto argues that she has asserted a claim only under Ohio Rev. Code § 4112.14, and that her contention that her [*9] claim is actually under Ohio Rev. Code § 4112.99 is an attempt to amend the Complaint. Sterry's Complaint provides that "Safe Auto's acts and omissions described herein violate the Ohio Laws Against Discrimination, Ohio Revised Code Chapter 4112, § 4112.14, entitling plaintiff to all remedies contained in O.R.C. § 4112.14." (Doc. # 1, at 8 P 66, 2 Cal. Unrep. 537.) By referencing in this manner both Chapter 4112 generally and Ohio Rev. Code § 4112.14 specifically, Sterry has introduced ambiguity into her pleading. This is because Ohio Rev. Code § 4112.99 provides "for damages, injunctive relief, or any other appropriate relief." Such a broad, catch-all approach to remedies can be read to incorporate the specific remedies set forth in Ohio Rev. Code § 4112.14. Thus, mindful of the purpose of notice pleading, the Court declines to hold that Sterry has pled under only Ohio Rev. Code § 4112.14 and construes her inartful pleading as also raising a broader Ohio Rev. Code § 4112.99 claim or claims. The Court will therefore regard the [*10] motion to dismiss as targeting any and all state claims fairly within the purview of Sterry's Complaint.

Insofar as the merits of her claims are involved, the Court recognizes that $^{HN7}$Ohio law provides that if an individual such as Sterry elects to pursue relief first under the administrative remedies contained in Ohio Rev. Code § 4112.05, that claimant cannot then pursue claims under Ohio Rev. Code §§ 4112.02(N) or 4112.14. See Ohio Rev. Code § 4112.08 $^{HN8}$("Any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code."). Thus, at first blush it would appear that because Sterry filed her age discrimination claim *first* with the OCRC under Ohio Rev. Code § 4112.05(B)(1) and initiated this lawsuit over a year later, Ohio Rev. Code § 4112.08 indeed bars *any* Ohio Rev. Code Chapter 4112 claim here.

Although the Sixth Circuit has addressed [*11] election-of-remedies issues, it has not

spoken to this precise issue. *See, e.g., Ziegler v. IBP Hog Market*, 249 F.3d 509, 512-13 (6th Cir. 2001) (discussing exclusive nature of judicial remedies when a plaintiff elects to file under Ohio Rev. Code §§ 4112.02(N), 4112.14, or 4112.99 and not under Ohio Rev. Code § 4112.05(B)). Safe Auto's view draws support from non-binding precedent, however. In *Talbott v. Anthem Blue Cross and Blues Shield*, 147 F. Supp. 2d 860 (S.D. Ohio 2001), for example, another judge in this district concluded that "causes of action for age discrimination under, brought under O.R.C. § 4112.99 and based on violations of Chapter 4112, are subject to the election of remedies provisions contained in the other more specific sections of Chapter 4112 that establish causes of action for age discrimination." *Id.* at 863. Sterry, however, purports to counter the *Talbott* rationale with another Ohio Supreme Court decision, *Smith v. Friendship Village of Dublin, Ohio, Inc.*, 92 Ohio St. 3d 503, 2001 Ohio 1272, 751 N.E.2d 1010 (2001). She argues that because the Ohio Supreme [*12] Court declined in *Smith* to extend Ohio Rev. Code § 4112.08's reach beyond its express legislative list, this Court should not recognize its extension to Ohio Rev. Code § 4112.99 in the context of age discrimination.

For the reasons that follow, the Court finds neither case dispositive and decides the issue on different grounds.

### C. Ohio Supreme Court Precedent

#### 1. *Bellian v. Bicron*

The *Talbott* holding was predicated upon two analytic grounds. That decision first relied upon the Ohio Supreme Court case of *Bellian v. Bicron*, 69 Ohio St. 3d 517, 1994 Ohio 339, 634 N.E.2d 608 (1994), for the proposition that the specific age discrimination statutes within Chapter 4112 prevail over the general Ohio Rev. Code § 4112.99. But *Bellian* is inapposite to the question before the Court today.

*Bellian* dealt with the specific issue of what statute of limitations applied to [HN9] Ohio Rev. Code § 4112.99, which itself contains no express limitations period. The plaintiff in that case asserted that the six-year limitations period contained in Ohio Rev. Code § 2305.07 [*13] applied, while the defendant argued that the shorter period set forth in Ohio Rev. Code § 4112.02(N) applied. The Ohio Supreme Court held that the latter statute provided the applicable statute of limitations. In so holding, the state court explained:

> R.C. 4112.99 creates an independent civil action to remedy any form of discrimination indentified in R.C. Chapter 4112 ...
>
> ... Here, R.C. 4112.99 is the more general statute. Consequently, R.C. 4112.99 prevails over R.C. 4112.02(N) only if there is a clear manifestation of legislative intent. Since the General Assembly has not shown such an intent, the specific provision, R.C. 4112.02(N), must be the only provision applied. Moreover, appellant alleged in Count I of his complaint that the "defendant and its agents have violated the provisions of Chapter 4112 of the Ohio Revised Code." The only provision in R.C. Chapter 4112 that recognizes discrimination on the basis of age is R.C. 4112.02. Thus, regardless of whether appellant stated reliance on R.C. 4112.02 or 4112.99, he had to be referring to the form of age-based employment discrimination identified by R.C. 4112.02.

