UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE RELAFEN ANTITRUST LITIGATION | ) <br> ) MASTER FILE <br> ) NO. 01-12239-WGY <br> ) |

ORDER

YOUNG, C.J.                                          November 21, 2003

## I.   INTRODUCTION

This case presents a consolidated action against SmithKline Beecham Corporation and GlaxoSmithKline PLC (collectively "SmithKline") for violations of the antitrust laws related to SmithKline's patent for the chemical compound nabumetone, which it sells commercially as "Relafen."  See In re Relafen Antitrust Litig., 2003 WL 22357954 (D. Mass. 2003) (describing in greater detail the factual background of this case).  Parties who purchased Relafen from sources other than SmithKline for purposes other than resale (the "end payors" or "end payor plaintiffs") here move for class certification under Federal Rule of Civil Procedure 23(b)(2) and (3). [Doc. No. 126].

## II.  DISCUSSION

After conducting a rigorous analysis, the Court reaches the following conclusions regarding certification under Rule 23(b)(2) and (3).

**A.    Rule 23(b)(2)**

The end payor plaintiffs have not demonstrated that certification under Rule 23(b)(2) is appropriate.  Specifically, the end payor plaintiffs have failed to establish that SmithKline's actions "mak[e] appropriate injunctive relief or corresponding declaratory relief."  Fed. R. Civ. P. 23(b)(2).  Accordingly, the end payor plaintiffs' motion for class certification under Rule 23(b)(2) is DENIED.

**B.    Rule 23(b)(3)**

With respect to the exemplar classes described below, the end payor plaintiffs have demonstrated that certification under Rule 23(b)(3) is appropriate.

**1.    Antitrust and Consumer Protection Claims Class**

The end payor plaintiffs have established the elements of Rule 23(a) with respect to claims asserted under the antitrust or consumer protection statutes of Arizona, California, Massachusetts, and Vermont by parties who suffered economic harm as a result of SmithKline's alleged conduct.  The end payor plaintiffs have demonstrated that (1) the class of end payors asserting antitrust and consumer protection claims under the laws of these states is so numerous as to make joinder impracticable; (2) there are questions common to the class; (3) the antitrust and consumer protection claims of the representative parties are typical of the corresponding claims of the class; and (4) the

representative parties and their chosen counsel will fairly and adequately protect the interests of the class. The end payors have also established the elements of Rule 23(b)(3), demonstrating that questions common to the class predominate over questions affecting only individual members, and that resolution of class members' antitrust and consumer protection claims by class action is superior to other available methods for the fair and efficient adjudication of these claims.

Accordingly, the Court tentatively certifies under Rule 23(b)(3) the following exemplar class of end payors with respect to their antitrust and consumer protection claims:

> All persons or entities who purchased Relafen or its generic alternatives in the states of Arizona, California, Massachusetts, or Vermont during the period of September 1, 1998 through June 30, 2003 for consumption by themselves, their families, members, employees, insureds, participants, or beneficiaries.

Excluded from the class are governmental entities; SmithKline and its officers, directors, management, employees, subsidiaries, and affiliates; persons or entities who purchased Relafen or its generic alternatives for purposes of resale; persons or entities who purchased Relafen directly from SmithKline or its affiliates; and persons or entities who suffered no economic harm as a result of SmithKline's alleged conduct.[1]

---

[1] For the rationale supporting this exclusion, see Valley Drug Co. v. Geneva Pharmaceuticals, Inc., No. 02-10171 (11th Cir. Nov. 14, 2003), which vacated a district court order certifying a class that included members who experienced a net benefit from

Louise Houchins (California), Tyler Fox (Massachusetts), and Emily Feinberg (Massachusetts) are designated representatives of the antitrust and consumer protection claims class. Hagens Berman LLP is designated liaison counsel, and Milberg Weiss Bershad Hynes & Lerach LLP; Spector, Roseman & Kodroff, P.C.; Miller Faucher and Cafferty LLP; and Heins Mills & Olson, P.L.C. are designated co-lead counsel (collectively "class counsel").

### 2. Unjust Enrichment Claims Class

The end payors have established the elements of Rule 23(a) with respect to the unjust enrichment claims asserted under the laws of Arizona, California, Massachusetts, Tennessee, and Vermont by parties who suffered economic harm as a result of SmithKline's alleged conduct. The end payor plaintiffs have demonstrated that (1) the class of end payors asserting unjust enrichment claims under the laws of these states is so numerous as to make joinder impracticable; (2) there are questions common to the class; (3) the unjust enrichment claims of the representative parties are typical of the corresponding claims of the class; and (4) the representative parties and their chosen counsel will fairly and adequately protect the interests of the class. The end payor plaintiffs have also established the elements of Rule 23(b)(3), demonstrating that questions common to

---

the challenged conduct as well as members who did not experience such a benefit.

the class predominate over questions affecting only individual members, and that resolution of class members' unjust enrichment claims by class action is superior to other available methods for the fair and efficient adjudication of these claims.

