UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, et al., | ) |
| Plaintiffs, | ) Civil Action No. C-1-01-447 |
| v. | ) Judge Sandra S. Beckwith |
| | ) Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., et al., | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF
WYETH'S MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY
IN CONNECTION WITH WYETH'S PARTIAL MOTION TO DISMISS**

Although plaintiffs do not oppose Wyeth's request to submit supplemental authority, they suggest that this Court should disregard the recent appellate decision in Johnson v. Microsoft Corp., -- N.E.2d --, No. C020564, 2003 WL 23022065 (Ohio App. 1 Dist. Dec. 30, 2003). Defendants respectfully disagree.

Plaintiffs' primary argument is that this Court is not bound by an intermediate Ohio court's conclusions regarding Ohio law. (Pls. Br. at 1-2.) But even the decision cited by plaintiffs recognizes that Sixth Circuit authority establishes that (1) if the state supreme court has not addressed an issue, "the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue,"[1] and (2) "[w]here a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of

---

[1] Sterry v. Safe Auto Ins. Co., -- F. Supp. 2d --, 2003 U.S. Dist. LEXIS 17363, *24-25 (S.D. Ohio Aug. 25, 2003) (emphasis added) (citing Bailey v. V & O Press Co., 770 F.2d 601, 604 (6th Cir. 1985)).

the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."[2]  Plaintiffs offer no such "persuasive data" justifying their request that this Court disregard the decision in Johnson.[3]  Indeed, they do not cite a single decision that disagrees with Johnson's interpretation of Ohio's law of unjust enrichment.  Accordingly, there is no reason to depart from Johnson here.

                Respectfully submitted,

                s/ Grant S. Cowan
                James R. Adams  (0008253)
                Grant S. Cowan   (0029667)

OF COUNSEL:                **FROST BROWN TODD LLC**
                2200 PNC Center
Dan K. Webb                201 E. Fifth Street
W. Gordon Dobie                Cincinnati, Ohio  45202-4182
**WINSTON & STRAWN LLP**                (513) 651-6947
35 West Wacker Drive                Trial Attorneys for Defendants
Chicago, Illinois  60601-9703
(312) 558-5600

William J. Baer
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1202
(202) 942-5000

Dated:  March 5, 2004

---

[2]  Id. (quoting Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1485 (6th Cir. 1989)).  Indeed, this Court frequently has relied upon decisions by the intermediate Ohio appellate courts in determining the law of Ohio.  See, e.g., Logan Farms v. HBH, Inc., 282 F. Supp. 2d 776, 792 (S.D. Ohio 2003); Creech v. Ohio Casualty Ins. Co., 944 F. Supp. 1347, 1353 (S.D. Ohio 1996).

[3]  Plaintiffs do nothing more than express their preference for Judge Painter's dissenting opinion in Johnson.  But Judge Painter's opinion – which, as a dissent, obviously does not have the force of law – does not even discuss the aspect of Johnson upon which Wyeth relies (i.e., the holding that allowing an unjust enrichment claim when a Valentine Act claim is barred would amount to an end-run around the prohibition of indirect purchaser antitrust claims).  Judge Painter simply disputed the threshold holding that the Valentine Act disallowed indirect purchaser claims.  But that debate between Judge Painter and the Johnson majority is of no consequence here because plaintiffs have not even asserted a Valentine Act claim and do not include Ohio within their proposed group of "Indirect Purchaser States."

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing Reply in Support of Wyeth's Motion to Submit Supplemental Authority In Connection With Wyeth's Partial Motion to Dismiss has been served electronically this 5th day of March, 2004 on Janet Abaray, Lopez, Hodes, Restaino, Milman, Skikos & Polos, 312 Walnut Street, Suite 2090, Cincinnati, Ohio 45202, Joseph E. Conley, Jr., Buechel & Conley, 25 Crestview Hills Mall Road, Crestview Hills, Kentucky 41027, Kenneth A. Wexler, Kenneth A. Wexler and Associates, One North LaSalle, Suite 2000, Chicago, IL 60602, and Patrick E. Cafferty, Miller Faucher and Cafferty LLP, 101 N. Main Street, Suite 885, Ann Arbor, MI 48104, and by U.S. mail, postage prepaid upon the following:

Daniel E. Gustafson
Gustafson Gluek PLLC
600 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

                                                s/Grant S. Cowan
                                                Grant S. Cowan, Esq.
                                                Frost Brown Todd LLC

DCDoc.#1165187