No. 04-0304

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
NOV 0 4 2004
LEONARD GREEN, Clerk

In re: WYETH-AYERST LABORATORIES, )
INC.; AMERICAN HOME PRODUCTS )
CORPORATION )        ORDER
                                              )
Petitioners.                          )        1:01cv447
                                              )
                                              )

Before: KEITH, CLAY, and COOK, Circuit Judges.

The defendants petition under Fed. R. Civ. P. 23(f) for permission to appeal an interlocutory order of the district court. The order granted, in part, the plaintiffs' motion for class certification in this antitrust action brought under federal and state law by indirect purchasers of Premarin, a conjugated estrogen replacement product manufactured by the defendants. The plaintiffs oppose the petition.

As an initial matter, the plaintiffs have moved to strike a reply filed by the defendants in support of their petition for permission to appeal. The defendants oppose the motion. Petitions for permission to appeal are governed by Fed. R. App. P. 5. The rule states that a party may file an answer in opposition or a cross-petition, but does not specifically provide for the filing of a reply. See Fed. R. App. P. 5(b)(2). However, as a matter of discretion, we will grant the defendants leave to file their reply and will deny the motion to strike.

With regard to the merits of the petition,

> [a] court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By Nancy Barnes
     Deputy Clerk

Fed. R. Civ. P. 23(f). The Committee Note accompanying Rule 23(f) states that "[p]ermission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." However, "many suits with class-action allegations present familiar and almost routine issues that are no more worthy of immediate appeal than many other interlocutory rulings." *Id.* This circuit "eschew[s] any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002), *cert. denied sub nom. Northwest Airlines Corp. v. Chase*, 539 U.S. 904 (2003). The Rule 23(f) appeal is "never to be routine" and "some assessment of the merits of a class certification decision must weigh into the initial determination of whether to grant the interlocutory appeal." *Id.* at 959-960.

In *Delta Air Lines*, the court identified four specific factors that should be considered. First, the "death-knell" factor recognizes "that the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *Id.* at 960. Second, a case that raises a novel or unsettled question may be a candidate for interlocutory review. Third, the likelihood of the petitioner's success on the merits is a factor to be considered. Fourth, "the posture of the case as it is pending before the district court is of relevance. For example, an indication that the district court will reexamine the certification decision following discovery should discourage an interlocutory appeal." *Id.* Upon consideration of these factors, we are not persuaded that interlocutory review is warranted. We note, in particular, that the district court's certification order is replete with indications that the court will reexamine the certification issue should the evidence suggest it is necessary to do so. "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). The possibility that the district court may further

refine the class supports the conclusion that an immediate appeal is not warranted. *See In re Lorazepam & Clorazepate Antitrust Litigation*, 289 F.3d 98, 109 (D.C. Cir. 2002).

The plaintiffs' motion to strike the defendants' reply is **DENIED**. The defendants' petition for permission to appeal is **DENIED**.

                                          ENTERED BY ORDER OF THE COURT

                                          */s/ Leonard Green*
                                                  Clerk