UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, et al., ) | Civil Action No. C-1-01-447 |
| Plaintiffs, ) | Judge Sandra S. Beckwith |
| ) | Magistrate Judge Timothy S. Hogan |
| v. ) | |
| WYETH-AYERST LABORATORIES, INC., et al., ) | |
| Defendants. ) | |

**END-PAYOR PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
CONNECTION WITH THE JUNE 30, 2004 ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

On November 4, 2004, the United States Court of Appeals for the Sixth Circuit denied Defendants' application for interlocutory appeal of this Court's June 30, 2004 order granting in part and denying in part End-Payor Plaintiffs' motion for class certification (Doc. No. 100, the "Class Order"). *See* Doc. No. 105. Accordingly, End-Payor Plaintiffs respectfully submit this memorandum in response to the Court's request in the Class Order for additional briefing.

In the Class Order, the Court certified three subclasses and raised certain issues in need of further briefing. First, the Court held that:

> a State Subclass will be certified in those "Indirect Purchaser States" with an antitrust statute and that do not substantially vary in critical aspects of substantive law. These states preliminarily appear to be: Arizona, Iowa, Maine, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, West Virginia and Wisconsin. Kansas shall be included in this group, assuming that the "concerted action" language in its statute can reach the conduct challenged in this case. This certification will be amended or revoked

should this conclusion prove unsound.

Class Order at 27. The Court had previously indicated that "[i]t is not clear that the challenged rebate contracts, which are not per se illegal, are the type of 'conspiracy' or 'combination' that the Kansas statute (and others like it) are intended to reach." *Id.*

The Court next held that:

> [a] State Subclass for the states of Florida, Massachusetts and Vermont will be certified, for the Plaintiffs' claims arising under these states' "consumer protection" statutes. Further briefing will be necessary concerning the critical issues discussed above.

Class Order at 27. Earlier in the opinion, the Court had commented that "Plaintiffs do not discuss any potential differences in the qualitative conduct covered by the statute, nor any differences in the proofs required or remedies available." *Id.* at 26.

Finally, the Court certified a separate Nevada Subclass with a shorter class period due to the more recent enactment of an *Illinois Brick* repealer in that state. *Id.* at 26-27.

In this Supplemental Memorandum, End-Payor Plaintiffs respectfully submit that claimants from Kansas should remain in the State Subclass for antitrust claims because the alleged "concerted action" is within the reach of the Kansas Monopolies and Unfair Trade Act. In addition, the State Subclass for the states of Florida, Massachusetts and Vermont should remain certified because the qualitative conduct covered by the consumer protection statutes in those states is materially identical to the antitrust claims certified for claimants in other states.[1]

**ARGUMENT**

---

[1] *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1262 (11th Cir. 2004) ("[I]f the applicable state laws can be sorted into a small number of groups, each containing materially identical legal standards, then certification of subclasses embracing each of the dominant legal standards can be appropriate.") (citations omitted).

I.  **THE KANSAS ANTITRUST ACT REACHES THE ANTICOMPETITIVE CONDUCT ALLEGED IN THIS LITIGATION.**

Kansas should remain within the State Subclass certified by the Court. "Although 'broad and undeveloped by case law,' the Kansas Monopolies and Unfair Trade Act, Kan. Stat. Ann. § 50-132, by its terms prohibits combinations and conspiracies only." *In re Relafen Antitrust Litig.,* 221 F.R.D. 260, 283-84 (D. Mass. 2004) (citations omitted). The concerted action that will violate the Kansas Act includes *vertical* restraints, such as those alleged here, as well as horizontal restraints.

For example, in *U.S. v. Microsoft Corp.*, 87 F. Supp. 2d 30 (D.D.C. 2000), *aff'd in part reversed in part on other grounds*, 253 F.3d 43 (D.C. Cir.), *cert. denied*, 534 U.S. 952 (2001), the court found that Microsoft engaged in anticompetitive practices that included bundling Microsoft's web browser (Internet Explorer) with its Windows operating system, which crimped efforts by a competitor (Netscape) to market its internet browser (Navigator). In this regard, Microsoft entered into agreements with manufacturers of personal computers that made it difficult and expensive to install Navigator on a new PC and ensured that Internet Explorer would be on every Windows user's PC. *See id.,* 87 F. Supp. 2d at 39. In addressing state law claims, the court noted that "[t]he facts proving that Microsoft unlawfully maintained its monopoly power in violation of § 2 of the Sherman Act are sufficient to meet analogous elements of causes of action arising under the laws of each plaintiff state." *Id*. at 54 n. 7 (footnote omitted; citing, *inter alia*, Kan. Stat. §§ 50-101 *et seq.*). In a state court class action under that Kansas Act alleging the same facts, the court certified a Kansas class of purchasers of Windows operating systems. *Bellinder v. Microsoft Corp.*, 2001-2 Trade Cas. (CCH) ¶73,438, 2001 WL 1397995 (Kan. Dist. Ct. Sept. 7. 2001) (attached as Exhibit A), *app. denied*, No. 02-88795-A

