UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____
                                        )
MARJORIE FERRELL, *et al.*,             )        Civil Action No. C-1-01-447
                                        )
              Plaintiffs,               )        Judge Sandra S. Beckwith
                                        )        Magistrate Judge Timothy S. Hogan
v.                                      )
                                        )
WYETH-AYERST LABORATORIES,              )
INC., *et al.*,                         )
                                        )
              Defendants.               )
_____)

## MOTION OF VERMONT PLAINTIFF MARILYN DEYO
## TO INTERVENE UNDER RULE 24

Marilyn Deyo (the "Vermont Plaintiff") hereby respectfully moves this Court for intervention

of right in the above-captioned action (the "Ohio Action"), pursuant to Rule 24(a)(2) of the Federal

Rules of Civil Procedure, for the purpose of moving to stay the Ohio Action as to the Vermont State

Consumer Subclass, identified in the Court's June 30, 2004 Order (the "Class Cert. Order") at p. 3,

because of the inadequacy of the representation of the Vermont State Consumer Subclass the Ohio

Action (the "Vermont Subclass") or, alternatively, designating the Vermont Plaintiff the class

representative of the Vermont Subclass in the Ohio Action and her counsel, Johnson & Perkinson, as

counsel to the Vermont Subclass in the Ohio Action.[1]  In the alternative, the Vermont Plaintiff

_____
[1]  A [Proposed] Order Granting the Vermont Plaintiff's Motion to Intervene Pursuant to Rule 24(a)(2) is
attached hereto as Exhibit 1.

1

respectfully moves this Court to grant the Vermont Plaintiff permissive intervention in the Ohio Action pursuant to Rule 24(b)(2).[2]

The Vermont Plaintiff recently filed a Class Action Complaint in Vermont state court, docket number 735-12-04 Wncv in the Vermont Superior Court, Washington County (the "Vermont Action"), on behalf of herself and the class of Vermont end-payors for the conjugated estrogens pharmaceuticals Premarin ® ("Premarin"), Premphase ® ("Premphase"), and Prempro ™ ("Prempro," and collectively with Premarin and Premphase, the "Premarin Family Products") seeking damages including the amount of consideration paid by the Vermont Plaintiff and the members of the putative Vermont class of end-payors (the "Vermont Class") pursuant to applicable provisions of the Vermont Consumer Fraud Act, 9 V.S.A. 2451, *et seq.* (the "VCFA"). The Vermont Plaintiff, on behalf of herself and the Vermont Class, objects to the representation of the interests of the Vermont Subclass in the Ohio Action because:

- The class representatives in the Ohio Action have alleged a cause of action which imposes on the Vermont Subclass a far more stringent burden of proof than necessary to demonstrate a viable cause of action under the VCFA. As set forth herein, the burden of proof under the VCFA is less stringent than the burden of proof for a violation of federal antitrust laws, state antitrust laws, and other states' consumer fraud statutes. Thus, while the Ohio Plaintiffs' pleadings confirm that Plaintiffs will have to prove monopolistic behavior on the part of Defendants, all that is required under the VCFA is unfair or deceptive acts or practices in commerce.

- The class representatives and their counsel have demonstrated a stark misunderstanding of the VCFA, which has already prejudiced those entitled to bring claims under the VCFA and which will ultimately disadvantage those in the Vermont Subclass of the Ohio Action. By failing to bring to this Court's attention the fact that the VCFA allows recovery of the <u>consideration paid</u>, and instead focusing on claims to collect the amount of damage (or overcharge) resulting from the alleged

---

[2] A [Proposed] Order Granting the Vermont Plaintiff's Motion to Intervene Under to Rule 24(b)(2) is attached hereto as Exhibit 2.

monopolistic behavior, the Ohio Plaintiffs and their counsel have permitted this Court to inaccurately conclude that those end-payors with fixed co-payments are not entitled to any collection. In reality, they are entitled to recover the amount of consideration paid, which the VCFA makes clear is separate from damages. Moreover, even as to those in the Vermont Subclass in the Ohio Action, the Ohio Plaintiffs seek merely to recover the amount by which Plaintiffs were damaged, as opposed to seeking to recover all consideration paid.  Thus, the membership of the class has been inappropriately restricted and the value of the claims on behalf of those in the class has been greatly understated.  Additionally, the Ohio Plaintiffs include in their proposed subclass of Vermont end-payors only those who purchased Premarin, as opposed to a class including those who purchased any of the conjugated estrogen products composing the Premarin Family Products (which includes Premarin, Premphase and Prempro).

• Although the lower burden of proof and the ability to recovery beyond the amount of illegal overpayment under the VCFA would entitle the Vermont Subclass to a more favorable allocation of any recovery obtained by the plaintiffs in the Ohio Action, there is no one to represent the Vermont Plaintiffs in settlement discussions with Defendants or in any allocation process which may take place, should Plaintiffs settle all claims for a global amount; and

• Notwithstanding the failure to bring an action which would have permitted all Vermont end-payors to recover amounts far in excess of those sought by the Ohio Plaintiffs, any release obtained in the Ohio Action will almost certainly expunge the legal claims of all Vermonters.[3]

---

[3] Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, the Vermont Plaintiff hereby incorporates by reference her Vermont Plaintiff Marilyn Deyo's Rule 24(c) Pleading Setting Forth the Claims for Which Intervention is Sought, which is attached hereto as Exhibit 3.

