UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|   |   |
|---|---|
| MARJORIE FERRELL, et al., ) | |
| ) | Civil Action No. C-1-01-447 |
| Plaintiffs, ) | |
| ) | Judge Sandra S. Beckwith |
| v. ) | Magistrate Judge Timothy S. Hogan |
| ) | |
| WYETH-AYERST LABORATORIES, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**WYETH'S RESPONSE TO MOTION OF MARILYN DEYO
TO INTERVENE AND TO STAY THE LITIGATION AS TO VERMONT
END-PAYORS OR, ALTERNATIVELY, FOR APPOINTMENT AS
REPRESENTATIVE OF A VERMONT CONSUMER SUBCLASS**

Defendant Wyeth respectfully submits this response to the motion by "Vermont Plaintiff Marilyn Deyo" to intervene, and her related request for a stay or, alternatively, her appointment as class representative. While Wyeth believes this entire suit should be de-certified, Wyeth does not object to Ms. Deyo's intervention *as long as* such intervention is conditioned upon (i) Ms. Deyo's dismissal of her duplicative class action in Vermont state court, (ii) her agreement not to raise claims in this action beyond the claims that have already been asserted in this case, and (iii) the denial of her motion to "stay" the claims of Vermont class members.

## INTRODUCTION

Ms. Deyo's multipronged motion underscores why this suit should not proceed as a class action. As Wyeth has argued in opposition to class certification, the vagaries of individual state laws are certain to overwhelm any common issues in the case.

Ms. Deyo's motion confirms that the differences among state laws are often subtle and nuanced, and they may not be fully discerned by class counsel.  However, the problems posed by the non-uniform state laws in this case are not confined to Vermont, and common issues simply will not predominate when this case is adjudicated.  *See, e.g.,* Wyeth's Response to End-Payor Pls.' Supplemental Mem. (Dec. 9, 2004).  We respectfully submit that the filing of this motion by Ms. Deyo provides this Court with an opportunity to consider whether decertification of this class action is appropriate.  Wyeth stands ready to brief that issue in full, should the Court so desire.

      Alternatively, in the event that this Court is not inclined to decertify the class at this time, Wyeth does not oppose the intervention of Ms. Deyo in this action – as long as certain conditions are placed upon such intervention to ensure that Ms. Deyo does not impose undue burdens on the parties and the Court by pursuing her class claims in two different jurisdictions.  While Ms. Deyo's desire to become involved in this class action may be unobjectionable in theory, one would be hard-pressed to conjure up a more *inefficient* procedure than the procedure that Ms. Deyo asks this Court to adopt once she intervenes.  Ms. Deyo's plan is to carve out a new Vermont subclass from the three-state consumer protection subclass that the Court previously certified, but then immediately stay the claims of this new Vermont subclass so that Ms. Deyo can litigate the same claims in Vermont Superior Court.  Presumably, Ms. Deyo ultimately plans to return to this Court (long after all the non-Vermont class claims have been adjudicated) and ask this Court to undertake the duplicative effort of adjudicating the claims of the Vermont subclass that Ms. Deyo had left behind.

The procedure proposed by Ms. Deyo makes no sense. If Ms. Deyo is permitted to intervene, she "'must accept the proceedings as [s]he finds them,'" *Sierra Club v. Espy,* 18 F.3d 1202, 1206 n.3 (5th Cir. 1994) (quoting *In re Geisser*, 554 F.2d 698, 705 n.6 (5th Cir. 1977)), and she must litigate the claims of Vermont consumers within the class action framework already established by this Court. Accordingly, Wyeth respectfully requests that Ms. Deyo be permitted to intervene in this action and be designated a class representative *only* upon the condition (i) that she voluntarily dismiss her duplicative class action complaint in Vermont Superior Court, (ii) that she raise no claims in this action beyond the claims that have already been certified for class treatment by this Court, and (iii) that her motion to "stay" the claims of the Vermont class members in this action be denied.

