```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


MARJORIE FERRELL, et al,        :   Case No. 1:01-cv-447
                                :
     Plaintiffs,                :   Judge Sandra S. Beckwith
                                :
v.                              :   Magistrate Judge Timothy S.
                                :   Hogan
WYETH-AYERST LABORATORIES,      :
INC., et al,                    :
                                :
     Defendants                 :
                                :
```

**ORDER**

Following the Sixth Circuit's denial of defendants' petition for review of this Court's previous class certification order, the parties submitted briefs concerning several unresolved issues concerning certification. The Court has reviewed Plaintiffs' Supplemental Brief (Doc. 107), Defendants' Response (Doc. 108), and Plaintiffs' Reply (Doc. 109).

The Court's June 30, 2004 order (Doc. 100) granted certification under Fed. R. Civ. P. 23(b)(3) of:

(1) A subclass of consumers and of third party payors in thirteen states that permit indirect purchaser antitrust claims: Arizona, Iowa, Maine, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, West Virginia and Wisconsin.  These subclasses include plaintiffs' claims for unjust enrichment in the included states. Kansas was provisionally included in that group, pending additional briefing to ascertain that its antitrust statute covers unilateral conduct;

-1-

(2) A subclass of consumers and of third party payors in Massachusetts, Vermont and Florida for claims brought under those states' consumer protection statutes (and claims for unjust enrichment), pending further review of any substantial conflicts among those statutes; and

(3) a subclass of consumers and of third party payors in Nevada, given the more recent statutory change giving indirect purchasers the right to sue, and a unique statutory notice requirement.

The Court excluded from all subclasses any consumer who paid a fixed cost, or "flat co-pay," to purchase Premarin, as well as any consumer who was fully insured or fully reimbursed for such purchases.

## DISCUSSION

1. <u>Kansas Law.</u>

The Court's prior certification order noted that the Kansas antitrust statute appeared to be limited to conspiracies or combinations to monopolize, as the district court concluded in <u>In re Relafen Antitrust Litig</u>., 221 F.R.D. 260, 283 (D. Mass. 2004). Recent Kansas decisions suggest otherwise, however. In <u>Schecher v. Purdue Pharma LP</u>, 317 F.Supp.2d 1253 (D. Kan. 2004), the Kansas district court indicated that Kansas law does recognize antitrust claims based on a defendant's unilateral actions (in that case, actions regarding the defendant's own patent applications). And, in <u>Bellinder v. Microsoft Corp.</u>, 2001 WL 1397995 (Sedgwick County Dist. Ct., Sept. 7, 2001), the court

certified a class of Microsoft indirect purchasers under Kansas antitrust law, based on allegations of Microsoft's marketing efforts concerning Windows.  The Kansas Supreme Court denied review of that certification order; see <u>Bellinder v. Microsoft</u>, 2002 Kan. LEXIS 519 (July 11, 2002).

K.S.A. §50-132, cited by Wyeth, prohibits conspiracies to monopolize.  But K.S.A. §50-112 is broader; its pertinent language makes unlawful "contracts" that "tend to prevent full and free competition," and "arrangements" that "tend to" control the consumer's cost of a product.  This language can reach unilateral activity.  While the Kansas antitrust statute is somewhat undeveloped by state case law, the Kansas Supreme Court noted that the statute covers "almost every conceivable device by which freedom of commerce might be hampered, competition restricted, or the price of commodities controlled."  See <u>Bergstrom v. Noah</u>, 266 Kan. 829, 844, 974 P.2d 520, 530 (1999)(citation omitted).

Wyeth also suggests that the passage of the Kansas "repealer statute" in 2000 differentiates Kansas from the other states.  But, in <u>Bellinder</u>, <u>supra</u>, the Kansas court held that the 2000 "repealer statute" grants standing to indirect purchasers for claims accruing **prior to** the statute's effective date.  As noted, the Kansas Supreme Court denied review of this decision.  Wyeth presents no persuasive argument why this Court should not follow the state court's opinion concerning the statute's application.

For these reasons, the Court concludes that the Kansas

consumers and third-party payors are properly included in the State Antitrust Subclasses.

    2. <u>Tennessee and Maine Antitrust Claims</u>.

Wyeth argues that the Tennessee and Maine plaintiffs should be excluded from the State Antitrust Subclass. The Tennessee antitrust statute is substantially similar to the Kansas statute quoted above. The Tennessee Court of Appeals held that the statute encompasses the claims of indirect purchasers against Microsoft for its alleged anticompetitive conduct concerning the marketing of Windows. See, <u>Sherwood v. Microsoft Corp.</u>, 2003 Tenn. App. LEXIS 539 (Tenn. App. July 31, 2003). The Tennessee Supreme Court has denied review; see, <u>Sherwood v. Microsoft Corp.</u>, 2004 Tenn. LEXIS 648 (August 2, 2004). Tennessee is properly included in the State Antitrust Subclasses.

Concerning Maine, Wyeth argues that a monopolization claim requires proof of a "specific intent" to monopolize, which other states may not require. But the statute plainly reaches more than conspiracies to monopolize; see 10 M.R.S. §1101, which proscribes contracts "in restraint of trade or commerce in this State." The Court concludes that the Maine consumers and third party payors are properly included in the State Antitrust Subclasses.

    3. <u>Differences in State Law Concerning Treble or Exemplary Damages</u>.

