UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARJORIE FERRELL, et al,            :   Case No. 1:01-cv-447
                                    :
    Plaintiffs,                     :   Judge Sandra S. Beckwith
                                    :
v.                                  :   Magistrate Judge Timothy S.
                                    :   Hogan
WYETH-AYERST LABORATORIES,          :
INC., et al,                        :
                                    :
    Defendants                      :
                                    :

**ORDER**

    On December 30, 2004, Marilyn Deyo, a Vermont resident, filed a motion to intervene in this action (Doc. 110).  She seeks to intervene because (she asserts) the class representatives and their counsel do not adequately represent her interests.  Deyo filed a companion motion (Doc. 111) seeking a stay of this action as to all Vermont consumers during the pendency of her separate action against Wyeth, which was filed in Vermont state court on December 20, 2004.  Alternatively, Deyo seeks certification of a separate Vermont Subclass in this action, with her counsel appointed to represent that Subclass.

    Deyo attacks the adequacy of the Class Plaintiffs' representation in several ways.  Deyo contends the Class Plaintiffs misapprehend the Vermont Consumer Fraud Act.  Deyo argues that a Vermont consumer need only demonstrate that Wyeth's "unfair" act or practice caused "distortion of consumer choice." This, Deyo suggests, is a far different and lighter burden of

1

proof than for an antitrust claim.  Deyo also asserts that an aggrieved Vermont consumer can recover the total consideration paid to Wyeth, and is not limited to recovery of "actual" antitrust damages based on payment of a supracompetitive price.  She argues that because of this liberal statutory scheme, even consumers with "flat copays" – consumers this Court has excluded from the class[1] – can recover damages.

Deyo also attacks the Class Plaintiffs' decision to limit the class to purchasers of Premarin, rather than including Prempro and Premphase, other Wyeth products that may be similar to Premarin.  Finally, Deyo suggests that the Vermont consumers will need separate subclass certification and legal representation to ensure that their "seat at the settlement table" is adequately filled.

The Class Plaintiffs vigorously dispute all of these assertions. (Docs. 116 and 117)  They argue that Deyo's interpretation of the VCFA is wrong, and has been rejected by at least one other federal district court in an indirect purchaser antitrust action.  The Class Plaintiffs also assert that Deyo's motion is untimely, as she has not explained her late entry into the field of Premarin/Cenestin antitrust litigation.

Wyeth's response to Deyo's motion (Doc. 115) suggests that the dispute between Deyo and the Class Plaintiffs is additional

---

[1] See June 30, 2004 Order (Doc. 100) at pp. 20-21.  Contrary to Deyo's suggestion, Class Plaintiffs vigorously advocated for inclusion of these individuals in the class.  The Court rejected their argument, finding that such consumers suffered no antitrust impact from Premarin's allegedly supracompetitive price.

support for Wyeth's previous arguments against certification of any subclass under state "consumer protection" statutes such as Vermont's. Wyeth submits that, if Deyo is permitted to intervene, her claims must be limited to the claims already at issue here, and that she must dismiss her duplicative state court action. And both Wyeth and the Class Plaintiffs oppose any stay of the Vermont claims in this case.

Deyo has filed a reply in support of her motion (Doc. 119) and it is now ripe for decision.

### ANALYSIS

There are four elements which must be satisfied before intervention of right under Rule 24(a) will be granted: (1) timeliness of the motion to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court. Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 395 (6th Cir. 1993).

Deyo's attack on the adequacy of representation is grounded in her assertion that the Class Plaintiffs have not brought a "consumer fraud" claim and have not sought broader damages relief against Wyeth in this action. The Rule 24 "adequacy of representation" inquiry is not identical to that conducted for class certification under Rule 23(a)(4). The Rule 23 adequacy of representation inquiry is rooted in due process concerns raised by the fact that absent class members are bound by judgments

procured by their class representative. The Rule 24 inquiry is less exacting, as the intervenor must show the "potential" for inadequate representation of her particular interest. See, e.g., Grutter v. Bollinger, 188 F.3d 394, 400 (6th Cir. 1999).

The Court's previous orders in this case presume that the essential allegations of the Consolidated Class Action Complaint against Wyeth sound in antitrust. See June 30, 2004 order (Doc. 100) at p. 16: "To succeed on their antitrust claims, Plaintiffs will have to prove: (1) that Wyeth violated the antitrust laws; (2) that the alleged violations caused plaintiffs to suffer injury (the antitrust "impact"); and (3) that the extent of this injury can be quantified with requisite precision."

