UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| MARJORIE FERRELL, et al., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>WYETH-AYERST LABORATORIES, INC., )<br>　　et al.,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　) | Civil Action No. C-1-01-447<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |

**WYETH'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY
PENDING APPEAL IN PARALLEL PROCEEDING**

Defendant Wyeth respectfully submits this opposition to plaintiffs' motion to stay this proceeding. Plaintiffs seek this stay for purely tactical reasons, and a stay will in no way serve the interests of judicial economy. To the contrary, a stay will hamper efforts to coordinate discovery in this case with discovery in a parallel "indirect purchaser" suit pending against Wyeth in California, in which plaintiffs' counsel are also involved. *Blevins, et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Case No. 324380 (Cal. Sup. Ct.).

**ARGUMENT**

**I.     Plaintiffs Have Failed to Meet the Standards for Issuing a Stay.**

Although this court has discretion to issue a stay, the "court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis v. North American Co.*,

299 U.S. 248, 254-55 (1936)).  "Thus the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."  *Id*.  Plaintiffs have not come close to satisfying this burden of proof.

There is only one reason why plaintiffs seek to stay this proceeding.  Because this Court granted summary judgment against the class of "direct purchaser" plaintiffs in a substantially identical suit against Wyeth, *J.B.D.L. Corp., et al. v. Wyeth-Ayerst Labs, Inc., et al.*, Case No. 1:01-cv-00704, 2005 U.S. Dist. LEXIS 11676 (S.D. Ohio June 13, 2005) ("*J.B.D.L.*"), plaintiffs are justifiably concerned that the same legal deficiencies in their claims will ultimately lead this Court to grant summary judgment in this case as well. Plaintiffs are correct that this case should be dismissed for the same reasons that *J.B.D.L.* was dismissed.  But that is no reason to stay this proceeding.

Apparently, plaintiffs cling to the hope that the Sixth Circuit might reverse this Court's grant of summary judgment and thereby revive their claims against Wyeth as well.  They argue that this case should be stayed pending the appeal of the *J.B.D.L.* dismissal "because many of the issues presently before the Sixth Circuit will undoubtedly impact this litigation."  Pls' Mot. ¶¶ 1-2, 4.  However, the pendency of an appeal in a related case is not grounds for a stay, simply because the other case might "impact this litigation."  If that were the appropriate standard for a stay, then this case should have been stayed long ago, since it has been true since *J.B.D.L.* was filed that the *J.B.D.L.* case might "impact this litigation."  In truth, however, courts routinely refuse stays under such circumstances.  Indeed, several of the cases cited by plaintiffs in their motion actually concluded that a stay was *not* proper.  *See Ohio Environmental Council*, 565 F.2d at 396;

*Wheelabrator Clean Water Sys. v. Old Kent Bank & Trust Co.*, Case No. 93-cv-1016, 1995 U.S. Dist. LEXIS 2330 (W.D. Mich. Jan. 30, 1995) (cited in Pls' Mot. ¶ 3).

More fundamentally, plaintiffs have failed to demonstrate that the balance of potential hardships weighs in favor of a stay. It is erroneous for plaintiffs to assert that defendants "will benefit from the issuance of a stay, as they will be able to avoid expending additional time and resources while the appeal is pending." Pls. Mot. ¶ 5. Counsel for plaintiffs here are also pursuing another "indirect purchaser" class action (on behalf of a class of California end-payors) against Wyeth in California state court, *Blevins, et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Case No. 324380 (Cal. Sup. Ct.) ("*Blevins*"). To date, the parties have worked together to coordinate discovery in the instant action and in *Blevins* to avoid duplication and undue burden. The coordination in these two cases has been facilitated by the fact that the same law firm (The Wexler Firm LLP) serves as co-lead counsel in both the instant case and *Blevins*. Recognizing the efficiencies to be gained through coordinated discovery, the parties agreed that discovery in this case, as well as in the earlier *Duramed* suit, would serve as discovery in *Blevins*. *See Blevins* Case Management Order at ¶ 2 (attached as Exhibit 1).

In short, the parties have to date coordinated discovery in this action and in *Blevins*. Now, however, plaintiffs request that the Court stay this action while they continue to proceed against Wyeth in *Blevins*. It is hard to imagine a less efficient way to manage the litigation of these overlapping cases. If this case is stayed without a corresponding stay in *Blevins*, plaintiffs would be entitled to seek discovery against Wyeth in the *Blevins* case, but then would be free to seek additional discovery against Wyeth after the stay is lifted here. Such an outcome would subject Wyeth to duplicative,

wasteful, and unduly burdensome discovery obligations, defeating the very purpose of a stay. *See* Pls' Motion. ¶ 3 (citing authorities).

Notably, when plaintiffs sought Wyeth's agreement to a stay of this proceeding, Wyeth responded that it would agree to a stay only if plaintiffs agreed to stay the *Blevins* proceeding as well. Pls' Mot. ¶ 7. In Wyeth's view, it would be most efficient for *both* cases to be stayed or *both* cases to proceed, but it makes no sense to stay this case while still proceeding with the later-filed California state court action. But plaintiffs rejected Wyeth's offer. They apparently seek a stay here not to promote judicial economy, but rather to gain a tactical advantage in their fight against Wyeth. By pressing their claims before the California court, while holding their claims here in abeyance, plaintiffs hope that they can obtain a favorable decision in California before having their claims in this case dismissed. That obviously does not satisfy the requirements for a judicial stay.

