# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, *et al.*, | ) |
| | ) No. C-1-01-447 |
| Plaintiffs, | ) |
| | ) Judge Sandra S. Beckwith |
| v. | ) |
| | ) Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STAY
## PENDING APPEAL IN PARALLEL PROCEEDING

In their Motion to Stay, plaintiffs established that this proceeding should be stayed pending the Sixth Circuit's decision in *J.B.D.L. Corp, et. al. v. Wyeth-Ayerst Labs, Inc., et al.*, that such a stay would not harm the parties, and that the stay would promote judicial economy by avoiding duplicative litigation.

The reasons for plaintiffs' motion to stay are simple. Namely, any decision by the Sixth Circuit regarding this Court's summary judgment decision in *JBDL* will, to the extent that factual and legal issues overlap, be binding precedent on this Court. On the other hand, the Sixth Circuit's ruling will not be binding on the California state court in *Blevins*. The requested stay of this action makes sense regardless of what happens in *Blevins*. And if defendants want a stay in *Blevins*, they should seek it from that court rather than conditioning a stay in this Court on plaintiffs' counsel's agreement to a stay in *Blevins*.

Wyeth's Opposition fails to address many of these points and instead conjures a scheme formulated by plaintiffs' lead counsel. Defendants suggest that plaintiffs have sought a stay of

this action to seek a more favorable ruling in California state court in order to present it in this action. But such an approach would be misguided indeed, since decisions from the *Blevins* court would not be binding on this Court. Defendants also suggest that plaintiffs have sought this stay in order to seek discovery in *Blevins* that plaintiffs will then again attempt to seek in this action. However, not only would this approach be nonsensical (because plaintiffs are no more interested in conducting duplicative discovery than defendants are in responding to it), but since the parties have agreed to coordinate discovery in *Blevins* with discovery in this case, such an approach would also fly in the face of case management orders entered in <u>both</u> cases. *See Blevins* Case Management Order, attached as Ex. 1 to defendants' Opposition and *Ferrell* Amended Case Management Order No. 1, attached as Ex. A hereto (ordering that, "in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for … the coordination of the Direct Purchaser and End Payor actions…."). Thus, even if plaintiffs were to engage in such a foolhardy course, defendants have adequate protection in both cases.[1]  Rather, what makes most sense is to proceed with discovery in *Blevins*, where the Sixth Circuit's decision in *JBDL* will not be binding, while staying this action, where the Sixth Circuit's decision, to the extent the facts and law overlap, will be binding precedent. In fact, pursuant to the very case management order provisions pointed out by defendants, plaintiffs can simply use any discovery obtained in *Blevins* in this proceeding once the Sixth Circuit has issued its opinion and the stay in this proceeding has been lifted. This will reduced the burdens on defendants, not increase them.

---

[1]  Of course, that these coordination provisions exist in the case management orders governing both cases does not mean that discovery in both cases must be conducted on identical tracks. Indeed, the discovery in *Blevins* has been conducted in phases that have never existed in this litigation. *See* Amended Order Setting Discovery Procedure and Schedule (May 17, 2005), Ex. B. The parties recently moved the *Blevins* court to amend this order – but the phases of factual discovery remain. *See* Motion for Entry of Second Amended Order Setting Discovery Procedure and Schedule and proposed order, Ex. C.

Therefore, defendants' suggestion that plaintiffs' motion to stay is in furtherance of some underhanded scheme is specious. Common sense, not devious motives, dictates that a proceeding in which controlling legal precedent is imminent should be stayed.[2]

WHEREFORE, plaintiffs respectfully request that this Court enter an order staying this litigation pending the *JBDL* appeal presently before the Sixth Circuit, and all other relief that this Court deems just and proper.

DATED: August 30, 2005                    Respectfully submitted,

By: _____

Joseph E. Conley, Jr.
BUECHEL & CONLEY
25 Crestview Hills Mall Road
Suite 104
Crestview Hills, KY 41017
Telephone: (859) 578-6600
Facsimile: (859) 578-6609

Janet G. Abaray
LOPEZ, HODES, RESTAINO, MILMAN,
SKIKOS & POLOS
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
Telephone: (513) 852-5600
Facsimile: (513) 852-5611

***Liaison Counsel***

Kenneth A. Wexler
Jennifer Fountain Connolly
Amber M. Nesbitt
THE WEXLER FIRM [LLP]
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Patrick E. Cafferty
MILLER FAUCHER AND CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
Telephone: (734) 769-2144
Facsimile: (734) 769-1207

---

[2] Defendants suggest that "courts routinely refuse stays under such circumstances," Opp. at 2, but have cited *no* authority supporting that a stay should not be entered in the circumstances present here. Neither the decision in *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977) nor the decision in *Wheelabrator Clean Water Sys. v. Old Kent Bank & Trust Co.*, Case No. 93-cv-1016, 1995 U.S. Dist. LEXIS 2330, at *2 (W.D. Mich. Jan. 30, 1995) held that a stay pending the decision of controlling appellate precedent should not be entered.

Steve W. Berman
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Samuel D. Heins
Susan Macmenamin
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Marc H. Edelson
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Amber M. Nesbitt, hereby certify that I caused copies of the foregoing *Reply Brief in Support of Plaintiffs' Motion to Stay Pending Appeal of Parallel Proceeding* to be served on:

*Counsel for Defendants:*

W. Gordon Dobie
**Winston & Strawn**
35 W. Wacker Drive
Chicago, IL 60601

David Eggert
**Arnold & Porter**
555 Twelfth Street, NW
Washington, DC 20004

*Co-Lead Counsel for Plaintiffs:*

Patrick E. Cafferty
**Miller Faucher & Cafferty LLP**
101 N. Main Street, Suite 450
Ann Arbor, MI 48104

Marc H. Edelson
**Edelson & Associates LLC**
45 W. Court Street
Doylestown, PA 18901

Jennifer Winter Sprengel
**Miller Faucher & Cafferty LLP**
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602

Steve W. Berman
Craig Spiegel
**Hagens Berman Sobol Shapiro LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Alan Gilbert
Barbara Felt
Susan Macmenamin
**Heins Mills & Olson, P.L.C.**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402

via facsimile on or before 5:00 p.m. on this 30th day of August, 2005.

Amber M. Nesbitt