UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
KENNETH J. MURPHY
CLERK

02 JAN -9 PM 4:11

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| IN RE: J.B.D.L. and FERRELL LITIGATION | CIVIL ACTION NO. C-1-01-447<br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| THIS DOCUMENT RELATES TO: | |
| MARJORIE FERRELL, et al., Plaintiffs, | |
| v. | |
| WYETH-AYERST LABORATORIES, INC., et al., Defendants. | |
| BARBARA FORGUE, et al., Plaintiffs, | CIVIL ACTION NO. C-1-01-634<br>Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| v. | |
| WYETH-AYERST LABORATORIES, INC., et al., Defendants. | |
| J.B.D.L. Corp. d/b/a BECKETT APOTHECARY, et al., Plaintiffs, | CIVIL ACTION NO. C-1-01-704 |
| v. | Judge Sandra S. Beckwith<br>Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., et al., Defendants. | |
| McHUGH PHARMACY WYNNEWOOD, INC. d/b/a TEPPER PHARMACY, et al., Plaintiff, | CIVIL ACTION NO. C-1-01-745<br>Judge Sandra S. Beckwith<br>Magistrate Judge Jack Sherman, Jr. |
| v. | |
| WYETH-AYERST LABORATORIES, INC. et al., Defendants. | |

1

20

## AMENDED CASE MANAGEMENT ORDER NO. 1

WHEREAS, actions have been filed by indirect purchasers ("End Payors") and direct purchasers ("Direct Purchasers") of the prescription drug Premarin against Wyeth-Ayerst Laboratories, Inc. ("Wyeth") and American Home Products Corporation ("AHP") (collectively "Defendants") in the United States District Court for the Southern District of Ohio;

WHEREAS, all of the above-referenced actions seek to obtain injunctive relief under the federal antitrust laws and to recover money damages allegedly sustained as a result of Defendants' allegedly anti-competitive conduct with respect to sales and marketing of Premarin, a conjugated estrogens drug product, manufactured, distributed, and marketed by Defendants; and

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for consolidation of the above-captioned actions *J.B.D.L. Corp.* and *McHugh Pharmacy* and any subsequently filed Direct Purchaser actions, consolidation of the above-captioned actions *Ferrell* and *Forgue* and any subsequently filed End Payor actions, and for the coordination of the Direct Purchaser and End Payor actions ("Coordinated Action"), and for a separate organization of Direct Purchaser Plaintiffs' counsel and End Payor Plaintiffs' counsel;

WHEREAS, in order to facilitate the Coordinated Action, this Order will supersede the Case Management Order dated November 6, 2001 entered in the End Payor actions;

Accordingly,

**IT IS HEREBY ORDERED** as follows:

## I. CONSOLIDATION AND COORDINATION OF ACTIONS

1. All Direct Purchaser actions pending in this Court (hereinafter, the "Consolidated Direct Purchaser Action") are hereby consolidated for all purposes before the Honorable Sandra S. Beckwith pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The Consolidated Direct Purchaser Action, together with all other Direct Purchaser actions which may subsequently be coordinated or consolidated pursuant to the provisions of this Order, shall be collectively referred to as the "Direct Purchaser Actions."

2. All End Payor actions pending in this Court (hereinafter, the "Consolidated End Payor Action") are hereby consolidated for all purposes before the Honorable Sandra S. Beckwith pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The Consolidated End Payor Action, together with all other End Payor actions which may subsequently be coordinated or consolidated pursuant to the provisions of this Order, shall be collectively referred to as the "End Payor Actions."

3. The Direct Purchaser Actions and the End Payor Actions shall be coordinated for pre-trial purposes jointly (the "Coordinated Action"). The Coordinated Action shall be referred to collectively as "*In re J.B.D.L. and Ferrell Litigation.*"

4. This Order shall not apply to the action styled *Duramed Pharmaceuticals, Inc. v. Wyeth-Ayerst Laboratories, Inc.*, No. C-1-00-735 (S.D. Ohio) (the "*Duramed* Action").

5. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

3

## II. DOCKETING AND FILING.

6. Having consolidated the End Payor actions for all purposes, all docket entries and court papers which relate solely to this action, for example, motions for summary judgment and related pleadings, shall be filed only in the End Payor case file and shall be captioned as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, et al., Plaintiffs, | ) CIVIL ACTION NO. C-1-01-447 |
| | ) |
| v. | ) Judge Sandra S. Beckwith |
| | ) Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., | ) |
| et al., Defendants. | ) |

7. Having consolidated the Direct Purchaser actions for all purposes, all docket entries and court papers which relate solely to this action, for example, motions for summary judgment and related pleadings, shall be filed only in the Direct Purchaser case file and shall be captioned as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.B.D.L. Corp. d/b/a BECKETT APOTHECARY, et al., Plaintiffs, | ) CIVIL ACTION NO. C-1-01-704 |
| | ) |
| v. | ) Judge Sandra S. Beckwith |
| | ) Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., | ) |
| et al., Defendants. | ) |

4

8.  Having consolidated the Direct Purchaser actions and End Payor actions for pretrial purposes only, all docket entries and court papers which relate to both actions, for example, motions to compel and related pleadings, shall be filed in both case files (an original in one and a copy in the other) and shall be captioned as follows:

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, et al., Plaintiffs, | ) CIVIL ACTION NO. C-1-01-447 |
| v. | ) Judge Sandra S. Beckwith |
| | ) Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., et al., Defendants. | ) |
| | |
| J.B.D.L. Corp. d/b/a BECKETT APOTHECARY, et al., Plaintiffs, | ) CIVIL ACTION NO. C-1-01-704 |
| v. | ) Judge Sandra S. Beckwith |
| | ) Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., et al., Defendants. | ) |

### (CONSOLIDATED FOR PRETRIAL PURPOSES ONLY)

9  All documents previously filed and served to date in the cases consolidated and coordinated herein are deemed filed and adopted and are made part of the record in the Coordinated Action.

5

### III. SUBSEQUENTLY FILED AND TRANSFERRED RELATED ACTIONS

10. If any other action alleging violation of federal or state antitrust laws or common law and arising out of the facts alleged in the Coordinated Action is subsequently filed in this Court, or transferred to this Court from another court, the Clerk shall:

   a. File a copy of this Order in the separate file for the related case;

   b. Mail a copy of this Order to counsel for plaintiff(s) in the related case;

   c. Mail a copy of this order to counsel for each defendant in the related case not already a party to any case then included in *In re J.B.D.L. and Ferrell Litigation*; and

   d. Make an appropriate entry in the Master Docket.

11. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any companion case which might be properly consolidated and coordinated as part of *In re J.B.D.L. and Ferrell Litigation* pursuant to the provisions of this Order.

12. The Court shall consolidate any newly filed or transferred related Direct Purchaser cases with the Direct Purchaser Action, and such newly filed or transferred actions shall be treated as "tag-along" actions. Similarly, the Court shall consolidate any newly filed or transferred related End Payor cases with the End Payor Action, and such newly filed or transferred actions shall be treated as "tag-along" actions.

13. All discovery taken in the Coordinated Action will apply to subsequently filed and consolidated tag-along cases and the parties will not be required to repeat discovery already undertaken in the Coordinated Action.

14. This Order shall apply to each substantially related action asserting claims against any or all of the defendants or related parties for violation of federal and state antitrust laws or common law subsequently filed in this Court or transferred to this Court, except as provided in paragraph 15, below.

15. Upon the filing or service of a complaint that a party to this Coordinated Action or named in such complaint believes to be substantially related, any party may move for the subsequently-filed action's reassignment to the judge presiding over this Coordinated Action. The Court or the Clerk shall issue a notice of proposed reassignment, consolidation and coordination under the terms of this Order. Notice of any motion for reassignment, consolidation and coordination, and of any reassignment, consolidation or coordination proposed by the Court or the Clerk, shall be given to all parties to this Coordinated Action and to all parties in the subsequently-filed action by first class mail. A subsequently-filed action that is the subject of such a notice shall be deemed automatically reassigned to the judge then presiding over this Coordinated Action and to be consolidated and coordinated herewith under the terms of this order, unless, within ten (10) days of the date such notice was mailed, objection to the proposed reassignment, consolidation and coordination is filed with the Clerk. In such event, the Court will rule upon such objection and shall make a determination that the action shall be consolidated, coordinated or not. A party need not answer or otherwise plead in a substantially related action

prior to thirty (30) days after determination by the Court that such case not be consolidated and coordinated with this action. If the action is consolidated, no further response is needed. All parties to the Coordinated Action shall have an opportunity to be heard relative to any such objection.

