IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:01-cv-447 |
| | ) | |
| vs. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, | ) | Magistrate Judge Timothy S. Hogan |
| INC., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

This matter is before the Court on Plaintiffs' motion to stay this proceeding pending the appeal of this Court's summary judgment ruling in a parallel proceeding (Doc. No. 183). For the reasons set forth below, Plaintiffs' motion is not well taken and is **DENIED**.

I. Procedural History

Wyeth-Ayerst Laboratories manufactures Premarin, an estrogen replacement product. The FDA approved Premarin for several uses, including relief from menopausal vasomotor symptoms, treatment of vulvar and vaginal atrophy, and prevention of osteoporosis. Duramed Pharmaceuticals manufactures Cenestin. The FDA approved Cenestin for the treatment of vasomotor symptoms of menopause.

Plaintiffs filed suit under the Sherman Act, alleging that Wyeth engaged in monopolistic and anti-competitive practices. The complaint states that Wyeth attempted to keep Cenestin from the market by launching a public campaign to promote the benefits of Premarin while unfairly and untruthfully denigrating Cenestin. The complaint also states that Wyeth engaged in

a systematic effort to keep Cenestin from growing market share by entering into exclusive contracts with health insurers and pharmacy benefit managers. Similar allegations were made in a related case, *J.B.D.L. Corp., et al. v. Wyeth-Ayerst Laboratories, Inc., et al.,* No. 1:01-cv-00704, 2005 WL 139640 (S.D. Ohio June 13, 2005).

On June 13, 2005, this Court entered an order granting Defendants' motion for summary judgment in *J.B.D.L.*. On June 29, 2005, the *J.B.D.L.* Plaintiffs appealed that decision to the United States Court of Appeals for the Sixth Circuit. (6th Cir. Case No. 05-3860). Plaintiffs now move this Court to stay this proceeding pending the appeal of its summary judgment ruling in *J.B.D.L.*. Plaintiffs argue that a stay is needed to prevent hardship to both parties and to promote judicial economy. Defendants oppose this motion, arguing that Plaintiffs seek a stay solely to gain a tactical advantage by obtaining a favorable judgment in *Blevins, et al. v. Wyeth-Ayerst Laboratories, Inc., et al.* (Cal. Super. Ct. Case No. 324380), a related California state court action.[1]

## II. Standard of Review

A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently. *See In re Airline Pilots Assn. v. Miller,* 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can

---

[1]Because of this concern, Wyeth agreed to stay this proceeding as long as Plaintiffs agreed to stay *Blevins* as well. In Wyeth's view, it would be in the best interest of the parties and most efficient for both cases to be stayed or both cases to proceed. Plaintiffs rejected Wyeth's offer.

best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")); *Wheelabrator Clean Water Sys. v. Old Kent Bank and Trust Co.*, No. 93-cv-1016, 1995 U.S. Dist. LEXIS 2330 at *2 (W.D. Mich. Jan 30, 1995). Although a district court has the power to stay proceedings, "the court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254-55). There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy. *Wheelabrator*, 1995 U.S. Dist. LEXIS 2330 at *2 (citing *Landis*, 299 U.S. at 255).

### III. Analysis

Plaintiffs first argue that a stay should be granted in this case because there is a need for a stay. This argument is based on the notion that many of the issues presently before the Sixth Circuit in *J.B.D.L.* "will undoubtedly impact this litigation." However, the pendency of an appeal in a parallel case does not serve as automatic grounds for a stay simply because the other case might impact this litigation. In fact, courts have the discretion to refuse stays under such circumstances. *See Ohio Environmental Council*, 565 F.2d at 396. Therefore, the possibility that *J.B.D.L.* may affect the outcome of this litigation does not mean that a stay is necessary.

Plaintiffs next argue that both the parties and the Court will benefit from a stay because they "will be able to avoid expending additional time and resources while the appeal is pending." Plaintiffs' argument is illusory for two reasons. First, granting a stay of these proceedings will not affect the time and resources the parties will devote to discovery in this case. According to

case management orders, the parties have agreed to coordinate the discovery in *Blevins* with the discovery in this case. *See Blevins* Case Management Order, attached as Ex.1 to Defendants' Opposition ("in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for...the coordination of the Direct Purchaser and End Payor actions."). Because the discovery in this case and *Blevins* will be identical, granting a stay in this case will not affect the time or resources the parties will devote to discovery. Second, granting a stay of these proceedings may not reduce the time and resources the parties spend resolving the issues currently pending before the Sixth Circuit. It is impossible to determine based on this record whether *J.B.D.L.* will affect the outcome of this litigation. If *J.B.D.L.* is not dispositive, a stay will not reduce the time or resources the parties and the Court will devote to this case. Instead, the parties to this action will suffer an undue delay in the determination of their rights and liabilities. For both of these reasons, the argument that a stay will prevent undue hardship to the parties and preserve judicial economy is not sufficient to grant Plaintiffs' motion.

## IV. Conclusion

Plaintiffs have failed to demonstrate that a stay is necessary or that a stay would benefit the parties and the Court by preserving time and resources. In the absence of an agreement and in view of the opposition, Plaintiffs' motion to stay this proceeding pending the decision in a parallel proceeding is **DENIED**.

**IT IS SO ORDERED**

Date    October 24, 2005              s/Sandra S. Beckwith
                                      Sandra S. Beckwith, Chief Judge
                                      United States District Court