IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WYETH-AYERST LABORATORIES, INC., *et al.*,<br><br>　　　　　Defendants. | )<br>)　No. C-1-01-447<br>)<br>)　Judge Sandra S. Beckwith<br>)<br>)　Magistrate Judge Timothy S. Hogan<br>)<br>)<br>)<br>)<br>) |

## WYETH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DEADLINES REGARDING EXPERTS

Defendant Wyeth respectfully submits this opposition to plaintiffs' motion to extend their April 3 deadline for expert reports in this case. There is no good cause to alter the deadlines established by Order of this Court this January. Wyeth has never suggested to plaintiffs that such deadlines would be extended as a result of settlement discussions between the parties. Accordingly, Wyeth requests that the Court deny plaintiffs' motion and preclude plaintiffs from submitting any expert reports.

### ARGUMENT

**I.　Plaintiffs Have Failed to Demonstrate Good Cause for Modifying The Court's Order.**

Pursuant to Fed.R.Civ.P. 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." *Id.; Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). To establish good cause, plaintiffs must demonstrate that they have been diligent in attempting to meet the Court-ordered deadlines and that there would be no prejudice to

Wyeth if their failure to meet those deadlines were excused. *Daeschner*, 349 F.3d at 906 (citing *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Plaintiffs cannot satisfy this burden of proof.

Plaintiffs have been fully aware of the April 3 deadline for submitting expert reports since this Court entered its Calendar Order of January 5, 2006. Yet plaintiffs now concede that they "have not yet prepared expert reports" (Pls.' Mem. at 1). Plaintiffs' only explanation for their failure to meet this long-established deadline is that they were hoping to settle the case and thereby avoid the expense of retaining experts in this case. While it is true that there have been some settlement discussions between the parties, plaintiffs do not, and could not, assert that Wyeth has ever suggested that it would be amenable to altering the Court-ordered deadlines as a result of such discussions. Indeed, Wyeth believes that plaintiffs' case suffers from the same fatal deficiencies that led this Court to grant summary judgment to Wyeth in the related, direct-purchaser suits (*JBDL v. Wyeth-Ayerst Labs., Inc.,* 1:01-cv-704; *CVS v. Wyeth,* 1:03-cv-781). While Wyeth may be willing to consider a settlement at an amount that is sufficiently small to reflect the serious obstacles that plaintiffs will face in seeking to avoid summary judgment, no such settlement is on the horizon. Plaintiffs' optimistic statement that they "are hopeful that a settlement may be reached shortly" (Pls.' Mem. at 2) hardly meets the required burden to show good cause for excusing them from the Court-ordered pretrial deadlines.

Moreover, it is erroneous for plaintiffs to assert that "this extension will not prejudice Defendants in any manner" (Pls.' Mem. at 3). To the contrary, Wyeth is entitled "to a determination of its rights and liabilities without undue delay." *See, e.g., Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir.

1977) (denying a grant of stay, citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Wyeth is anxious to submit a summary judgment motion in this case, and should be entitled to do so without undue delay.

**II.     This Court Would Be Justified in Precluding Plaintiffs From Presenting Any Expert Testimony For Failure to Meet the Court's Deadline.**

Plaintiffs have not demonstrated good cause for their failure to meet the Court-imposed April 3 deadline for filing expert reports. Under such circumstances, plaintiffs should be precluded under Fed.R.Civ.P. 37(c) from offering the testimony of any experts. *See, e.g., Jocham v. Tuscola County*, 239 F.Supp.2d 714, 734 (E.D. Mich. 2003).

### CONCLUSION

For the reasons stated above, Wyeth respectfully requests this Court to deny plaintiffs' motion to modify the expert discovery deadlines.

Respectfully submitted,

*/s/ Grant S. Cowan*
Grant S. Cowan   (0029667)

OF COUNSEL:

Dan K. Webb
W. Gordon Dobie
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601-9703
(312) 558-5600

Douglas L. Wald
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1202
(202) 942-5000

Dated:  April 4, 2006

**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6947
Trial Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Janet Gilligan Abaray | Mark R. Merley |
| James Ralph Adams | Dianne M. Nast |
| William J. Baer | Amber M. Nesbitt |
| Peggy M. Balesteri | Son B. Nguyen |
| Steve W. Berman | Andrew Bennett Spark |
| Patrick E. Cafferty | Craig R. Spiegel |
| Joseph Edward Conley, Jr. | Asim Varma |
| Jennifer Fountain Connolly | Douglas L. Wald |
| Grant Spencer Cowan | Brooke B. Ward |
| W. Gordon Dobie | Dan K. Webb |
| David S. Eggert | Brian D. Werner |
| Elizabeth Fegan Hartweg | Kenneth A. Wexler |
| Ralph L. Friedland | |

and I hereby certify that I have mailed by first-class U.S. Mail, postage prepaid, the document to the following non-CM/ECF participants:

Samuel D. Heins
Alan Gilbert
Barbara Felt
Heins Mills & Olson PLC-1
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Anthony J. Sievert
One North LaSalle Street
Suite 2000
Chicago, IL  60602

Dated:  April 4, 2006

/s/ Grant S. Cowan

CINLibrary 0097417.0501853  1622602v.1