IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, | ) | Magistrate Judge Timothy S. Hogan |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES REGARDING EXPERTS**

Plaintiffs' Motion to Extend Deadlines Regarding Experts seeks an extension of time for the Parties to conclude their settlement discussions, commenced several months ago. Despite the obvious benefits to all Parties and the Court should a settlement be reached, Wyeth-Ayerst Laboratories, Inc. ("Defendant") now opposes Plaintiffs' motion. However, Plaintiffs' motion is fully authorized under applicable law and clearly warranted under the facts of this case. A similar request has been granted by the judge in the companion case of *In re Premarin Cases*, Case No. CGC 04-004389 (Ca. Super Ct., San Francisco Co.) (Judge Richard A. Kramer). See note 1, *infra.*

**ARGUMENT**

I. **Plaintiffs Have Established That an Extension of the Expert Deadlines is Warranted In this Case.**

Federal Rule of Civil Procedure 23(d)(1) and (5) states, in part, that the Court may make appropriate orders in the conduct of actions, including the issuance of orders

55972.1

regarding procedural matters. Rule 23(d)(1) and (5) further provides that such orders may be altered or amended as may be desirable from time to time.

Under Rule 16, the district court judge or magistrate judge is authorized to modify a schedule upon a showing of good cause. Fed. R. Civ. P. 16(b). The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to satisfy the case management order. *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001) (additional citations omitted)). Another relevant consideration is possible prejudice to the party opposing the modification. *Id.*

Taking these factors into consideration, Plaintiffs' motion for an extension of the expert witness deadlines should be granted. Plaintiffs have established the good cause necessary to warrant this extension. Defendant concedes that the Parties have been engaged in settlement discussions for several months (Def. Mem. at 2), and Plaintiffs have diligently attempted to avoid unnecessary and substantial expert expenses to the Class if the matter settles. These ongoing settlement discussions will reach a resolution shortly, at which time the Parties will either have a settlement of this action, or a clear directive to proceed with this litigation.[1]

Plaintiffs' motion is also consistent with Fed. R. Civ. P. 1, which states that the federal rules "shall be construed and administered to secure the just, speedy, and <u>inexpensive</u> determination of every action." Fed. R. Civ. P. 1 (emphasis added). Thus,

---

[1] Plaintiffs sought a similar extension in the companion case venued in the Superior Court of the State of California. *In re Premarin Cases*, Case No. CGC 04-004389 (Ca. Super Ct., San Francisco Co.) (Judge Richard A. Kramer). On April 6, 2006, at a regularly-scheduled case management conference, Judge Kramer suspended the scheduling order deadlines in that case to allow the Parties to focus on their efforts to settle the case. Judge Kramer ordered that the Parties report back at the next case management conference on May 8, 2006, at which time, if the case has not settled, new scheduling deadlines will be established. This motion seeks a similar extension.

55972.1

not only are Plaintiffs' counsel obligated to act in the best interests of their clients, including their financial interests, but this obligation is underscored by the express admonition of the federal rules.

Moreover, Defendant has failed to show that it would suffer any prejudice should the extension be granted. Defendant contends that it will suffer prejudice because it is entitled "to a determination of its rights and liabilities without undue delay" and that it is "anxious to submit a summary judgment motion in this case." (Def. Mem. at 2-3.) But nothing in Plaintiffs' motion for an extension will delay Defendant's ability to timely bring its summary judgment motion, or otherwise obtain a determination of its rights and liabilities.

The expert deadlines at issue in this case can be extended up to sixty days without any impact to the other deadlines in this action. The dispositive motion deadline is August 31, 2006. The Court's Final Pretrial/Settlement Conference is scheduled for December 15, 2006. Trial commences on January 16, 2007. None of these pre-trial or trial deadlines are impacted by Plaintiffs' motion. Defendant will still have every opportunity to make a dispositive motion and/or proceed to trial as scheduled. Plaintiffs' motion will, therefore, not cause Defendant any delay, let alone "undue delay," in seeking a "determination of its rights and liabilities." No prejudice can be shown.

