IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marjorie Ferrell, et al.,       )
                                )
          Plaintiffs,           ) Case No. 1:01-CV-447
                                )
    vs.                         )
                                )
Wyeth-Ayerst                    )
Laboratories, Inc., et al.,     )
                                )
          Defendants.           )

O R D E R

This matter is before the Court on Plaintiff Marjorie Ferrell, et al.'s motion to extend deadlines regarding experts (Doc. No. 147).  For the reasons set forth below, Plaintiffs' motion is not well-taken and is **DENIED**.

On January 5, 2006, in consultation with the parties, Magistrate Judge Hogan entered a calendar order (Doc. No. 144) which, inter alia, established April 3, 2006 as the deadline for Plaintiffs to identify their experts and produce expert reports. On March 31, 2006, just one business day before this deadline expired, Plaintiffs filed a motion requesting an extension of time to identify their experts and produce experts' reports.  As grounds for the motion, Plaintiffs state that they have been engaged in settlement negotiations with the Defendants since January, and, in hopes that the case would be resolved, did not want to incur the substantial cost of preparing experts' reports. Plaintiffs state they will know in the near future whether the

case can be settled and that an extension would benefit everyone through preservation of resources.  Defendants oppose Plaintiffs' motion.  Defendants do not dispute that they have been in settlement discussions with Plaintiffs.  Defendants state, however, that they have never indicated to Plaintiffs a willingness to amend the calendar order because of the settlement negotiations.  In contrast to the Plaintiffs, Defendants do not believe that a settlement of the case is imminent and it appears that in any event they would only settle the case for nuisance value.  Defendants believe that Plaintiffs' case is weak on the merits and they want to proceed without further delay.

Under Rule 16(b) of the Federal Rules of Civil Procedure, the trial court should not modify a scheduling order except upon a showing of good cause.  Fed. R. Civ. P. 16(b).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)(quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

In this case, the Court finds that Plaintiffs have not been diligent in attempting to comply with the case management order's requirements.  Plaintiffs have not identified any impediment beyond their control which has prevented them from disclosing their experts' reports in compliance with the Court's

order. Indeed, Plaintiffs' motion indicates that they made a purposeful and strategic decision not to go forward with preparing experts' reports in favor attempting to settle the case. Plaintiffs do not dispute Defendants' assertion that they never implied that they would consent to amending the calendar order because of the settlement talks. Thus, Defendants have not contributed in any way to Plaintiffs' predicament. Plaintiffs simply have no good excuse for not being able to produce their reports on time. See, e.g., Miksis v. Southern Talc Co., 106 F.3d 754, 760 (7th Cir. 1997)(holding unwise tactical decision did not merit granting plaintiff relief from failure to make timely disclosure of experts); Slaughter v. Souther Talc Co., 919 F.2d 304, 307-08 (5th Cir. 1990)(holding tactical decision not the equivalent of excusable neglect).

For the reasons stated, Plaintiff's motion to extend deadlines regarding experts is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date April 19, 2006             s/Sandra S. Beckwith
                          Sandra S. Beckwith, Chief Judge
                            United States District Court