IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) | Magistrate Judge Timothy S. Hogan |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION
FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

Plaintiffs, though the undersigned counsel, hereby move this Court for an Order to dismiss their claims with prejudice, without fees or costs to either party, and the resulting decertification of the subclasses. Plaintiffs' motion is based on all files and records in this case, including the memorandum filed herewith, and any arguments of counsel requested by the Court.

Dated: May 4, 2006                    Respectfully submitted,

                                       /s/ Patrick E. Cafferty
                                      One of Plaintiffs' attorneys

Janet G. Abaray                       Joseph E. Conley, Jr.
LOPEZ, HODES, RESTAINO                BUECHEL & CONLEY
MILMAN, SKIKOS & POLOS                25 Crestview Hills Mall Road
312 Walnut Street, Suite 2090         Suite 104
Cincinnati, OH 45202                  Crestview Hills, KY 41017
(513) 852-5600                        (859) 578-6600

*Co-Liaison Counsel for End-Payor Plaintiffs*

56152.1

| | |
|---|---|
| Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>WEXLER TORISEVA WALLACE<br>One North LaSalle, Suite 2000<br>Chicago, IL  60602<br>(312) 346-2222 | Marc H. Edelson<br>HOFFMAN & EDELSON<br>45 West Court Street<br>Doylestown, PA  18901<br>(215) 230-8043 |
| Samuel D. Heins<br>Stacey L. Mills<br>HEINS MILLS & OLSON, P.C.<br>3550 IDS Center, 80 South Eighth Street<br>Minneapolis, MN  55402<br> (612) 338-4605 | Patrick E. Cafferty<br>MILLER FAUCHER and CAFFERTY LLP<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI  48104<br>(734) 769-2144 |
| Steve W. Berman<br>Craig R. Spiegel<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 5TH Avenue, Suite 2900<br>Seattle, WA 98101 | |

*Co-Lead Counsel for End-Payor Plaintiffs*

56152.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) | Magistrate Judge Timothy S. Hogan |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

**INTRODUCTION**

Plaintiffs United Food & Commercial Workers Midwest Health Benefits Fund, and Twin Cities Bakery Workers Health & Welfare Fund, Marjorie Ferrell, Mary D. Duda and Mary Seaworth ("Plaintiffs") submit this memorandum in support of their motion for voluntary dismissal with prejudice of their individual claims, without costs or attorneys' fees to either party, and the resulting decertification of the subclasses. Defendants have declined to stipulate to this motion.

**BACKGROUND**

On June 30, 2004, the Court entered an order granting in part and denying in part Plaintiffs' motion for class certification. On February 2, 2005, the Court certified certain subclasses pursuant to Fed. R. Civ. P. 23(b)(3) and (c). On June 13, 2005, this Court granted Defendants' motion for summary judgment in J.B.D.L. Corp., v. Wyeth-Ayerst Laboratories, Inc., No. 1:01-CV-704, 1:03-CV-781, 2005 WL 1396940 (S.D. Ohio, June

56152.1

13, 2005). Plaintiffs and the subclasses in this action are downstream purchasers from the direct purchaser plaintiffs and direct purchaser class in J.B.D.L. The plaintiffs in J.B.D.L. have pursued an appeal to the United States Court of Appeals for the Sixth Circuit.

On August 5, 2005, Plaintiffs filed their Motion to Stay this action pending the outcome of the appeal in the J.B.D.L. case. On October 21, 2005, the Court denied Plaintiffs' Motion to Stay. On January 6, 2006, Magistrate Judge Timothy S. Hogan entered a Calendar Order scheduling deadlines for certain events, including the provision of notice to the subclasses.

Plaintiffs' counsel have been engaged in settlement negotiations with Defendants since at least January 2006. While the parties have, in good faith, discussed many creative alternatives in an effort to resolve the case, no settlement has yet been reached. Given the strength of Defendants' litigation position (in light of the summary judgment against direct purchasers of Premarin), and the current requirement that Plaintiffs must provide notice to the subclasses, as well as try the case, prior to the Sixth Circuit's likely resolution of the J.B.D.L. appeal, Plaintiffs' counsel believe that it is in the best interest of absent subclass members *not* to be bound by the outcome of this litigation.

