IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WYETH-AYERST LABORATORIES, INC., *et al.*, <br><br> Defendants. | No. C-1-01-447 <br><br> Judge Sandra S. Beckwith <br><br> Magistrate Judge Timothy S. Hogan |

**WYETH'S OPPOSITION TO PLAINTIFFS' MOTION
FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

Defendants (collectively, "Wyeth") respectfully submit this brief in opposition to plaintiffs' motion for voluntary dismissal of their claims.

**INTRODUCTION**

Having concluded that their claims (along with the claims of all class members) cannot survive summary judgment, plaintiffs ask this Court to relinquish its jurisdiction over this five-year-old case so that class members can force Wyeth to begin defending itself anew in other jurisdictions that lack this Court's extensive knowledge and experience with the law and facts governing the class' claims. While Wyeth does not object in principle to plaintiffs' decision to surrender their individual claims, plaintiffs' motion will severely prejudice Wyeth. Wyeth has spent enormous amounts of time, money, and effort defending itself in this class action. Plaintiffs concede that their claims are derivative of the direct-purchaser claims that this Court has already dismissed on summary judgment in *JBDL v. Wyeth-Ayerst Labs., Inc.*, 1:01-cv-704, and *CVS v. Wyeth*,

1:03-cv-781. While a dismissal with prejudice of the named plaintiffs' individual claims will protect Wyeth from subsequent suit by the named plaintiffs, the proposed dismissal is not binding on absent class members; indeed, plaintiffs' apparent purpose in requesting this dismissal is to provide a means for class members to escape summary judgment so that they can re-file the very same claims in other courts. This result would not only be unfair to Wyeth, but would also constitute a waste of the resources that this Court has already invested in the case.

As plaintiffs realize, the legal grounds which led this Court to grant summary judgment in the direct-purchaser suits apply with equal force here, since the claims of the class are premised on identical factual allegations. Wyeth is entitled to move for summary judgment in accordance with the Court's scheduling order -- just as it did in the direct-purchaser suits -- and to have such summary judgment put an end to the claims of the class, once and for all. Accordingly, Wyeth respectfully requests that the Court deny plaintiffs' motion for voluntary dismissal.

Alternatively, should the Court decide to permit the named plaintiffs to dismiss their individual claims with prejudice and to decertify the class, Wyeth respectfully requests that this Court include in any dismissal order appropriate safeguards to prevent class members from engaging in forum-shopping and re-filing of identical claims against Wyeth in other jurisdictions. Specifically, Wyeth requests that any dismissal order provide that the decertification of the classes be granted only upon the condition that any subsequent suits by class members may be brought only on an *individual* basis, and not on behalf of any of the classes (or sub-classes) involved in this suit.

**ARGUMENT**

I.   **Plaintiffs' Proposed Dismissal Would Subject Wyeth to Plain Legal Prejudice and Thus Should Be Denied.**

Federal Rule of Civil Procedure 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *Id.* "The primary purpose of requiring court approval under Rule 41(a)(2) is to protect the non-moving party from unfair treatment." *Carter v. Yellow Freight System, Inc.*, Civ. No. 2:01-CV-1230, 2006 WL 278408, *5 (S.D. Ohio Feb. 3, 2006) (slip opinion) (citing *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Therefore, "a Rule 41(a)(2) motion will be denied where," as here, "a non-moving defendant would suffer 'plain legal prejudice' as a result of the dismissal." *Id.* (citing *Grover*, 33 F.3d at 718, and *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

It is erroneous for plaintiffs to assert that Wyeth "will not suffer any prejudice by this dismissal" (Pls.' Mem. at 3). The factors for determining the existence of "plain legal prejudice" include: (1) the amount of time, effort and expense a defendant has incurred; (2) any lack of diligence on the part of a plaintiff in prosecuting the action; (3) whether there is sufficient justification for the need to dismiss; and (4) whether a motion for summary judgment has been filed. *Grover*, 33 F.3d at 718-19; *Carter*, 2006 WL 278408, *5.

This suit has been pending against Wyeth since July 2001. Over the past five years, Wyeth has incurred an enormous amount of time, effort, and expense in defending itself in this class action. Wyeth has filed and responded to -- and this Court has resolved -- numerous pretrial motions, including motions to dismiss the complaint,

motions for protective orders, motions concerning class certification, and motions for pretrial scheduling. Most recently, Wyeth has incurred expenses in preparing expert reports, which were served upon plaintiffs on May 3, 2006. Wyeth has vigorously defended itself, with the expectation that a final resolution of the class' claims would put this litigation to rest. Plaintiffs' proposed dismissal would leave class members free to re-file the same claims against Wyeth wherever they want, whenever they want; if granted, plaintiffs' motion would force Wyeth to start defending itself again from scratch.

