**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| v. | ) | Judge Sandra S. Beckwith |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) | Magistrate Judge Timothy S. Hogan |
| Defendants. | ) | |

---

**PLAINTIFFS' COMBINED REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AND THEIR MOTION TO SUSPEND THE NOTICE DEADLINE PENDING THE COURT'S RULING ON PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

## INTRODUCTION

Defendants oppose voluntary dismissal with prejudice, claiming that they will suffer prejudice in the absence of a class-wide release. However, as set forth below, Defendants' failure to obtain such a release does not constitute the necessary plain legal prejudice. In addition, voluntary dismissal of Plaintiffs' claims is in the best interests of the subclasses. Further, because Plaintiffs have shown good cause to suspend the class notice deadline until the Court decides their voluntary dismissal motion, both Plaintiffs' motion for voluntary dismissal and Plaintiffs' motion to suspend the class notice deadline until that motion is decided should be granted.

**BACKGROUND**

On March 1, 2002, Plaintiffs filed a motion to certify a nationwide class of end-payors. (Doc. No. 40.) On July 15, 2002, Defendants filed their opposition to class certification, which opposed class certification in its entirety. (Doc. No. 57.) On June 30, 2004, the Court entered an order granting in part and denying in part Plaintiffs' motion for class certification, indicating that subclasses comprising certain end-payors in eighteen states were potentially appropriate. (Doc. No. 100.)

On July 15, 2004, Defendants filed an application to appeal that ruling to the United States Court of Appeals for the Sixth Circuit pursuant to Rule 23(f), maintaining that the Court's certification of the subclasses was erroneous and merited an immediate appeal. (Petition of Defendants for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), dated July 15, 2004.) On November 4, 2004, the Sixth Circuit denied the application for immediate appeal.

On November 15, 2004, Plaintiffs submitted supplemental briefing requested by the Court concerning the states of Kansas, Florida, Massachusetts and Vermont. (Doc. No. 107.) On December 9, 2004, Defendants filed their opposition to Plaintiffs' supplemental memorandum. (Doc. No. 108.) Defendants did not limit their response to Kansas, Florida, Massachusetts and Vermont, but also asserted that nine additional states should be excluded from the subclasses. In its Order of February 2, 2005, the Court certified subclasses subject to Plaintiffs identifying representatives for certain subclasses. (Doc. No. 118.) On March 4, 2005, Plaintiffs identified additional subclass representatives. (Doc. No. 131.)

Defendants' vigorous opposition to class certification changed after June 13, 2005, when the Court granted Defendants' motion for summary judgment in J.B.D.L. Corp., v. Wyeth-Ayerst Laboratories, Inc., No. 1:01-CV-704, 1:03-CV-781, 2005 WL 1396940 (S.D. Ohio, June 13, 2005). Indeed, even though Defendants took the depositions of Plaintiffs Mary Duda and Mary Seaworth, Defendants chose not to challenge their adequacy as subclass representatives in order to attempt to expedite a class-wide summary judgment ruling in this case. On August 5, 2005, Plaintiffs filed a motion to stay this case pending the appeal in J.B.D.L. (Doc. No. 137.) Defendants opposed the motion (Doc. No. 138, Aug. 19, 2005), which the Court denied by order of October 21, 2005.

Since at least January 2006, the parties have engaged prolonged and serious settlement negotiations in an effort to resolve this case, taking into consideration, among other things, the Court's decision in J.B.D.L. In order for the Court to approve a class action settlement binding on the subclasses, the consideration must be "fair, reasonable, and adequate." Rule 23(e)(1)(C). Plaintiffs believe that the consideration offered by Defendants to date cannot satisfy this requirement. Under these circumstances, before any further expenses are incurred by the parties, Plaintiffs believe that dismissal of this action is in the best interest of the subclasses. Defendants have refused to accept dismissal under Rule 41(a)(1), necessitating this motion under Rule 41(a)(2).

## ARGUMENT

### I. Voluntary Dismissal With Prejudice Does Not Subject Defendants to Prejudice, Let Alone the Required Plain Legal Prejudice.

Defendants' claim that they would suffer prejudice as a result of the requested voluntary dismissal is wrong. Simply stated, voluntary dismissal with prejudice is a clear victory for

Defendants. Yet Defendants oppose voluntary dismissal because they prefer a judgment that also binds the subclasses. Plaintiffs have made every effort to settle this matter; however, the parties have been unable to reach a settlement. While it is certainly Defendants' prerogative to not settle this case, they cannot now complain that because the parties' settlement efforts have to date failed, this Court, a fiduciary of the subclasses, should enter judgment against those subclasses.

