IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, *et al.*, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>WYETH-AYERST LABORATORIES, INC., *et al.*, <br><br>　　　　　Defendants. | No. C-1-01-447 <br><br> Judge Sandra S. Beckwith <br><br> Magistrate Judge Timothy S. Hogan |

**WYETH'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY
OF ORDER REGARDING ADMISSIBILITY OF DEFENDANTS'
EXPERT MATERIALS SUBMITTED IN PARALLEL PROCEEDINGS**

Defendants (collectively, "Wyeth") respectfully submit this opposition to "Plaintiffs' Motion For Entry Of Order Regarding Admissibility of Defendants' Expert Materials Submitted in Parallel Proceedings." Having chosen not to designate any experts to support their claims in this case, and having chosen to forgo their right to depose Wyeth's designated experts in this case, plaintiffs now ask this Court to enter a blanket order that all of the expert materials filed by Wyeth in the *Duramed, JBDL,* and *CVS* cases be "admissible in this case." Wyeth can discern no legitimate reason for such an order.

This Court has already made clear that "[a]ll discovery taken in the Coordinated Action will apply to subsequently filed and consolidated tag-along cases and the parties will not be required to repeat discovery already taken in the Coordinated Action." CMO No. 1, ¶ 13 (attached as Exhibit B to Plaintiffs' Motion). Thus, insofar as any expert

discovery taken in the *Duramed, JBDL,* or *CVS* cases might be relevant to the instant action, plaintiffs already have the right to cite such discovery. Indeed, although Wyeth finds no ambiguity in the Court's prior Order regarding coordinated discovery, Wyeth offered to send plaintiffs a letter confirming that Wyeth would not object to the admissibility or authenticity of the deposition testimony of any of Wyeth's experts from these other coordinated cases (while, of course, reserving any relevance or similar objections that Wyeth could assert with regard to such testimony). Plaintiffs, however, insist instead upon a blanket order not only that all deposition testimony by Wyeth's experts from the other cases may be cited here, but also that all of the expert reports submitted by Wyeth in the other cases are fully admissible in this case as well. This latter request makes little sense, other than as a gambit by plaintiffs to escape the consequences of their failure to designate any experts of their own in this case.

As this Court recognized in its April 19, 2006 Order denying Plaintiffs' motion to extend the deadline for filing their expert reports, plaintiffs "made a purposeful and strategic decision not to go forward with preparing experts' reports[.]" 4/19/06 Order at 3. Wyeth, in contrast, duly designated and filed expert reports in support of its defenses in this case. Although plaintiffs were entitled to depose Wyeth's experts in this case, they chose not to do so. The deadline for expert depositions (*i.e.*, June 30) has now passed. In short, for strategic reasons known only to them, plaintiffs have voluntarily waived their right to present expert testimony in this case or to depose Wyeth's experts in this case.

The substance of Wyeth's expert testimony in this case, of course, is set forth in the reports that Wyeth's experts timely filed in this case. While much of the proffered

- 2 -

testimony of Wyeth's experts here is substantively identical to the testimony set forth in their expert reports in the *Duramed, JBDL,* and *CVS* cases, the reports are not identical in all respects. Perhaps most importantly, because the plaintiffs in the *Duramed, JBDL,* and *CVS* cases filed expert reports of their own (in contrast to plaintiffs here), significant portions of the reports of Wyeth's experts in these *other* cases involved an analysis of plaintiffs' theories of injury and damages in *those* cases.

Because plaintiffs have put forth no evidence of injury or damages in this case, Wyeth's expert reports in this case do not seek to analyze any such (non-existent) evidence. Having voluntarily chosen to forgo their rights to present expert testimony in this case, plaintiffs now ask this Court to admit wholesale all of Wyeth's expert reports in other cases. We can think of no reason why plaintiffs would want such an order, except as a back-door method of admitting those portions of Wyeth's expert reports from prior cases that summarized the opinions of the plaintiffs' experts in the other cases.[1]

It is well established that expert reports filed in one case are ordinarily not admissible in subsequent cases, even if those cases are related. *See, e.g., In re Brand Name Prescription Drugs Antitrust Litig.*, Nos. 94C897, MDL997, 2001 WL 30454, at *2-4 (N.D. Ill. Jan. 11, 2001) (holding that expert reports prepared in prior, related case were inadmissible to cure plaintiffs' failure to submit expert reports).

Plaintiffs already have a right to cite discovery taken in the prior *Duramed, JBDL,* and *CVS* cases to the extent such discovery is relevant here. But that does not mean that all discovery in these other cases should automatically be admissible in this case.

---

[1] Plaintiffs state that they "do not seek to have this Order entered with regard to any expert reports or depositions used by the plaintiffs in the Related Proceedings" (Pls.' Mot. at 1). But they make no mention of the fact that the substance of plaintiffs' expert opinions in the Related Proceedings are also reflected in the defendants' expert reports.

Plaintiffs have no right to remedy their failure to proffer expert testimony in this case by "borrowing" expert opinions in prior cases that are referenced in Wyeth's expert reports in those cases.

## CONCLUSION

For the reasons stated above, the Court should deny plaintiffs' motion for entry of an order providing that all expert materials submitted by Wyeth in prior cases are admissible in this case.

Respectfully submitted,

OF COUNSEL:

Dan K. Webb
W. Gordon Dobie
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
(312) 558-5600

Douglas L. Wald
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
(202) 942-5000

/s/ Grant S. Cowan
Grant S. Cowan   (0029667)
**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6947
Trial Attorneys for Defendants

Dated:  July 13, 2006

## **CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Janet Gilligan Abaray | Mark R. Merley |
| James Ralph Adams | Dianne M. Nast |
| William J. Baer | Amber M. Nesbitt |
| Peggy M. Balesteri | Son B. Nguyen |
| Steve W. Berman | Andrew Bennett Spark |
| Patrick E. Cafferty | Craig R. Spiegel |
| Joseph Edward Conley, Jr. | Asim Varma |
| Jennifer Fountain Connolly | Douglas L. Wald |
| Grant Spencer Cowan | Brooke B. Ward |
| W. Gordon Dobie | Dan K. Webb |
| David S. Eggert | Brian D. Werner |
| Elizabeth Fegan Hartweg | Kenneth A. Wexler |
| Ralph L. Friedland | |

and I hereby certify that I have mailed by first-class U.S. Mail, postage prepaid, the document to the following non-CM/ECF participants:

Samuel D. Heins
Alan Gilbert
Babara Felt
Heins Mills & Olson PLC-1
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Anthony J. Sievert
One North LaSalle Street
Suite 2000
Chicago, IL  60602

Dated:  July 13, 2006

/s/ Grant S. Cowan_____

Grant S. Cowan