IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, INC., *et al.,* | ) | Magistrate Judge Timothy S. Hogan |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR ENTRY OF ORDER REGARDING ADMISSIBILITY OF DEFENDANTS' EXPERT MATERIALS SUBMITTED IN PARALLEL PROCEEDINGS**

The only grounds stated in Defendants' Opposition for denying Plaintiffs' Motion for Entry of Order Regarding Admissibility of Defendants' Expert Materials Submitted in Parallel Proceedings ("Motion") is that Defendants view Plaintiffs' Motion as a backdoor attempt to utilize the plaintiffs' expert materials in the Related Proceedings as Plaintiffs' expert materials in these proceedings. Defendants' argument is nonsense. First, the proposed Order by its own terms applies only to *Defendants'* expert materials used in those proceedings. *See id.* Second, given that this Court found that plaintiffs' experts in *JBDL* could not establish causation sufficient to create a genuine issue of material fact regarding antitrust injury, Plaintiffs would have to have taken leave of their senses to attempt to utilize those reports in this proceeding. *See J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, Case Nos. 1:01-CV-704 and 1:03-CV-781, 2005 U.S. Dist. LEXIS 11676 (S.D. Ohio. June 13, 2005), at *62 ("The Court finds that Plaintiffs have not established a 'but-for' causative link between Wyeth's PBM contracts and Wyeth's price

increases. Therefore, Plaintiffs have not shown the existence of a triable issue of fact on whether they suffered an 'antitrust injury.' (The same fatal flaw exists for Plaintiffs' "but-for" damages model, which the Court need not discuss at length. Absent proof of a causative link between the alleged monopolistic conduct and the alleged supracompetitive price, the "but-for" Premarin prices offered by Leitzinger and Leffler are untenable.)").

Similarly, Defendants claim that Plaintiffs are attempting to avoid the consequences of not having taken the depositions of Defendants' experts in this proceeding. But Defendants ignore that one of the primary purposes of the Proposed Order was to avoid taking depositions in this case that would merely retread the ground already plowed in the Related Proceedings. For this reason, Plaintiffs approached Defendants a month before the expiration of the deadline for expert discovery in order to attempt to negotiate the Proposed Order as an agreed-upon stipulation. Defendants' strategy appears to have been to frustrate and delay those good faith discussions so that Plaintiffs could not even rely upon Defendants' own expert materials.

The Proposed Order is a simple mechanism designed to facilitate the litigation of this action and to reduce the burdens on both the parties and this Court. There is simply nothing clandestine or inappropriate about seeking to use Defendants' own expert materials in this proceeding. Plaintiffs' Motion should be granted.

WHEREFORE plaintiffs respectfully request that the Court grant Plaintiffs' Motion, enter the proposed Order and grant all other relief that it deems just and proper.

Dated: July 24, 2006                                              Respectfully submitted,


                                                                  /s/   Kenneth A. Wexler
                                                                  One of Plaintiffs' attorneys

| | |
|---|---|
| Janet G. Abaray<br>LOPEZ, HODES, RESTAINO<br>MILMAN, SKIKOS & POLOS<br>312 Walnut Street, Suite 2090<br>Cincinnati, OH  45202<br>(513) 852-5600 | Joseph E. Conley, Jr.<br>BUECHEL & CONLEY<br>25 Crestview Hills Mall Road<br>Suite 104<br>Crestview Hills, KY  41017<br>(859) 578-6600 |

*Co-Liaison Counsel for End-Payor Plaintiffs*

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE   LLP
One North LaSalle, Suite 2000
Chicago, IL  60602
(312) 346-2222

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA  18901
(215) 230-8043

Samuel D. Heins
Stacey L. Mills
HEINS MILLS & OLSON, P.C.
3550 IDS Center, 80 South Eighth Street
Minneapolis, MN  55402
(612) 338-4605

Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI  48104
(734) 769-2144

Steve W. Berman
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 5TH Avenue, Suite 2900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing pleading with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

*Counsel for Defendants:*

| | |
|---|---|
| W. Gordon Dobie<br>**Winston & Strawn**<br>35 W. Wacker Drive<br>Chicago, IL 60601 | David Eggert<br>**Arnold & Porter**<br>555 Twelfth Street, NW<br>Washington, DC 20004 |

*Co-Lead Counsel for Plaintiffs:*

| | |
|---|---|
| Patrick E. Cafferty<br>**Miller Faucher & Cafferty LLP**<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI 48104 | Marc H. Edelson<br>**Edelson & Associates LLC**<br>45 W. Court Street<br>Doylestown, PA 18901 |
| Jennifer Winter Sprengel<br>**Miller Faucher & Cafferty LLP**<br>30 N. LaSalle Street<br>Suite 3200<br>Chicago, IL 60602 | Steve W. Berman<br>Craig Spiegel<br>**Hagens Berman Sobol Shapiro LLP**<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101 |

Alan Gilbert
Barbara Felt
Susan Macmenamin
**Heins Mills & Olson, P.L.C.**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402


Dated:   July 24, 2006

/s/ Joseph E. Conley, Jr.