UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, *et al.*, | ) |
| | ) No. C-1-01-447 |
| Plaintiffs, | ) |
| | ) Judge Sandra S. Beckwith |
| v. | ) |
| | ) Magistrate Judge Timothy S. Hogan |
| WYETH-AYERST LABORATORIES, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**WYETH'S MOTION TO REINSTATE
DEADLINE FOR IMPLEMENTATION OF CLASS NOTICE**

Defendant Wyeth hereby reports that the parties have not agreed upon acceptable terms for a voluntary dismissal of this case under Rule 41(a)(2). Accordingly, Wyeth respectfully requests that the Court order plaintiffs to implement notice to the class prior to the resolution of Wyeth's pending motion for summary judgment.

**BACKGROUND**

By Order of January 5, 2006, this Court established June 1, 2006 as the date for implementation of class notice in this case. On May 4, 2006, plaintiffs moved for voluntary dismissal of their claims under Rule 41(a)(2), and asked this Court to postpone class notice pending resolution of that motion. On May 26, 2006, Magistrate Judge Hogan temporarily postponed the class notice deadline, pending the Court's ruling on plaintiffs' motion for voluntary dismissal.

On August 1, 2006, Wyeth moved for summary judgment in this case. On August 4, 2006, this Court held a telephonic hearing on plaintiffs' Rule 41(a)(2) motion for voluntary dismissal. At the August 4 hearing, the Court stated that it intended to deny

plaintiffs' motion for voluntary dismissal, but that the Court would hold its decision in abeyance and allow the parties until August 18, 2006 to discuss any mutually agreeable conditions for a voluntary dismissal. 8/4/06 Hearing Tr. at 25. The Court further stated that if the parties could not agree upon conditions for a voluntary dismissal by August 18, 2006, the parties should complete briefing of summary judgment pursuant to the local rules (using August 18 as the filing date). *Id.*

## REPORT TO COURT

By this submission, Wyeth respectfully informs the Court that the parties have not reached any agreement concerning mutually acceptable terms for voluntary dismissal of this case. Accordingly, Wyeth respectfully suggests that it is now appropriate for the Court to enter an Order denying plaintiffs' motion for voluntary dismissal under Rule 41(a)(2), and for plaintiffs to proceed to file a response -- if any -- to Wyeth's pending motion for summary judgment.[1]

## CLASS NOTICE

The June 1, 2006 deadline for plaintiffs to implement class notice was suspended by Magistrate Judge Hogan simply to enable the parties to ascertain whether the case would be dismissed voluntarily under Rule 41(a)(2). Since the case will not be voluntarily dismissed, Wyeth respectfully requests that the Court issue a new deadline for

---

[1] On August 16, 2006, plaintiffs filed a "Motion to Extend the Time for Setting a Briefing Schedule on Defendants' Motion for Summary Judgment," which asks this Court to defer plaintiffs' deadline for responding to Wyeth's summary judgment motion until an undetermined date after completion of a mediation session scheduled on August 30, 2006 in connection with the indirect purchaser suit in California (*Blevins v. Wyeth-Ayerst Labs., Inc.*, Case No. 324380 (San Francisco Sup. Ct.)). Wyeth concurrently has filed an opposition to this motion in a separate document. As stated in Wyeth's opposition, the *Blevins* mediation -- which was scheduled prior to this Court's August 4 hearing on plaintiffs' Rule 41(a)(2) voluntary dismissal motion -- was *not* an effort to respond to the Court's offer to allow the parties to try to work out their differences on that motion prior to August 18.

plaintiffs to implement class notice, to ensure that the class receives notice prior to this Court's resolution of Wyeth's pending summary judgment motion.[2]

It is well established that class notice is mandatory once a class has been certified. *See, e.g., Bedel v. Thompson*, No. 91-3448, 1992 WL 44883, at *5 (6th Cir. March 4, 1992) (once a class has been certified, "the notice requirement of Rule 23(c)(2) is mandatory, not merely discretionary, and it cannot be waived in a particular case") (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974)). Indeed, courts have consistently held that notice should issue prior to any ruling on the merits, because the purpose of class notice is to protect the defendants by preventing "one-way intervention" (*i.e.*, allowing members of a class the option of joining an action as plaintiffs after a favorable judgment on the merits while avoiding the *res judicata* effect of an adverse decision by not joining if the named plaintiffs have been unsuccessful), and to ensure that a ruling on the merits is binding on all members of the class who have not opted out. *See, e.g., Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1078 (11th Cir. 2000) ("Certification under Rule 23(b)(3) would require that the class members receive notice of the suit 'well before the merits of [it] are adjudicated'") (citations omitted) (emphasis in original)); *In re Farmers Ins. Co., Inc. FCRA Litig.*, No. CIV-03-158-F, MDL 1564, 2006 WL 1042499, at *2 (W.D. Okla. April 13, 2006) ("notice is to be sent before the merits of the case are adjudicated") (citations omitted); *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 352-54 (7th Cir. 1975) (notice to class is to be sent "prior to 'judgment'").

