**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, | ) | Magistrate Judge Timothy S. Hogan |
| INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO EXTEND THE TIME FOR SETTING A BRIEFING SCHEDULE ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

During the August 4 telephonic hearing, this Court stated that all sides to this litigation "have rights and deserve the fair treatment of the Court." *See* Transcript of Proceedings before the Honorable Sandra S. Beckwith, Chief Judge, at 22, Ex. A. Defendants' briefs ignore that dictate. Equities must be afforded to the absent Class as well as Defendants. Namely, since Defendants obtained summary judgment in their favor in *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.,* No. 1:01-CV-704, 2005 WL 1396940 (S.D. Ohio June 13, 2005) ("*JBDL*"), Defendants have engaged Plaintiffs in a series of purportedly serious settlement negotiations, only to use those negotiations against Plaintiffs in nearly every pleading they have filed before this Court, which has had the effect of contorting the nature of the parties' negotiations in an effort to create the false impression that Plaintiffs' prosecution of this action and provision of class notice have been unjustifiably dilatory and protracted. Nothing could be further from the truth.

While, in order to protect the Class (because at times Defendants have threatened to cut off settlement negotiations if they were disclosed), Plaintiffs have resisted at every turn discussing the parties' ongoing settlement negotiations, Defendants' Opposition has put Plaintiffs in the position of being forced to do so. Defendants should not be able to on one hand repeatedly tell Plaintiffs that they intend to resolve this case through mediation, while on the other advise this Court that it should not take those discussions seriously and instead order Plaintiffs to respond to Defendants' motion for summary judgment (and to issue an unnecessary and costly notice in this case). Defendants' request to set a briefing schedule for their summary judgment motion should be denied. To hold otherwise would make a mockery of this Court's instruction to "work something out" since Plaintiffs, at significant expense of time and money, are trying to do just that. Given these facts, which Defendants deliberately seek to obscure, Plaintiffs' motion to extend the summary judgment briefing schedule should be granted.

Defendants oppose Plaintiffs' request for a purported "indefinite" deferral of the deadline to respond to Defendants' motion for summary judgment. But Defendants know that Plaintiffs' request is not for an indefinite extension; instead, Plaintiffs seek only an extension long enough to participate in mediation before Judge Infante – scheduled for August 30, a mere seven days away. Defendants' Opposition asks this Court to ignore the parties' pending mediation – which the parties have scheduled for eight hours and for which they have collectively paid $10,000 – because, Defendants claim, "the prospect of any such global settlement is sufficiently unlikely that it provides no basis for any stay of deadlines in *Ferrell*." *Id.* at 2. Defendants do not explain why a resolution is sufficiently unlikely to occur, and misrepresent that the reason the parties are mediating *Ferrell* before Judge Infante *is because Defendants are insisting that the parties do so.* Defendants even suggested Plaintiffs invite to the mediation Dennis Johnson, counsel in the

2

*Deyo* Vermont action who sought to intervene here. Clearly Defendants' actions are inconsistent with the notion that a global settlement is "unlikely."

On August 1, 2005, several months after winning summary judgment in *JBDL*, *Defendants* initially approached Plaintiffs about potentially settling this case, as well as the parallel case pending in California state court, *Blevins v. Wyeth-Ayerst Labs., Inc. & American Home Prods. Corp.*, San Francisco, California Superior Court (Case No. 324380) (hereinafter *"Blevins"*). *See* Declaration of Kenneth A. Wexler ¶ 2 ("Wexler Decl."), Ex. B. Although Plaintiffs' litigation position in this case was substantially undermined by the summary judgment ruling in the coordinated *JBDL* action, Plaintiffs' counsel, as fiduciaries of the Class, were obligated to make every effort to achieve a beneficial result for the Class. Therefore, Plaintiffs began substantial and comprehensive settlement negotiations with Defendants. In order to give the Court a picture of the length and substance of those discussions, they are set forth in detail in the attached Wexler Declaration.

These discussions have continued up to and including a few days ago. Specifically, pursuant to this Court's direction that the parties "work something out" with regard to plaintiffs' motion for voluntary dismissal, Plaintiffs' counsel contacted Defendants' counsel to ask them if Plaintiffs' motion could be resolved through agreement. Wexler Decl. ¶ 15. Defendants' counsel indicated that they would not and specifically stated that they believed these issues had to be addressed at an August 30 mediation scheduled to occur before (Ret.) Hon. Edward Infante in the *Blevins* action. *Id.* For this reason, Plaintiffs filed the Motion for Extension of Briefing Schedule on Defendants' Motion for Summary Judgment Pending Conclusion of Mediation Before Judge Infante. Defendants' Opposition (at 1) states that:

> The *Blevins* mediation session provides no basis for excusing
> plaintiffs from their obligation to respond to Wyeth's summary

judgment motion in this case, and certainly has nothing to do with plaintiffs' motion for voluntary dismissal in this case.

