**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, | ) | Magistrate Judge Timothy S. Hogan |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO WYETH'S MOTION TO REINSTATE
DEADLINE FOR IMPLEMENTATION OF CLASS NOTICE**

This Court should not require Plaintiffs to issue notice to the Class at this juncture. Ordering notice to be disseminated would simply impose an unnecessary and expensive burden on Plaintiffs, while in turn failing to accomplish the purpose for which class notice is required under the Federal Rules – to describe the action and the plaintiffs' rights in it.

The basis of Defendants' claim is that, if this Court does not now issue notice, the purpose of issuing notice before a ruling on a dispositive motion – to avoid one-way intervention, will be thwarted.[1]  But ordering notice in this case would turn that purpose on its head:  it is a virtual certainty that Defendants will prevail on summary judgment for the same reasons this Court granted summary judgment in *JBDL*.  Indeed, this is the very reason

---

[1] Defendants rely on *Bedel v. Thompson*, No. 91-3448, 1992 U.S. App. LEXIS 3751 (6th Cir. Mar. 4, 1992); *Cohen v. Office Dept, Inc.*, 204 F.3d 1069, 1078 (10th Cir. 2000); *In re Farmers Ins. Co., Inc. FCRA Litig.*, No. CIV-03-158-F, MDL 1564, 2006 U.S. Dist. LEXIS 27293 (W.D. Okla. Apr. 13, 2006); and *Peritz v. Liberty Loan Corp.*, 523 F.2d 349 (7th Cir. 1975).  However, those cases simply reiterate the language in Fed. R. Civ. P. 23(c)(2) that class notice must issue after a class is certified; however, none of those cases deal with the complex factual scenario here.

Defendants filed their summary judgment motion while Plaintiffs' motion for voluntary dismissal with prejudice was still pending. Asking the Court to issue notice at this point is, in actuality, asking this Court to give Defendants the same relief they would receive if Plaintiffs were permitted to voluntarily dismiss their claims, but at a substantially greater – and entirely unnecessary – cost to Plaintiffs.[2]

> The purpose of notice to the class is to
>
> describe the action and the plaintiffs' rights in it. Additionally, we hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusion" form to the court."

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). However, since summary judgment has been granted in *JBDL*, (which amounts to *de facto* summary judgment in this case), Wyeth seeks to force notice to the Class not for purposes of *informing* class members of their rights, but for purposes of springing a summary judgment trap on them (on the paper thin premise that summary judgment has not been granted yet *in this case*). Incurring the expense of notice to simply force absent class members to make the opt-out decision for *themselves* is unnecessary and unjustifiable.

In making this analysis, it must be remembered that the *JBDL* action and this action were coordinated for pre-trial purposes and the evidence developed was available for both cases. Amended Case Management Order No. 1, provided as one of its premises:

---

[2] Plaintiffs respectfully submit that the two decisions referenced by the Court during the August 4 hearing – *Brooks v. State Bd. of Elections*, 173 F.R.D. 547 (S.D. Ga. 1997) and *Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994), are not applicable here. In *Brooks* the plaintiff sought voluntary dismissal *without* prejudice after nine years of actively litigating a case. The *Grover* decision likewise involved a dismissal *without* prejudice. Indeed, the Court even held that the source of prejudice to the defendant was the dismissal being without prejudice. 33 F.3d at 719 ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case **without prejudice**") (emphasis added).

> WHEREAS, *in order to promote judicial economy and avoid duplication*, the Court finds that it would be appropriate to provide for consolidation of the above-captioned actions *J.B.D.L. Corp.* and *McHugh Pharmacy* and any subsequently filed Direct Purchaser actions, consolidation of the above-captioned actions *Ferrell* and *Forgue* and any subsequently filed End Payor actions, *and for the coordination of the Direct Purchaser and End Payor actions* ("Coordinated Action") and for separate organization of Direct Purchaser Plaintiffs' counsel and End Payor Plaintiffs' counsel;

Am. Case Management Order No. 1 [Doc. No. 34] at 2 (emphasis added). Accordingly, the Court ordered that:

> The Direct Purchaser Actions and the End-Payor Actions shall be coordinated for pre-trial purposes jointly (the "Coordinated Action"). The Coordinated Action shall be referred to collectively as "*In re J.B.D.L. and Ferrell Litigation*."

*Id.* ¶3.[3]

Because the *JBDL* summary judgment decision is based on the same underlying evidence that is at issue in this case, it is not just some adverse precedent that Plaintiffs must overcome. For all practical purposes, the decision signifies defeat for Plaintiffs here, unless the Court reverses its own reasoning or the decision is reversed by the Sixth Circuit (a matter that remains pending).[4] Rule 1 provides that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Thus, if Plaintiffs are going to lose in this Court based on the reasoning of the *JBDL* decision, equity dictates that they not be forced to incur the unnecessary and significant expense of class notice.

---

[3]    In pharmaceutical cases, coordinated class actions by direct and indirect purchasers are common, though they usually proceed on the same track so that they either sink or swim together. *See, e.g., In re Cardizem CD Antitrust Litig.*, 332 F.3d 896 (6th Cir. 2003); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 363 F. Supp. 2d 514 (E.D.N.Y. 2005).

[4]    The denial of Plaintiffs' motion for a stay on October 21, 2005 [Doc. No. 140], has removed the option of awaiting the outcome of *JBDL* in the Sixth Circuit.

With summary judgment virtually in-hand, Wyeth – which had previously sought to appeal this Court's class certification ruling – now embrace class certification and seeks to have the *de facto* summary judgment in its favor imposed on the Class as a whole.  Plaintiffs do not fault Wyeth for seeking such relief, but Plaintiffs and their counsel have a fiduciary obligation to act in the best interest of the Class, not Wyeth.  Should the *JBDL* action be reversed by the Sixth Circuit, absent class members could theoretically bring *individual* claims.[5]   Given the obstacles facing this litigation, this is perhaps the best outcome for the class members that remains achievable.[6]

---

[5]   Defendants' purported concern about facing other class actions arising out of this these underlying circumstances is specious.  First, this Court denied class certification for approximately 70% of the class Plaintiffs sought, yet no other class actions were filed in these states — and that was before the *JBDL* ruling.  The suggestion that Defendants will be inundated with class actions filed by absent class members after the *JBDL* action is not plausible.  Second, even if *JBDL* is reversed on appeal, it is highly unlikely that absent class members could bring additional class actions here.  Pursuant to the class action tolling doctrine of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the statutes of limitations for the *individual* claims of any absent Class members have been tolled from July 6, 2001, the date the initial class action was filed [Doc. No. 1], until the date of this order.  *Andrews v. Orr*, 851 F.2d. 146, 148-49 (6th Cir. 1988), however, provides that *American Pipe* tolling does not apply for purposes of initiating a *new class action*.  Moreover, these hypothetical class actions could not be filed in a more favorable forum, as Defendants have suggested.  The Class Action Fairness Act now provides for removal jurisdiction, 28 U.S.C. § 1332(d)(2), and any attempt at a class action in state court will surely end up in this Court.

[6]   While absent class members will clearly be prejudiced if they receive notice and fail to opt out (since summary judgment will be granted against them), that similar actions might be brought in the future against Defendants clearly does not, as a matter of law, constitute "plain legal prejudice"  *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).   Indeed, "the courts have consistently held that plain legal prejudice does *not* result simply when defendant faces the prospect of a second lawsuit on the identical issues."  *B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (N.D. Ohio 1985); *Grover*, 33 F.3d at 718 (juxtaposing "plain legal prejudice" standard with the "mere prospect of a second lawsuit"); *Luckey v. Butler County*, No. 1:05CV388, 2006 WL 91592, at *2 (S.D. Ohio Jan. 13, 2006) ("[P]laintiff's 41(a)(2) motion is not per se improper simply because the plaintiff seeks leave to re-litigate the case in some other forum."); *see also Hanson v. Financial Systems, Inc.*, No. Civ. 04-3059-CO, 2005 WL 773198, at *1 (D. Ore. April 5, 2005) ("Plain legal prejudice does not result to a defendant from the prospect of a second lawsuit or from a missed opportunity for a legal ruling on the merits, but may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable."); *Davenport v. Gerber Prods. Co.*, CIV. A. No. 87-3198, 1989 WL 147550, at *1 (E.D. Pa. Dec. 6, 1989) (holding that even though "defendants…have already incurred considerable expenses in the preparation for trial of this matter…it is well settled that the mere prospect of a second litigation of the same subject matter does not constitute sufficient prejudice to the defendant to warrant denial of a motion for voluntary dismissal."); *Environ Products, Inc. v. Total Containment, Inc.*, No. No.

Defendants claim that "[t]he only reason class notice has not been issued already is because plaintiffs sought and obtained (over Wyeth's opposition) a postponement of the Court-ordered deadline of June 1, 2006 for such notice."  Wyeth's Motion [Doc. No. 171], at 4.  This claim is likewise false.  This Court entered its original class certification order on June 30, 2004 [Doc. No. 100].  After further briefing, the Court issued a supplemental order that required Plaintiffs to identify representatives for subclasses 1, 5 and 6 within thirty days of entry of that Order.  [Doc. No. 118]  The Court likewise held that Defendants would have the opportunity to challenge the adequacy of any newly-identified representative.  Subsequently, on March 4, 2005 Plaintiffs identified Mary D. Duda, a New Mexico resident, and Mary Seaworth, a South Dakota resident, as proposed representatives for Subclass 1.  Plaintiffs were unable to locate a consumer representative for Subclass 5, although we identified UFCW as a third party payor representative for that Subclass.[7]

In addition, on July 15, 2004 Defendants filed an application to appeal this Court's class certification order to the Sixth Circuit pursuant to Fed. R. Civ. P. 23(f).  That application was denied by the Sixth Circuit on November 8, 2004.  Further, though Plaintiffs repeatedly advised Defendants that they could not send out notice until the Court had identified the representatives for each subclass, Defendants significantly delayed taking the depositions of those additional subclass representatives.  Indeed, *Defendants* canceled the depositions of Mary Seaworth and Mary Duda previously scheduled for June 2005.  *See* May 23, 2005 and May 24, 2005 e-mails to Jennifer Fountain Connolly from Son Nguyen, Ex. A hereto.  Defendants did not approach Plaintiffs again about those depositions until November 2005.  *See* Ex. B hereto.  Defendants

CIV. A. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) (rejecting defendant's "purely speculative" claims of prejudice).

[7]  Seven days later Plaintiffs moved to identify Dorothy Berg as an additional Subclass 1 consumer representative, but the Court denied that motion on March 31, 2005.

5

finally took the deposition of Mary Duda on December 15, 2005 and Mary Seaworth on February 1, 2006. However, even though this Court had explicitly permitted Defendants to later challenge the adequacy of these proposed class representatives, after this Court granted summary judgment in *JBDL*, Defendants were no longer interested in opposing class certification because they wanted to bind the class to a summary judgment ruling they anticipated would be issued in this case as well.

Moreover, as Plaintiffs discussed during the August 4 telephonic conference, Defendants have waived the right to have notice issue by filing their motion for summary judgment. Defendants attempt to distinguish Plaintiffs' authority cited during that conference, *Schwarzschild v. Tse*, 69 F.3d 293 (9th Cir. 1995), on the grounds that (1) Wyeth has not yet "won" summary judgment; (2) *Schwarzschild* is no longer good law because it relies on a prior version of Fed. R. Civ. P. 23(c)(2); and (3) *Schwarzschild* itself says that notice must be sent before a judgment is entered. All of these arguments fail.

First, it is disingenuous to suggest that Wyeth has not yet won summary judgment. Wyeth has already been granted summary judgment in the direct purchaser action that was coordinated for pre-trial purposes with this action. Under these circumstances, the outcome of Defendants' summary judgment motion here is hardly in doubt. It is merely a formality for this Court to enter summary judgment in this case on the same grounds that it did in *JBDL*. Second, Defendants claim that the version of Fed. R. Civ. P. 23(c)(2) at issue in *Schwarzschild* is different than the version currently in effect now. While that is technically the case, Defendants fail to explain why those differences (compared in the chart below) – which have nothing to do with the *timing* of class notice – should deter this Court from following *Schwarzschild*.

| Fed. R. Civ. P. 23(c)(2) in *Schwarzschild* | Current Fed. R. Civ. P. 23(c)(2)(B) |
|---|---|
| In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.   The notice shall advise each member that (A) the court will exclude the member of the class if the member so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion;  and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel. | For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:        *    the nature of the action,        *  the definition of the class certified,        *  the class claims, issues, or defenses,        *  that a class member may enter an appearance through counsel if the member so desires,        *  that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded,                                       and        *  the binding effect of a class judgment on class members under Rule 23(c)(3). |

Third, Defendants' reliance on *Schwarzschild's* language that provides that notice must issue

before a judgment is entered is misplaced, because the Court specifically held that that language

should not in all cases be considered mandatory.  The Court held that:

> Defendants also assert that the mandatory language of rule 23(c) makes clear that the rule was intended to be applied even after a judgment on the merits has been rendered.   In essence, they ask us to conclude that notice is mandatory after a judgment on the merits has been rendered merely because the rule states that notice is mandatory *before* such a judgment has been entered.  However, the history and the text of the rule belie the defendants' contention. that the rule was designed to be invoked after a judgment has been granted on the merits.  *See supra* p. 296**.   Thus, the statement in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), that notice to class members is an unambiguous, non-discretionary requirement of Rule 23 in no way affects our determination.**  *Id.* at 176, 94 S.Ct. at 2152.

*Id.* at 296 n.2 (emphasis added).  Since the *Schwarzschild* holding supports Plaintiffs' contention

that Defendants, by filing a *fait accompli* summary judgment motion, have waived the right to

notice, Rule 23(c)(2)'s "mandatory" language is irrelevant.

Finally, Defendants state that this Court should order Plaintiffs to issue notice based on Defendants' mantra that they have litigated this case for five years and therefore somehow deserve to have summary judgment against the Class.[8]  However, Defendants' "litigation" of **this** case (as opposed to the competitor *Duramed* case and the *JBDL* case) has consisted of:  (1) filing a motion to dismiss (which this Court denied in June 2004); (2) opposing class certification (which Defendants now embrace); (3) appealing this Court's class certification order (which Defendants now support); (4) taking the depositions of plaintiffs' proposed subclass representatives (whose adequacy Defendants do not now challenge); (5) opposing Plaintiffs' motion to stay this proceeding pending the result of the *JBDL* appeal; (6) opposing Plaintiffs' efforts to extend case management deadlines; (7) filing a summary judgment motion that is substantially identical to their *JBDL* motion supported by expert reports that are mere copycat reports from those they submitted in *JBDL*; and (8) deliberately filing that motion some two months after Plaintiffs' motion to voluntarily dismiss was pending.  This is not litigation deserving of a "reward" of a judgment against the Class, but gamesmanship – plain and simple – especially where Plaintiffs have already offered to dismiss their claims with prejudice.[9]

---

[8]  Orders granting voluntary dismissal are routinely granted despite the progress of the litigation. *See* Order of Voluntary Dismissal, *In re Northwest Airlines Corp. Antitrust Litig.*, Master File No. 96-74711 (E.D. Mich. Aug. 21, 2006), Ex. ___ (granting request to voluntarily dismiss after ten years of litigation, a class was certified and notice was disseminated).

[9]  There is likewise simply no authority that supports requiring Plaintiffs to issue notice when the class representatives have stated that they no longer wish to continue pursuing this litigation.  *See Payne v. Travenol Labs., Inc.*, 673 F.2d 798, 813 (5th Cir. 1983) )(after provisionally certifying a class, the court later concluded that the African American male representative was inadequate and did not allow notice seeking another class representative because, "[o]nly if the black males had received notice of their initial inclusion in the class, had relied on the class suit to protect their rights, and would be prejudiced as a practical matter by exclusion from the class might the district court be obligated to take some action to safeguard their interests.  Here, there is no showing that black males relied to their detriment on the district court's provisional inclusion of them in the class. In the absence of such a showing, we decline to hold that the district court abused its discretion in failing to give them notice." (internal citation omitted)). *See also Deakins v. Monaghan*, 484 U.S. 193, 200-01 (1988) ("Relying upon the representations of respondents' counsel at oral argument that all six respondents have no continuing interest in the federal

WHEREFORE Plaintiffs respectfully request that this Court DENY Wyeth's Motion to Reinstate Deadline for Implementation of Class Notice.

Dated: August 23, 2006                              Respectfully submitted,


                                                     /s/ Joseph E. Conley, Jr.
                                                    One of Plaintiffs' attorneys

Janet G. Abaray                                     Joseph E. Conley, Jr.
LOPEZ, HODES, RESTAINO                              BUECHEL & CONLEY
MILMAN, SKIKOS & POLOS                              25 Crestview Hills Mall Road
312 Walnut Street, Suite 2090                       Suite 104
Cincinnati, OH  45202                               Crestview Hills, KY  41017
(513) 852-5600                                      (859) 578-6600

*Co-Liaison Counsel for End-Payor Plaintiffs*

Kenneth A. Wexler                                   Marc H. Edelson
Jennifer Fountain Connolly                          HOFFMAN & EDELSON
WEXLER TORISEVA WALLACE  LLP                        45 W. Court Street
One N. LaSalle, Suite 2000                          Doylestown, PA  18901
Chicago, IL  60602                                  (215) 230-8043
(312) 346-2222

Samuel D. Heins                                     Patrick E. Cafferty
Stacey L. Mills                                     MILLER FAUCHER & CAFFERTY LLP
HEINS MILLS & OLSON, P.C.                           101 N. Main Street, Suite 450
3550 IDS Center, 80 South Eighth Street             Ann Arbor, MI  48104
Minneapolis, MN  55402                              (734) 769-2144
(612) 338-4605

Steve W. Berman
Craig R. Spiegel
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 5TH Avenue, Suite 2900
Seattle, WA  98101

---

adjudication of their claims for equitable relief, the equitable claims of all respondents should be dismissed with prejudice.").

## CERTIFICATE OF SERVICE

I, Jennifer Fountain Connolly, hereby certify that I caused copies of the foregoing Plaintiffs' Response in Opposition to Wyeth's Motion to Reinstate Deadline for Implementation of Class Notice to be served on:

*Counsel for Defendants:*

W. Gordon Dobie
**Winston & Strawn**
35 W. Wacker Drive
Chicago, IL 60601
*Via ECF & E-Mail*

David Eggert
**Arnold & Porter**
555 Twelfth Street, N.W.
Washington, DC 20004
*Via ECF & E-Mail*

*Counsel for Plaintiffs:*

Patrick E. Cafferty
**Miller Faucher & Cafferty LLP**
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
*Via E-Mail*

Marc H. Edelson
**Hoffman & Edelson, LLC**
45 W. Court Street
Doylestown, PA 18901
*Via E-Mail*

Jennifer Winter Sprengel
**Miller Faucher & Cafferty LLP**
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602
*Via E-Mail*

Steve W. Berman
Craig Spiegel
**Hagens Berman Sobol Shapiro LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
*Via E-Mail*

Stacey L. Mills
**Heins Mills & Olson, P.L.C.**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402
*Via E-Mail*

Christine G. Pedigo
**Finkelstein Thompson and Loughran**
601 Montgomery Street, Suite 665
San Francisco, CA 94111
*Via E-Mail*

before 5:00 p.m. on this 3rd day of August, 2006.

 /s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly