## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) | Magistrate Judge Timothy S. Hogan |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("the Settlement Agreement" or "Settlement"), dated December 29, 2006, is made and entered into by and among Plaintiffs (as defined below), on behalf of themselves and all members of the Class as certified in this Litigation, and Defendants (as defined below). This Settlement Agreement is intended by Plaintiffs and Defendants to fully, finally and forever compromise, resolve, discharge and settle the above-captioned case, subject to the terms and conditions of the Settlement Agreement as follows:

## RECITALS

WHEREAS, subject to the definitions set forth in this Settlement Agreement:

A.    Plaintiffs, on behalf of themselves and others similarly situated, have filed the following case that is currently pending in the United States District Court for the Southern District of Ohio: *In Re Premarin Antitrust Litigation*: *Marjorie Ferrell, et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Civil Action No. C-1-01-447.

B.     The Parties have engaged in settlement discussions, including a mediation on August 30, 2006 and a teleconference on December 14, 2006 before retired federal Judge Edward A. Infante, whose efforts and recommendation led to this Settlement Agreement.

C.     Taking into account the risks and hazards of further litigation, including the summary judgment decision in the related litigation *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-704, 2005 WL 1396940 (S.D. Ohio June 13, 2005), Lead Counsel has determined that it is in the best interest of the Class to settle the Litigation on the terms and conditions described herein.  In entering into this Settlement, Lead Counsel has taken into account the uncertain outcome and the risk of any litigation, including the inherent problems of proof and possible defenses to the claims asserted in the Litigation, but specifically the risks of proceeding with the Litigation when the *J.B.D.L.* decision, which granted summary judgment in favor of these same Defendants, was based on a nearly identical Complaint that alleged the same facts and legal theories as this Litigation.   Lead Counsel also recognizes and acknowledges the expense, risk and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and appeals.  In particular, Lead Counsel recognizes that although the Sixth Circuit Court of Appeals may eventually reverse the *J.B.D.L.* decision, that is extremely unlikely to occur in the near future (if ever), and the scheduling order entered by this Court requires Plaintiffs to complete briefing summary judgment and be prepared for trial in early 2007.  Therefore, there is a high likelihood that summary judgment would be granted against the Class prior to the Sixth Circuit's decision in *J.B.D.L.*  Lead Counsel has determined that the Settlement set forth in this Settlement Agreement is fair, reasonable and adequate and in the best interests of the Class.

D.     Defendants in the Litigation have denied and continue to deny all allegations of

wrongdoing or liability or damage to the Plaintiffs and the Class, and contend that at all times they acted properly. Nevertheless, they desire to settle and terminate the claims of the Plaintiffs and the Class so as to avoid lengthy and time-consuming litigation and the burden, inconvenience and expense connected therewith, and to finally put to rest all claims relating to the Litigation, without in any way acknowledging any fault or liability. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability or wrongdoing of or by them, or any of them, or of or by any other Person.

NOW THEREFORE, without any admission or concession of any liability or wrongdoing or lack of merit in their defenses whatsoever by Defendants, it is hereby stipulated and agreed, by and between the Parties, subject to approval by the United States District Court for the Southern District of Ohio pursuant to Rule 23 of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties, that all Released Claims (as defined herein) as against all Released Parties (as defined herein) shall be compromised, settled, released and dismissed with prejudice, and without costs (except as provided in paragraph 12 below), upon and subject to the following terms and conditions:

**DEFINITIONS**

1.    In addition to the terms defined elsewhere herein, as used in this Settlement Agreement, the following terms shall have the following meanings:

a.    "Court" means the United States District Court for the Southern District of Ohio.

b.    "California Court" means the Superior Court of the State of California in and for the County of San Francisco in the California Litigation.

c.    "California Litigation" means Premarin Cases, JCCP No. 4389: *Blevins, et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Case No. 324380, Superior Court of the State of California in and for the County of San Francisco, commenced on September 7, 2001.

d.    "Class" means "End Payors" (*i.e.*, the last persons and entities in the chain of distribution) in certain states (listed below) who purchased or reimbursed for purchases of Premarin®, other than for resale, at any time from March 24, 1999 (and from October 1, 1999 with respect to Nevada, for which a class has been certified with respect to Third-Party Payors only and not Consumers) up to the date of entry of the Preliminary Approval Order, as defined in the Court's Class Certification Orders of June 30, 2004 and February 2, 2005. The Class is comprised of five subclasses, which consist of: (a) consumers who purchased Premarin® ("Consumers"); and (b) third-party payors who reimbursed Consumers for the cost of Premarin® or paid for Premarin® on behalf of such Consumers ("Third-Party Payors"). The five subclasses certified by the Court are as follows:

(1)    a subclass of individual Consumers in Arizona, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, West Virginia and Wisconsin;

(2)    a subclass of Third-Party Payors in Arizona, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, West Virginia and Wisconsin;

(3)    a subclass of Consumers in Florida, Vermont and Massachusetts;

(4)    a subclass of Third-Party Payors in Florida, Vermont and Massachusetts; and

(5)     a subclass of Third-Party Payors in Nevada.

Excluded from all subclasses are any consumer who paid a fixed cost, or "flat co-pay," to purchase Premarin®, as well as any consumer who was fully insured or fully reimbursed for such purchases. *See* June 30, 2004 and February 2, 2005 Class Certification Orders in the Litigation.

   e.     "Class Member" means a Person who falls within the definition of the Class and who did not validly and timely request exclusion from the Class in accordance with the terms of the Notice.

   f.     "Class Period" means the period of time beginning on March 24, 1999 (and on October 1, 1999 with respect to Nevada) through the Court's entry of the Preliminary Approval Order.

   g.     "Defendants" means Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation).

   h.     "Effective Date" means the date upon which the Judgment has become Final.

   i.     "Escrow Account" means a segregated account at the Escrow Agent into which the Settlement Fund will be paid pursuant hereto, invested and ultimately disbursed pursuant hereto and to Court order, as applicable.

   j.     "Escrow Agent" means Charter One Bank, 71 S. Wacker Drive, 29th Floor-IH2945, Chicago, Illinois 60606, as further set forth in the Escrow Agreement attached as Exhibit A hereto.

k.     "Fairness Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable and adequate and should be approved.

l.     "Final" means the later of: (a) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to the grant; or (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (c) if no appeal is filed, the date of expiration of time for the filing or noticing any appeal from the Court's Judgment approving the Settlement, *i.e.*, thirty (30) days after notice of entry of the Judgment.

m.     "Judgment" means the judgment to be rendered by the Court dismissing the Litigation with prejudice, substantially in the form of the Final Judgment and Order of Dismissal attached hereto as <u>Exhibit B</u>.

n.     "Lead Counsel" means the following firms:  Wexler Toriseva Wallace LLP; Heins Mills & Olson, P.L.C.; Miller Faucher and Cafferty LLP; and Hoffman & Edelson, LLC.

o.     "Litigation" or "Class Action" means the class action currently pending in the United States District Court for the Southern District of Ohio entitled *Marjorie Ferrell, et al. v. Wyeth-Ayerst Laboratories, Inc., et al.*, Civil Action No. C-1-01-447, including all End Payor Actions that have been consolidated pursuant to the Amended Case Management Order No. 1, dated January 9, 2002, and the Order dated January 28, 2002.

p.      "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, Motion for Costs, and Settlement Hearing, which is to be sent to the Class substantially in the form attached hereto as <u>Exhibit C(2)</u>.

q.      "Notice Administrator" means a person or entity that the Parties may (but are not required to) select to implement the Notice approved by the Court and to distribute the Settlement Fund.

r.      "Notice and Administration Expenses" means all reasonable costs and expenses of providing notice to the Class and administering the Settlement, including but not limited to costs associated with the printing and mailing of the Notice, payment to the Notice Administrator, payment to the Escrow Agent, and other actual costs or expenses incurred by any Notice Administrator in connection with carrying out the terms and conditions of the Settlement Agreement, but not including taxes or attorneys' fees, costs and related expenses.

s.      "Parties" means Defendants, and Plaintiffs on behalf of themselves and the Class Members.

t.      "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization, limited liability company, limited liability partnership, and any other type of legal entity, and their heirs, predecessors, successors, representatives and assigns.

u.      "Plaintiffs" means Marjorie Ferrell, Mary D. Duda, Mary Seaworth, United Food & Commercial Workers Midwest Health Benefits Fund, and Twin Cities Bakery Workers Health & Welfare Fund.

v.      "Plaintiffs' Counsel" means Lead Counsel and any other attorneys and firms representing Plaintiffs and Class Members in the Litigation.

w.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit C.

x.    "Released Claims" means any and all claims, rights, demands, obligations, controversies, debts, losses, suits, causes of action, damages whenever incurred or liabilities of any kind or nature whatsoever in law or in equity, including costs, expenses, penalties and attorneys' fees, whether known or unknown, suspected or unsuspected, in law or equity that have been or could have been asserted in the Litigation or any other forum by Plaintiffs and Class Members against any of the Defendants' Released Persons that arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters or occurrences involved, set forth or referred to in the Litigation.   Nothing herein shall be construed to release claims of any Person who is not a Class Member.

y.    "Released Defendants' Claims" means any and all claims, rights, demands, obligations, controversies, debts, losses, suits, causes of action, damages whenever incurred or liabilities of any kind or nature whatsoever in law or in equity, including costs, expenses, penalties and attorneys' fees, whether known or unknown, suspected or unsuspected, in law or equity that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against any of Plaintiffs' Released Persons, including Plaintiffs, Class Members or attorneys for Plaintiffs and/or the Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation.

z.    "Released Parties" means "Defendants' Released Persons" and "Plaintiffs' Released Persons."

i.  "Defendants' Released Persons" means Defendants and their past or present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, banks or investment bankers, advisors, indemnitors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint venturers, assigns, spouses, heirs, associates, related or affiliated entities, any entity in which any of them has a controlling interest, any members of their immediate families, any trust of which any of them is the settlor or which is for the benefit of any of them and/or member(s) of their families, and any past or present officer or director of each of the foregoing entities.

ii.  "Plaintiffs' Released Persons" means Plaintiffs and Class Members and their past or present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, banks or investment bankers, advisors, indemnitors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint venturers, assigns, spouses, heirs, associates, related or affiliated entities, any entity in which any of them has a controlling interest, any members of their immediate families, any trust of which any of them is the settlor or which is for the benefit of any of them

and/or member(s) of their families, and any past or present officer or director of each of the foregoing entities.

aa.     "Settlement Fund" means the sum of  One Million Three Hundred Thousand Dollars ($1,300,000), which will be deposited by Defendants into the Escrow Account as set forth in Paragraph 7, below.

## RELEASE TERMS

2.     The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of the Litigation with respect to the Released Parties and any and all Released Claims.

3.     Plaintiffs, on behalf of themselves and the Class, as well as their past or present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, banks or investment bankers, advisors, indemnitors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint venturers, assigns, spouses, heirs, associates, related or affiliated entities, any entity in which any of them has a controlling interest, any members of their immediate families, any trust of which any of them is the settlor or which is for the benefit of any of them and/or member(s) of their families, and any past or present officer or director of each of the foregoing entities, hereby release and forever discharge each and every Released Claim as against each and every one of Defendants' Released Persons and shall forever be irrevocably barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Defendants' Released Persons.

4.     Each Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the

10

subject matter of Paragraph 3 of the Settlement Agreement, but each Class Member shall have and shall be deemed to have, and by operation of the Final Judgment shall have expressly waived and released and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims with respect to the subject matter of the provision of Paragraph 3 of the Settlement Agreement whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

5.      Defendants, on their own behalf and on behalf of their past or present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, banks or investment bankers, advisors, indemnitors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint venturers, assigns, spouses, heirs, associates, related or affiliated entities, any entity in which any of them has a controlling interest, any members of their immediate families, any trust of which any of them is the settlor or which is for the benefit of any of them and/or member(s) of their families, and any past or present officer or director of each of the foregoing entities, hereby release and forever discharge each and every one of Defendants' Released Claims as against each and every one of Plaintiffs' Released Persons and shall forever be irrevocably barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Defendants' Released Claims against any of the Plaintiffs' Released Persons.

## SUBMISSION OF SETTLEMENT TO COURT

6.      The Parties agree to use their best efforts to file a motion for a Preliminary Approval Order approving this Settlement by January 5, 2007.

## THE SETTLEMENT CONSIDERATION

7.    In full and complete settlement of all the Released Claims asserted in the Litigation against the Released Parties and in consideration of the releases specified in Paragraphs 2-5 above, the Settling Defendants shall pay or cause to be paid consideration of One Million Three Hundred Thousand Dollars ($1,300,000) cash into the Escrow Account within 14 days of the Court's entry of the Preliminary Approval Order.

8.    The Settlement Fund shall be used in the following manner:  (a) to pay all reasonable Notice and Administration Expenses; (b) to pay taxes and tax-related expenses, if any; (c) to pay such costs and expenses of Lead Counsel, and other costs and expenses as the Court may order, to which Defendants do not object; and (d) the remainder to be distributed *cy pres* to the National Women's Health Resource Center and The Society for Women's Health Research or, alternatively, to such other charities or other nonprofit organizations as may be ordered by the Court.

## ADMINISTRATION OF THE SETTLEMENT FUND

9.    The Escrow Agent shall receive the Settlement Fund and hold it in an Escrow Account pending payment of such sums pursuant hereto.  The Escrow Agent (and any successor that is approved by the Court) shall hold, invest and disburse the Settlement Fund pursuant to the "Escrow Agreement," substantially in the form of Exhibit A attached hereto.

10.    The Escrow Agent shall invest and reinvest any funds in the Escrow Account, at Lead Counsel's directive, in short term United States Agency or Treasury securities (or a fund invested solely in such instruments) or other similar short term United States government obligations such as repurchase agreements backed by United States obligations.  The Escrow Agent shall furnish Lead Counsel and Wyeth with a monthly statement reporting deposits

12

made, interest earned, and disbursements made from the Escrow Account during the prior calendar month. Following the Settlement Effective Date, said monthly statement shall be furnished only to Lead Counsel.

11.    Lead Counsel shall be signatories to the Escrow Instructions and authorized to seek disbursement of the Settlement Fund in accordance with this Settlement Agreement, the Court's order preliminarily approving the Settlement, and any other Court order. As set forth in the Escrow Agreement, the Escrow Agent shall only make disbursements at the direction of Lead Counsel, in accordance with a Court order and/or this Settlement Agreement. A copy of any directive to the Escrow Agent from Lead Counsel or the Court shall be provided to both Lead Counsel and Defendants.

## ATTORNEYS' EXPENSES

12.    Plaintiffs' Counsel have elected not to seek attorney fees. Lead Counsel will apply to the Court for an award from the Settlement Fund of reasonable and allowable expenses of Plaintiffs' Counsel, not to exceed Three Hundred and Twenty-Five Thousand Dollars ($325,000), to which Defendants do not object. Expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel upon final Court approval of the Settlement and award and funding of same, subject to Lead Counsel's obligation to repay to the Settlement Fund within ten (10) days, the amount received plus accrued interest at the rate paid on the Escrow Account, if and when any of the following occurs as a result of any appeal and/or further proceeding on remand, or successful collateral attack: (a) the cost award is reduced or reversed, (b) the award order does not become Final; (c) the Settlement itself is voided by Defendants as provided herein; or (d) the Settlement is later reversed or modified by any court. Defendants will not object to Lead Counsel seeking an award from the Settlement Fund of reasonable and allowable expenses up to Three Hundred and Twenty-Five Thousand Dollars

($325,000). No counsel other than Lead Counsel will apply to the Court on behalf of Plaintiffs' Counsel to recover any expenses associated with the Litigation. Lead Counsel shall allocate the expenses among Plaintiffs' Counsel in a manner that reflects the reasonable expenses of such counsel incurred in connection with this Litigation.

13.     Neither Plaintiffs, Plaintiffs' Counsel nor Lead Counsel may cancel or terminate the Settlement Agreement or the Settlement based on this Court's or any appellate court's ruling with respect to any application for expenses or other fee and expense award in the Litigation. Defendants have no responsibility or liability for the allocation of attorneys' expenses.

## FINAL JUDGMENT AND DISMISSAL

14.     The Parties shall jointly request at the time final approval is sought, that the Court enter a Final Judgment and Order of Dismissal substantially in the form attached hereto as Exhibit B should the Court approve the Settlement contemplated by this Settlement Agreement.

## TERMINATION

15.     Defendants and Plaintiffs shall have the right to terminate the Settlement and this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the occurrence of any one or more of the following events: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Settlement Agreement or any material part of it; (c) the Court's declining to enter the Final Judgment and Order of Dismissal in any material respect; or (d) the date upon which the Final Judgment and Order of Dismissal is modified or reversed in any material respect by an appellate court.

14

16.    Defendants shall have the right, in their sole discretion, to terminate the Settlement Agreement by providing Termination Notice to all other Parties hereto within thirty (30) days of learning of the occurrence of any one or more of the following events: (a) 7% or more of the total number of Consumers in the Class opt out of the settlement; (b) 5% or more of the total number of Third-Party Payors in the Class opt out of the settlement; (c) the total number of Premarin pills purchased or reimbursed for in 2003, in the aggregate, by the Third-Party Payors who opt out of the settlement exceeds 1.25% of the total Premarin® pills sold by Wyeth nationwide in 2003; (d) the California Court declines to enter a preliminary approval order in the California Litigation in any material respect; (e) the California Court refuses to approve the Settlement Agreement or any material part of it in the California Litigation; (f) the California Court declines to enter the proposed judgment and dismissal order substantially in the form submitted by the parties in the California Litigation; or (g) the date upon which the proposed judgment and dismissal order entered by the California Court is modified or reversed in any material respect by an appellate court.

17.    Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status in the Litigation as of December 29, 2006 and, except as otherwise expressly provided, the parties in the Litigation shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered, and the Settlement Fund shall be returned to the Defendants, in accordance with Paragraph 18, below. Provided, however, that if Defendants exercise their rights to terminate the Settlement Agreement pursuant to Paragraph 15 or 16, then Defendants agree that they will, at Plaintiffs'

request, enter into a stipulation with Plaintiffs that voluntarily dismisses Plaintiffs' individual claims with prejudice.

18.    If the Settlement Fund is to be returned to Defendants pursuant to the provisions hereunder, Defendants shall receive the Settlement Fund, together with any interest earned thereon, less the following: (a) taxes paid or due at that time or in future, if any, and expenses incurred or expected to be incurred in connection with preparation of tax returns, if any; (b) Notice and Administration Expenses approved by the Court and paid and/or incurred; and (c) Escrow Agent expenses approved by the Court and paid and/or incurred.

## NO ADMISSION OF WRONGDOING

19.    This Settlement Agreement is not and shall not constitute or be argued to be an admission for any purpose by any Defendant, or be deemed evidence of any violation of any statute or law or an admission of any liabilities or wrongdoing or damages by any Defendant or of the truth of any of the claims or allegations brought in the Litigation.    This Settlement Agreement may be used to enforce the terms and conditions hereof.

## MISCELLANEOUS PROVISIONS

20.    All Parties shall bear their respective costs, fees, and expenses, except for any Court award of expenses to Lead Counsel for distribution to other Plaintiffs' Counsel from the Settlement Fund.

21.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

22.    The Parties acknowledge that the amount paid and the other terms of the Settlement were the result of arms-length negotiations in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and

at the recommendation of the mediator, the Honorable Edward A. Infante.

23.    This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

24.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

25.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. All Parties and their counsel submit to the exclusive jurisdiction of the Court for the purposes of implementing, interpreting and enforcing the Settlement Agreement. The Court shall retain jurisdiction for such purposes including entering orders providing for an award of expenses to Plaintiffs' Counsel.

26.    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

27.    This Settlement Agreement and its exhibits constitute the entire agreement between the Parties hereto concerning the Settlement of the Litigation as against Defendants, and no representations, warranties, or inducements have been made by any Party hereto concerning this Settlement Agreement and its exhibits other than those contained and memorialized in such documents.

28.    This Settlement Agreement may be executed in one or more counterparts and by facsimile or "pdf." All executed counterparts and each of them shall be deemed to be one and the same instrument.

29.    This Settlement Agreement shall be binding when signed, but the Settlement

shall be effective only on the condition that the Effective Date occurs.

30.    This Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties' successors and assigns.

31.    The construction, interpretation, operation, effect and validity of this Settlement Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Ohio without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

32.    This Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arms-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

33.    All counsel and any other Person executing this Settlement Agreement and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

34.    Lead Counsel and counsel for Defendants agree to cooperate with one another in seeking the Preliminary Approval Order from the Court.

35.    Notices under this Settlement Agreement shall be in writing and shall be given by facsimile and certified mail, return receipt requested, as follows or to such other address(es) as the Parties may subsequently give notice:

If to Plaintiffs and the Class: Kenneth A. Wexler
                                Jennifer Fountain Connolly
                                WEXLER TORISEVA WALLACE LLP
                                One N. LaSalle Street, Suite 2000

Chicago, Illinois  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

If to Defendants:

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700

Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

36.     If any provision of this Settlement Agreement or the application thereof to any party or circumstance is held invalid or unenforceable, and if the Settlement is not terminated pursuant to the provisions herein, the remaining provisions of this Settlement Agreement and the application of such provisions to other parties or circumstances shall not be affected thereby, the provisions of this Settlement Agreement being severable in any such instance.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement as of the date that appears in its first paragraph.

PLAINTIFFS AND THE CLASS

By:     _____
        Kenneth A. Wexler
        Jennifer Fountain Connolly
        WEXLER TORISEVA WALLACE LLP
        One N. LaSalle Street, Suite 2000
        Chicago, Illinois  60602
        Telephone:  (312) 346-2222

Stacey L. Mills
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone: (612) 338-4605


Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
Telephone: (734) 769-2144


Marc H. Edelson
HOFFMAN & EDELSON, LLC
45 West Court Street
Doylestown, Pennsylvania 18901
Telephone: (215) 230-8043

Attorneys for Plaintiffs and the Class

DEFENDANTS


By: _____
Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600

Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

One of the Attorneys for Defendants

DC#1755770_2

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700


Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

36.     If any provision of this Settlement Agreement or the application thereof to any party or circumstance is held invalid or unenforceable, and if the Settlement is not terminated pursuant to the provisions herein, the remaining provisions of this Settlement Agreement and the application of such provisions to other parties or circumstances shall not be affected thereby, the provisions of this Settlement Agreement being severable in any such instance.

**IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement as of the date that appears in its first paragraph.


PLAINTIFFS AND THE CLASS

By: _____
Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE LLP
One N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222



_____
Stacey L. Mills

19

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700


Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

36.    If any provision of this Settlement Agreement or the application thereof to any

party or circumstance is held invalid or unenforceable, and if the Settlement is not terminated

pursuant to the provisions herein, the remaining provisions of this Settlement Agreement and the

application of such provisions to other parties or circumstances shall not be affected thereby, the

provisions of this Settlement Agreement being severable in any such instance.


**IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement as of the date
that appears in its first paragraph.


PLAINTIFFS AND THE CLASS


By:    _____
       Kenneth A. Wexler
       Jennifer Fountain Connolly
       WEXLER TORISEVA WALLACE LLP
       One N. LaSalle Street, Suite 2000
       Chicago, Illinois 60602
       Telephone: (312) 346-2222


       _____
       Stacey L. Mills

19

HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone: (612) 338-4605


Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
Telephone: (734) 769-2144


Marc H. Edelson
HOFFMAN & EDELSON, LLC
45 West Court Street
Doylestown, Pennsylvania 18901
Telephone: (215) 230-8043

Attorneys for Plaintiffs and the Class


DEFENDANTS


By:    _____

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600


Douglas Wald
David Eggert

20

Stacey L. Mills
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone: (612) 338-4605


Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
Telephone: (734) 769-2144


Marc H. Edelson
HOFFMAN & EDELSON, LLC
45 West Court Street
Doylestown, Pennsylvania 18901
Telephone: (215) 230-8043

Attorneys for Plaintiffs and the Class

DEFENDANTS

By: _____

Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000


Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600

One of the Attorneys for Defendants

DC#1755770_2

20