# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) | Magistrate Judge Timothy S. Hogan |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ESCROW AGREEMENT

This escrow agreement (the "Escrow Agreement") is entered into as of December 29, 2006, by and among Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation), (referred to herein as "Wyeth"), Plaintiffs' Lead Counsel ("PLC"), on behalf of the Class, and Charter One Bank as escrow agent (the "Escrow Agent").

## WITNESSETH:

**WHEREAS,** on December 29, 2006, Wyeth entered into a settlement agreement with PLC, on behalf of the Class, setting forth the terms and conditions of an agreement to settle and resolve the claims of the Class with finality as to Wyeth and all other Released Parties (the "Settlement Agreement"); and

**WHEREAS,** this agreement sets forth the terms and conditions of an escrow account (the "Escrow Account") in which certain funds are to be deposited by Wyeth and to be retained therein and distributed therefrom in accordance with the terms of the Settlement Agreement.

**NOW, THEREFORE,** the parties hereto agree as follows:

SECTION 1.   Appointment of Escrow Agent.

PLC hereby appoints the Escrow Agent to act on the terms and conditions set forth herein, and the Escrow Agent hereby accepts such appointment on such terms and conditions.

SECTION 2.   Settlement Fund.

1

(a)     Wyeth shall deliver to the Escrow Agent $1,300,000 in immediately available Funds (the "Settlement Fund") pursuant to paragraph 7 of the Settlement Agreement.  The Escrow Agent shall deposit the Settlement Fund immediately into an escrow account established for such purpose to be held and administered separate and apart from all other accounts, in accordance with the terms of the Settlement Agreement and this Escrow Agreement.

SECTION 3.     Investment of Settlement Fund.

(a)     The Escrow Agent shall invest and reinvest the Settlement Fund, as directed by PLC, in short term United States Agency or Treasury securities (or a fund invested solely in such instruments) or other similar short term United States government obligations such as repurchase agreements backed by United States obligations.  The Escrow Agent shall furnish PLC and Wyeth with a monthly statement reporting deposits made, interest earned, and disbursements made from the Escrow Account during the prior calendar month.  Following the Settlement Effective Date, said monthly statement shall be furnished only to PLC.

(b)     All interest on, or other income realized by investment of, the Settlement Fund, or any portion thereof, as permitted pursuant to subsection (a) of this Section, shall be accumulated and added to the Settlement Fund and shall be distributed as part of the Settlement Fund as set forth in Section 4 hereof.  The Escrow Agent shall not be liable for any losses resulting from any depreciation in the market value of any such investments (unless the loss is attributable to a failure to adhere to the investment limitations defined in subsection (a) of this Section).

SECTION 4.     Release of Settlement Fund.

The Escrow Agent shall disburse or cause to be disbursed through the Settlement Administrator, the Settlement Fund as set forth below:

(a)     Following receipt of either (i) written notice signed by counsel for Wyeth and PLC stating that the settlement embodied in the Settlement Agreement (the "Settlement") has not been approved by the Court or has been cancelled, terminated or has otherwise become null and void for any reason; or (ii) an order of the Court so directing, the Escrow Agent shall disburse or cause to be disbursed, the Settlement Fund, including any accrued income, to Wyeth (less amounts necessary for payment of taxes or estimated taxes in accordance with Section 5 hereof, costs and expenses in accordance with subsection (b) of this Section, and fees and expenses of the Escrow Agent in accordance with subsection (d) of this Section).

(b)     Following receipt of an order of the Court preliminarily approving the Settlement, the Escrow Agent shall disburse or cause to be disbursed:

(i)     for payment of expenses incurred in connection with providing notice to the Class by mail and publication pursuant to paragraph 8 of the Settlement Agreement.  Such payments shall be made as directed in writing by PLC.  PLC shall provide notice of all such payments to counsel for Wyeth;

2

   (ii) amounts for the payment of expenses of PLC incurred in connection with the litigation and settlement of the claims of the Class, as awarded by the Court in a written order furnished to the Escrow Agent;

   (iii) for payment of taxes, estimated taxes, and tax-related fees and expenses, including accounting and tax preparation, in accordance with Section 5 hereof (such payments shall be made as directed in writing by PLC, who shall provide notice of all such payments to counsel for Wyeth); and

   (iv) for reimbursement to Wyeth, in accordance with Section 5 hereof, for any federal or state tax liability that is finally assessed and paid by Wyeth as a result of interest on or other income realized by investment of the Settlement Fund or any portion thereof.

  With respect to disbursements made pursuant to subsections (b)(i) and (b)(ii) and (b)(iii) of this Section, Escrow Agent shall be entitled to rely on written directions received from PLC and shall have no responsibility to ensure that such directions are in accordance with the Settlement Agreement or Section 5 of this Escrow Agreement.

  (c) After receipt of written notice signed by counsel for Wyeth and PLC stating that the Effective Date has occurred within the meaning of paragraph 1(h) of the Settlement Agreement, which notice shall be accompanied by a copy of the Final Judgment and Order of Dismissal of the Court (the "Judgment"), the Escrow Agent shall, pursuant to the written direction of PLC and the distribution approved by the Court, disburse or cause to be disbursed:

   (i) amounts to the National Women's Health Resource Center and The Society for Women's Health Research or, alternatively, to such other charities or other nonprofit organizations as may be ordered by the Court pursuant to Court order delivered to Escrow Agent by PLC; and

   (ii) amounts for the payment of expenses of settlement administration.

  (d) The Escrow Agent shall waive all usual and customary fees associated with maintaining the account for a period of up to one year from the establishment of the account. Likewise, the escrow agent will not charge for disbursements or any usual and customary costs associated with disbursements in connection with this account for a period of up to one year from the establishment of the account, or for its expenses incurred in connection with the preparation of this Escrow Agreement. After the end of the first year, the Escrow Agent shall be entitled to reimbursement of its other reasonable fees and expenses incurred in connection with the performance of its duties under this Escrow Agreement. The Escrow Agent shall notify the PLC and counsel for Wyeth of any intent to make a disbursement from the Settlement Fund to itself and shall furnish the undersigned counsel copies of all related invoices and other statements at least five business days prior to disbursement.

SECTION 5. Qualified Settlement Fund.

  (a) Each of the parties to this Escrow Agreement intends that the Escrow Account

3

be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-l, and to that end the parties hereto shall cooperate with each other and shall not take any position in any filing or before any tax authority that is inconsistent with such treatment. Following preliminary approval by the Court of the Settlement Agreement, the Escrow Agent shall cause a "relation back election" as described in Treas. Reg. § 1.468B-1 (j) to be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the Escrow Agent shall take all actions as may be necessary or appropriate to this end.

(b)    The Escrow Agent shall pay taxes or estimated taxes on interest on or income earned by the Settlement Fund, and all related professional fees and expenses, from the Escrow Account as provided in Section 3 hereof and as directed by the certified public accounting firm retained as described below, after preliminary approval of the Settlement by the Court and whether or not the Effective Date has occurred. In the event federal or state income tax liability, interest, or penalties are finally assessed against and paid by Wyeth as a result of income earned by the Settlement Fund, Wyeth shall be entitled to reimbursement of such payment from the Settlement Fund, in an amount that will make Wyeth whole on an after-tax basis, within ten days after Wyeth's written request to the Escrow Agent, a copy of which shall be provided simultaneously to the PLC, whether or not the Effective Date has occurred. The Escrow Agent shall not be responsible for tax reporting. PLC in cooperation with the Escrow Agent shall arrange for tax reporting regarding the Settlement Fund and are authorized to retain a certified public accounting firm, whose fees and expenses are to be borne by the Settlement Fund, for that purpose.

(c)    The Escrow Agent shall furnish to counsel for the parties monthly statements of transactions certified by the Escrow Agent, which include without limitation deposits made, interest earned and disbursements made from the Settlement Fund, until the Effective Date.  After such time, such statements shall be furnished only to PLC.

SECTION 6.   Termination of Escrow Agent.

(a)    This Escrow Agreement (other than the Escrow Agent's right to indemnification in connection with any Loss incurred prior to the Judgment, set forth in Section 7 of this Escrow Agreement) shall terminate when the Escrow Agent shall have released from the Escrow Account all amounts pursuant to Section 4 hereof.

SECTION 7.   Escrow Agent.

(a)    The Escrow Agent shall have no duty or obligation hereunder other than to take such specific actions as are required of it from time to time under the provisions of this Escrow Agreement and shall incur no liability hereunder or in connection herewith other than as a result of its own default, negligence or breach of the terms of this Agreement. The Escrow Agent shall not be bound in any way by any agreement or contract between Wyeth and PLC (whether or not the Escrow Agent has knowledge thereof) and the only duties and responsibilities of the Escrow Agent shall be to hold and invest the Settlement Fund received hereunder and to disburse or cause to be disbursed, and release such Settlement Fund in accordance with the terms of this Escrow Agreement and the

4

Settlement Agreement.

(b)    The Escrow Agent shall not be responsible in any manner for the validity or sufficiency of any property delivered hereunder, or for the value or collectibility of any note, check or other instrument so delivered, or of any representations made or obligations assumed by any party other than the Escrow Agent. Nothing herein shall be deemed to obligate the Escrow Agent to deliver any cash, instruments, documents or any other property referred to herein, unless the same shall have been first received by the Escrow Agent pursuant to the terms of this Escrow Agreement.

(c)    PLC agrees to reimburse and indemnify the Escrow Agent for, and to hold it harmless against, any claim, loss, liability or expense, including but not limited to reasonable attorneys' fees, incurred which are not the result of default, negligence or breach of the terms of this Agreement on the part of the Escrow Agent that arises out of its acceptance of or the performance of its duties and obligations under this Escrow Agreement, as well as the costs and expenses of defending against any claim of such liability ("Loss"), except that the liability of PLC shall be limited to the amount of costs or expenses approved by the Court and received from the Settlement Fund.  PLC waives any claim, suit, demand or cause of action of any kind that it may have or assert against the Escrow Agent except to the extent that such claim, suit, demand or cause of action is based upon the default, negligence or breach of the terms of this Agreement on the part of the Escrow Agent that arises out of its acceptance of or the performance of its duties and obligations under this Escrow Agreement.

(d)    The Escrow Agent shall be fully protected in acting on and relying upon any written notice, direction, request, waiver, consent, receipt or other paper that the Escrow Agent reasonably and in good faith believes to have been signed and presented by the proper party or parties. The Escrow Agent may consult with legal counsel in the event of any dispute or question as to the construction of any of the provisions of this Escrow Agreement or its duties hereunder, and the Escrow Agent shall be fully protected in acting on and relying upon the opinions and instructions of its counsel.

(e)    The parties agree that, should any dispute arise with respect to the payment, ownership or right of possession of any amounts in the Escrow Account, the Escrow Agent is authorized and directed to retain in its possession, without liability to anyone except in the event of its default, negligence or breach of the terms of this Agreement, all or any part of the Settlement Fund until such dispute shall have been settled either by mutual agreement of the parties concerned, or by a final order, decree or judgment of a court or other tribunal of competent jurisdiction in the United States. Nothing in the foregoing shall be construed to require the Escrow Agent to institute, defend or become a party to any proceeding in any such court or tribunal (but the Escrow Agent is likewise permitted to do so if it deems such action appropriate). In the event Escrow Agent files a suit in interpleader, it shall thereupon be fully released and discharged from all further obligations to perform any and all duties or obligations imposed upon by this Escrow Agreement.

(f)    The Escrow Agent may be removed from this Escrow Agreement at any

5

time and thereby become discharged from the obligations hereby created subsequent to the date of discharge, by notice in writing given to the Escrow Agent by PLC not less than thirty (30) days before such removal is to take effect. The Escrow Agent may resign at any time by giving written notice of resignation to the other parties hereto, but such resignation shall not become effective until a successor Escrow Agent has been appointed by PLC, which successor shall not be Wyeth or an affiliate of Wyeth. If an instrument of acceptance by a successor Escrow Agent shall not have been delivered to the Escrow Agent within 30 days after the giving of such notice of resignation, the resigning Escrow Agent may petition the Court for the appointment of a successor Escrow Agent (any costs incurred by the Escrow Agent in connection with any such petition to be assessed against the Settlement Fund).

      (g)    PLC further agrees to indemnify and hold harmless Escrow Agent against and from any and all claims, demands, costs, liabilities and expenses, including counsel fees and expenses, which may be asserted against it or to which it may be exposed or which it may incur by reason of its execution or performance under this Agreement, except those resulting from default, negligence or breach of the terms of this Agreement. This paragraph shall survive the termination of this Agreement for any reason.

SECTION 8.  <u>Miscellaneous</u>.

      (a)    <u>Notices</u>. All notices under this Escrow Agreement shall be in writing, and each notice shall be given either by (a) hand delivery; (b) facsimile; or (c) Federal Express or similar overnight courier and, in each case, shall be addressed to the parties hereto in care of their counsel at the addresses set forth below or such other addresses as such parties may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

      (b)    <u>Successors and Assigns</u>. The provisions of this Escrow Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

      (c)    <u>Governing Law</u>. This Escrow Agreement shall be construed in accordance with and governed by the laws of the State of Illinois, without regard to its conflicts of law rules, provided, however, that with respect to tax matters, this Escrow Agreement shall be governed and interpreted according to federal law.

      (d)    <u>Jurisdiction and Venue</u>. The parties hereto irrevocably and unconditionally submit to the jurisdiction of the Court for purposes of any suit, action or proceeding to enforce any provision of, or based on any right arising out of, this Escrow Agreement, and the parties hereto agree not to commence any such suit, action or proceeding except in the Court. The parties hereto hereby irrevocably and unconditionally waive any objection to the laying of venue of any such suit, action or proceeding in the Court and hereby further irrevocably waive and agree not to plead or claim in the Court that any such suit, action or proceeding has been brought in an inconvenient forum.

      (e)    <u>Definitions</u>. Terms used herein that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Escrow Agreement as defined in the

Settlement Agreement.

(f)    Amendments. This Escrow Agreement may be amended only by written instrument executed by all parties hereto. The waiver of any rights conferred hereunder shall be effective only if made by written instrument executed by the waiving party. The waiver by any party of any breach of this Escrow Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, to this Escrow Agreement.

(g)    Counterparts; Effectiveness. This Escrow Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument. This Escrow Agreement shall become effective when each party hereto shall have signed a counterpart hereof. Delivery by facsimile of a signed agreement shall be deemed delivery for purposes of acknowledging acceptance hereof; however, an original executed signature page must promptly thereafter be appended to this Escrow Agreement, and an original executed agreement shall promptly thereafter be delivered to each party hereto.

(h)    Captions. The captions herein are included for convenience of reference only and shall be ignored in the construction and interpretation hereof.

IN WITNESS WHEREOF, the Parties have executed this Escrow Agreement as of the date that appears first herein above written.

PLAINTIFFS AND THE CLASS


By:_____
        Kenneth A. Wexler
        Jennifer Fountain Connolly
        WEXLER TORISEVA WALLACE LLP
        One N. LaSalle Street, Suite 2000
        Chicago, Illinois 60602
        Telephone:    (312) 346-2222



        _____
        Stacey L. Mills
        HEINS MILLS & OLSON, P.L.C.
        3550 IDS Center
        80 South Eight Street
        Minneapolis, MN 55402
        Telephone:  (612) 338-4605

---

Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
Telephone: (734) 769-2144

---

Marc H. Edelson
HOFFMAN & EDELSON, LLC
45 West Court Street
Doylestown, Pennsylvania 18901
Telephone: (215) 230-8043

Attorneys for Plaintiffs and the Class

## DEFENDANTS

By:_____

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600

Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000

One of the Attorneys for Defendants

## CHARTER ONE BANK - ESCROW AGENT

By_____

Charter One Bank
71 S. Wacker Drive
29th Floor-IH2945
Chicago, IL 60606

DC#1755777_2

Settlement Agreement.

     (f)    <u>Amendments</u>. This Escrow Agreement may be amended only by written instrument executed by all parties hereto. The waiver of any rights conferred hereunder shall be effective only if made by written instrument executed by the waiving party. The waiver by any party of any breach of this Escrow Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, to this Escrow Agreement.

     (g)    <u>Counterparts; Effectiveness</u>. This Escrow Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument. This Escrow Agreement shall become effective when each party hereto shall have signed a counterpart hereof. Delivery by facsimile of a signed agreement shall be deemed delivery for purposes of acknowledging acceptance hereof; however, an original executed signature page must promptly thereafter be appended to this Escrow Agreement, and an original executed agreement shall promptly thereafter be delivered to each party hereto.

     (h)    <u>Captions</u>. The captions herein are included for convenience of reference only and shall be ignored in the construction and interpretation hereof.

IN WITNESS WHEREOF, the Parties have executed this Escrow Agreement as of the date that appears first herein above written.

PLAINTIFFS AND THE CLASS

By:

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE LLP
One N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
Telephone:    (312) 346-2222

Stacey L. Mills
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone: (612) 338-4605

7

Settlement Agreement.

(f)    Amendments. This Escrow Agreement may be amended only by written instrument executed by all parties hereto. The waiver of any rights conferred hereunder shall be effective only if made by written instrument executed by the waiving party. The waiver by any party of any breach of this Escrow Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, to this Escrow Agreement.

(g)    Counterparts; Effectiveness. This Escrow Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument. This Escrow Agreement shall become effective when each party hereto shall have signed a counterpart hereof. Delivery by facsimile of a signed agreement shall be deemed delivery for purposes of acknowledging acceptance hereof; however, an original executed signature page must promptly thereafter be appended to this Escrow Agreement, and an original executed agreement shall promptly thereafter be delivered to each party hereto.

(h)    Captions. The captions herein are included for convenience of reference only and shall be ignored in the construction and interpretation hereof.

IN WITNESS WHEREOF, the Parties have executed this Escrow Agreement as of the date that appears first herein above written.

PLAINTIFFS AND THE CLASS

By:_____
        Kenneth A. Wexler
        Jennifer Fountain Connolly
        WEXLER TORISEVA WALLACE LLP
        One N. LaSalle Street, Suite 2000
        Chicago, Illinois 60602
        Telephone:    (312) 346-2222


_____
Stacey L. Mills
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone:  (612) 338-4605

7

_____

Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
Telephone:  (734) 769-2144


_____

Marc H. Edelson
HOFFMAN & EDELSON, LLC
45 West Court Street
Doylestown, Pennsylvania 18901
Telephone:  (215) 230-8043

Attorneys for Plaintiffs and the Class


DEFENDANTS

By:_____

Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600

One of the Attorneys for Defendants


CHARTER ONE BANK  -  ESCROW AGENT

By_____

Charter One Bank
71 S. Wacker Drive
29th Floor-IH2945
Chicago, IL 60606

DC#1755777_2

8

Patrick E. Cafferty
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48104
Telephone: (734) 769-2144

Marc H. Edelson
HOFFMAN & EDELSON, LLC
45 West Court Street
Doylestown, Pennsylvania 18901
Telephone: (215) 230-8043

Attorneys for Plaintiffs and the Class


DEFENDANTS

By:_____
        Dan K. Webb
        W. Gordon Dobie
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, Illinois 60601
        Telephone: (312) 558-5600

        Douglas Wald
        David Eggert
        ARNOLD & PORTER LLP
        555 Twelfth Street, NW
        Washington, DC 20004
        Telephone: (202) 942-5000

        One of the Attorneys for Defendants

CHARTER ONE BANK - ESCROW AGENT

By_____
        Charter One Bank
        71 S. Wacker Drive
        29th Floor-IH2945
        Chicago, IL 60606

DC#1755777_2

8