*Id.* at 519, 634 N.E.2d at 610. [*14] It must be noted that when the *Bellian* court stated that "any age-based employment discrimination claim[] premised on a violation described in Chapter 4112[] must comply with the one-hundred-eighty-day statute of limitations period

set forth in R.C. 4112.02(N)," that court was relying on a more limited statutory structure than currently exists. _Id._ at 520, 634 N.E.2d at 610. At the time of the _Bellian_ decision, Ohio Rev. Code § 4112.02(A) was indeed the only statute in that Chapter that included a broad prohibition on age discrimination; the General Assembly only later imported the similar prohibition contained in Ohio Rev. Code § 4112.14 by recodifying Ohio Rev. Code § 4101.17. See _Ferraro v. B.F. Goodrich Co.,_ 149 Ohio App. 3d 301, 311, 2002 Ohio 4398, 777 N.E.2d 282, 290-91 (2002) (discussing this fact and its effect on _Bellian's_ rationale). The 1995 enactment of Ohio Rev. Code § 4112.14 therefore vitiates _Bellian's_ rationale. It must also be noted that _Bellian's_ rationale was too broad even then; aside from Ohio Rev. Code § 4112.02 [*15] , other, more specific age discrimination prohibitions existed within the statutory scheme that _Bellian_ did not recognize. See _Cosgrove v. Williamsburg of Cincinnati Management Co.,_ 70 Ohio St. 3d 281, 291, 1994 Ohio 295, 638 N.E.2d 991, 998 n.3 (1994) (Resnick, J., concurring) (noting that _Bellian_ ignored the existence of context-specific prohibitions in Ohio Rev. Code §§ 4112.02(G) and 4112.021).

Certainly the result in _Bellian_ was correct in regard to the narrow claim asserted by the plaintiff in that case, given that "former R.C. 4112.02(N) provided that 'an aggrieved individual may enforce his rights relative to discrimination on the basis of age _as provided for in this section_ by instituting a civil action, within _one hundred eighty days_ after the alleged unlawful practice occurred." _Bellian,_ 69 Ohio St. 3d at 520, 634 N.E.2d at 610 (quoting former Ohio Rev. Code § 4112.02(N)). The Ohio Revised Code is organized into titles, which are organized into chapters, then into sections. Ohio Rev. Code § 1.01. Thus, when the _Bellian_ plaintiff filed under Ohio Rev. Code § 4112.99 [*16] , he was enforcing a prohibition against age discrimination conferred, in the language of Ohio Rev. Code § 4112.02(N), by "this section." That section's age discrimination prohibition is contained in Ohio Rev. Code § 4112.02(A). What compels the conclusion that Ohio Rev. Code § 4112.02(A) served as the predicate prohibition is that Ohio Rev. Code § 4112.99 _itself_ contains no prohibitions against age discrimination. See Ohio Rev. Code § 4112.99 ("Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."). That statute simply provides a means by which plaintiffs may pursue relief afforded by statutory protections found elsewhere in the Chapter, which at that time meant the protection codified in Ohio Rev. Code § 4112.02(A).

Accordingly, by asserting an age discrimination claim under the general Ohio Rev. Code § 4112.99, the _Bellian_ plaintiff was enforcing a right under Ohio Rev. Code § 4112.02 (A) [*17] , thereby falling under the specific purview of Ohio Rev. Code § 4112.02(N)'s statute-of-limitations period. It was the statutory scheme _itself_ that attached the Ohio Rev. Code § 4112.02(N) one-hundred-eighty-day statute of limitations to the Ohio Rev. Code § 4112.99 claim.

This Court thus cannot discern what unidentified "conflict" the Ohio Supreme Court found in _Bellian,_ necessitating that decision's "specific-over-general" rationale, because the statutory sections in that case _fit together without conflict._ It is unclear whether one justice's dicta in a subsequent case's concurrence accurately captures the _Bellian_ court's view of the conflict:

> In these kinds of cases, unless a cause of action is based on a provision in R.C. Chapter 4112 that authorizes independent civil actions and sets forth its own specific statute of limitations, R.C. 4112.99 applies and the cause of action is subject to R.C. 2305.07's six-year statute of limitations. In this regard, R.C. 4112.99 functions as a gap-filling provision, establishing civil liability for violations of rights for which no other [*18] provision for civil liability has been made.

*Cosgrove*, 70 Ohio St. 3d at 292, 638 N.E.2d at 998-99 (Resnick, J., concurring). Such a conception of the statutory scheme and of the perceived conflict would run afoul of the plain language of Ohio Rev. Code § 4112.99, of the apparent legislative intent of that statute, and of the statute's implicit incorporation of Ohio Rev. Code § 4112.02(N). It would read Ohio Rev. Code § 4112.99's "whoever violates this chapter" as meaning "whoever violates select portions of this chapter." Moreover, it would result in the evisceration of statutory causes of action as a result of judicial fiat prevailing over the plain language of the statutes involved. Courts would be applying select principles of statutory construction (e.g., the specific over general principle) over equally valid competing principles (e.g., the later-enacted principle) with no legislative guidance supporting such action.

In any event, although this Court recognizes that it is bound by the state court's decision in *Bellian*, that decision is inapplicable to the issue *sub* [*19] *judice:* the question of whether Ohio Rev. Code § 4112.08's election-of-remedies provision applies to Sterry's Ohio Rev. Code § 4112.99 claim. Even arriving at Ohio Rev. Code § 4112.02(N) in this Ohio Rev. Code § 4112.99 case-via the protection afforded by Ohio Rev. Code § 4112.02(A)-Ohio Rev. Code § 4112.02(N)'s election-of-remedies provision does not address preclusion of remedies when a plaintiff files with the OCRC *first*. Instead, Ohio Rev. Code § 4112.02(N) addresses only what happens when a plaintiff files first under "this division," which means under Ohio Rev. Code § 4112.02(N). To the extent that *Bellian* apparently informed *Talbott*, then, this Court rejects *Bellian* as providing any analytic foundation to resolve today's issue. *Bellian's* axiom that a specific provision will control over a general provision does not apply because the statutory scheme does not present a conflict over election.

## 2. *Smith v. Friendship Village of Dublin, Ohio,* [*20] *Inc.*

This brings the analysis to Sterry's reliance on *Smith v. Friendship Village of Dublin, Ohio, Inc.*, 92 Ohio St. 3d 503, 2001 Ohio 1272, 751 N.E.2d 1010 (2001). Sterry argues that *Smith's* rationale undercuts the notion that the statutory election-of-remedies scheme applies to Ohio Rev. Code § 4112.99. She asserts that although Ohio Rev. Code § 4112.08 may expressly bar an Ohio Rev. Code § 4112.14 claim here, it does not implicitly bar an Ohio Rev. Code § 4112.99 claim as in the pre-*Smith Talbott* case. See also *Vinson v. Diamond Triumph Auto Glass, Inc.*, 149 Ohio App. 3d 605, 778 N.E.2d 149, 2002-Ohio-5596 (2002); *Balent v. Nat'l Revenue Corp.*, 93 Ohio App. 3d 419, 638 N.E.2d 1064 (1994). This Court agrees in part, but finds Sterry's characterization of *Smith* too generous to plaintiffs such as herself.

Sterry is correct in stating that the *Smith* court indeed decided that "the filing of an unlawful discriminatory practice charge with the Ohio Civil Rights Commission under [Ohio Rev. Code § 4112.05(B)(1) [*21] ] does not preclude a person alleging handicap discrimination from instituting an independent civil action under [Ohio Rev. Code § 4112.99]." *Id.* at 507, 751 N.E.2d at 1014. But as Sterry's counsel knows, having been counsel in *Smith*, the state court predicated that narrow holding in part on the "absence of an express legislative expression imposing an election requirement." *Id.* In so doing, the Ohio Supreme Court relied on the "clear language" of the state's age discrimination statutes as an example of how the Ohio General Assembly can and will demand an election of remedies when it so intends. *Id.* at 506, 751 N.E.2d at 1014. Stating that it was "guided by the Latin maxim *expressio unius est exclusio alterius*, which translated means that the expression of one item of a class implicitly excludes other items of the class that are not specifically mentioned," the *Smith* court indeed relied on a rationale that at least superficially supports Sterry. *Id.* at 506, 751 N.E.2d at 1014. There is, after all, no explicit inclusion of Ohio Rev. Code § 4112.99 in the election [*22] provision on which Safe Auto relies. See Ohio Rev. Code § 4112.08.

However, the *Smith* court also noted in dicta that "there are statutory provisions requiring an election [of remedies] for age discrimination claims." *Smith*, 92 Ohio St. 3d at 506, 751 N.E.2d at 1014. That court also stated that "the General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial

action." Id. Such a controlling mandate of election would undercut Sterry's sweeping construction of the state statutes involved, despite the requisite liberal construction the Court affords such remedial enactments in general, see Ohio Rev. Code § 1.11, and the specific liberal construction mandated by Ohio Rev. Code Chapter 4112 itself. See Ohio Rev. Code § 4112.08 ("This chapter shall be construed liberally for the accomplishment of its purposes").

What renders these and similar blanket statements in Smith unhelpful to either party in the instant case is the declarations' inherent ambiguity. The Ohio Supreme Court did not say that [*23] all age discrimination claims require election, thereby undercutting the independence of Ohio Rev. Code § 4112.99. But the state court also did not limit its statements to those age discrimination claims identified in Ohio Rev. Code §§ 4112.02(N), 4112.08, and 4112.14(B). Curiously, that court mentioned the election provisions of Ohio Rev. Code §§ 4112.02(N) and 4112.08 specifically, but failed to mention the election provision of Ohio Rev. Code § 4112.14. This suggests a less than comprehensive discussion. In any event, because the election issue in regard to Ohio Rev. Code § 4112.99 age discrimination claims was not before the Ohio Supreme Court in that case, this Court is cautious to assign much weight to Smith's unspecific dicta.

The Court therefore does not agree with Sterry's interpretation of Smith as singularly dispositive precedent. This is not to say that Sterry's state-law claims fail, however, because the Court also disagrees with the rationale of Talbott. With no Ohio Supreme Court precedent distinctly on point, the Court [*24] now turns to the second ground of the Talbott rationale- the Ohio appellate court cases that have found Ohio Rev. Code § 4112.99 claims subject to the election of remedies scheme.

**D. Ohio Intermediate Court Precedent**

The Sixth Circuit has identified the import of intermediate appellate state court cases:

> HN10 In diversity cases, the federal courts must apply state law "'in accordance with the then controlling decision of the highest state court.'" United States v. Anderson County, Tennessee, 761 F.2d 1169, 1173 (6th Cir.1985) (quoting Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S. Ct. 347, 85 L. Ed. 327 (1941)); see Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue. See Bailey v. V & O Press Co., 770 F.2d 601, 604 (6th Cir.1985) (citing cases). "Where a state's highest court has not spoken on a [*25] precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1485 (6th Cir.1989); accord Northland Ins. Co. v. Guardsman Products, Inc., 141 F.3d 612, 617 (6th Cir.1998). This rule applies regardless of whether the appellate court decision is published or unpublished. See Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 328 (6th Cir.2000); Puckett, 889 F.2d at 1485.

Ziegler, 249 F.3d at 517. In accordance with this mandate, the Court turns to decisions of the intermediate courts of Ohio.

This inquiry persuades the Court that the Ohio Supreme Court would decide the election

issue differently than the state appellate districts cited in *Talbott*. One of these appellate cases, *Bellian v. Bicron Corp.*, 1992 Ohio App. LEXIS 6364, No. 92-G-1695, 1992 WL 387354 (Dec. 18, 1992), which went before the Ohio Supreme Court as previously discussed, does not address the election-of-remedies issue. Other cases, such **[*26]** as *Balent*, 93 Ohio App. 3d 419, 638 N.E.2d 1064, did address the issue. Faced with this unenviable task, the *Balent* court recognized that "a compelling case may be made for either position on [the election] issue, and the lack of unanimity among Ohio appellate decisions and federal court decisions on the issue does not provide much guidance by way of precedent." *Id.* at 421-22, 638 N.E.2d at 1065. That court reached two conclusions with which this Court cannot agree.

First, the state court of appeals held that because Ohio's legislature carefully constructed the election scheme, it intended to require election of a single administrative or statutory remedy for age discrimination. But courts adhering to this first prong of the *Balent* rationale overlook the fact that the Ohio General Assembly amended Ohio Rev. Code § 4112.99 after having already constructed the election-of-remedies scheme in Title 41. Thus, such courts are assigning to the state legislature an intent not to modify that scheme, with no textual basis suggesting or supporting that intent. The rationale binds the legislative body to an unchanging intent **[*27]** without any indication that adherence to that intent existed-when the actual intent might in fact have been to carve out an exception to the election scheme, as the broad, comprehensive wording of Ohio Rev. Code § 4112.99 suggests.

Second, the *Balent* court reasoned that because Ohio Rev. Code § 4112.99 fails to repeal explicitly the election scheme, it is not the most apposite statute, despite being the later-enacted code provision. *Id.* at 424, 638 N.E.2d at 1067. The *Balent* court did not provide extended discussion as to why the specific-over-general axiom of statutory construction prevailed over the later-enacted axiom. As in *Bellian*, there must be a conflict for the former axiom to apply. *See* Ohio Rev. Code § 1.51 *HN11*("If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that **[*28]** the general provision prevail."). Thus, neither analytic ground motivating the *Balent* decision or its sister decisions provides satisfactory reasoning here. The Court determines that the Ohio Supreme Court would similarly find fault with *Balent's* reasoning when weighing it against the next section's rationale supporting no inclusion in the election scheme.

### E. Argument against Inclusion in Election Scheme

Against the foregoing contrary precedent stands *Pater v. Health Care and Retirement Corp.*, 808 F. Supp. 573 (S.D. Ohio 1992). Decided prior to the recodification of former Ohio Rev. Code § 4101.17 as § 4112.14, this decision concluded that filing with the OCRC did not bar a subsequent Ohio Rev. Code § 4112.99 claim. *Id.* at 576-79. *Talbott* rejected this holding on the basis that *Pater* "preceded the *Bellian* decision and was based in part on the holdings of cases that were implicitly overruled by the *Bellian* decision." *Talbott*, 147 F. Supp. 2d at 864. This Court has already discussed *Bellian's* inapplicability. Further, to the extent *Talbott* credits **[*29]** *Pater* with citing several Ohio courts of appeals decisions, the Court finds no reference to these decisions in the actual text of *Pater*. In any event, these decisions, like *Bellian*, relate to the statute of limitations for Ohio Rev. Code § 4112.99 and do not speak to its independent character in regard to the issue before the Court.

Turning again to that issue, the Court finds compelling *Pater's* reasoning that the plain language of all the statutes involved belies the notion that Ohio Rev. Code § 4112.99 is part of the election scheme. *Id.* at 576-77. Reviewing Ohio Rev. Code §§ 4101.17 [now 4112.14], 4112.02(N), 4112.05, 4112.08, and 4112.99, the *Pater* court concluded that "any and all reference to the fact that section 4112.99 is mutually exclusive and requires an election of remedies is conspicuously absent from the language of these sections." *Pater*, 808 F. Supp.

at 577. This Court agrees and finds the absence of such language telling.

*Pater* also presented a theory for the enactment of Ohio Rev. Code § 4112.99 that arguably undercuts [*30] the notion that the statute is part of the election scheme. Because the ADEA requires a plaintiff to file an administrative charge as a prerequisite to filing a lawsuit involving a federal claim, 29 U.S.C. § 633(b), the Ohio Supreme Court has held that when a plaintiff files a civil action first, he or she may then nonetheless file an OCRC charge to satisfy the ADEA and pursue a federal cause of action. *Morris v. Kaiser Engineers, Inc.,* 14 Ohio St. 3d 45, 14 Ohio B. 440, 471 N.E.2d 471 (1984). *Morris* did not, however, disrupt the election-of-remedies scheme in regard to *state* age discrimination law. Three years after *Morris*, the Ohio General Assembly amended Ohio Rev. Code § 4112.99 to eliminate criminal penalties for discrimination and to provide for private civil actions. See *Proffitt v. Anacomp, Inc.,* 747 F. Supp. 421, 424 (S.D. Ohio 1990). Pater's theory is that the broad sweep of Ohio Rev. Code § 4112.99 was in part to eradicate potential unfairness in a converse-Morris Scenario-in other words, to permit a plaintiff to assert a joinable state claim in federal proceedings [*31] when that party filed first with the OCRC as required for an ADEA claim. *Id.,* 808 F. Supp. at 577-78. Given the speculative nature of this theory and the ability of plaintiffs to pursue judicial remedies following the issuance of a right-to-sue letter, the Court assigns Pater's theory little weight in light of the other, more compelling reasons set forth in that decision.

One such reason is Pater's determination that "had the legislature intended to make section 4112.99 exclusive, it would have clearly stated so in that section, in section 4112.08 or have amended sections 4101.17 [now 4112.14] and 4112.02 to reflect such intent." *Id.* at 578. The Court agrees with the notion that Ohio's statutory scheme evinces no legislative intent to include Ohio Rev. Code § 4112.99 within the election-of-remedies scheme. For example, the Ohio General Assembly has amended Ohio Rev. Code § 4112.08 three times since the 1987 amendment of Ohio Rev. Code § 4112.99. Each time, the General Assembly elected to re-enact Ohio Rev. Code § 4112.08's election-of-remedies [*32] language without referencing Ohio Rev. Code § 4112.99. That legislative body also amended Ohio Rev. Code § 4112.02(N) in 1995 and 1996; Ohio has similarly amended Ohio Rev. Code § 4112.14 in the past decade. None of these amendments include Ohio Rev. Code § 4112.99 in the election scheme, which the Ohio General Assembly drafted with such specificity that it targets a statute's division (e.g., Ohio Rev. Code § 4112.02(N)). This suggests legislative intent that the election-of-remedies scheme does not include Ohio Rev. Code § 4112.99. *Pater,* 808 F. Supp. at 577.

Further, the Court agrees with the following reasoning from *Pater:*

> If an individual may pursue a claim under either the exclusive section 4112.02, section 4112.99, *or both,* ... it would follow that a plaintiff may likewise pursue a claim under either the exclusive section 4112.05, 4112.99, *or both,* as well. This conclusion is particularly compelling in light of the conspicuous absence ... of any language of mutual exclusion in section [*33] 4112.99 itself, or in the other anti-discrimination sections with respect to section 4112.99.

*Id.,* 808 F. Supp. at 578 (emphasis in original). This rationale finds support in *Bellian,* where, as discussed, the Ohio Supreme Court did not find that the asserted Ohio Rev. Code § 4112.99 age discrimination claim was the *same* as a Ohio Rev. Code § 4112.02 claim. Instead, identifying Ohio Rev. Code § 4112.99 as an *independent* civil action, the state court imputed the Ohio Rev. Code § 4112.02 statute of limitations to the distinct Ohio Rev. Code § 4112.99 claim. *Bellian,* 69 Ohio St. 3d at 519-20, 634 N.E.2d at 610. Cf. See *Elek v. Huntington Natl. Bank,* 60 Ohio St. 3d 135, 136-38, 573 N.E.2d 1056, 1057-59 (1991).

The Court thus concludes that Sterry has denied herself the ability to pursue *almost* all Ohio Rev. Code Chapter 4112 age discrimination claims here, but not a Ohio Rev. Code § 4112.99 claim based on Ohio Rev. Code § 4112.02(A) [*34] . Finding that not all claims under Ohio Rev. Code § 4112.99 are included in the election scheme does not create an issue of construction regarding a statutory redundancy of remedies. The Ohio Supreme Court has recognized with approval that Title 41 intentionally provides for multiple avenues of relief for age discrimination. See Elek, 60 Ohio St. 3d at 137, 573 N.E.2d at 1058. This is not to say that this Court fails to recognize the view that if it construes Ohio Rev. Code § 4112.99 to provide an independent cause of action that survives the election scheme, such a holding would essentially render that scheme toothless. A plaintiff could elect to pursue relief under Ohio Rev. Code § 4112.05(B)(1) and, dissatisfied with that avenue, then file under Ohio Rev. Code § 4112.99 (in conjunction with Ohio Rev. Code § 41112.02(A)'s prohibition in age discrimination), while being unable to pursue a private cause of action under either Ohio Rev. Code §§ 4112.02(A)/4112.02(N) or 4112.14. Such a scheme would arguably [*35] make any initial election essentially illusory.

Nonetheless, the Court recognizes the persuasive weight of the Ohio Supreme Court's description of § 4112.99 as providing an independent civil action. HN12"A plain reading of this section yields the unmistakable conclusion that a civil action is available to remedy *any* form of discrimination identified in R.C. Chapter 4112." See Elek, 60 Ohio St. 3d at 136, 573 N.E.2d at 1057 (emphasis added). To read Ohio Rev. Code § 4112.99 into the election scheme would import restrictions on that statute's broad language that are not there, while construing Ohio Rev. Code Chapter 4112 as placing Ohio Rev. Code § 4112.99 outside the election scheme would give effect to the apparent intent behind all of the statutes involved. HN13The Ohio Supreme Court has stated that" 'statutes relating to the same matter or subject, although passed at different times and making no reference to each other, are *in pari materia* and should be read together to ascertain and effectuate if possible the legislative intent.' State ex rel. Pratt v. Weygandt (1956), 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191, [*36] paragraph two of the syllabus." D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health, 96 Ohio St. 3d 250, 254-55, 2002 Ohio 4172, 773 N.E.2d 536, 541-42 (2002). Today's decision respects the apparent legislative intent behind both Ohio Rev. Code §§ 4112.08 *and* 4112.99.

### F. Basis for Ohio Rev. Code § 4112.99 Claim

Simply stated, a defendant cannot violate "this chapter" (in the language of Ohio Rev. Code § 4112.99) if there is no Ohio Rev. Code Chapter 4112 age discrimination prohibition to violate. Therefore, concluding that there is no legislative intent to include all Ohio Rev. Code § 4112.99 claims in the election scheme does not mean that Sterry possesses a general claim under that statute. There must be a statutory foundation for such a claim.

HN14Ohio Rev. Code § 4112.14(A) provides a general prohibition on age discrimination, while Ohio Rev. Code § 4112.14(B) provides a mechanism enabling an aggrieved individual to pursue relief for violating that § 4112.14(A) prohibition: a civil action. When Ohio Rev. Code § 4112.08 [*37] bars a plaintiff who filed first with the OCRC "from instituting a civil action under section 4112.14," it reaches the entirety of Ohio Rev. Code § 4112.14. Ohio Rev. Code § 4112.08 therefore bars by implication the possibility of a Ohio Rev. Code § 4112.14(A)-based civil action under *both* of that statute's enabling mechanisms, Ohio Rev. Code §§ 4112.14(B) *and* 4112.99. Without the ability to base her Ohio Rev. Code § 4112.99 action on Ohio Rev. Code § 4112.14(A), Sterry must find her age discrimination prohibition elsewhere.

Sterry's remaining possibility is Ohio Rev. Code § 4112.02, which mirrors the synergistic relationship between Ohio Rev. Code § 4112.14(A) and (B). HN15The cause of action permitted by Ohio Rev. Code § 4112.02(N) targets the protection against age discrimination

afforded by Ohio Rev. Code § 4112.02(A): ^HN16^"It shall be an unlawful discriminatory practice ... for any employer, because of the ... age [*38] ... of any person, ... to discriminate against that person with respect to hire ... or any matter directly or indirectly related to employment." ^HN17^This prohibition escapes the scope of Ohio Rev. Code § 4112.08, which bars a plaintiff "from instituting a civil action under ... division (N) of section 4112.02 of the Revised Code." Ohio Rev. Code § 4112.08 does *not* speak to an action brought under Ohio Rev. Code § 4112.99 but based on the age discrimination prohibition present in Ohio Rev. Code § 4112.02(A).

The foregoing leads to three conclusions regarding the operation of the statutory scheme. First, ^HN18^a plaintiff cannot institute a claim under Ohio Rev. Code § 4112.99 without effectively "instituting a civil action under section 4112.14"--more specifically, Ohio Rev. Code § 4112.14(A)--*or* under Ohio Rev. Code § 4112.02(A). Second, ^HN19^the Ohio Generally Assembly has created a statutory scheme in which, in the post-OCRC filing landscape, there is no Ohio Rev. Code Chapter 4112 prohibition to [*39] form the basis of an Ohio Rev. Code § 4112.99 suit without Ohio Rev. Code § 4112.02(A). Ohio Rev. Code § 4112.14(A) simply cannot serve as the predicate prohibition underlying a state claim due to the Ohio Rev. Code § 4112.08 election provision. Third, ^HN20^Ohio Rev. Code § 4112.02(A) is exempt from the election scheme because Ohio Rev. Code § 4112.08's election-of-remedies list does not encompass the entirety of both Ohio Rev. Code §§ 4112.02 and 4112.14. Rather, Ohio Rev. Code § 4112.08 targets the entirety of Ohio Rev. Code § 4112.14 and only a single division of Ohio Rev. Code § 4112.02-specifically, Ohio Rev. Code § 4112.02(N). This leaves the actual Ohio Rev. Code § 4112.02(A) prohibition against age discrimination/conferral of protection untouched and provides the only basis for Sterry's Ohio Rev. Code § 4112.99 claim. The [*40] Court recognizes such a claim in the case *sub judice*. Here, unlike in *Smith*, there is a statutory provision mandating an election of remedies. ^HN21^This election, however, extends to claims brought pursuant to Ohio Rev. Code § 4112.99 *only* if they are based on Ohio Rev. Code § 4112.14(A), but not to claims based on Ohio Rev. Code § 4112.02(A).

### G. Decision

The Court notes the peculiar nature of Ohio Rev. Code Chapter 4112 in regard to age discrimination claims. Even prior to the enactment of Ohio Rev. Code § 4112.14, Title 41 provided for multiple causes of action for age discrimination. It appears that the Ohio General Assembly has condensed the overlapping remedies provided for by Ohio Rev. Code § 4112.02 and former Ohio Rev. Code § 4101.17 into the same chapter while also providing for a more general judicial avenue of relief via Ohio Rev. Code § 4112.99. Nothing in the plain language of these statutes or, most importantly, in the plain language of Ohio Rev. Code § 4112.08 [*41] suggests that an Ohio Rev. Code § 4112.99 claim based on Ohio Rev. Code § 4112.02(A) is included in the Ohio Rev. Code § 4112.08 election scheme. To accept that view would be to reject *Elek's* description of Ohio Rev. Code § 4112.99 as creating an independent cause of action for Ohio Rev. Code Chapter 4112 violations; it would mean that there is ultimately no Ohio Rev. Code § 4112.99 age discrimination claim. ^HN22^The Court is guided by the best indication of legislative intent and honors the plain language of the statutes involved.

Thus, while neither party has presented a wholly convincing rationale supporting their respective arguments, the reasons detailed in the foregoing discussion resolve the election issue. The Court therefore (1) **GRANTS** Safe Auto's motion to dismiss in regard to any asserted Ohio Rev. Code § 4112.14 claim, as well as to any Ohio Rev. Code § 4112.99 claim predicated on Ohio Rev. Code § 4112.14(A), and (2) **DENIES** the motion to dismiss [*42] in regard to Sterry's Ohio Rev. Code § 4112.99 claim predicated on Ohio Rev. Code § 4112.02(A).

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 17363  Page 16 of 17

Case 1:01-cv-00447-SSB-TSH    Document 88-2    Filed 03/01/2004    Page 16 of 17

## IV. Alleged Failure to State Federal and State Claims

Turning to Safe Auto's second ground for dismissal, the Court concludes that dismissal of the ADEA claim is not warranted at this juncture. Safe Auto is indeed correct in asserting that, standing alone, the mere fact that an employer recruits recent college graduates is not evidence of discrimination against older workers. See Grossmann v. Dilliard Dept. Stores, Inc., 109 F.3d 457, 459 (8th Cir. 1997). As Safe Auto correctly notes, "true recent college graduates" can be of any age; for example, along with a vast pool of twenty-one year-old graduates, a fifty, sixty, seventy or even ninety year-old individual can be a recent college graduate. That fact would serve to undercut Sterry's contention that the recent graduate requirement is a proxy for age discrimination; the requirement might well be tied to the company's findings concerning the ease with which it can train recent college graduates-regardless of their age--and, taken alone, might arguably constitute [*43] a Hazen Paper motivating factor other than age. See Hazen Paper v. Biggins, 507 U.S. 604, 610-11, 123 L. Ed. 2d 338, 113 S. Ct. 1701 (1993) (recognizing that an employer's ability to consider analytically distinct factors preclude saying that a decision is necessarily age based, even where a factor correlates with age). See also Grossmann, 109 F.3d at 459 (holding that even if age and unwillingness to move correlate, they are not the same, so an employer could consider one without the other and fall within Hazen Paper).

But Safe Auto fails to address sufficiently the combined effect of Sterry's *other* allegations with the recent graduate policy, as viewed through the prism of the Fed. R. Civ. P. 12(b)(6) standard. Considered in this light, the Court must accept as true Sterry's contentions that Safe Auto altered the relevant job requirements and policies to effectuate intentional disproportionate consideration of younger applicants; such intentional "slanting" toward what Safe Auto knew would be an applicant pool consisting primarily of younger individuals would place individuals of greater age (such [*44] as Sterry) outside the reach of its hiring policies. In conjunction with the "true recent college graduate" requirements and the allegedly informal policy of hiring only those individuals lacking experience, such allegations raise an inference of stigmatizing age discrimination--at least enough of an inference so that the Court cannot say that it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. There is an inference that Safe Auto held stereotypical beliefs about the capabilities of older applicants that influenced its hiring practices and that Sterry's age was the determinative or motivating factor in the decision not to hire.

To the extent that Safe Auto attacks Sterry's claims based on a purported lack of evidence, such as in its reply brief statement that Sterry has no evidence that Safe Auto "*knew* that the pool of recent college graduates overwhelmingly consists of individuals under age 30," Safe Auto misses the significance of the procedural posture of this case. (Doc. # 9, at 5.) Today's decision is an outgrowth of the nature of the motion under consideration. The parties should not construe anything in [*45] this decision as precluding final disposition in another context, such as in summary judgment when Sterry cannot rely simply upon pleadings that the Court must currently accept as true and correct. The Court has determined simply that, in this procedural posture, Sterry has offered inferential allegations that could sustain recovery under a viable legal theory. Whether Sterry can indeed satisfy evidentiary demands of proof remains an open question for later consideration. See Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1048 (6th Cir. 1998) (noting the open issue of whether a disparate-impact theory under the ADEA survives Hazen Paper and the requisite need for specific evidence). Further, the question of whether all of her legal theories will bear out remains similarly open; to the extent that she is alleging disparate impact over disparate treatment, her claim may well fail. Compare Pottenger v. Potlatch Corp., 329 F.3d 740, 749 (3rd Cir. 2003) (noting that Third and Ninth Circuits permit disparate impact claim under ADEA) with Carter v. Newman Memorial Cty. Hosp., 49 Fed. Appx. 243, 247 (10th Cir. 2002) (declining to recognize [*46] disparate impact claim under ADEA).

The Court thus concludes that dismissal under Fed. R. Civ. P. 12(b)(6) is inappropriate. Given the rationale behind this determination, the Court need not and does not address the parties' arguments regarding the possible nullification of the 29 C.F.R. § 1625.4 prohibition on using any variation of "recent college graduate" in help wanted notices. See *Hodgson v. Approved Personnel Service, Inc.*, 529 F.2d 760, 765-67 (4th Cir. 1975) (discussing context-dependent interpretation of language). Although that issue may well require resolution at a later date, an alternate rationale has proven dispositive of this aspect of the motion to dismiss.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Safe Auto's motion to dismiss. (Doc. # 3.) Sterry's federal claim and her Ohio Rev. Code § 4112.99 claim predicated upon Ohio Rev. Code § 4112.02(A) survive. The remaining state claims do not.

**IT IS SO ORDERED.**

GREGORY L. FROST

UNITED STATES DISTRICT **[*47]** JUDGE

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 17363**
View: **Full**
Date/Time: Friday, February 27, 2004 - 12:33 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.