Accordingly, the Court tentatively certifies under Rule 23(b)(3) the following exemplar class of end payors with respect to their unjust enrichment claims:

> All persons or entities in the United States who purchased Relafen in the states of Arizona, California, Massachusetts, Tennessee, or Vermont during the period September 1, 1998 through June 30, 2003 for consumption by themselves, their families, members, employees, insureds, participants, or beneficiaries.

Excluded from the class are governmental entities; SmithKline and its officers, directors, management, employees, subsidiaries, and affiliates; persons or entities who purchased Relafen for purposes of resale; persons or entities who purchased Relafen directly from SmithKline or its affiliates; and persons or entities who suffered no economic harm as a result of SmithKline's alleged conduct.

Louise Houchins (California), Tyler Fox (Massachusetts), and Emily Feinberg (Massachusetts) are designated representatives of the unjust enrichment claims class. Hagens Berman LLP is designated liaison counsel, and Milberg Weiss Bershad Hynes & Lerach LLP; Spector, Roseman & Kodroff, P.C.; Miller Faucher and Cafferty LLP; and Heins Mills & Olson, P.L.C. are designated co-lead counsel (collectively "class counsel").

**3.   Notice**

Within three days of the date of this order, class counsel shall submit a proposed plan for providing notice to potential members of the antitrust and consumer protection claims class and the unjust enrichment claims class.  Such notice shall be in substantially the same form as that attached to this order.  The Court will approve class counsel's proposed plan for distribution if it concludes that the plan provides the best notice practicable under the circumstances.

**4.   Scheduling**

In part to allow the large number of class members adequate time to receive and respond to notice, and in part to ensure the manageability and fairness of the proceedings, the Court will postpone all decisions concerning the merits of the end payor plaintiffs' antitrust, consumer protection, and unjust enrichment claims -- including any decision on SmithKline's motion for summary judgment on the end payors' claims -- pending resolution of the claims raised by the direct purchaser plaintiffs.  This change in scheduling shall not prevent class counsel for the end payor plaintiffs from providing notice to potential members of the end payor classes as described above.

**III. CONCLUSION**

The End Payor Plaintiffs' Motion for Class Certification [Doc. No. 126] is ALLOWED in part and DENIED in part.  The motion

is allowed under Rule 23(b)(3) with respect to the antitrust and consumer protection claims class and unjust enrichment claims class described above, and denied under Rule 23(b)(2). The Court may alter or amend this order before final judgment.

    SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
CHIEF JUDGE

**THIS IS AN IMPORTANT NOTICE THAT MAY AFFECT YOUR LEGAL RIGHTS.**
***READ THIS NOTICE CAREFULLY.***

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE RELAFEN ANTITRUST LITIGATION | ) <br> ) MASTER FILE <br> ) NO. 01-12239-WGY <br> ) |

NOTICE OF PENDING CLASS ACTION

I.   INTRODUCTION

If you recently purchased the brand-name drug Relafen or its generic alternatives in Arizona, California, Massachusetts, or Vermont, or if you recently purchased Relafen in Tennessee, your rights may be affected by a lawsuit, In re Relafen Antitrust Litigation, Master File No. 01-12239, which is now pending before the United States District Court for the District of Massachusetts (the "Court").  The lawsuit involves two classes of purchasers.  The first class consists of persons or entities who purchased Relafen or its generic alternatives in the states of Arizona, California, Massachusetts, or Vermont.  It includes:

> All persons or entities who purchased Relafen or its generic alternatives in the states of Arizona, California, Massachusetts, or Vermont during the period of September 1, 1998 through June 30, 2003 for consumption by themselves, their families, members, employees, insureds, participants, or beneficiaries.

The second class consists of persons or entities who purchased Relafen (not its generic alternatives) in the states of Arizona,

California, Massachusetts, Tennessee, or Vermont.  It includes:

> All persons or entities in the United States who purchased Relafen in the states of Arizona, California, Massachusetts, Tennessee, or Vermont during the period September 1, 1998 through June 30, 2003 for consumption by themselves, their families, members, employees, insureds, participants, or beneficiaries.

Both classes exclude governmental entities; the defendants, SmithKline Beecham Corporation and GlaxoSmithKline, PLC (collectively "SmithKline"), and their officers, directors, management, employees, subsidiaries, and affiliates; persons or entities who purchased Relafen or its generic alternatives for purposes of resale; persons or entities who purchased Relafen directly from SmithKline or its affiliates; and persons or entities who suffered no economic harm as a result of SmithKline's alleged conduct.  A person would be excluded as having suffered no economic harm if, for example, under the terms of her health insurance plan she owed the same co-payment for brand-name or generic drugs, or she was reimbursed in full for all drug purchases.

You have been identified as a potential member of these classes.  The purpose of this notice is to advise you of your rights.

## II. THE NATURE OF THE LAWSUIT

Louise Houchins, Tyler Fox, and Emily Feinberg (collectively the "lead end payor plaintiffs") brought this class action against SmithKline, the manufacturer of Relafen, on behalf of

themselves and other consumers and health benefit providers who purchased Relafen and its generic alternatives. The lead end payor plaintiffs claim that SmithKline violated state laws, specifically state antitrust, consumer protection, and unfair competition statutes, by monopolizing the market for nabumetone (the active ingredient in Relafen). More specifically, the lead end payor plaintiffs allege that SmithKline delayed the marketing of less expensive generic versions of Relafen by making intentional misrepresentations to the U.S. Patent and Trademark Office when obtaining its patent for Relafen (U.S. Patent No. 4,420,639), improperly listing its patent for Relafen in a publication of the U.S. Food and Drug Administration (the "Orange Book"), and bringing sham lawsuits against companies that manufactured less expensive generic versions of Relafen. The lead end payor plaintiffs argue that the delay in the marketing of generic versions of Relafen injured consumers and benefitted SmithKline by forcing consumers to pay higher prices for Relafen and its generic alternatives.

SmithKline denies these allegations and asserts several defenses. It argues that its conduct was protected by the First Amendment to the U.S. Constitution and was otherwise lawful. SmithKline accordingly denies any liability for the claims asserted by the lead end payor plaintiffs.

The Court has tentatively set June, 2004 as the trial date

for this action. The parties have concluded discovery on the issues of liability, causation, and damages, and are currently preparing for trial. On October 17, 2003, SmithKline moved the Court summarily to decide certain portions or all of the case prior to trial. Counsel for the class will respond, and the Court will decide the motion at a date closer to trial.

### III. THE CLASS

On November 21, 2003, the Court ruled that this action may proceed on behalf of two exemplar or model classes of end payors. As stated above, the two classes (with differences in their definitions highlighted with underlined text) are:

> All persons or entities who purchased <u>Relafen or its generic alternatives</u> in the states of Arizona, California, Massachusetts, or Vermont during the period of September 1, 1998 through June 30, 2003 for consumption by themselves, their families, members, employees, insureds, participants, or beneficiaries.

and

> All persons or entities in the United States who purchased <u>Relafen</u> in the states of Arizona, California, Massachusetts, <u>Tennessee</u>, or Vermont during the period September 1, 1998 through June 30, 2003 for consumption by themselves, their families, members, employees, insureds, participants, or beneficiaries.

Both classes exclude governmental entities; SmithKline and its officers, directors, management, employees, subsidiaries, and affiliates; persons or entities who purchased Relafen or its generic alternatives for purposes of resale; persons or entities who purchased Relafen directly from SmithKline or its affiliates;

and persons or entities who suffered no economic harm as a result of SmithKline's alleged conduct.

The Court named Louise Houchins, Tyler Fox, and Emily Feinberg the representative plaintiffs for the class. Appointed to serve as lawyers for the class were the firms of Hagens Berman LLP as liaison counsel, and Milberg Weiss Bershad Hynes & Lerach LLP; Spector, Roseman & Kodroff, P.C.; Miller Faucher and Cafferty LLP; and Heins Mills & Olson, P.L.C. as co-lead counsel (collectively "class counsel").

These rulings do not mean that any money necessarily will be obtained for members of the end payor classes. The rulings mean only that the final outcome of the lawsuit, whether favorable to the end payor classes or SmithKline, will bind every class member who does not request to be excluded in the manner described below.

**IV. CHOICES FOR POTENTIAL CLASS MEMBERS**

If you are a member of either or both of the classes defined in part III, you may choose to remain a member of the classes bringing the lawsuit, or you may choose to be excluded. If you wish to <u>remain</u> a member of the classes bringing the lawsuit, you do not have to do anything at this time. If you wish to be <u>excluded</u> from the classes bringing the lawsuit, you must complete the attached Request for Exclusion and send it by first-class mail to:

>In re Relafen Antitrust Litigation
>Hagens Berman LLP
>225 Franklin Street
>Twenty-sixth Floor
>Boston, MA 02110

Your request must be postmarked no later than [<u>45 days from the date of this notice</u>].  Your choice will have consequences that you should understand before making your decision.  You may, of course, seek the advice and guidance of your own attorney at your expense.

>**A.    Rights and Obligations of Class Members**

By remaining a member of either or both classes, you agree to have determined in this action any claims that you may have against SmithKline that arise from the conduct alleged by the lead end payor plaintiffs, or that were or could have been brought in this lawsuit.  You will not be allowed to present any such claims in another lawsuit.

The lead end payor plaintiffs and class counsel will act as your representatives in bringing this case against SmithKline.  All fees and expenses of class counsel will be paid out of any money recovered by the classes.  If the classes recover no money, you will not have to pay any judgment, costs, fees, or expenses.

If you wish, you may enter an appearance in this lawsuit through your own counsel at your own expense.  You may also seek to intervene individually.  In addition, you may advise the Court if at any time you feel that you are not being fairly and

adequately represented by the lead end payor plaintiffs and class counsel.

Your recovery will depend on the results of the lawsuit. On the one hand, if the classes recover damages through trial or settlement, you may be entitled to share in that recovery. As a condition of sharing in the classes' recovery, you may be required to present proof of the amount and location of your purchases of Relafen and its generic alternatives. (For this reason, you should save receipts and other records, including electronic records, that may be used as proof of this information.) If, on the other hand, the classes recover no damages, you will also recover no damages.

You will have the right to be notified of any ruling reducing the size of the classes and of any proposal for settlement or dismissal of the classes' claims. On the issues of settlement and dismissal, you will also have the right to be heard by the Court. To ensure that you receive these notices and are able to share in any recovery, you must send notice of any corrections or changes in your name or address to:

> In re Relafen Litigation
> Hagens Berman LLP
> 225 Franklin Street
> Twenty-sixth Floor
> Boston, MA 02110

If you wish to communicate with co-lead counsel as your representatives in this lawsuit, you may do so by writing to:

```
Thomas M. Sobol
Hagens Berman LLP
225 Franklin Street
Twenty-sixth Floor
Boston MA 02110

Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Patrick E. Cafferty
Miller Faucher and Cafferty LLP
101 North Main Street
Suite 885
Ann Arbor, MI 48104

Samuel Heins
Heins, Mills & Olson, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

J. Douglas Richards
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119
```

**B.   Rights and Obligations of Non-Class Members**

By choosing to be excluded from the class, you agree that you will not be bound by any judgment in this lawsuit, whether favorable to the end payor classes or SmithKline.  In other words, you will not share in any recovery that may be paid to the classes after trial or settlement of this lawsuit, but you also will not be barred from filing your own lawsuit to present any claims that you may have against SmithKline.  As a reminder, if you wish to be excluded from the class bringing the lawsuit, you must complete the attached Request for Exclusion and send it by

first-class mail to:

    In re Relafen Antitrust Litigation
    Hagens Berman LLP
    225 Franklin Street
    Twenty-sixth Floor
    Boston, MA 02110

Your request must be postmarked by [<u>45 days from the date of this notice</u>].

**V.   ADDITIONAL INFORMATION**

The pleadings and other records in this lawsuit may be examined and copied at any time during regular office hours (8:30 a.m. to 5:00 p.m.) at:

    Office of the Clerk
    U.S. District Court for the District of Massachusetts
    One Courthouse Way
    Suite 2300
    Boston, MA 02210


Dated: _____        BY ORDER OF THE COURT


                                                                 _____

                                                                 Clerk of the Court
                                                                 United States District Court
                                                                 District of Massachusetts
                                                                 1 Courthouse Way
                                                                 Suite 2300
                                                                 Boston, MA 02210

If you wish to be excluded from the classes bringing the lawsuit, you must complete the following form and send it by first-class mail to:

> In re Relafen Antitrust Litigation
> Hagens Berman LLP
> 225 Franklin Street
> Twenty-sixth Floor
> Boston, MA 02110

Your request must be postmarked by [<u>45 days from the date of this notice</u>].

**REQUEST FOR EXCLUSION**

Name of person or entity: _____

Address: _____

City, State, ZIP Code: _____

Phone Number: (\_\_\_)_____

Type(s) of purchases (circle all that apply):

    Relafen    Generic alternatives

State(s) in which purchases were made (circle all that apply):

    Arizona    California    Massachusetts    Vermont    Tennessee

Signature: _____    Date: _____

Printed name: _____

Title: _____