(Kan. Ct. App. May 7, 2002), *denial of app. aff'd*, No. 02-88795-A (Kan. July 11, 2002).

In this case, as this Court has recognized, End-Payor Plaintiffs allege that "Wyeth engaged in a systematic attempt to keep Cenestin from growing market share, by entering into 'exclusive' contracts with health insurers and pharmacy benefit managers (PBMs) in the United States." Class Order at 2. As in the Microsoft cases, End-Payor Plaintiffs have alleged anticompetitive conduct that falls within the scope of the Kansas Act and, thus, the claims of Kansas class members should remain within the Subclass certified by the Court. Class Order at 27.

## II. END-PAYOR PLAINTIFFS WILL PRESENT COMMON PROOFS TO DEMONSTRATE VIOLATIONS OF THE CONSUMER PROTECTION STATUTES OF FLORIDA, MASSACHUSETTS AND VERMONT.

The proofs that End-Payor Plaintiffs will present at trial will be the same for all Subclass members, including those in Florida, Massachusetts and Vermont, who must rely upon consumer protection statutes rather than antitrust statutes. The consumer protection statutes in these states reach the same conduct that would constitute an antitrust violation under federal or state antitrust law or the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45. *See Relafen*, 221 F.R.D. at 278 ("With respect to substantive matters – as opposed to procedural concerns such as standing – these state statutes uniformly parallel their federal counterparts, the Sherman Act and the Federal Trade Commission Act.") (citing, *inter alia*, *Mack v. Bristol-Myers Squibb Co.*, 673 So.2d 100, 104 (Fla. 1st Dist. Ct. App. 1996), *review dismissed*, 689 So.2d 1068 (Fla. 1997); Mass. Gen. Laws ch. 93A, § 2(b); Vt. Stat. Ann. tit. 9 § 2453(b)).

First, the Florida Deceptive and Unfair Trade Practices Act ("Florida DTPA") "expresses a primary policy '[t]o protect the consuming public ... from those who engage in unfair methods

of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce,' section 501.202(2), Florida Statutes (1993), and, as a rule of construction, provides that the act 'shall be construed liberally to promote [such] policies....' § 501.202, Fla. Stat. (1993)." *Mack*, 673 So.2d at 103. "Indirect purchasers of a monopolist's or price fixer's product, such as Plaintiffs here, may bring suit under the Florida DTPA." *In re Microsoft Antitrust Litig.*, No. 99-27340, 2002 WL 31423620, at *2 (Fla. Cir. Ct. Aug. 26, 2002) (attached as Exhibit B) (citing *Mack*, 673 So.2d at 108); *see also id.* ("[T]he *Mack* court effectively declared Florida an *Illinois Brick* 'repealer' state."). In interpreting the DTPA, due consideration is given to FTC and federal court interpretations of the FTC Act, 15 U.S.C. § 45(a)(1). *Mack*, 673 So.2d at 104.

Second, indirect purchasers also have standing to bring suit under the Massachusetts Consumer Protection Act, Mass. Ann. Laws ch. 93A, § 1 *et seq. See Ciardi v. F. Hoffmann-La Roche, Ltd.,* 436 Mass. 53, 66-67, 762 N.E.2d 303, 314 (2002) ("[I]t is the province of the Massachusetts Legislature to make its own policy decisions about whether to permit claims by indirect purchasers for antitrust violations under Massachusetts law. We read the language of G.L. c. 93A as a clear statement of legislative policy to protect Massachusetts consumers through the authorization of such indirect purchaser actions.") (footnotes omitted). "In analyzing what constitutes unfair methods of competition and unfair or deceptive acts or practices, which are not defined in G.L. c. 93A, the Massachusetts courts look to interpretations by the Federal Trade Commission and Federal courts of § 5(a)(1) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a)(1)." *Id.*, 436 Mass. at 59, 762 N.E.2d at 309.

Third, the Vermont Consumer Fraud Act ("VCFA"), 9 V.S.A. §§ 2451-2480, prohibits

anticompetitive conduct in a manner substantially similar to the Sherman Act.  *See Mobile Home Owners' Association v. LaPierre Enterprises, Inc.*, 94 F. Supp. 2d 519, 523 (D. Vt. 2000) ("The conduct in this case allegedly violates both the Vermont Consumer Fraud Act and the Sherman Act, the former providing the same protection as the latter.  Thus, the following analysis resolves summary judgment issued under both federal and state laws.").  Moreover, the VCFA expressly allows indirect purchasers to bring suit alleging antitrust violations.  *See Elkins v. Microsoft Corp.*, 174 Vt. 328, 331, 817 A.2d 9, 13 (2002) ("The Legislature clearly intended the VCFA to have as broad a reach as possible in order to best protect consumers against unfair trade practices.  This intent underlies a private remedy section that allows suits by 'any consumer' with no suggestion of a distinction between direct and indirect purchasers.").  In 2000, the Vermont Legislature enacted a specific antitrust remedy provision that permits indirect purchasers to bring suit, but the Legislature made clear that this was a clarification that did not alter the previous reach of the VCFA.  *Id.*, 174 Vt. at 337, 817 A.2d at 17 ("This act *clarifies* the right of a direct or indirect purchaser to obtain recovery for a violation of the state antitrust law as set forth in chapter 63 of Title 9.") (quoting legislative Statement of Intent; emphasis added by court).

Accordingly, common questions are predominant under Rule 23(b)(3) because the proofs required under the Florida, Massachusetts and Vermont consumer protection statutes are materially identical to the proofs necessary to prove antitrust claims of members of the other Subclasses.  *See Relafen*, 221 F.R.D. at 278.  The remedies available under these states' consumer fraud statutes are similar, but not identical.  *See, e.g.,* Fla. Stat. § 501.211 (actual damages, attorney's fees, and court costs); Mass. Ann. Laws ch. 93A, § 9(3) (actual damages (doubled or trebled for knowing violations) and attorney's fees); Vt. Stat. Ann. tit. 9, § 2465

(actual damages or consideration paid, reasonable attorney's fees and exemplary damages not to exceed three times the damages or consideration). While different damage *formulas* may be required for each state, the differences cannot be characterized as especially complex or burdensome. *Cf. Relafen* 221 F.R.D. at 279 (citation omitted). "The individuation of damages in consumer class actions is rarely determinative under Rule 23(b)(3)." *Id.* (citation omitted).[2]

## CONCLUSION

For the reasons stated, subclass members from Kansas, Florida, Massachusetts and Vermont should remain in the Subclasses certified by the Court. Upon resolution of the status of these Subclass members, Class Counsel will propose a form and method for providing appropriate notice to Subclass members.

Dated: November 15, 2004                                Respectfully submitted,

                                            By:    /s/ Joseph E. Conley, Jr.
                                                   One of Plaintiffs' Counsel

Janet G. Abaray                                     Joseph E. Conley, Jr.
LOPEZ, HODES, RESTAINO,                             BUECHEL & CONLEY
MILMAN, SKIKOS & POLOS                              25 Crestview Hills Mall Road
312 Walnut Street, Suite 2090                       Suite 104
Cincinnati, Ohio 45202                              Crestview Hills, Kty.  41017
Tel: (513) 852-5600                                 Tel: (859) 578-6600

*Co-Liaison Counsel for End-Payor Plaintiffs*

---

[2] In addition to this Court, indirect purchaser classes for claims under these statutes have been certified in a number of recent decisions. *See Relafen*, 221 F.R.D. at 288 (certifying exemplar classes of pharmaceutical purchasers that include, among others, Massachusetts and Vermont indirect purchasers for antitrust claims asserting unilateral misconduct); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (certifying Florida class, among others, of pharmaceutical purchasers); *In re Microsoft Antitrust Litig.*, No. 99-27340, 2002 WL 31423620 (Fla. Cir. Ct. Aug. 26, 2002) (Exhibit B) (certifying Florida class of indirect purchasers of Windows operating systems).

| | |
|---|---|
| Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>THE WEXLER FIRM LPP<br>One North LaSalle, Suite 2000<br>Chicago, Illinois 60602<br>(312) 346-2222 | Marc H. Edelson<br>HOFFMAN & EDELSON<br>45 West Court Street<br>Doylestown, Pennsylvania 18901<br>(215) 230-8043 |
| Alan I. Gilbert<br>Barbara J. Felt<br>Susan E. MacMenamin<br>HEINS MILLS & OLSON, P.C.<br>3550 IDS Center, 80 South Eighth Street<br>Minneapolis, MN 55402<br>(612) 338-4605 | Patrick E. Cafferty<br>MILLER FAUCHER and CAFFERTY LLP<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI 48104<br>(734) 769-2144 |

*Co-Lead Counsel for End-Payor Plaintiffs*

Daniel Gustafson
GUSTAFSON GLUEK PLLC
600 Northstar East
608 Second Ave S.
Minneapolis, MN 55402
(612) 333-8844

Ralph L. Friedland
LAWSERV, CHARTERED
2033 Main Street, Ste. 100
Sarasota, FL 34237

Anthony Bolognese
BOLOGNESE & ASSOCIATES
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103

Michael A. Havard
PROVOST ★ UMPHREY LAW
FIRM, L.L.P.
390 Park Street
Beaumont, TX 77701

Susan LaCava
SUSAN LaCAVA S.C.
23 N. Pinckney, Suite 300
Madison, Wisconsin 53703

Nicholas E. Chimicles
James R. Malone, Jr.
CHIMICLES & TIKELLIS, LLP
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500

Lee Squitieri
SQUITIERI & FEARON
421 Fifth Avenue
26th Floor
New York, NY 10175

Robert C. Gilbert
LAW OFFICES OF ROBERT C. GILBERT
Commercebank Center
220 Alhambra Circle, Suite 400
Coral Gables, Florida 33134

Jonathan Shub
SHELLER, LUDWIG & BADEY
1528 Walnut St., 3rd Floor
Philadelphia, PA 19102

Joe R. Whatley, Jr.
WHATLEY DRAKE, LLC
1100 Financial Center
505 20th Street North
Birmingham, AL 35203

Bernard Persky
Barbara Hart
GOODKIND LABATON RUDOFF
& SUCHAROW LLP
100 Park Avenue
New York, New York 10017

Douglas G. Thompson
William Butterfield
L. Kendall Satterfield
FINKELSTEIN, THOMPSON &
LOUGHRAN
1055 Jefferson Street, NW, Suite 601
Washington D.C. 20007

Steven Scholl
DIXON, SCHOLL & BAILEY, P.A.
707 Broadway, N.E., Suite 505
Albuquerque, NM 87125-6746

Jeffrey R. Fuller
REINHART, BOERNER, VAN DEUREN,
NORRIS & RIESELBACH, S.C.
1000 N. Water Street
Milwaukee, WI 53202-3400

Jon Karmel
KARMEL & GILDEN
221 N. LaSalle Street
Suite 1414
Chicago, Illinois 60601

Ira Neil Richards
TRUJILLO RODRIGUEZ &
RICHARDS, LLC
The Penthouse
226 West Ritten House Square
Philadelphia, PA 19103

*Counsel for End-Payor Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was served by First-Class U. S. Mail, postage prepaid, this 15th day of November, 2004, on the following:

| | |
|---|---|
| William J. Baer, Esq.<br>David S. Eggert, Esq.<br>ARNOLD & PORTER, LLP<br>555 Twelfth Street, NW<br>Washington, DC  20004-1206 | James R. Adams, Esq.<br>Grant S. Cowan, Esq.<br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 E. Fifth Street<br>Cincinnati, OH  45202-4182 |
| Dan K. Webb, Esq.<br>W. Gordon Dobie, Esq.<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL  60601-9703 | Steve D. Shadowen, Esq.<br>Gordon A. Einhorn, Esq.<br>HANGLEY ARONCHICK SEGAL & PUDLIN<br>30 North Third Street, Suite 700<br>Harrisburg, PA 17101-1810 |
| Ruthanne Gordon<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103 | Thomas L. Long, Esq.<br>BAKER & HOSTETLER LLP<br>Capitol Square, Suite 2100<br>65 East State Street<br>Columbus, OH 43215 |
| Eliot Long, Esq.<br>BUCHANAN INGERSOL<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103 | |

/s/ Joseph E. Conley, Jr.