For the foregoing reasons, as more fully set forth in the accompanying memorandum in support of this Motion, the Vermont Plaintiff respectfully requests that the Court grant this Motion to Intervene.

Dated: December 30, 2004

s/Richard S. Wayne
Richard S. Wayne Attorney Bar Number 0022390
s/William K. Flynn
William K. Flynn Attorney Bar Number 0029536
STRAUSS & TROY
150 East Fourth Street
Cincinnati, OH  45202-4018
Telephone: (513) 621-2120
Facsimile: (513) 629-9426
email: *rswayne@strausstroy.com*
email: *wkflynn@strausstroy.com*
*Trial Attorneys for Plaintiff Marilyn Deyo*

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
James F. Conway, III
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile:  (802) 862-0060

*Counsel to Plaintiff and the Putative Class in*
***Deyo v. Wyeth**, Docket No. 735-12-04 Wncv in Washington Superior Court, Washington County, Vermont*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court; has been sent electronically this 30th day of December, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parities may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 30th day of December, 2004.

s/Richard S. Wayne
Richard S. Wayne Attorney Bar Number 0022390

451142.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____
                                    )
MARJORIE FERRELL, *et al.*,          )        Civil Action No. C-1-01-447
                                    )
              Plaintiffs,            )        Judge Sandra S. Beckwith
                                    )        Magistrate Judge Timothy S. Hogan
v.                                   )
                                    )
WYETH-AYERST LABORATORIES,           )
INC., *et al.*,                      )
                                    )
              Defendants.            )
_____)


**MEMORANDUM IN SUPPORT OF THE MOTION OF VERMONT PLAINTIFF
MARILYN DEYO TO INTERVENE UNDER RULE 24**

Marilyn Deyo (the "Vermont Plaintiff"), by her attorneys, submits this memorandum in support of her Motion to Intervene in the above-captioned action (the "Ohio Action"). The Vermont Plaintiff recently filed a Class Action Complaint in the Vermont Superior Court, Washington County, docket number 735-12-04 Wncv, (the "Vermont Action"), on behalf of herself and the class of Vermont end-payors for the conjugated estrogens pharmaceuticals Premarin ® ("Premarin"), Premphase ® ("Premphase"), and Prempro ™ ("Prempro," and collectively with Premarin and Premphase, the "Premarin Family Products") seeking recovery of the consideration she and the members of the putative Vermont class of end-payors (the "Vermont Class") paid for Premarin Family Products pursuant to applicable provisions of the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.* (the "VCFA").

The Vermont Plaintiff moves for intervention of right, or alternatively permissive intervention, in the Ohio Action pursuant to Rule 24 of the Federal Rules of Civil Procedure (the

"FRCP"), in order to stay the Ohio Action as to the Vermont State Consumer Subclass, identified in the Court's June 30, 2004 Order (the "Class Cert. Order") at p. 3, during the pendency of the Vermont Action, or, alternatively, to be appointed the representative of the Vermont State Consumer Subclass in the Ohio Action (the "Vermont Subclass"), with her counsel to be appointed class counsel of the Vermont Subclass.

The Vermont Plaintiff seeks the requested relief because the Vermont Subclass is inadequately represented in the Ohio Action. Plaintiffs and their counsel in the Ohio Action demonstrated their inadequate representation of the interests of the Vermont State Consumer Subclass in the Ohio Action (the "Vermont Subclass") by alleging a cause of action which imposes on the Vermont Subclass a standard of liability for Vermont end-payors' claims that is more stringent than that required under the VCFA, by limiting their class to purchasers of just one of the products comprising the Premarin Family Products, by excluding numerous Vermonters from the Vermont Subclass who are entitled to the return of their consideration paid, and by demanding the incorrect, and insufficient, measure of damages under the VCFA. Additionally, given the more lenient standard of proof required to show a violation of the VCFA and the greater *pro rata* collection due to Vermonters compared to those suing to recover only amounts overpaid, absent intervention, there will be no representation of the Vermont Plaintiffs in settlement talks with Defendants, should they occur, or to negotiate the Vermont Plaintiffs' portion of any settlement fund, should the Ohio Action settle on a global basis.

As set forth below, the Vermont Plaintiff satisfies the requirements of Rule 24(a)(2) for intervention of right and the requirements of Rule 24(b) for permissive intervention.

## I.      STATEMENT OF FACTS

### A.      The Vermont Action

On December 20, 2004, the Vermont Plaintiff filed the Vermont Action in Vermont state court, seeking to recover all consideration paid for purchases of Premarin, Prempro and Premphase, and other damages, by Vermont consumers since March 24, 1999, due to Defendant Wyeth's violations of the VCFA.  The VCFA provides that "[u]nfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful."  9 V.S.A. §2453(a). The Vermont Supreme Court has repeatedly recognized that the VCFA is a remedial statute that is to be construed liberally.  *Elkins v. Microsoft Corp.*, 817 A.2d 9, 13 (Vt. 2002).  In fact, the stated purpose of the VCFA is "to protect the public, and to encourage fair and honest competition." 9 V.S.A. §2451.  The VCFA provides that aggrieved parties are entitled to bring civil claims under 9 V.S.A. §2461(b).[1]  9 V.S.A. §2461 states:

> (b) Any consumer who <u>contracts</u> for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453 of this title, *or* who <u>sustains damages</u> *or* <u>injury</u> as a result of any false or fraudulent representations or practices prohibited by section 2453 of this title, or prohibited by any rule or regulation made pursuant to section 2453 of this title, may sue for appropriate equitable relief and may sue and recover from the seller, solicitor or other violator the amount of his damages, *or* the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer.

9 V.S.A. §2461(b) (emphasis added).

The first portion of § 2461 requires that a Vermont consumer make one of two showings in order to obtain relief: a consumer must show either (i) "<u>reliance</u> upon false or fraudulent

---

[1]   Under the VCFA, an aggrieved person may recover under either § 2461(b) or § 2465(a).  *See In re New Motor Vehicles Canadian Export Antitrust Litig.*, MDL No. 1532, 2004 WL 2809891, *29-30 (D. Me. Dec 8, 2004) (recognizing that consumers can bring claims of violation of the VCFA under either § 2461(b) or § 2465(a)).

representations or practices prohibited" by the VCFA, **or** (ii) that he or she "sustain[ed] damages or injury as a result of ... false or fraudulent representations or practices prohibited by [the VCFA]." 9 V.S.A. §2461(b). Showing one or the other mandates statutory remedies. The second portion of §2461 outlines the remedies available.

_Claims based on reliance._ The Vermont Supreme Court has held that the elements of a claim under the VCFA based on reliance are: 1) that the defendant committed a deceptive or unfair practice or act; 2) that the practice or act was material; and 3) that the act or practice has the capacity to deceive. _See Peabody v. P.J.'s Auto Village_, 569 A.2d 460, 463 (1989). In accord with the statute, the Vermont Supreme Court has held that neither damage nor intent is necessary to impose liability under the VCFA for a claim based on reliance on a deceptive act or practice. _See Winton v. Johnson & Dix Fuel Corp._, 515 A.2d 371, 376 (1986) (finding in a case based on reliance on fraudulent/ misleading advertising that "[i]ntentional misrepresentation or bad faith is not required for liability under the act"); _Peabody_, 569 A.2d at 463 (damage is not an element of a claim under the Act, where seller failed to disclose material condition that could have affected consumer's ultimate choice, and that failure was a deceptive act).

Where a claim is based on reliance on defendant's acts, no proof of damage is required under the VCFA. To argue that damages (or proof of damages) is a required element under the claim based on "reliance" under the VCFA misreads the plain meaning of the statute and ignores the Vermont Supreme Court's interpretations of the VCFA. As the Vermont Supreme Court stated in speaking of the "reliance" based claim: "All [a VCFA] plaintiff must show, however, is that the deceptive omission is 'likely to influence a consumer's conduct' by 'distort[ing]' the buyer's 'ultimate exercise of choice.'" _Peabody_, 569 A.2d at 463 (quoting _International Harvester_

*Co.,* 104 F.T.C. 949, 1057 (1984)).

Remedies Under 9 V.S.A. §2461(b). Once a plaintiff shows that prohibited conduct either carried a risk of consumer harm or could have distorted the buyer's ultimate exercise of choice, or resulted in actual damages or injury, the full range of statutory remedies becomes available. The second portion of §2461(b) provides that, in addition to equitable relief, a consumer may recover "the amount of his damages, **or** the consideration **or** the value of the consideration given by the consumer." 9 V.S.A. §2461(b) (emphasis added). The statute does not condition the remedy available based on how the claim arose (*i.e.*, whether as a "reliance" claim or a "damage" claim).

**B.    The Ohio Action**

A review of the docket in the Ohio Action reveals the operative complaint, entitled the Corrected Consolidated Class Action Complaint (the "Ohio Complaint"), seeks injunctive relief under the federal antitrust laws, damages in the amount of overpayment for purchases of Premarin by end-payors under state laws (including the VCFA) and for disgorgement. *See* Ohio Complaint at pp.20-29. With respect to the VCFA, the Ohio Complaint alleges that "Defendants have intentionally and wrongfully maintained and abused their monopoly power in the relevant market in violation of Vermont Stat. T. 9 ' 2465, *et seq.*, with respect to purchases of Premarin in Vermont by members of the State Consumer Subclass or paid for by members of the State Third Party Payor Subclass." *See* Ohio Complaint at 26-27.

The Court's June 30, 2004 order on the Defendants' motion for partial dismissal (the "Dismissal Order"), indicates that no resident of the state of Vermont was advanced as a class representative. Dismissal Order at p.6. The Court's June 30, 2004 Order on the Plaintiffs' motion

for class certification deemed Florida resident Marjorie Ferrell to be an "adequate representative for consumers who bought Premarin during the class period and *fully paid the allegedly supracompetitive price*," Class Cert. Order at 8 (emphasis added), which included claimants under the VCFA. The Court noted that the parties agreed that, in the indirect purchaser action, a class member is "impacted" if the class member bought Premarin at a supracompetitive price, which necessitates a finding of whether this increase in price was "passed on" to indirect purchasers. *Id*. at 18. The Court further noted that Plaintiffs' expert found it "hard to see" that someone with a flat co-pay was injured and his damage analysis does not account for damages sustained by insured consumers with partial co-pays. *Id*. at 20-21.

## II.   <u>ARGUMENT</u>

### A.   <u>The Vermont Plaintiff May Intervene As of Right</u>

The Vermont Plaintiff satisfies the standards for Intervention of Right under Rule 24(a)(2) because the existing parties to the Ohio Action have demonstrated they cannot adequately protect her interests and the interests of the Vermont Class and because the Vermont Plaintiff has a direct and substantial legal interest in the subject matter of the Ohio Action such that disposition of the Ohio Action may impair or impede her ability to protect that interest. Lastly, the Vermont Plaintiff's motion is timely.

"Rule 24 'should be broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Rule 24(a), Intervention of Right, provides:

> Upon timely application *anyone* shall be permitted to intervene in an action: ...(2) when the applicant *claims an interest* relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede

the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FRCP 24(a)(2) (emphasis added).

Intervention of right is evaluated on the following criteria: "(1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court." *Blankenship v. Blackwell*, 341 F. Supp. 2d 911, 917 (S.D. Oh. 2004) (quotation omitted). The Vermont Plaintiff satisfies each of these elements and her Motion to Intervene should be granted.

### 1.    The Parties Before the Court in the Ohio Action Cannot, or Will Not, Adequately Represent the Interests of the Vermont Plaintiff

An intervenor applying for intervention of right must show that the existing parties may not adequately represent her interests. *Grutter v. Bollinger*, 188 F.3d 394, 400 (6th Cir. 1999). The Sixth Circuit has stated that "proposed intervenors need only show that there is a *potential* for inadequate representation." *Id.* (emphasis in original). "[O]rdinarily a proposed intervenor need only show that representation of its interests 'may be' inadequate; and the burden of making that showing should be treated as minimal.'" *Stupak-Thrall*, 226 F.3d at 482 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). In satisfying the burden, "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Grutter*, 188 F.3d at 399 (quoting *Miller*, 103 F.3d at 1247); *Purnell*, 925 F.2d at 950 ("[I]nterests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate.") (quotation omitted). Further, the Advisory Committee Notes, in commenting on the application of FRCP 24(a)(2) to class actions, state:

7

> A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the task of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action.

*See* Advisory Committee's Notes on FRCP 24, 39 F.R.D. 69, 110. Here, the Vermont Plaintiff has satisfied her "minimal" burden.

The representation of the Vermont Plaintiff and the Vermont Class by the class representatives in the Ohio Action, and their counsel, not only "may" be inadequate, but has already been demonstrably inadequate. First, the Plaintiffs in the Ohio Action allege, and intend to prove, wrongdoing by the Defendants that is far beyond what the Vermont consumers need to prove to establish the liability of Defendants under the VCFA. The Ohio Complaint asserts, "Defendants have intentionally and wrongfully maintained and abused their monopoly power in the relevant market in violation of Vermont Stat. T. 9 [§] 2465, *et seq.*, with respect to purchases of Premarin in Vermont by members of the State Consumer Subclass or paid for by members of the State Third Party Payor Subclass." Ohio Complaint at 26-27.

Under the VCFA, however, consumers do <u>not</u> need to establish that defendants acted intentionally, that defendants engaged in monopolistic practices, or what the "relevant market" is. *Peabody*, 569 A.2d at 463 (listing elements of violation of VCFA); *Winton*, 515 A.2d at 376 (1986) (no intent required under VCFA). Rather, the VCFA requires plaintiffs to demonstrate only that a defendant engaged in "unfair or deceptive acts or practices in commerce" which resulted in a distortion of the ultimate exercise of choice by the Vermont consumer. *Peabody*, 569 A.2d at 463. Under this standard, consumers are entitled to recover if the defendant engaged in conduct that violates the liberal standards of the VCFA. This is true even if the consumer purchased with a flat

co-pay for the product, as the injury can be the mere distortion of choice by virtue of the alleged conduct. *Id.* Additionally, fraudulent conduct, even absent a fraudulent representation, is sufficient to establish a violation of the VCFA. *See In re New Motor Vehicles*, No. MDL 1532, 2004 WL 2809891 at * 30 (holding that § 2651 of the VCFA permits plaintiffs to seek relief for practices prohibited by section 2453 without requiring allegations of "false or fraudulent representations"). Thus, the Ohio Plaintiffs' allegations that Defendant acted intentionally and engaged in monopolistic practices in the relevant market are beyond what the Vermont Class needs to show to establish Defendants' liability under the VCFA and unduly complicates the Vermont Class's claims for relief.

Second, the VCFA provides that an aggrieved consumer can obtain damages in the amount of consideration paid, not just the amount of overpayment, as the Ohio class representatives and counsel seek. 9 V.S.A. §2461(b). Once the Vermont Class establishes a distortion of consumer choice by Defendant in the Vermont Action, the Vermont Class will be entitled to recover the full amount of consideration paid plus attorneys' fees. 9 V.S.A. §2461(b). The fact that the Ohio class representatives and counsel seek less than the full amount of damages available to members of the Vermont Class demonstrates either a stark misunderstanding of the VCFA, or alternatively, that their conflicts of interest prevent them from adequately representing the interests of the Vermont Class. Furthermore, the Ohio Plaintiffs and counsel inexplicably seek to represent only those Vermont consumers who purchased Premarin as opposed to those who purchased Premarin, Premphase or Prempro, though Premphase and Prempro are products in which Defendants have combined Premarin with other products and which are subject to the same uniform conduct alleged by the Vermont Plaintiff.

Third, because there is no representative of the Vermont Class in the Ohio Action that makes a claim under the VCFA, there is no representative in the Ohio Action who speaks for the interests of the Vermont Class.  On the contrary, the Ohio class counsel seek only to increase the size of their total class representation by making the exact same allegations on behalf of purchasers from every state with an antitrust or consumer fraud statute that permits suits by indirect purchasers.  The end result is that, for the sake of uniformity and an increased class size (and, presumably, increased fees for class counsel), class counsel glosses over intricacies of the VCFA to the detriment of the Vermont Class.  Such practices are roundly condemned by the Vermont Supreme Court, particularly where Vermont residents are shortchanged as a result of inadequate representation by class counsel and purported representatives of a Vermont class.  *See State v. Homeside Lending, Inc.*, 826 A.2d 997, 1014-16 (Vt. 2003) (in class action where class representatives failed to take into account the rights of Vermont residents under relevant Vermont statute, court found "no more compelling example of inadequate representation, by both the class representatives and class counsel, than that present here.  The representatives had no incentive to protect the interests of the class and failed to do so ... We hold that the representation provided Vermont class members in *Hoffman* was constitutionally inadequate.").

Finally, should there be a settlement of the plaintiffs' claims in the Ohio Action, any allocation would require that the interests of the Vermont Class be represented separately.  *See Homeside Lending*, 826 A.2d at 1015 ("To the extent an allocation choice was present, it called for separate representation for each identifiable subclass.").  As the U.S. Supreme Court has recognized:

> [W]here differences among members of a class are such that subclasses must
> be established, we know of no authority that permits a court to approve a
> settlement without creating subclasses on the basis of consents by members
> of a unitary class, some of whom happen to be members of the distinct

subgroups. The class representatives may well have thought that the Settlement serves the aggregate interests of the entire class. But the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by *consents given by those who understand that their role is to represent solely the members of their respective subgroups.*

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 627 (1997) (citation omitted) (emphasis added).

Because the standard of liability is lower under the VCFA than under the federal antitrust statutes or state laws in other jurisdictions and Vermont law provides for a greater measure of remuneration to Vermonters for Defendants' alleged conduct, the Vermont Class would be entitled to a greater share of any settlement that might be reached. Without a representative whose exclusive concern is the interest of the Vermont Class and who understands that her role is to protect those interests, and because the current class representatives and their counsel display a lack of understanding, or an unwillingness to understand, the provisions of the VCFA, the Vermont Class is subject to exactly the type of insufficient protection that the Vermont Supreme Court deemed to be constitutionally inadequate in *Homeside Lending*. The proposed intervenor therefore meets her minimal burden of establishing that the current representation of the Vermont Class "may be inadequate."

### 2. The Vermont Plaintiff Has a Substantial Legal Interest in the Ohio Action

The Vermont Plaintiff has a substantial legal interest in the subject matter of Ohio Action. *Blankenship*, 341 F. Supp. 2d at 917. The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke the intervention of right" and has "cited with approval decisions of other courts 'reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest.'" *Grutter*, 188 F.3d at 398 (quoting *Miller*, 103 F.3d at 1245). "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id.*

The Vermont Plaintiff, and the putative Vermont Class she represents, have a substantial legal interest in the Ohio Action because, as members of the Vermont Subclass in the Ohio Action,

the Vermont Plaintiff and the putative Vermont Class would be bound by terms of any decision or settlement in that action. Such legal interest is sufficient to satisfy the "interest" requirement of FRCP 24(a)(2). *See Kozak v. Wells*, 278 F.2d 104, 110 (8th Cir. 1960) (stating that the "interest" requirement of FRCP 24(a)(2) is satisfied when "the applicant is or may be bound by a judgment in the action.").

Moreover, the claims of the Vermont Plaintiff and the putative Vermont Class in the Vermont Action are similar to the claims filed by the plaintiff in the Ohio Action. However, the claims of the plaintiff in the Ohio Action represent only a subset of the claims brought by the Vermont Class in the Vermont Action. For example, the plaintiff in the Ohio Action seeks recovery for overpayment for Premarin. The Vermont Plaintiff seeks recovery in the amount of consideration paid by the Vermont Class, including co-payments, for Premarin, Prempro and Premphase. Thus, not only is the damage calculation for the Vermont Class different from the damage calculation of the Vermont Subclass in the Ohio Action, but the product that constitutes the subject matter of the litigation in the Ohio Action, Premarin, is only a subset of the products that are the subject matter of the litigation in the Vermont Action. Nonetheless, the overlap of the issues, in addition to the Vermont Class's status as class members in the Ohio Action, constitutes substantial legal interests in satisfaction of the second element of Rule 24(a)(2).

### 3.  The Vermont Plaintiff's Ability to Protect Her Interest Will Be Impaired in the Absence of Intervention

"To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Grutter*, 188 F.3d at 399 (quoting *Miller*, 103 F.3d at 1245). Courts have noted that the question of whether an intervenor's interest would be impaired by the settlement or

adjudication of the pending action is inextricably linked to a proposed intervenor's interest in the subject matter of the action. *See Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001) (the question of impairment cannot be separated from the question of existence of interest); *see also Grutter*, 188 F.3d at 400 (where substantial legal interest was wrongly decided by the district court, "we must likewise conclude that the district court erred in its analysis of the impairment element as well."). Accordingly, in satisfying the "interest" requirement of Rule 24(a)(2), the Vermont Plaintiff has satisfied the "impairment" requirement.

Additionally, courts have held that mere practical impairment will suffice to satisfy this prong of Rule 24(a)(2). *See, e.g., Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (a practical impairment (as opposed to a legal impairment) satisfies FRCP 24(a)(2)). The Vermont Plaintiff clearly meets this standard, as her legal rights will be impaired as a result of any settlement or the adverse adjudication of her claims in the Ohio Action. Should a settlement in the Ohio Action be effectuated, the Vermont Plaintiff and the Vermont Class, as a members of the Vermont Subclass, would be required to release and waive any and all claims arising out of the Ohio Action. Because the Vermont Subclass in the Ohio Action requests insufficient relief from Defendants, and includes only a subset of the Vermont Class eligible to recover under the VCFA, the rights of the Vermont Plaintiff and the Vermont Class will be substantially impaired by any settlement that purports to release claims of Vermonters against Defendants. Furthermore, should the claims in the Ohio Action be adversely adjudicated, the Vermont Plaintiff risks an argument by Defendants that the Vermont Class is bound by the doctrines of collateral estoppel and *res judicata*. Accordingly, the Vermont Plaintiff has met the "impairment" requirement of Rule 24(a)(2). *See Triax Co. v. TRW, Inc.*, 724

13

F.2d 1224 (6th Cir. 1984) (holding that the possibility that the proposed intervenor could be collaterally estopped as a result of the adjudication of the pending action satisfied FRCP 24(a)(2)).

### 4.    The Vermont Plaintiff's Application Is Timely

The Vermont Plaintiff's Motion to Intervene is timely.  A motion to intervene must be timely, regardless of whether the intervention is sought as a matter of right or as a matter of discretion.  *In re Telectronics Pacing Systems, Inc.*, No. 1057, 1999 WL 305511, *1 (S.D. Oh. Mar. 5, 1999) (timeliness requirement applies regardless of whether the intervention sough as a matter of right or a matter of discretion). "The determination of whether a motion to intervene is timely 'should be evaluated in the context of all relevant circumstances.'"  *Stupak-Thrall*, 226 F.3d at 472-73 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

For purposes of determining the timeliness of a motion to intervene, Sixth Circuit courts consider the following five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blankenship*, 341 F. Supp. 2d at 917 (quotation omitted).  "The absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important of these circumstances."  *Stupak-Thrall*, 226 F.3d at 475. "A more critical factor is what steps occurred along the litigation continuum *during* this period of time."  *Stupak-Thrall*, 226 F.3d at 475.  At least one court in this district has held that where no determination as to the merits of the case has been made,

no prejudice will result to any party if the applicant is permitted to intervene. *See Sweeney v. City of Steubenville*, 147 F. Supp. 2d 872, 878 (S.D. Oh. 2001).

### a.     Progression of the suit

The Defendants' motion for interlocutory appeal of the Class Cert. Order was not denied until November 4, 2004.  The parties recently filed briefs addressing, among other things, the standards of liability and measure of damages available under the VCFA. Thus, the issues addressed by the Vermont Plaintiff are currently before the Court, which weighs in favor of a finding of the timeliness of her application to intervene.

### b.     Purpose for which intervention is sought

"The 'purposes of intervention' prong of the timeliness element normally examines *only* whether the lack of an earlier motion to intervene should be excused, given the proposed intervenor's purpose..." *Stupak-Thrall*, 226 F.3d at 479 n.15.  The Vermont Plaintiff only recently became aware that parties to the Ohio Action are failing to adequately represent the interests of the Vermont Class. Only a diligent investigation by the Vermont Plaintiff's counsel revealed that counsel to the class representatives in the Ohio Action failed to recognize that the Vermont Class has stronger claims under the VCFA, and thus a greater chance of proving liability, and a greater measure of damages available (consideration paid), than consumers bringing claims under the federal antitrust laws, state antitrust laws and consumer fraud statutes of other states.  The Vermont Plaintiff did not delay in moving to intervene, and thus tardiness is not present and does not need to be excused by the Court.

To the extent that the Court deems that the Vermont Plaintiff needs to be excused from filing a tardy motion to intervene, the Vermont Plaintiff's purposes of intervention[2] justify the timing of her motion.  The Vermont Plaintiff seeks intervention for the purpose of either: (i) staying the Ohio Action as to the Vermont Class; or (ii) being appointed as the class representative for the members of the Vermont Class, who currently have no similarly situated Vermont resident class representative and are represented in the Ohio Action by counsel that either: (a) do not understand the VCFA;  or (b) have such conflicts of interest that they are unwilling to advocate the fact that the VCFA provides a remedy for all Vermont consumers who acquired Premarin (as well as Prempro and Premphase), including those acquired the products merely by making a co-payment, provides for a lower standard of liability than is asserted in the Ohio Action, and allows for a measure of damages that far exceeds the damages available to most other consumers of Premarin.

### c.    The Vermont Plaintiff was only recently put on notice that she would have to intervene to protect her interests

The third prong of the timeliness element is "the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case." *Blankenship*, 341 F. Supp. 2d at 917.  While the Ohio Action has been pending since July 2001, the Vermont Plaintiff only recently became aware that the interests of Vermont consumers of the Premarin Family Products had interests that were being compromised in the context of the Ohio Action.  It was not until December, 2004, when counsel to the Vermont Plaintiff began to investigate how the claims of Vermont consumers were being treated in the Ohio Action, that the Vermont

---

[2]    The "purposes of intervention" prong of the timeliness analysis overlaps with the adequacy of representation element of the analysis of intervention of right.  *See Stupak-Thrall*, 226 F.3d at 479 n. 15.  As such, that the class representative and the class counsel can not, or will not, adequately protect the interests of the Vermont Class satisfies the purposes of intervention prong.

Plaintiff was put on notice of the need for her to intervene and protect the interests of the Vermont Class. The Vermont Plaintiff only discovered the inadequacy of representation of her interests through the diligence of her counsel, and not because notice had been published to the Vermont Class. As the 7th Circuit observed:

> Unnamed members of the class rarely will suspect a shortfall in the adequacy of representation before learning of the terms of a (potentially inadequate) settlement or problems in the class definition...

*Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 880-81 (7th Cir. 2000); *see also United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394 (1977) ("intervention by a member of the class is timely when the intervenor acts as soon as it [becomes] clear ... that the interests of the unnamed class members would no longer be represented by the named class representatives").

Thus, because the Vermont Plaintiff moved to intervene in the Ohio Action as soon as she became aware that her interests would not be adequately represented by the named plaintiff in the Ohio Action, and there is no reason that the Vermont Plaintiff should have known at an earlier time that her interests were being inadequately represented, the Vermont Plaintiff satisfies this prong of the timeliness requirement.

### d.     There is no prejudice to the original parties

The fourth prong of the timeliness analysis requires inquiry into the possible prejudice to the original parties due to the intervenor's failure to apply promptly for intervention. Here, as noted *supra*, the Vermont Plaintiff promptly moved to intervene in the Ohio Action upon learning of the inadequate representation of her interests by the parties to this litigation. There is no delay and, concomitantly, no prejudice resulting.

Furthermore, even if the Court takes the view that the Vermont Plaintiff failed to apply promptly for intervention, there is no prejudice to the parties in the Ohio Action because the issue of whether the Vermont Class is adequately represented is currently before the Court. The Vermont Plaintiff satisfies this prong of the timeliness element.

**e.    There are no unusual circumstances that militate <u>against allowing the intervention of the Vermont Plaintiff</u>**

No unusual circumstances are present that militate against allowing intervention of the Vermont Plaintiff.

In light of the foregoing, it is clear that the Vermont Plaintiff squarely meets the requirements for intervention of right and her motion should be granted.

**B.    <u>The Vermont Plaintiff Meets The Criteria For Permissive Intervention</u>**

Even if the Vermont Plaintiff did not meet the requirements of Rule 24(a)(2), she should be permitted to intervene pursuant to Rule 24(b).  Whether an applicant should be permitted to intervene under Rule 24(b) lies within the sound discretion of the trial court.  *Morocco v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:03-CV-523, 2003 WL 22327825, *3 (S.D. Ohio Oct. 9, 2003).  "Moreover, permissive intervention is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation." *Id*. (citation omitted).  Rule 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action:
> ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common...In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the rights of the original parties.

1.    **The Vermont Plaintiff and the Members of the Vermont**
**Subclass in the Ohio Action Share Common Questions of Fact**

Pursuant to Rule 24(b), a court will permit a party to intervene where his claim or defense and the main action have a question of law or fact in common. Here, the Vermont Plaintiff and the members of the Vermont State Consumer Subclass in the Ohio Action share many common questions. Like members of the Vermont Subclass in the Ohio Action, the Vermont Plaintiff purchased Premarin between March 24, 1999 and the present and suffered injury as a result of the alleged conduct of Defendant Wyeth. In situations where a proposed intervenor's claims arise out of the same facts and circumstances of the pending action, the "commonality" requirement of FRCP 24(b) is easily satisfied. *See Davis v. Southern Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 670 (S.D. Fla. 1993).

Further, the commonality requirement of Rule 24(b)(2) is very similar to the commonality requirement of Rule 23(b)(3) of the FRCP, *see Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 n. 18 (1997), which this Court has at least preliminarily deemed satisfied as to members of the Vermont Subclass, like the Vermont Plaintiff. *See* Class Cert. Order at pp. 26-27. Thus, the Vermont Plaintiff and the plaintiffs in the Ohio Action share, at the very least, common questions of fact.

2.    **The Vermont Plaintiff's Intervention Will Not Unduly**
**Delay or Prejudice the Prosecution of the Ohio Action**

Rule 24(b)(2) further requires that intervention not unduly delay or prejudice the prosecution of the pending action. No such delay or prejudice will occur in the prosecution of the Ohio Action as a result of the Vermont Plaintiff's intervention.[3] No dispositive motions have been filed or adjudicated and discovery is ongoing. In fact, as noted *supra*, currently before the Court are the

---

[3] Additionally, the Vermont Plaintiff's application in timely, as noted in Section II.A.4, *supra*.

parties' briefs regarding, among other things, issues of proof and damages under the VCFA. The Vermont Plaintiff seeks to address the adequacy of the class representation of the Vermont Plaintiff and the Vermont Class, an issue that is ancillary to the issues briefed by the parties.

Certainly, if the Court grants the Vermont Plaintiff's requested relief of inserting the Vermont Plaintiff as class representative of the Vermont Class, there will be no material delay in the Ohio Action. Alternatively, the Vermont Plaintiff recognizes that if the Court declines to appoint the Vermont Plaintiff as Class Representative for the Vermont Class, and instead grants the motion to intervene for the purpose of allowing the Vermont Plaintiff's motion to stay the Ohio Action as to members of the Vermont Subclass during the pendency of the Vermont Action, the stay will serve to delay the proceedings as to the currently defined Vermont Subclass. However, this delay is not an undue delay, nor will it cause prejudice to the members of the Vermont Subclass. In fact, the result of the stay of the Ohio Action as to the Vermont Subclass will be that the Vermont Plaintiff will pursue litigation on behalf of the Vermont Subclass (as a subset of the Vermont Class in the Vermont Action) in a forum familiar with Vermont law which will apply the appropriate measures for liability and damages, thus increasing the potential for any return to the Vermont Subclass, and concurrently increasing the total potential return to the Vermont Subclass. Accordingly, any delay that would be caused by the intervention of the Vermont Plaintiff would be warranted and would inure to the likely benefit of the members of the Vermont Subclass without causing any undue prejudice to the parties.

Consequently, if the Court is inclined to deny the Original Plaintiffs' motion under Rule 24(a)(2), in the interest of fairness, justice, and judicial economy the Court should grant the Vermont Plaintiff's motion under Rule 24(b)(2).

III.    **CONCLUSION**

The Vermont Plaintiff respectfully submits that sound principles of fair play and justice support her Motion and respectfully requests that the Court grant the Vermont Plaintiff's Motion to Intervene under either Rule 24(a)(2) or Rule 24(b)(2).


Dated:  December 30, 2004

s/Richard S. Wayne
Richard S. Wayne Attorney Bar Number 0022390
s/William K. Flynn
William K. Flynn Attorney Bar Number 0029536
STRAUSS & TROY
150 East Fourth Street
Cincinnati, OH  45202-4018
Telephone: (513) 621-2120
Facsimile: (513) 629-9426
email: *rswayne@strausstroy.com*
email: *wkflynn@strausstroy.com*
*Trial Attorneys for Plaintiff Marilyn Deyo*

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
James F. Conway, III
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile:  (802) 862-0060

*Counsel to Plaintiff and the Putative Class in*
***Deyo v. Wyeth****, Docket No. 735-12-04 Wncv in Washington Superior Court, Washington County, Vermont*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court; has been sent electronically this 30th day of December, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parities may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 30th day of December, 2004.

s/Richard S. Wayne
Richard S. Wayne Attorney Bar Number 0022390

451142.1

22