## DISCUSSION

### I. THE CLASS SHOULD BE DECERTIFIED.

Ms. Deyo's motion confirms, as Wyeth has argued, that the multi-state class action sought by plaintiffs in this case is inappropriate due to the many differences among state laws. While Ms. Deyo's motion highlights particular issues regarding Vermont law, similar arguments could easily be advanced on behalf of purchasers from other states as well. Although Wyeth does not agree with Ms. Deyo's substantive analysis of claims under the Vermont Consumer Fraud Act ("VCFA"), the fact that such arguments need to be analyzed and addressed on a state-specific basis underscores the impropriety of multi-state class certification in this case.

Ms. Deyo's arguments also highlight the inconsistent obligations that certification of a multi-state class imposes upon class counsel. For example, Ms. Deyo asserts that, in their desire to obtain certification of a multi-state class, class counsel "glosses over

- 3 -

intricacies of the VCFA" as distinct from the laws of other "consumer protection" states. Deyo Mem. in Support of Motion to Intervene ("Deyo Mem.") at 10. Indeed, she goes so far as to urge that "class representatives and their counsel have demonstrated a stark misunderstanding of the VCFA." Deyo Motion to Intervene at 2. Regardless of whether these accusations are accurate, they illustrate the very real dangers of treating the many different state statutes in this case as if they are the same when, in fact, they are not.

In its June 30, 2004 class certification order (the "Order"), this Court raised a number of concerns about the class it was certifying. *See, e.g.,* Order at 16-27. Additional briefing on the issues identified in the Order is already pending with the Court. *See* Wyeth's Response to End-Payor Pls.' Supplemental Mem. (Dec. 9, 2004). Wyeth submits that Ms. Deyo's filing confirms the correctness of Wyeth's arguments that the difference among state laws – and the need to resolve these issues on a state-by-state basis – counsels strongly against certification of a multi-state class action in this case.

**II.    MS. DEYO CANNOT LITIGATE HER CLAIMS IN STATE COURT AND IN THIS COURT SIMULTANEOUSLY.**

If this class action is not decertified, Wyeth does not oppose Ms. Deyo's intervention and appointment as a class representative,[1] provided Ms. Deyo agrees to dismiss her parallel class action in Vermont Superior Court. Such a condition is clearly within the Court's power. Rule 23(d)(3) expressly provides that "the court may make appropriate orders . . . imposing conditions on . . . intervenors." Fed. R. Civ. P. 23(d)(3).

---

[1] Wyeth reserves the right to conduct discovery with respect to Ms. Deyo's adequacy as a class representative and to oppose her representation in the future should such discovery reveal a lack of adequacy.

Conditioning Ms. Deyo's appointment as a class representative on the voluntary dismissal of her Vermont state court action is plainly in the interest of judicial economy, consistent with Rule 23(d)(3). As the Advisory Committee Note to the 1966 amendment to Rule 23(d)(3) states, "the imposition of conditions on intervenors may be required for the proper and efficient conduct of the action." Permitting Ms. Deyo to proceed with her state court action in Vermont while also litigating claims of a Vermont subclass here would waste the resources of both this Court and the Vermont state court, and unfairly burden Wyeth with duplicative litigation. Courts have repeatedly warned against the dangers of a plaintiff (or plaintiffs' counsel) simultaneously representing classes in overlapping actions. *See, e.g.*, *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (denying class certification where putative class counsel represented the individual plaintiffs in a parallel state action); *Whittum v. Saginaw County*, No. 02-10313-BC, 2004 WL 768901, at *5-6 (E.D. Mich. Apr. 1, 2004); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 589-91 (W.D. Tex. 2002); *accord Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1985) ("When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident.").

To avoid the waste inherent in parallel state and federal class actions, courts have required prospective class representatives to forgo state court proceedings as a condition for intervention in a federal court action. *See, e.g., Levin v. Miss. River Corp.*, 289 F. Supp. 353, 359 (S.D.N.Y. 1968) (conditioning intervention due to "burdensome duplication of discovery proceedings and other alleged harassment caused by the existence of two suits in different parts of the country against [defendants] involving almost identical claims"). Courts have even enjoined parallel state court actions to ensure

efficient resolution of duplicate or overlapping claims pending in federal court. *AK Steel Corp. v. Chamberlain*, 974 F. Supp. 1120, 1124 (S.D. Ohio 1997) (citing *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 203 (3d Cir. 1993); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 880 (11th Cir. 1989).

The problems of duplicative state and federal proceedings would not be solved by Ms. Deyo's proposal to stay the "Vermont subclass" claims in this case while she litigates her state court action. To the contrary, a stay of a *portion* of this suit would aggravate the waste and inefficiency of dual proceedings. First, there is no "Vermont subclass" to stay. Vermont claimants are part of a larger subclass, consisting of claimants in three states. More importantly, to allow the bulk of this class action to proceed while "freezing" the claims of one small portion of the class would necessarily cause wasteful duplication. Once the claims of all the other class members were resolved, this Court would have to repeat the process and resolve the claims of the Vermont claimants who were subject to the "stay."

A "stay" of claims by Vermont class members in this suit would create far more problems than it would solve. If Ms. Deyo is allowed to intervene as a class representative, she should be required to dismiss her parallel action in Vermont Superior Court and litigate the claims of Vermont class members in this action.

### III. MS. DEYO MAY NOT INTERVENE TO EXPAND THE CLASS OR BRING CLAIMS FOR RELIEF NOT ASSERTED BY PLAINTIFFS.

Furthermore, if Ms. Deyo is permitted to intervene in this action, she should not be allowed to expand the scope of this action beyond the claims that are in the Complaint and that have already been certified for class treatment by this Court.

- 6 -

### A. Expanding the Class To Include Purchasers of Prempro and Premphase Would Be Improper.

Ms. Deyo states that she wishes to intervene to represent not only purchasers of Premarin, but also purchasers of two other Wyeth products, Prempro and Premphase. An expansion of the class to included Prempro and Premphase consumers would be wholly improper. It would necessitate further discovery by Wyeth and further briefing on class certification issues, and would cause considerable delay. *Cf. County of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1407, 1421-22 (E.D.N.Y. 1989) (refusing to appoint intervenor as additional class representative where appointment would result in undue delay), *aff'd*, 907 F.2d 1295 (2d Cir. 1990). Moreover, it would make no sense to certify a subclass of purchasers in Vermont who purchased different products than the products purchased by all the other class members in the action.

It is well within the Court's discretion to condition Ms. Deyo's intervention on her agreement to limit her claims to those already advanced by the current class representatives. *See* Fed. R. Civ. P. 23(d)(3); *Sierra Club*, 18 F.3d at 1206 n.3 ("[A]n intervenor 'must accept the proceedings as he finds them' " and "[t]he intervenor has no right to relitigate issues already decided.") (quoting *In re Geisser,* 554 F.2d 698, 705 n.6 (5th Cir. 1977)). Ms. Deyo should not be permitted to further complicate and prolong this action by expanding the class membership to include Prempro and Premphase consumers.

### B. Enlarging the Damage Claims of Vermont Consumers Would Be Improper.

Similarly, Ms. Deyo should not be permitted to alter the theory of liability and damages that is currently being pursued by plaintiffs in this action. Ms. Deyo asserts in her brief that class counsel have demonstrated their inadequacy by failing to seek

"consideration paid," which she claims is an available remedy under Vermont state law, and that class counsel erred in conceding that each class member must prove "impact" from the alleged overcharges on Premarin. Deyo Mem. at 2, 4. Ms. Deyo's new theories of liability and damages should not be introduced into this case because: (1) Vermont law does not permit the recovery of the consideration paid in actions arising under *antitrust* theories, such as this one; (2) an intervenor may not expand the theory of liability or damages in an ongoing class action; and (3) Ms. Deyo's misrepresentation theory would present innumerable individual issues, thereby precluding class certification.

### 1. The Vermont Consumer Fraud Act Does Not Provide for "Consideration Paid" Damages in Actions Arising Under Antitrust Theories.

Ms. Deyo does not allege any new facts in the present action (Deyo Mem. at 3-6), yet she purports to seek damages in the amount of the total "consideration paid" for Premarin by Vermont consumers. *See id.* at 4-6. In short, despite the fact that class members have consumed the Premarin they purchased and allege no defects in the product, Ms. Deyo contends that they should be entitled to a *full refund* of their purchase price if plaintiffs prevail in this action. Such a contention is frivolous.

This is an antitrust class action. Ms. Deyo cites no case authority for the proposition that the VCFA allows a plaintiff to recover her entire purchase price in an action alleging antitrust violations. Indeed, at least one court has rejected such an argument. In *In re Microsoft Corp. Antitrust Litigation*, 261 F. Supp. 2d 366, 367 (D. Md. 2003), a class of indirect purchasers moved for summary judgment, arguing that plaintiffs need not prove actual damages, but rather were entitled to "consideration paid" as a remedy under Section 2461(b) of the VCFA. The court rejected plaintiffs' argument

that "consideration paid" was an available measure of damages in an antitrust case. *Id.* at 368.

The *Microsoft* court noted that the allegations in that case did "not involve the making of misleading representations or the conducting of a practice constituting the functional equivalent of such representations. Rather, it involves Microsoft's maintenance of a monopoly that is alleged to have indirectly affected consumer choice." *Id.* The court expressly rejected the argument advanced by Ms. Deyo here – namely, that *Peabody v. P.J.'s Auto Village, Inc.*, 569 A.2d 460 (Vt. 1989), endorses "consideration paid" as an appropriate measure of damages in a case based on antitrust theories. *In re Microsoft*, 261 F. Supp. 2d at 368. The court also brushed aside plaintiffs' argument, identical to Ms. Deyo's contention here (Deyo Mem. at 4), that antitrust plaintiffs may sue under Section 2461(b) as " 'consumer[s] who contract[ed] for goods or services in *reliance* upon' a practice prohibited by the VCFA." *In re Microsoft*, 261 F. Supp. 2d at 368 n.1 (emphasis added) (alteration in original).

### 2.     Ms. Deyo Cannot Inject New Theories of Liability and Damages Into the Case.

Moreover, courts have held as a general proposition that intervention is not proper where the intervenor would expand the legal theories in a case. *See, e.g., Fisher Foods, Inc. v. Ohio Dept. of Liquor Control*, 555 F. Supp. 641, 651 (N.D. Ohio 1982) ("[I]ntervention will frequently be denied if collateral or extrinsic issues would be brought in.") (citing *Leech Lake Area Citizens Comm. v. Leech Lake Band of Chippewa Indians*, 486 F.2d 888 (8th Cir. 1973)); *Nat'l Am. Corp. v. Fed. Republic of Nigeria*, 425 F. Supp. 1365, 1372 (S.D.N.Y. 1977) ("Courts may deny intervention in cases presenting common factual or legal issues if 'collateral or extrinsic issues are apt to be injected by

the intervenor.' ") (quoting *Walter E. Heller & Co. v. Cox*, 379 F. Supp. 299, 310 (S.D.N.Y. 1974)); *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 260 (M.D.N.C. 1998) ("Notwithstanding the existence of common questions of law or fact, a request to intervene may be denied when granting the motion would unduly expand the litigation.").

Ms. Deyo concedes that, under her interpretation of the VCFA, she must prove that she relied on a misrepresentation or a practice prohibited by the statute in order to state her claim for "consideration paid" damages. Deyo Mem. at 3-4; *cf. Carter v. Gugliuzzi*, 716 A.2d 17, 24 (Vt. 1998) (affirming dismissal of VCFA claim where plaintiff could not have reasonably relied on the alleged representation). But adding issues of "reliance" and "materiality of representations" to this action would transform this case from an antitrust suit to a tortious misrepresentation suit – with all the individualized, complex issues inherent in such actions. There is no justification for permitting Ms. Deyo to expand this class action into a case about misrepresentation and reliance under the VCFA.

### 3.    Ms. Deyo's New Claims Are Unsuitable for Class Treatment.

Indeed, if Ms. Deyo were permitted to transform the claims of Vermont class members into run-of-the-mill tort claims rather than antitrust claims, she would introduce individualized questions of fact and law, which would make her claims unsuitable for class treatment under Rule 23(b)(3). Courts routinely refuse to certify classes where proof of "reliance" upon alleged misrepresentations is an element of the case. *See, e.g., Stout v. J.D. Byrider*, 228 F.3d 709, 718 (6th Cir. 2000) (affirming denial of class certification where "the factual core of the case was whether each putative class member relied upon false representations"); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th

Cir. 1996) ("[A] fraud class action cannot be certified when individual reliance will be an issue.").

A case in point is *Rich v. KIS California, Inc.*, 121 F.R.D. at 260, where intervenors sought to expand the original action by adding claims of fraud and violation of the North Carolina Business Opportunity Act. The court denied the motion for intervention because "[t]he proof [would] necessarily be individual with respect to each claimant since they each must show *their* reliance on fraudulent representations, etc." *Id.* (emphasis in original). The same is true here. Ms. Deyo's pursuit of damages under a "reliance" theory would require individualized inquiries into whether each Vermont class member relied on any alleged misrepresentations by Wyeth. *See* Deyo Mem. at 3-4.

### C. The Court Should Not Revisit Whether Consumers Who Paid Co-payments Should Be In the Class.

In certifying a class, this Court properly excluded consumers who made "flat" co-payments, since they could not have suffered any antitrust injury. Ms. Deyo argues that Vermont consumers who paid flat co-payments for Premarin should be added back into the class. *See id.* at 8-9. Ms. Deyo's argument is untenable. As discussed above, Vermont law does not allow plaintiffs in an antitrust action to recover "consideration" if they are not injured. Moreover, intervention under Rule 24 is not a vehicle for revisiting issues already decided by the Court. *Cf. Sierra Club*, 18 F.3d at 1206 n.3 ("The intervenor has no right to relitigate issues already decided.") (citing *In re Geisser*, 554 F.2d 698, 705 n.6 (5th Cir. 1977)). Accordingly, if the Court permits Ms. Deyo to intervene, she should not be allowed to relitigate issues that were previously resolved by this Court.

**CONCLUSION**

For the reasons set forth herein, if this Court does not decertify the Class, it should allow Ms. Deyo to intervene on behalf of Vermont consumers only on the condition that (1) she dismiss her parallel class action in Vermont Superior Court, (2) she not expand the scope of this class action beyond the claims that have already been certified by this Court, and (3) no portion of this action is stayed.

    Respectfully submitted,

    s/*Grant S. Cowan*
    Grant S. Cowan   (0029667)
    **FROST BROWN TODD LLC**
    2200 PNC Center
    201 E. Fifth Street
    Cincinnati, Ohio  45202-4182
    (513) 651-6745
    gcowan@fbtlaw.com
    *Trial Attorneys for Defendants*

*Of Counsel:*

Dan K. Webb
W. Gordon Dobie
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601-9703
(312) 558-5600

Douglas L. Wald
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1202
(202) 942-5000

Dated:  January 20, 2005

- 13 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing has been served electronically this 20th day of January 2005 on all Counsel of Record with the CM/ECF Registration and by facsimile and overnight delivery on the following:

| | |
|---|---|
| Marc H. Edelson<br>**Hoffman & Edelson**<br>45 West Court Street<br>Doylestown, PA 18901<br>Tel: (215) 230-8043<br>Fax: (215) 230-8735 | Alan I. Gilbert<br>**Heins Mills & Olson, P.C.**<br>3550 IDS Center, 80 South Eighth Street<br>Minneapolis, MN 55402<br>Tel: (612) 338-4605<br>Fax: (612) 338-4692 |

                                                     s/*Grant S. Cowan*
                                                     Grant S. Cowan, Esq.
                                                     Frost Brown Todd LLC