Wyeth argues that seven of the states included in the State Antitrust Subclasses have differing laws concerning treble

-4-

damages.  Mississippi and Tennessee permit only actual damages. Iowa, Arizona, Michigan and North Dakota permit exemplary damages but only for "willful" and/or "flagrant" conduct.  New Mexico permits "up to" three times any actual damages, but the statute does not mention any requirement of "willful" or "flagrant" conduct.

This potential difference in the type and amount of damages that might be recovered is not a bar to class certification.  In <u>Sterling v. Velsicol Chem. Corp.</u>, 855 F.2d 1188, at 1197 (6th Cir. 1988), the Sixth Circuit noted that  ". . .the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."  The same principle applies to questions that may be peculiar to groups of plaintiffs residing in different states.  See, e.g., <u>In Re Northwest Airlines Antitrust Litig.</u>, 208 F.R.D. 174, at 224 (individualized damage inquiries do not detract from the typicality of named plaintiffs' claims).  If conflicts should arise that would prevent the representative plaintiffs from vigorously pursuing the claims of class members residing in states permitting additional damages for "willful" and/or "flagrant" conduct, the Court can create additional subclasses or exclude these states from the subclass. At this time, however, these states will remain in the State Antitrust Subclasses.

    4.   <u>Vermont, Massachusetts and Florida "Consumer</u>

Protection" Statutes.

Wyeth next asserts that the "consumer protection" statutes of Vermont, Massachusetts and Florida differ so much that class certification is impossible. Wyeth claims that the Vermont statute applies only to "consumers" and not to corporations and businesses. This argument misstates the statute. Vt. Stat. Ann. Tit. 9, §2451a, defining "consumer," expressly includes businesses. The case Wyeth cites was decided under an earlier version of that statute. Moreover, V.S.A. §2465, the antitrust remedy section, grants a cause of action to "any person" which in Vermont includes a corporation or business entity.

With regard to Massachusetts, the "consumer protection" statute, Ch. 93A et seq, contains two different sections granting private rights of action. Section 9 applies to "consumers" and Section 11 applies to business entities. A plaintiff may not proceed under both sections, as they are mutually exclusive. See, Beaudette, Inc. v. Sentry Insurance, 94 F. Supp. 2d 77 (D.C. Mass. 1999), and cases discussed therein. The Court sees no statutory impediment to permitting different plaintiffs to proceed with claims under both sections, when the claims arise out of the same facts. Other aspects of the Massachusetts statute which Wyeth discusses do not prevent certification of a class. For instance, Section 11 (but not section 9) requires that the challenged conduct occur "primarily" in Massachusetts. This is an issue to be decided on the merits, not one that prevents class certification. See, Kuwaiti Danish Computer Co.

v. Digital Equipment Corp., 438 Mass. 459, 473; 781 N.E.2d 787 (Mass. 2003), where the Massachusetts Supreme Court held that the trial judge should consider the established facts in the context of the entire claim, to determine ". . . whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth."

Wyeth also claims that consumers proceeding under Section 9 are entitled to recover statutory minimum damages without proof of "injury." This is not correct. The Massachusetts Supreme Court has clearly stated that **causation** of the alleged loss or injury is an essential element of a Ch. 93A claim. See, Aspinall v. Philip Morris Cos., 442 Mass. 381, 400-401, 813 N.E.2d 476, 492 (Mass. 2004).

With regard to Florida, Wyeth raises only the point that Florida does not permit treble damages. As discussed above, this does not prevent class certification.

    5.   Nevada Subclasses.

The Court will not revisit its prior order concerning the creation of Nevada subclasses, as Wyeth urges. The statutory requirement of notice to the state appears to be a merits issue, not an issue that prevents class certification. The Court will order that these subclasses have a separate representative plaintiff, as discussed below.

    6.   Representation of Certified Subclasses.

Finally, Wyeth contends that the three class representatives who were discussed in the Court's previous certification order

are inadequate to represent all of the subclasses.  The Court agrees that some additional class representatives should be identified, given the issues discussed above.  The Court will permit Plaintiffs time to accomplish that task.

## CONCLUSION

The Court certifies the following subclasses under Fed. R. Civ. P. 23(b)(3) and (c):

1. A subclass of individual consumers in the states of Arizona, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, West Virginia and Wisconsin.

2. A subclass of third-party payors in the states identified immediately above, represented by Plaintiffs United Food & Commercial Workers Midwest Health Benefits Fund ("UFCW"), and Twin Cities Bakery Workers Health & Welfare Fund ("TCBW").

3. A subclass of consumers in the states of Florida, Vermont and Massachusetts, represented by Plaintiff Marjorie Ferrell.

4. A subclass of third-party payors in the states of Florida, Vermont and Massachusetts.  UFCW alleges that it has members in Florida, and the Court finds that UFCW is an adequate representative for this subclass.

5. A subclass of consumers in the state of Nevada.

6. A subclass of third-party payors in the state of Nevada.

Plaintiffs shall identify a representative for subclasses 1,

5 and 6 within thirty days and inform the Court and the parties of the representative's identity.  Defendant shall have the opportunity to challenge the adequacy of any newly-identified representative.

DATED: February 2, 2005          <u>s/ Sandra S. Beckwith</u>
                                 Sandra S. Beckwith, Chief Judge
                                  United States District Court