The Court previously granted class certification to plaintiffs in three states (Massachusetts, Florida and Vermont) who are suing under the state's "consumer protection" statute, rather than a state antitrust statute. This is because those states follow Illinois Brick, but permit indirect purchasers to sue for an antitrust injury under the state "consumer protection" statute. Deyo's motion argues vociferously that Vermont consumers can recover against Wyeth **without** proof of the classic "antitrust injury" (anti-competitive conduct affecting a relevant market causing the indirect purchaser to pay a supracompetitive price).

Whether or not Deyo's argument would succeed on the merits is not the Court's concern at this juncture. In Elkins v. Microsoft, 817 A.2d 9 (Vt. 2002), the Vermont Supreme Court held

that Microsoft's indirect purchasers had **standing** to sue under the VCFA.  But the Court did not discuss any issue concerning the burden of proof, or how antitrust "injury" and/or damages would be measured under the broad language of the Vermont statute. Class Plaintiffs rely on a different Microsoft decision, <u>In re Microsoft Corp. Antitrust Lit.</u>, 261 F.Supp.2d 366 (D.Md. 2003), where the district court rejected the argument Deyo makes here. The court denied the plaintiffs' partial summary judgment on this question, dismissing plaintiffs' "implication" that, as a matter of law, Windows buyers could recover all consideration they paid, plus attorneys fees and exemplary damages, "even if they had received the exact product for which they bargained and even if a jury were to find they had received full value for what they paid."  <u>Id.</u> at 368.  Whether or not this observation is correct, the ruling is clearly an interim order and is not, in any event, binding on the Vermont courts.  And from those courts there appear to be conflicting signals on interpretation and application of the VCFA and its remedies.  See, e.g., <u>Peabody v. PJ's Auto Village, Inc.</u>, 153 Vt. 55, 569 A.2d 460, 463 (Vt. 1989) (no "actual" injury is required to recover for a "consumer fraud" under the VCFA); <u>Lalande Air & Water Corp. v. Pratt</u>, 795 A.2d 1233, 1235 (Vt. 2002) (Vermont Supreme Court has not decided whether the VCFA provides a private cause of action for unfair as opposed to deceptive acts, or requires reliance for such a claim); and, <u>Greene v. Stevens Gas Service</u>, 858 A.2d 238 (Vt. 2004) ("misleading representation" required to state a "consumer

fraud" claim).

It is clear that a violation of the Sherman Act is also a violation of the VCFA.  See, Vermont Mobile Home Owners' Assn. v. LaPierre, 94 F.Supp.2d 519, 523 (D. Vt. 2000).  But there, the district court specifically recognized that the VCFA makes actionable conduct that is neither in violation of the antitrust laws nor deceptive but is nonetheless "unfair."  Id. at 522.  Deyo's attack on the Class Plaintiffs suggests that Deyo intends to proceed under a theory of "unfair" market conduct that "distorted" consumer choice in some (presumably) "unfair" way.  Indeed, Deyo's motion expressly states that the antitrust claims at issue in this case "represent only a subset of the claims brought by the Vermont Class in the Vermont Action."  (Doc. 110, p. 12)

Thus, Deyo does not suggest that her representation on her antitrust claim is inadequate.  She contends that the Class Plaintiffs "abandoned" the Vermont "consumer fraud claim" solely to seek certification of a larger antitrust class.  However, a reasoned choice to pursue certain claims and not others, standing alone, does not mean that representation is "inadequate."  This is not a case where significant damage claims have been set aside by the class representatives in order to pursue declaratory or statutory relief that may be more easily amenable to class certification.  See, e.g., Thompson v. American Tobacco Co., 189 F.R.D. 544 (D. Minn. 1999), where the class representatives in tobacco litigation were found to be inadequate (under Rule 23) in

pursuing only smoking cessation and medical monitoring relief, which potentially jeopardized class members' claims for personal injury and damages.

The Court notes a certain tension between the dictates of Rule 23 and Rule 24 on this question. The Advisory Committee notes to Rule 23(c)(3) state that while the judgment in a class action must include the class as defined by the court, the Rule "does not disturb the recognized principle that the court conducting the action cannot predetermine the res judicata effect of the judgment; this can be tested only in a subsequent action." Rule 24, however, requires the Court to consider whether the applicant is situated such that the disposition of the action "may as a practical matter impair or impede the applicant's ability to protect that interest." Moreover, an absent class member who establishes inadequate representation "with sufficient probability" should not have to run the risk of a subsequent collateral attack on a class action judgment. "Rather he should, as a general rule, be entitled to intervene in the action." Advisory Notes to 1966 Amendment to Rule 24.

But, adequacy of representation is but one of four factors that must be satisfied by the proposed intervenor under Rule 24. The Court will therefore consider the timeliness of Deyo's motion. Timeliness is evaluated with regard to five factors: (1) the progression of the suit; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or

reasonably should have known of her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after she knew of her interest, to promptly seek intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. <u>Grubbs v. Norris</u>, 870 F.2d 343, 345 (6th Cir. 1989).

In evaluating these factors, the Court notes that this case was originally filed on July 6, 2001. There are many other cases that have been filed stemming from the Duramed/Wyeth disputes concerning Premarin and Cenestin. The <u>McDermott</u> complaint was filed in district court in New Jersey on October 5, 2001, and the <u>Forque</u> case was filed in this district on September 20, 2001. Both of these are consolidated with this case. Two "direct purchaser" suits were filed against Wyeth in October, 2001, and are also pending before this Court. And the record discloses that there is litigation in California against Wyeth that has been pending for approximately the same length of time. The Consolidated Coordinated Complaint in this case was filed in January 2002. Significant motions on substantive legal issues and class certification have been submitted and determined. The parties have invested a great deal of effort and expense in preparing their respective expert witnesses and preliminary expert reports. Notice to the class should be distributed in the very near future. In spite of all these facts, Deyo gives no cogent explanation of her delay in filing her Vermont lawsuit and her motion in this case, both of which did not occur until

late December, 2004.

Deyo's purpose for intervention, as discussed above, is both to broaden the claims at issue in this case and to use that claim expansion as settlement leverage (in the event that settlement discussions ensue). If the Court granted Deyo's intervention on the terms she has demanded, it would cause significant additional delays in the prosecution of this case. While the passage of additional time standing alone is not the sort of legal prejudice that would mandate denial of intervention, Deyo's proposed intervention would essentially require this case to begin anew. (The Court also notes that Deyo's motion assumes, with little discussion, that her proposed "consumer fraud" claim for "consumer distortion" would be properly certified under Rule 23. The Court expresses no opinion on that subject, but notes that the question is an open one.)

The last timeliness factor the Court can consider is any "unusual circumstance" in favor of or against the intervention. One such factor is this Court's continuing duty to assure that the class action device remains "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The superiority factors to be evaluated are (A) interest of class members in individual control of prosecution of an action; (B) extent of other pending litigation; (C) desirability of litigating the claims in this forum; and (D) difficulties likely to be encountered in management of the class action. All of these factors are

9

impacted by the current controversy.

Deyo obviously has a strong interest in individual control of the prosecution of her claims pending in Vermont. She seeks to include consumers who are excluded from the class certified here, and to include claims about Wyeth products not at issue here. The desirability of litigating in this Court the dispute over the proper application of the Vermont statute is decidedly low; it would be far preferable to permit the Vermont courts to hear the parties' arguments and to determine this perhaps unique question of state law.

The Court is also concerned that permitting the intervention and appointing Deyo as a representative for a separate Vermont subclass on the terms she demands will greatly increase the difficulties of managing this action going forward. Even if Deyo's new claims are amenable to class certification, permitting her to proceed on her enlarged claims creates a high potential for confusion on the liability issues that will be presented to the trier of fact. Certifying a separate subclass for consumers from one state with substantively different claims from the rest of the class does not cure this problem, and in fact could exacerbate the conflicts among the parties and engender confusion in the fact finder, to the prejudice of all parties.

It is clear that the Court may impose reasonable conditions upon the grant of intervention. See, e.g., Fed. R. Civ. P. 24 Advisory Committee notes to 1966 amendments: "An intervention of right . . . may be subject to appropriate conditions or

restrictions responsive among other things to the requirements of efficient conduct of proceedings." The Court will not revisit the question of "flat co-pay" consumers, nor permit Deyo to expand the products at issue in this case at this late date. To do so only for Vermont consumers would create confusion and unduly complicate this case.

Nor will the Court grant Deyo's alternate request to stay this litigation for all Vermont consumers so that Deyo can litigate her claims in Vermont. That would cause needless delay, create inefficiencies, and cause a wasteful duplication of effort that is simply not warranted. If Deyo wishes to litigate her expanded claims in Vermont, she can opt out of the class in this case. (The Court assumes that the class notice that will be distributed will provide **all** putative class members, including those in Vermont, with notice and opt out rights that fully accord with due process.)

For all of these reasons, the Court will deny Deyo's motion to intervene of right under Rule 24(a)(2), on the terms she demands, because the Court finds that the motion is untimely and that Deyo has not established sufficient probability of inadequate representation. The Court will also deny Deyo's motion for permissive intervention under Rule 24(b), as the proposed intervention will unduly delay and prejudice the

adjudication of the rights of the existing parties to this action.

DATED: March 1, 2005                             s/Sandra S. Beckwith
                                        Sandra S. Beckwith, Chief Judge
                                          United States District Court