**II.    As an Alternative, This Court Would Be Justified in Dismissing This Action, Thereby Removing Uncertainty Regarding the Outcome of this Proceeding And Permitting Plaintiffs to Pursue an Immediate Appeal.**

As plaintiffs argue (*see* Pls' Mot. ¶ 2), the issues on appeal in *J.B.D.L.* are in fundamental respects the same as those presented in this case. Wyeth does not disagree that the grounds upon which this Court granted summary judgment in *J.B.D.L* should also provide grounds for granting summary judgment in this case. Accordingly, if plaintiffs truly seek to promote judicial efficiency by linking this case to the ultimate ruling in *J.B.D.L.,* Wyeth would not oppose the entry of summary judgment against plaintiffs in this action now, based upon the Court's summary judgment ruling in *J.B.D.L.* This would enable plaintiffs here to appeal that summary judgment ruling immediately, and coordinate their appeal with the *J.B.D.L.* appeal.

Such a resolution would avoid the potentially needless expenditure of resources that is the purported basis for plaintiffs' motion to stay, without creating the additional problems that a stay would entail. Accordingly, as an alternative to the stay requested by plaintiffs, Wyeth would not oppose a stipulated entry of summary judgment against plaintiffs to enable plaintiffs to coordinate their appeal with the *J.B.D.L* appeal.

## CONCLUSION

For the reasons stated above, Wyeth respectfully requests the Court to deny plaintiffs' motion to stay. Alternatively, Wyeth would not oppose the stipulated entry of summary judgment against plaintiffs in this case, to enable plaintiffs to coordinate an appeal with the recently-filed appeal in *J.B.D.L.*

Respectfully submitted,

s/Grant S. Cowan
James R. Adams  (0008253)
Grant S. Cowan   (0029667)
**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6947
Trial Attorneys for Defendants

OF COUNSEL:

Dan K. Webb
W. Gordon Dobie
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601-9703
(312) 558-5600

Douglas L. Wald
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1202
(202) 942-5000

Dated:  August 19, 2005

## **CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Janet Gilligan Abaray | Mark R. Merley |
| James Ralph Adams | Dianne M. Nast |
| William J. Baer | Amber M. Nesbitt |
| Peggu M. Balesteri | Son B. Nguyen |
| Steve W. Berman | Andrew Bennett Spark |
| Patrick E. Cafferty | Craig R. Spiegel |
| Joseph Edward Conley, Jr. | Asim Varma |
| Jennifer Fountain Connolly | Douglas L. Wald |
| Grant Spencer Cowan | Brooke B. Ward |
| W. Gordon Dobie | Dan K. Webb |
| David S. Eggert | Brian D. Werner |
| Elizabeth Fegan Hartweg | Kenneth A. Wexler |
| Ralph L. Friedland | |

and I hereby certify that I have mailed by first-class U.S. Mail, postage prepaid, the document to the following non-CM/ECF participants:

Samuel D. Heins
Alan Gilbert
Babara Felt
Heins Mills & Olson PLC-1
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Anthony J. Sievert
One North LaSalle Street
Suite 2000
Chicago, IL  60602

Dated:  August 19, 2005

s/ Grant S. Cowan

- 2 -

I, Grant S. Cowan, hereby certify that I caused copies of the foregoing Wyeth's Opposition to Plaintiffs' Motion to Stay Pending Appeal in Parallel Proceeding to be served on:

Co-Liaison Counsel for Plaintiffs

| | |
|---|---|
| Janet G. Abaray | Joseph E. Conley, Jr. |
| LOPES, HODES, RESTAINO, MILMAN, & SKIKOS | BUECHEL & CONLEY |
| 312 Walnut Street, Suite 2090 | 25 Crestview Hills Mall, Rd. |
| Cincinnati, OH 45202 | Crestview Hills, KY 41027 |
| Tel: (513) 852-5600 | Tel: (859) 578-6604 |
| Fax: (513) 852-5611 | Fax: (859) 578-6609 |

Co-Lead Counsel for Plaintiffs

| | |
|---|---|
| Kenneth A. Wexler | Marc H. Edelson |
| Kenneth A. Wexler and Associates | Edelson & Associates LLC |
| One North LaSalle, Suite 2000 | 45 West Court Street |
| Chicago, IL 60602 | Doylestown, PA 18901 |
| Tel: (312) 346-2222 | |
| Fax: (312) 346-0022 | Patrick E. Cafferty |
| | Jennifer W. Sprengel |
| Daniel E. Gustafson | Miller Faucher & Cafferty LLP |
| Gustafson Gluek PLLC | 101 North Main Street |
| 608 2nd Avenue South | Suite 450 |
| Suite 725 | Ann Arbor, MS 48104 |
| Minneapolis, MN 55402 | |

Steve W. Berman
Craig Spiegel
Hagens Berman Sobol Shapiro LLP
1301 Fifth Street Avenue, Suite 2900
Seattle, WA 98101

via facsimile on or about 5 p.m. on this 19th day of August, 2005.

                                                     s/ Grant S. Cowan
                                                    Grant S. Cowan, Esq.