## IV. ORGANIZATION OF PLAINTIFFS' COUNSEL

16. The Court hereby designates the following law firms to act as Co-Lead Counsel for the Direct Purchaser Action, with the responsibilities hereinafter described: Spector, Roseman & Kodroff, P.C. and Berger & Montague, P.C. The following firms are designated members of the Executive Committee for the Direct Purchaser Action: Spector, Roseman & Kodroff, P.C., Berger & Montague, P.C., Garwin Bronzaft Gerstein & Fisher, LLP and Schiffrin & Barroway, LLP.

17. The Court hereby designates the following law firms to act as Co-Lead Counsel for plaintiffs in the End Payor Action, with the responsibilities hereinafter described: Kenneth A. Wexler and Associates, Heins, Mills & Olson, P.C., Hoffman & Edelson, and Miller Faucher and Cafferty LLP.

18. Co-Lead Counsel in the Direct Purchaser Action and the End Payor Action shall have the following responsibilities and duties, to be carried out either personally or through designated counsel, with respect to the cases for which they are Co-Lead Counsel:

1. To initiate, brief and argue motions and prepare, serve and file opposing briefs in proceedings initiated by other parties;

8

2. To coordinate plaintiffs' pretrial activities and plan for trial;

3. To initiate and conduct discovery proceedings;

4. To act as spokespersons at pretrial conferences;

5. To negotiate with defense counsel with respect to settlement and other matters;

6. To call meetings of plaintiffs' counsel when appropriate;

7. To conduct all pre-trial, trial and post-trial proceedings;

8. To consult with and employ experts;

9. To require counsel to keep a daily record of time spent and expenses incurred in connection with this litigation and to serve at least bi-monthly on Co-Lead Counsel reports setting forth time and expenses, billing rates and such other pertinent data as may be required by Co-Lead Counsel;

10. To perform such other duties and undertake such other responsibilities as they deem necessary or

9

desirable in connection with the prosecution of their respective Consolidated Action; and

11. To coordinate and communicate with plaintiffs' and defendants' counsel and the Court, with respect to matters addressed in this paragraph.

19. The Court hereby designates the following law firm to act as Liaison Counsel for plaintiffs in the Direct Purchaser Action, with the responsibilities hereinafter described: Murdock Goldenberg Schneider & Groh L.P.A. The Court hereby designates the following law firms to act as Co-Liaison Counsel for plaintiffs in the End Payor Action, with the responsibilities hereinafter described: Lopez, Hodes, Restaino, Milman, Skikos & Polos and Buechel & Conley.

20. No motion, request for discovery or pretrial proceeding shall be initiated or responded to on behalf of any plaintiff in the Direct Purchaser Action and the Indirect Purchaser Action except by Co-Lead Counsel in the respective cases through designated Liaison Counsel for those cases.

21 Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel in their respective consolidated actions. Co-Lead Counsel shall have the authority to speak for all plaintiffs in their respective consolidated actions in matters regarding pretrial procedure and settlement negotiations.

10

22. Defendants' counsel may rely upon all agreements made with the Co-Lead Counsel for the respective consolidated actions and such agreements shall be binding on the plaintiffs in those actions.

23. With respect to their respective cases (the Direct Purchaser Action and the End Payor Action), Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distribution to counsel of orders and other directions from the Court. Plaintiffs' Liaison Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

## V. SERVICE OF PLEADINGS AND OTHER PAPERS

24. Defendants shall effect service of all moving and responding papers on plaintiffs in the Coordinated Action by serving a copy of same on Co-Lead Counsel and Liaison Counsel by: overnight delivery service; hand delivery; or facsimile followed by regular United States Mail, unless otherwise agreed. Plaintiffs in the Coordinated Action shall effect service of all moving and responding papers on defendants' counsel by: overnight delivery service; hand delivery; or facsimile followed by regular United States Mail, unless otherwise agreed.

25. Where a single pleading, motion or other paper directed to all plaintiffs is filed by defendants, the response likewise shall be made in a single pleading, response, or other paper filed on behalf of all plaintiffs by the Co-Lead Counsel through Plaintiffs' Liaison Counsel, and all plaintiffs shall be bound thereby.

## VI. RESPONSIVE PLEADING TO DIRECT PURCHASER COMPLAINT

26. The complaint in *J.B.D.L. Corp., et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Civil Action No. C-1-01-704, shall be deemed the operative complaint in the Direct Purchaser Action for purposes of defendants' initial motion(s) or pleading(s). To the extent they have not already done so, Defendants need not respond to any complaints heretofore filed in any Direct Purchaser case consolidated by this Order.

## VII. CONSOLIDATED END PAYOR COMPLAINT AND RESPONSES THERETO

27. Plaintiffs in the End Payor Action filed and served a Consolidated Class Action Complaint ("Consolidated End Payor Complaint") on December 7, 2001. Defendants shall answer, move or otherwise plead to the Consolidated End Payor Complaint on or before January 31, 2002. In the event that Defendants move to dismiss any or all of the claims asserted in the Consolidated End Payor Complaint, Defendants shall not be required to file an answer to the Consolidated End Payor Complaint until twenty (20) days after said motion to dismiss is ruled upon by the Court. To the extent they have not already done so, Defendants need not respond to the complaints heretofore filed in each of the End Payor cases consolidated by this Order.

28. End Payor Plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within forty five (45) days of the date of service.

12

29. Defendants shall reply, if so required, to any opposition memorandum or pleading so filed by End Payor Plaintiffs within twenty (20) days of the date of service.

## VIII. MOTION FOR DIRECT PURCHASER CLASS CERTIFICATION AND RESPONSES THERETO

30. While the parties may disagree as to whether class and merits discovery should be bifurcated in this matter, the parties have agreed to a reasonable schedule, subject to this Court's convenience and availability, for briefing and a hearing on class certification as follows:

   a. Direct Purchaser Plaintiffs shall file and serve their Class Certification motion and supporting papers on or before March 1, 2002;

   b. Defendants shall depose Plaintiffs' expert on or before April 15, 2002;

   c. Defendants shall file and serve any Opposition to Class Certification and supporting papers on or before June 14, 2002;

   d. Plaintiffs shall depose Defendants' expert on or before July 30, 2002;

   e. Direct Purchaser Plaintiffs shall file and serve their Reply in support of their Class Certification Motion and any supporting papers on or before August 14, 2002;

   f. If plaintiffs file a reply expert affidavit, Defendants shall depose Plaintiffs' expert, on only those issues raised in the reply affidavit, on or before September 13, 2002.

13

  g. The Court shall hold a hearing on class certification as soon as possible after September 13, 2002.

## IX. MOTION FOR CLASS CERTIFICATION IN THE END PAYOR ACTION AND RESPONSES THERETO

31. While the parties disagree as to whether class and merits discovery should be bifurcated in this matter, the parties have nonetheless agreed to a reasonable schedule, subject to this Court's convenience and availability, for briefing and a hearing on class certification as follows:

  a. Plaintiffs shall file and serve their Class Certification Motion and supporting papers on or before March 1, 2002;

  b. Defendants shall depose Plaintiffs' class experts on or before April 15, 2002;

  c. Defendants shall file and serve their Opposition to Class Certification and supporting papers on or before July 1, 2002;

  d. Plaintiffs shall depose Defendants' class experts on or before August 15, 2002;

  e. Plaintiffs shall file and serve their Reply in support of their Class Certification Motion and any supporting papers on or before September 13, 2002;

14

01/14/02 13:08 FAX 205 875 3053    BERGER & MONTAGUE    ☒017
Case 1:01-cv-00447-SSB-TSH    Document 139-2    Filed 08/30/2005    Page 15 of 46
JAN 10 2002 13:14 FR M&G    513 345 8294 TO 912158754604--00 P.17/18

    f.    If Plaintiffs file a reply expert affidavit, Defendants shall depose Plaintiffs' expert, on only those issues raised in the reply affidavit, on or before September 30, 2002;

    g.    The Court shall hold a hearing on class certification as soon as possible after September 30, 2002.

## X.    OTHER MATTERS

32.    <u>Document Depository</u>: Co-Lead Counsel in the Direct Purchaser Cases and the End Payor Cases, respectively, shall establish one location each where Defendants shall produce documents to Plaintiffs. Until such time as a protective order is entered, or unless otherwise agreed, all documents produced by Defendants shall be treated on an attorneys'-eyes-only basis.

33.    <u>Preservation of Documents</u>: During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to, or may lead to the discovery of information relevant to, the subject matter of the pending litigation.

34.    <u>Communications Among Counsel</u>: The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the communication of information among and between Plaintiffs' counsel in the

Coordinated Action shall not be deemed a waiver of the attorney-client privilege or the attorney work-product privilege.

**IT IS SO ORDERED**

Dated: 1-9-02

Sandra S. Beckwith
United States District Judge

CHI:975101.4