II. **Defendant Has Failed To Establish Any Reasoned Basis For Excluding Plaintiffs' Expert Testimony.**

Finally, Defendant's claim that Plaintiffs should be precluded under Fed. R. Civ. P. 37(c) from offering the testimony of any experts is meritless. (Def. Mem. at 3.) Rule 37(c)(1) provides that "[a] party that without <u>substantial justification</u> fails to disclose information required by Rule 26(a) ... shall not, <u>unless such failure is harmless</u>, be

55972.1

permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1) (emphasis added). As set forth above, Plaintiffs acted with substantial justification and Defendant has suffered no prejudice or harm. *See, e.g., Commercial Data Servers, Inc. v. Int'l Bus. Machs. Corp.*, 262 F. Supp. 2d 50, 62 (S.D.N.Y.2003) (quoting *Sterling v. Interlake Indus., Inc.*, 154 F.R.D. 579, 587 (E.D.N.Y.1994) ("The "imposition of sanctions under Rule 37 [is] a 'drastic remedy' that should only be applied 'in those rare cases where a party's conduct represents flagrant bad faith and callous disregard' of the Federal Rules"); *Alvarez v. Pneumoabex, Corp.*, No. 5:99 CV 1352 FJS/GJD, 2005 WL 2033472, at *2 n.6 (N.D.N.Y. Aug 22, 2005) (although the "delay in supplementing the report [wa]s considerable," preclusion of the affidavit was "too severe a sanction" in part because there was no bad faith); *McClain v. Metabolife Int'l., Inc.*, 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2002) ("Without a finding of bad faith or gamesmanship on the eve of trial, many courts are loathe to invoke the strong medicine of precluding expert testimony.")

In any event, Defendant knows of Plaintiffs' expert, Gary French, whose testimony Plaintiffs submitted in support of their successful motion for class certification. Plaintiffs can certainly identify any additional experts they may use, but the point remains that Plaintiffs have been attempting to avoid incurring unnecessary expense on behalf of the Class when it has appeared a real possibility that the case will settle. Defendant has made no allegation that, by acting responsibly on behalf of the Class, Plaintiffs have acted in bad faith, nor can it credibly make such a claim. Defendant's argument to exclude expert testimony presented by Plaintiffs must be rejected.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion be granted.

Dated:  April 17, 2006                                    Respectfully submitted,


                                                                            /s/  Joseph E. Conley, Jr.
                                                                          One of Plaintiffs' attorneys

| | |
|---|---|
| Janet G. Abaray | Joseph E. Conley, Jr. |
| LOPEZ, HODES, RESTAINO | BUECHEL & CONLEY |
| MILMAN, SKIKOS & POLOS | 25 Crestview Hills Mall Road |
| 312 Walnut Street, Suite 2090 | Suite 104 |
| Cincinnati, OH  45202 | Crestview Hills, KY  41017 |
| (513) 852-5600 | (859) 578-6600 |

*Co-Liaison Counsel for End-Payor Plaintiffs*


| | |
|---|---|
| Kenneth A. Wexler | Marc H. Edelson |
| Jennifer Fountain Connolly | HOFFMAN & EDELSON |
| THE WEXLER FIRM LLP | 45 West Court Street |
| One North LaSalle, Suite 2000 | Doylestown, PA  18901 |
| Chicago, IL  60602 | (215) 230-8043 |
| (312) 346-2222 | |
| | |
| Alan I. Gilbert | Patrick E. Cafferty |
| Barbara J. Felt | MILLER FAUCHER and CAFFERTY LLP |
| HEINS MILLS & OLSON, P.C. | 101 N. Main Street, Suite 450 |
| 3550 IDS Center, 80 South Eighth Street | Ann Arbor, MI  48104 |
| Minneapolis, MN  55402 | (734) 769-2144 |
|  (612) 338-4605 | |

Steve W. Berman
Craig R. Spiegel
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 5TH Avenue, Suite 2900
Seattle, WA 98101

*Co-Lead Counsel for End-Payor Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing pleading with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

*Counsel for Defendants:*

| | |
|---|---|
| W. Gordon Dobie<br>**Winston & Strawn**<br>35 W. Wacker Drive<br>Chicago, IL 60601 | David Eggert<br>**Arnold & Porter**<br>555 Twelfth Street, NW<br>Washington, DC 20004 |

*Co-Lead Counsel for Plaintiffs:*

| | |
|---|---|
| Patrick E. Cafferty<br>**Miller Faucher & Cafferty LLP**<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI 48104 | Marc H. Edelson<br>**Edelson & Associates LLC**<br>45 W. Court Street<br>Doylestown, PA 18901 |
| Jennifer Winter Sprengel<br>**Miller Faucher & Cafferty LLP**<br>30 N. LaSalle Street<br>Suite 3200<br>Chicago, IL 60602 | Steve W. Berman<br>Craig Spiegel<br>**Hagens Berman Sobol Shapiro LLP**<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101 |

Alan Gilbert
Barbara Felt
Susan Macmenamin
**Heins Mills & Olson, P.L.C.**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402

Dated:    April 17, 2006

                                                                     /s/ Joseph E. Conley, Jr.