After publication of notice and following the expiration of an opt-out period required by Rule 23(b)(3), absent subclass members who do not exclude themselves will be bound by the judgment in this case. Accordingly, Plaintiffs now seek voluntary dismissal of their individual claims with prejudice, and without further costs to either party in accordance with Rule 41(a)(2), and the resulting decertification of the subclasses.

# ARGUMENT

## I. Motions for Voluntary Dismissal are Liberally Granted.

Motions for Rule 41(a)(2)[1] motions for voluntary dismissal *without* prejudice are liberally granted, provided that no party will suffer legal prejudice. See, e.g., Stevedoring Services of America v. Armilla Int'l, 889 F.2d 919, 921 (9th Cir.1991); In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 J. Moore, Moore's Federal Practice ¶ 41.05 at 41-62 (1988)) ("Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'")  In this case, Plaintiffs' motion is for voluntary dismissal *with* prejudice.  Defendants will not suffer any prejudice by this dismissal, nor can they credibly make such a claim. Plaintiffs' motion should be granted.

## II. Voluntary Dismissal and Decertification are in the Best Interests of Plaintiffs and the Subclasses.

Plaintiffs and the subclasses are indirect purchasers of Premarin, *i.e.*, they purchased Premarin at the end of the chain of distribution and not directly from Defendant Wyeth.  As indirect purchasers, Plaintiffs and the subclasses admittedly lack standing to bring suit for damages under the federal antitrust laws; only direct purchasers have that standing.  *See Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).  But, the Supreme Court has expressly left it to the states to determine if state laws should permit indirect purchasers to bring suit.  *See California v. ARC America Corp.*, 490 U.S. 93 (1989).  The states included in the subclasses all have statutes or judicial decisions that

---

[1] Rule 41(a)(2) provides in pertinent part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(1)(2).

56152.1

allow indirect purchasers to bring damage actions for overcharges that have been "passed on" to them down the chain of distribution. Indeed, many of these statutes require harmonization with actions against direct purchasers to preclude duplicative recoveries against defendants.[2] Therefore, the indirect purchasers' case can be even more difficult to prove than the direct purchasers' claims.

The record in this case, including the summary judgment ruling in J.B.D.L., the fact that the trial of this matter will likely occur before the Sixth Circuit appeal is decided, and the current requirement that Plaintiffs must provide notice to the subclasses prior to the Sixth Circuit's likely resolution of the J.B.D.L. appeal, demonstrates that voluntary dismissal of Plaintiffs' individual claims and the resulting decertification of the subclasses is in the best interest of absent subclass members, and should be approved by the Court. This course of action does not prejudice the subclasses and is preferable to an adverse judgment that would be binding on the class.

### III. Notice Is Not Required.

As the Court is aware, the subclasses have not yet been provided with notice and an opportunity to opt-out. Because notice of class certification has not yet been

---

[2] *See, e.g.,* D.C. Code Ann. § 28-4509(c)("In any case in which claims are asserted by both direct purchasers and indirect purchasers, the court may transfer and consolidate cases, apportion damages and delay disbursement of damages *to avoid multiplicity of suits and duplication of recovery of damages, and to obtain substantial fairness.*") (emphasis added); Gen. Bus. Law § 340.6 ("In any action pursuant to this section, the fact that the state, or any political subdivision or public authority of the state, or any person who has sustained damages by reason of violation of this section has not dealt directly with the defendant shall not bar or otherwise limit recovery; provided, however, that in any action in which claims are asserted against a defendant by both direct and indirect purchasers, *the court shall take all steps necessary to avoid duplicate liability*, including but not limited to the transfer and consolidation of all related actions. In actions where both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages.") (emphasis added); Vt. Stat. Ann. tit. 9, § 2465(b) ("In any action for damages or injury sustained as a result of any violation of state antitrust laws, pursuant to section 2453 of this title, the fact that the state, any public agency, political subdivision or any other person has not dealt directly with a defendant shall not bar or otherwise limit recovery. *The court shall take all necessary steps to avoid duplicate liability*, including but not limited to the transfer or consolidation of all related actions.") (emphasis added).

56152.1

disseminated, notice of decertification and voluntary dismissal is not required.[3]  See Rosenberg v. Univ. of Cincinnati, 118 F.R.D. 591, 596 (S.D. Ohio 1987) (quoting Hervey v. City of Little Rock, 787 F.2d 1223, 1230 (8th Cir. 1986)) ("When a Court decertifies a class action lawsuit 'notice of the decertification is required only to the extent necessary to reach those potential class members who received notice and relied upon being included in the class.'").  In addition, this case did not receive such publicity that it is necessary to provide notice to the subclasses of the dismissal of the named Plaintiffs' claims.  See Coston v. Petro, No. 1:05-CV-125, 398 F. Supp. 2d 878, 887-888 (S.D. Ohio, Nov. 7, 2005) (citing Doe v. Lexington-Fayette Urban Co. Gov't, 407 F.3d 755 (6th Cir. 2005)) (considering publicity lawsuit received in determining whether any notice need be given to putative class).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion be granted.

Dated: May 4, 2006                                     Respectfully submitted,


                                                        /s/  Patrick E. Cafferty
                                                       One of Plaintiffs' attorneys


Janet G. Abaray                             Joseph E. Conley, Jr.
LOPEZ, HODES, RESTAINO                      BUECHEL & CONLEY
MILMAN, SKIKOS & POLOS                      25 Crestview Hills Mall Road
312 Walnut Street, Suite 2090               Suite 104
Cincinnati, OH  45202                       Crestview Hills, KY  41017
(513) 852-5600                              (859) 578-6600

*Co-Liaison Counsel for End-Payor Plaintiffs*

---

[3] Because the dismissal with prejudice will not be binding on absent subclass members, notice to the subclasses is not required and the court need not determine whether this resolution is "fair, reasonable and adequate" to the subclasses.  See Rule 23(e)(1)(B), (C).

56152.1

| | |
|---|---|
| Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>WEXLER TORISEVA WALLACE<br>One North LaSalle, Suite 2000<br>Chicago, IL  60602<br>(312) 346-2222 | Marc H. Edelson<br>HOFFMAN & EDELSON<br>45 West Court Street<br>Doylestown, PA  18901<br>(215) 230-8043 |
| Samuel D. Heins<br>Stacey L. Mills<br>HEINS MILLS & OLSON, P.C.<br>3550 IDS Center, 80 South Eighth Street<br>Minneapolis, MN  55402<br>(612) 338-4605 | Patrick E. Cafferty<br>MILLER FAUCHER and CAFFERTY LLP<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI  48104<br>(734) 769-2144 |
| Steve W. Berman<br>Craig R. Spiegel<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 5TH Avenue, Suite 2900<br>Seattle, WA 98101 | |

56152.1

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing pleading with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

*Counsel for Defendants:*

| | |
|---|---|
| W. Gordon Dobie<br>**Winston & Strawn**<br>35 W. Wacker Drive<br>Chicago, IL  60601 | David Eggert<br>**Arnold & Porter**<br>555 Twelfth Street, NW<br>Washington, DC  20004 |

*Co-Lead Counsel for Plaintiffs:*

| | |
|---|---|
| Patrick E. Cafferty<br>**Miller Faucher & Cafferty LLP**<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI  48104 | Marc H. Edelson<br>**Edelson & Associates LLC**<br>45 W. Court Street<br>Doylestown, PA  18901 |
| Jennifer Winter Sprengel<br>**Miller Faucher & Cafferty LLP**<br>30 N. LaSalle Street<br>Suite 3200<br>Chicago, IL  60602 | Steve W. Berman<br>Craig Spiegel<br>**Hagens Berman Sobol Shapiro LLP**<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA  98101 |

Alan Gilbert
Barbara Felt
Susan Macmenamin
**Heins Mills & Olson, P.L.C.**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN  55402


Dated:  <u>May 4, 2006</u>

              <u>   /s/ Patrick E. Cafferty   </u>