The only justification for plaintiffs' request for a voluntary dismissal is their desire to avoid a final ruling on the class' claims on the merits. Although Wyeth agrees with plaintiffs that the claims in this case cannot survive summary judgment, a dismissal of the named plaintiffs' individual claims -- even with prejudice -- will not end this case. Plaintiffs' proposed dismissal would allow individual class members to sue Wyeth elsewhere, and thus would expose Wyeth to multiple lawsuits by class members in multiple jurisdictions.

A voluntary dismissal under Rule 41(a) is also inappropriate, because plaintiffs have not diligently prosecuted their claims in this action. Faced with the likely dismissal of their claims by this Court, plaintiffs seek to provide an escape route for class members, to enable them to bide their time in the hope that the U.S. Court of Appeals will reverse the summary judgment in the direct-purchaser suits, or that they can find a court that may be less rigorous in its analysis of their claims than this Court has been. In essence, plaintiffs' proposed dismissal constitutes a "self-help" stay of the case, despite the fact that this Court previously denied their request for a formal stay.

- 4 -

Finally, a voluntary dismissal is inappropriate in light of the fact that Wyeth will be filing a summary judgment motion in this case. Wyeth is entitled "to a determination of its rights and liabilities without undue delay." *See, e.g., Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977) (denying a grant of stay, citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Pursuant to the pretrial scheduling order in this case, class notice is due on June 1, and once that occurs (and any opt-out period expires), any summary judgment ruling will be binding on the class. There is no reason why this case should not be dismissed on summary judgment on the same grounds as set forth in the Court's summary judgment decision in *JBDL v. Wyeth-Ayerst Labs., Inc.*, 1:01-cv-704, and *CVS v. Wyeth,* 1:03-cv-781.

II.   **Alternatively, the Court Should Grant Voluntary Dismissal Only Upon the Condition that No Subsequent Class Actions Be Filed Against Wyeth.**

The Court has wide discretion in imposing certain terms and conditions in a Rule 41(a)(2) voluntary dismissal. *Eagles, Ltd. v. American Eagle Foundation*, 356 F.3d 724, 730 (6th Cir. 2004) ("The district court's decision regarding the Rule 41(a)(2) motion is reviewed for abuse of discretion.") (citing *United States v. 266 Tonawanda Trail*, 95 F.3d 422, 425 (6th Cir. 1996)); *Duffy v. Ford Motor Co.*, 218 F.3d 623, 627 (6th Cir. 2000) (the district court's decision to impose certain terms and conditions under Rule 41(a)(2) can be appealed only if unreasonable).

Plaintiffs' proposed dismissal expressly envisions the right of class members to file new suits against Wyeth in other jurisdictions. In short, plaintiffs seek to provide class members with the opportunity to engage in unconstrained "forum-shopping," a practice which is disapproved in this Circuit. *U.S. Electrical Motors v. National Labor Relations Board*, 722 F.2d 315, 319 (6th Cir. 1983) (the Sixth Circuit "disapprove[s] the

idea of forum shopping"). Thus, should the Court decide to grant plaintiffs' motion, Wyeth respectfully requests that the Court protect Wyeth from having to defend against multiple class actions replicating the claims that are currently pending before this Court. Specifically, Wyeth requests that any order dismissing plaintiffs' claims under Rule 41(a)(2) be granted only upon the condition that any subsequent suits by class members may be brought only on an *individual* basis, and not on behalf of any class.

## CONCLUSION

For the reasons stated above, Wyeth respectfully requests this Court to deny plaintiffs' motion. Alternatively, Wyeth requests that the Court provide, as a condition of any dismissal of named plaintiffs' claims, that any subsequent suits against Wyeth by class members may be brought only on an individual basis, and not as a class action.

Respectfully submitted,

/s/ Grant S. Cowan
Grant S. Cowan   (0029667)

OF COUNSEL:

Dan K. Webb
W. Gordon Dobie
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601-9703
(312) 558-5600

Douglas L. Wald
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C.  20004-1202
(202) 942-5000

Dated:  May 9, 2006

**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6947
Trial Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Janet Gilligan Abaray | Mark R. Merley |
| James Ralph Adams | Dianne M. Nast |
| William J. Baer | Amber M. Nesbitt |
| Peggy M. Balesteri | Son B. Nguyen |
| Steve W. Berman | Andrew Bennett Spark |
| Patrick E. Cafferty | Craig R. Spiegel |
| Joseph Edward Conley, Jr. | Asim Varma |
| Jennifer Fountain Connolly | Douglas L. Wald |
| Grant Spencer Cowan | Brooke B. Ward |
| W. Gordon Dobie | Dan K. Webb |
| David S. Eggert | Brian D. Werner |
| Elizabeth Fegan Hartweg | Kenneth A. Wexler |
| Ralph L. Friedland | |

and I hereby certify that I have mailed by first-class U.S. Mail, postage prepaid, the document to the following non-CM/ECF participants:

Samuel D. Heins
Alan Gilbert
Babara Felt
Heins Mills & Olson PLC-1
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Anthony J. Sievert
One North LaSalle Street
Suite 2000
Chicago, IL  60602

Dated:  May 9, 2006

/s/ Grant S. Cowan

Grant S. Cowan