Defendants' assertion that Plaintiffs' motion must be denied because another similar action might be brought in the future clearly does not, as a matter of law, constitute the necessary "plain legal prejudice" Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994), to warrant denial of Plaintiffs' motion. Other pertinent factors also support Plaintiffs' request for voluntary dismissal.

### A. The Prospect of Defending a Future Possible Action Does Not, as a Matter of Law, Amount to Plain Legal Prejudice.

Defendants speculate that absent subclass members might at some point in the future file the same claims against them in another forum. This hypothetical scenario, however, does not rise to the level of plain legal prejudice. While it is possible that an absent subclass member could bring an individual claim against Defendants, this does not constitute "prejudice" because it does not alter the *status quo*; absent subclass members could always bring suit against Defendants. Indeed, even after notice of class certification, absent class members could opt out and bring their own actions against Defendants. The potential activities of non-parties are not within the control of Plaintiffs or Defendants.[1]

[1] Plaintiffs note that the Court's denial of class certification for Premarin purchasers in more than 30 states did not result in any Premarin antitrust litigation — and that occurred prior to the summary judgment ruling in J.B.D.L.

In addition, if someone should attempt to bring such an action, Defendants can file a motion to transfer the case to this Court pursuant to 28 U.S.C.A. § 1404. Any action brought in state court could be immediately removed pursuant to the Class Action Fairness Act, 28 U.S.C.A. § 1453(c)(1), and then transferred to this Court pursuant to 28 U.S.C.A. § 1404. As such, there is no danger that of wasting "the resources that this Court has already invested in the case." (Defs.' Mem. at 2.) Moreover, as addressed below, the resources of Defendants and the Court will not have been wasted because they will have resulted in a final judgment, ending the case.

In any event, such hypothetical concerns do not rise to the level of plain legal prejudice. Indeed, "the courts have consistently held that plain legal prejudice does *not* result simply when defendant faces the prospect of a second lawsuit on the identical issues." B & J Mfg. Co. v. D.A. Frost Indus., Inc., 106 F.R.D. 351, 353 (N.D. Ohio 1985); Grover, 33 F.3d at 718 (juxtaposing "plain legal prejudice" standard with the "mere prospect of a second lawsuit"); Luckey v. Butler County, No. 1:05CV388, 2006 WL 91592, at *2 (S.D. Ohio Jan. 13, 2006) ("[P]laintiff's 41(a)(2) motion is not per se improper simply because the plaintiff seeks leave to re-litigate the case in some other forum."); see also Hanson v. Financial Systems, Inc., No. Civ. 04-3059-CO, 2005 WL 773198, at *1 (D. Ore. April 5, 2005) ("Plain legal prejudice does not result to a defendant from the prospect of a second lawsuit or from a missed opportunity for a legal ruling on the merits, but may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable."); Davenport v. Gerber Prods. Co., CIV. A. No. 87-3198, 1989 WL 147550, at *1 (E.D. Pa. Dec. 6, 1989) (holding that even though

---

Accordingly, there is no reason to presume that the decertification of the subclasses after the summary judgment ruling in J.B.D.L. will "force Wyeth to begin defending itself anew in other jurisdictions…." (Defs.' Mem at 1.) .

"defendants...have already incurred considerable expenses in the preparation for trial of this matter...it is well settled that the mere prospect of a second litigation of the same subject matter does not constitute sufficient prejudice to the defendant to warrant denial of a motion for voluntary dismissal."); Environ Products, Inc. v. Total Containment, Inc., No. CIV. A. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) (rejecting defendant's "purely speculative" claims of prejudice).

Significantly, unlike Plaintiffs' motion which seeks a dismissal with prejudice, all of the above cases involve voluntary dismissal *without* prejudice. Clearly, as a matter of law, the possibility of an additional lawsuit against Defendants does not constitute plain legal prejudice.

**B. Application of Other Relevant Factors Also Demonstrate that No Plain Legal Prejudice Exists.**

In determining plain legal prejudice, "a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Grover, 33 F.3d at 718. These factors further support Plaintiffs' position.

First, Defendants assert that they will suffer prejudice as a result of their time and expenses incurred in defending this litigation. However, "[t]his argument is...without any support as the advanced state of the litigation and the legal and other expenses incurred ... do not mandate a denial of plaintiff's motion [for voluntary dismissal]...Indeed, such dismissals have been granted on the eve of trial and even after trial has commenced." B & J Mfg., 106 F.R.D. at 353 (citation and internal quotations omitted); see also Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 146 (9th Cir.1982) (significant expense in preparing and filing pleadings does

not prevent the granting of a voluntary dismissal and plain legal prejudice was not established by the commencement of trial preparations.); Tyco Laboratories, Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir.1980) (rejecting defendant's argument that discovery and briefing on class certification would be made worthless and thus amounted to plain legal prejudice.)

In any event, Defendants' claim of prejudice as a result of time and expenses incurred is disingenuous at best. Defendants spent most of their efforts unique to this litigation opposing class certification, which they now embrace. Discovery in this case was coordinated with the J.B.D.L. action to avoid duplication. In addition, Defendants have vigorously opposed numerous opportunities to avoid incurring further expenses in this case, including a request to stay the litigation until after the resolution of the appeal in J.B.D.L. and, once settlement negotiations failed, an offer of voluntary dismissal with prejudice pursuant to Rule 41(a)(1).

Second, Defendants provide no support for their summary assertion that Plaintiffs have not diligently prosecuted their claims, and instead fault Plaintiffs for attempting to protect absent subclass members. (Defs'. Mem. at 4) ("[P]laintiffs seek to provide an escape route for class members.....").[2] Defendants claim that in so doing, Plaintiffs are attempting to circumvent this Court's order denying the stay. (Id.) However, voluntary dismissal is clearly different from a stay. Voluntary dismissal with prejudice is a final result and even if the J.B.D.L. decision is reversed on appeal, Plaintiffs here are bound. See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394 (1981).

[2] In any case, a "plaintiff's reason for dismissal 'is of no consequence.'" B & J Mfg., 106 F.R.D. at 352 (quoting Spencer v. Moore Business Forms, Inc., 87 F.R.D. 118, 119 (N.D. Ga. 1980)); see also Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982) (plain legal prejudice "does not result...when plaintiff merely gains some tactical advantage").

Finally, in evaluating plain legal prejudice, courts consider whether a summary judgment motion has been *filed*, not whether defendants plan to file such a motion in the future. E.g., Grover, 33 F.3d at 718. In any event, Defendants' contention that voluntary dismissal is inappropriate because they intend to move for summary judgment further undermines their claim of prejudice. On one hand, Defendants oppose voluntary dismissal claiming they will be subject to prejudice in light of their time and expense incurred in successfully defending this matter. On the other hand, Defendants oppose voluntary dismissal in order to expend additional time and expenses for the continuing litigation of this case.

Defendants' claim that voluntary dismissal would "constitute a waste of [judicial] resources" is equally spurious. (Defs.' Mem at 2.) Those resources will have resulted in a final judgment, with prejudice. It is Defendants who now ask this Court to pass on an opportunity to dispose of this action with prejudice so that Defendants may continue to litigate this case and expend further resources.

In sum, although a class-wide release may be desirable to Defendants, its absence does not amount to plain legal prejudice, especially when it was well within Defendants' power to obtain that release through settlement.

## II. Voluntary Dismissal and Decertification are also in the Best Interests of the Subclasses.

Defendants ask the Court to abrogate its duty as a fiduciary to the subclasses by acting in the best interests of Defendants, *i.e.*, forcing a judgment that binds the subclasses. However, in considering a "settlement, voluntary dismissal, or compromise that would bind class members" Rule 23(e) focuses on the best interest of the classes, not the Defendants. Indeed, "[u]nder Federal Rule of Civil Procedure 23(e), the district court acts as a fiduciary, serving as a guardian

of the rights of absent class members." In re Wireless Telephone Federal Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005). The voluntary dismissal of plaintiffs' claims necessitates decertification of the subclasses.

"Once a district court certifies a class, it continues to possess the authority and discretion to determine whether certification should be amended or vacated in its entirety." In re Methionine Antitrust Litig., No. 00-1311, 2003 WL 22048232, *3 (C.D. Cal. Aug. 26, 2003). Under Rule 23(c)(1), class certification can be altered and amended, including decertification, at any time before final judgment. See Picard Chemical, Inc. Profit Sharing Plan v. Perrigo Co., No. 95-CV-141, 1996 WL 739170, at *9 n.10 (W.D. Mich. Sept. 27, 1996) ("The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.") (citation omitted); Daenzer v. Wayland Ford, Inc., 210 F.R.D. 202, 204-205 (W.D. Mich. 2002) ("[A] district court may decertify a class 'for proper reason' even after a finding of liability.")[3] "In fact, this Court may decide to decertify the class *sua sponte*." Id. (citations omitted).

In this case, the J.B.D.L. summary judgment ruling constitutes a material change and clarification in the circumstances, as best demonstrated by the fact that Defendants, who vigorously opposed class certification prior to that ruling, are now the proponents of maintaining the subclasses. See In re Methionine, 2003 WL 22048232, at *4 ("Decertification is warranted

[3] See also In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 537 (3d Cir. 2004) ("A district court retains the authority to decertify or modify a class at any time during the litigation if it proves to be unmanageable."); In re Potash Antitrust Litig., 159 F.R.D. 682, 700 (D. Minn. 1995) ("If, as this case develops, class treatment proves to be inappropriate or otherwise not in the best interests of the Court or the parties, the Court will in its discretion make whatever reasonable modifications are necessary up to and including decertification."); In re Harcourt Brace Jovanovich, Inc. Sec. Litig., 838 F. Supp. 109, 115 (S.D.N.Y. 1993) ("The district court, under Rule 23(c)(1), is charged with 'monitoring its class decisions in light of the evidentiary development of the case.' ... The court may modify the class, establish subclasses, or decertify as appropriate in response to factual development.") (citations omitted).

where materially changed or clarified circumstances have been shown that would make the continuation of the class action improper.") (citation omitted). Defendants understandably prefer a judgment that binds the subclasses. However, the preferences or the best interests of the Defendant are not at issue; consideration is focused on the continued satisfaction of Rule 23's requirements and the best interest of the subclasses. E.g., In re Wireless., 396 F.3d at 932 (8th Cir. 2005); In re Warfarin, 391 F.3d at 534 ("We have on several occasions stressed the importance of Rule 23(e), noting that the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members.") (citations and quotation marks omitted).

Thus, Defendants' interest in obtaining a sweeping release against the subclasses is simply not relevant. See Slaven v. BP America, Inc., 190 F.R.D. 649, 652 (S.D. Cal. 2000) ("[N[o party has a *right* to proceed via the class mechanism.") (emphasis in original); Daenzer, 210 F.R.D. at 205 (granting plaintiff's motion for decertification of a class, over the objection of the defendant, because it was in the best interest of absent class members); see also In re Methionine, 2003 WL 22048232, at *4 (decertifying class prior to dissemination of notice); O'Brien v. Sky Chefs, Inc., 670 F.2d 864 (9th Cir. 1982) (affirming decertification and finding that "decertification of the class was more appropriate than summary judgment against the class"), overruled on other grounds by, Atonio v. Wards Cove Packing Co., Inc., 810 F.2d 1477 (9th Cir. 1987).

**III. Imposing a Condition on Dismissal is Inappropriate.**

Defendants alternatively ask that dismissal be granted on the condition that any subsequent suits by absent subclass members be brought on an individual basis only. (Defs.' Mem. at 6.) For the same reasons referenced above, such a condition of dismissal is

inappropriate. Indeed, no plain legal prejudice exists to justify such a condition and Defendants' proposal is not in the best interest of the subclasses.

In addition, Defendants cite no authority in support of their proposal, nor do they suggest how, in the absence of a ripe controversy, such an order should be fashioned. Such an advisory ruling would be clearly improper. Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir. 1995) (citing Golden v. Zwickler, 394 U.S. 103, 108 (1969)) ("This court is...obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations.") Thus, in the event that a class action is filed in the future, the Court should address the propriety of such an action at that time.

## IV. Plaintiffs Have Shown Good Cause To Suspend The Class Notice Deadline Until Their Voluntary Dismissal Motion is Granted And Such A Brief Delay Will Not Prejudice Defendants

Fed. R. Civ. P. 16(b) provides that this Court may modify a scheduling order upon a showing of good cause. Good cause is primarily measured by "the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)).

Contrary to Defendants' assertions, Plaintiffs have been diligent in preparing their notice plan. Defendants know this, as the parties have discussed both the type of notice plan Plaintiffs had intended to propose as well as Plaintiffs' belief that the issuance of such a notice would be

inappropriate or confusing given the current posture of this case.[4] See Declaration of Kenneth A. Wexler ¶¶ 2-4, attached as Exhibit A.

However, the Court's order on Plaintiffs' Motion for Voluntary Dismissal may render this Court's consideration of Plaintiffs' proposed notice plan, as well as the eventual issuance of notice moot because, if the Court grants Plaintiffs' motion for voluntary dismissal, notice would be unnecessary. Therefore, suspending the notice date would ultimately save time, money and judicial resources consistent with Rule 1's requirement that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. See also Glidden v. Chromalloy American Corp., 808 F.2d 621, 627 (7th Cir. 1986) ("When notice would be a fruitless yet costly gesture, Rule 23(e) — read in light of Rule 1 — does not compel the parties to incur pointless expense.").

If, on the other hand, this Court denies Plaintiffs' motion for voluntary dismissal, such a brief delay in issuing notice will not prejudice Defendants. In fact, the only prejudice Defendants claim is their "*desire*[] to promptly obtain judgment against the class by way of summary judgment." (Defs.' Mem. at 2) (emphasis added). While it may be Defendants' preference to avoid a brief delay in the notice schedule pending the Court's ruling on voluntary dismissal – it is just that – a preference. Such a minor delay is harmless especially when

---

[4] Magistrate Hogan's calendar order provides in part: "Notice to Class representative deadline: June 1, 2006." (Doc. No. 144.) Because there are no other dates in connection with notice prior to June 1, 2006, Plaintiffs understand that is the date by which the proposed notice and publication notice plan must be submitted to the Court for approval, rather than actual dissemination of notice as the Defendants suggest. (Defs.' Mem. at 2.) This interpretation of the calendar order is also supported by Magistrate Hogan's comments at the preliminary pretrial scheduling conference on January 5, 2006, wherein he specifically indicated that, should keeping the notice date become difficult, Plaintiffs should return to him for an extension of time. While Plaintiffs are prepared to submit their notice plan and draft notice to the Court by June 1, 2006, that notice would have to inform potential class members that although certain subclasses have been certified, Plaintiffs seek to dismiss their individual claims with prejudice and the resulting decertification of the subclasses. Such a notice would lead to significant confusion. Thus, in order to enhance efficiencies and avoid confusion, Plaintiffs simply request that their Motion for Voluntary Dismissal be decided prior to their submission of the notice plan.

weighed against the waste of resources that would result should this Court spend the time analyzing Plaintiff's proposed notice plan if Plaintiffs' motion for voluntary dismissal is granted.

Moreover, Defendants incorrectly assume a 90-day opt-out period. However, class notices typically provide for 30-day opt-out periods and that is what Plaintiffs contemplate here. Cf. Grunin v. International House of Pancakes, 513 F.2d 114, 121 (8th Cir. 1975) (notice sent 19 days prior to fairness hearing complied with due process). Thus, for this additional reason, Defendants will not be prejudiced by suspension of the notice deadline.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motions be granted.

Dated: May 16, 2006

Respectfully submitted,

s/s Kenneth A. Wexler
One of Plaintiffs' attorneys

Janet G. Abaray
LOPEZ, HODES, RESTAINO
MILMAN, SKIKOS & POLOS
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600

Joseph E. Conley, Jr.
BUECHEL & CONLEY
25 Crestview Hills Mall Road
Suite 104
Crestview Hills, KY 41017
(859) 578-6600

***Co-Liaison Counsel for End-Payor Plaintiffs***

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE
One North LaSalle, Suite 2000
Chicago, IL 60602
(312) 346-2222

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901
(215) 230-8043

Samuel D. Heins
Stacey L. Mills
HEINS MILLS & OLSON, P.C.
3550 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
(612) 338-4605

Steve W. Berman
Craig R. Spiegel
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 5TH Avenue, Suite 2900
Seattle, WA 98101

Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
(734) 769-2144

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be electronically filed the foregoing pleading with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

***Counsel for Defendants:***

W. Gordon Dobie
**Winston & Strawn**
35 W. Wacker Drive
Chicago, IL 60601

David Eggert
**Arnold & Porter**
555 Twelfth Street, NW
Washington, DC 20004

***Co-Lead Counsel for Plaintiffs:***

Patrick E. Cafferty
**Miller Faucher & Cafferty LLP**
101 N. Main Street, Suite 450
Ann Arbor, MI 48104

Marc H. Edelson
**Edelson & Associates LLC**
45 W. Court Street
Doylestown, PA 18901

Jennifer Winter Sprengel
**Miller Faucher & Cafferty LLP**
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602

Steve W. Berman
Craig Spiegel
**Hagens Berman Sobol Shapiro LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Alan Gilbert
Barbara Felt
Susan Macmenamin
**Heins Mills & Olson, P.L.C.**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402

Dated: May 16, 2006

/s/ Joseph E. Conley, Jr.