---

[2] The scheduled mediation session in *Blevins* on August 30 does not diminish the need for implementation of class notice in this case. Wyeth has no objection to this Court setting the deadline for implementation of class notice on a date subsequent to August 30. Wyeth simply requests the Court to set a definite date for class notice, to ensure that notice will have been disseminated (and the opt-out period will have expired) prior to a ruling on Wyeth's pending summary judgment motion.

During the August 4 hearing, plaintiffs suggested that Wyeth might be deemed to have "waived" its right to have class notice issued in this case simply because Wyeth has filed a motion for summary judgment. That suggestion is baseless. Wyeth has repeatedly insisted upon prompt implementation of class notice in this case. The only reason class notice has not been issued already is because plaintiffs sought and obtained (over Wyeth's opposition) a postponement of the Court-ordered deadline of June 1, 2006 for such notice.

The only case cited by plaintiffs to support their "waiver" argument -- *Schwarzschild v. Tse*, 69 F.3d 293 (9th Cir. 1995) -- actually refutes their argument. That case simply held that (under the old version of Rule 23(c)(2)), if a defendant *won* summary judgment prior to the issuance of class notice, then the case was no longer being "maintained" and class notice was not required. *Id.* at 295-96. That case is inapposite for many reasons: (i) Wyeth has not yet "won" summary judgment -- Wyeth has simply filed a motion for summary judgment; (ii) the *Schwarzschild* case is no longer good law, because it was based on an interpretation of language in old Rule 23(c)(2) that no longer exists in the current version of the Rule; (iii) even the *Schwarzschild* case expressly acknowledged that "notice must be sent *before* a judgment has been granted" when the defendant asks for notice to be sent, *id.* at 296 (emphasis in original), and that "district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified," *id.* at 295; and (iv) no case subsequent to *Schwarzschild* has construed it to mean that the right to class notice is waived before a summary judgment motion has been decided. *See, e.g., In re Farmers Ins. Co.*, 2006 WL 1042499, at *2 (noting that the court in *Schwarzschild* held that class

notice was unnecessary "when defendants *obtain* summary judgment before [the] class has been certified or notified") (citing *Schwarzschild*, 69 F.3d at 297) (emphasis added)).

It would be wasteful and inefficient for a case -- like this one -- to be certified as a class action, litigated for five years, and then resolved on summary judgment *without* notifying the class. In order for a ruling on the merits to be binding on all parties -- defendant and plaintiffs alike -- issuance of class notice (and the expiration of any opt-out period pursuant to such notice) should occur prior to a resolution of Wyeth's pending motion for summary judgment.

## CONCLUSION

Wyeth respectfully requests that the Court reinstate a deadline for class notice in this case prior to ruling on Wyeth's pending motion for summary judgment.

Respectfully submitted,

OF COUNSEL:

Dan K. Webb
W. Gordon Dobie
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
(312) 558-5600

Douglas L. Wald
David S. Eggert
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
(202) 942-5000

Dated: August 22, 2006

/s/ Grant S. Cowan
Grant S. Cowan (0029667)
**FROST BROWN TODD LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202-4182
(513) 651-6745
Trial Attorneys for Defendants

DC#1678212v.3

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Janet Gilligan Abaray | Mark R. Merley |
| James Ralph Adams | Dianne M. Nast |
| William J. Baer | Amber M. Nesbitt |
| Peggy M. Balesteri | Son B. Nguyen |
| Steve W. Berman | Andrew Bennett Spark |
| Patrick E. Cafferty | Craig R. Spiegel |
| Joseph Edward Conley, Jr. | Asim Varma |
| Jennifer Fountain Connolly | Douglas L. Wald |
| Grant Spencer Cowan | Brooke B. Ward |
| W. Gordon Dobie | Dan K. Webb |
| David S. Eggert | Brian D. Werner |
| Elizabeth Fegan Hartweg | Kenneth A. Wexler |
| Ralph L. Friedland | |

and I hereby certify that I have mailed by first-class U.S. Mail, postage prepaid, the document to the following non-CM/ECF participants:

Samuel D. Heins
Alan Gilbert
Babara Felt
Heins Mills & Olson PLC-1
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Anthony J. Sievert
One North LaSalle Street
Suite 2000
Chicago, IL  60602

Dated:  August 22, 2006

/s/ Grant S. Cowan

Grant S. Cowan