***This claim is absolutely false***.  Defendants specifically told Plaintiffs that they would only discuss settlement if the parties could discuss a resolution that would give Defendants global peace.  Wexler Decl. ¶ 15.  Therefore, the mediation is entirely relevant to plaintiffs' motion for voluntary dismissal.  Plaintiffs are not seeking to postpone briefing summary judgment because of some preliminary settlement talks; they are seeking to do so because the parties have been engaged in substantial discussions for over a year and are hopeful that with Judge Infante's guidance and expertise, the parties will be able to finally draw these negotiations to a successful conclusion.[1]

WHEREFORE Plaintiffs respectfully request that this Court GRANT Plaintiffs' motion to extend time for briefing summary judgment.

Dated: August 23, 2006                                        Respectfully submitted,


                                                              /s/ Joseph E. Conley, Jr.
                                                              One of Plaintiffs' attorneys

Janet G. Abaray                                               Joseph E. Conley, Jr.
LOPEZ, HODES, RESTAINO                                        BUECHEL & CONLEY
MILMAN, SKIKOS & POLOS                                        25 Crestview Hills Mall Road
312 Walnut Street, Suite 2090                                 Suite 104
Cincinnati, OH  45202                                         Crestview Hills, KY  41017
(513) 852-5600                                                (859) 578-6600

***Co-Liaison Counsel for End-Payor Plaintiffs***

---

[1]  It is axiomatic that the law generally favors the settlement of complex class actions. *See Worthington v. CDW Corp*., No. C-1-03-649, 2006 U.S. Dist. LEXIS 32100 at \*9 (S.D. Ohio May 22, 2006) (citing *Franks v. Kroger Co*., 649 F.2d 1216, 1224 (6th Cir. 1981)); *see also* 2 Herbert Newberg & Alba Conte, Newberg on Class Actions, § 11.41 (3d ed. 1992).

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE  LLP
One N. LaSalle Street, Suite 2000
Chicago, IL  60602
(312) 346-2222

Samuel D. Heins
Stacey L. Mills
HEINS MILLS & OLSON, P.C.
3550 IDS Center, 80 S. Eighth Street
Minneapolis, MN  55402
(612) 338-4605

Steve W. Berman
Craig R. Spiegel
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

*Co-Lead Counsel for Plaintiffs*

Marc H. Edelson
HOFFMAN & EDELSON
45 W. Court Street
Doylestown, PA  18901
(215) 230-8043

Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI  48104
(734) 769-2144

## CERTIFICATE OF SERVICE

I, Jennifer Fountain Connolly, hereby certify that I caused copies of the foregoing Plaintiffs' Reply in Support of Their Motion to Extend the Time for Setting a Briefing Schedule on Defendants' Motion for Summary Judgment to be served on:

*Counsel for Defendants:*

W. Gordon Dobie
**Winston & Strawn**
35 W. Wacker Drive
Chicago, IL  60601
*Via ECF & E-Mail*

David Eggert
**Arnold & Porter**
555 Twelfth Street, N.W.
Washington, DC  20004
*Via ECF & E-Mail*

*Counsel for Plaintiffs:*

Patrick E. Cafferty
**Miller Faucher & Cafferty LLP**
101 N. Main Street, Suite 450
Ann Arbor, MI  48104
*Via E-Mail*

Marc H. Edelson
**Hoffman & Edelson, LLC**
45 W. Court Street
Doylestown, PA  18901
*Via E-Mail*

Jennifer Winter Sprengel
**Miller Faucher & Cafferty LLP**
30 N. LaSalle Street
Suite 3200
Chicago, IL  60602
*Via E-Mail*

Steve W. Berman
Craig Spiegel
**Hagens Berman Sobol Shapiro LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
*Via E-Mail*

Stacey L. Mills
**Heins Mills & Olson, P.L.C.**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN  55402
*Via E-Mail*

Christine G. Pedigo
**Finkelstein Thompson and Loughran**
601 Montgomery Street, Suite 665
San Francisco, CA 94111
*Via E-Mail*

before 5:00 p.m. on this 23rd day of August, 2006.

 /s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly