IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. C-1-01-447 |
| v. | ) ) | Judge Sandra S. Beckwith |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) ) ) | Magistrate Judge Timothy S. Hogan |
| Defendants. | ) ) ) | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came on for hearing on _____, 2007, upon the application of Plaintiffs, on behalf of themselves and all members of the Class certified in the above-captioned matter, and Defendant Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Defendant Wyeth (formerly American Home Products Corporation) (collectively "Defendants") for approval of the Settlement. Due and adequate notice having been given to the Class and the Court having considered the Settlement Agreement dated December 29, 2006, including all Exhibits thereto (the "Settlement Agreement"), the proposed allocation and distribution of the Settlement Fund and all of the submissions and arguments with respect thereto, and otherwise being fully informed and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. This Final Judgment and Order of Dismissal incorporates herein and makes a part hereof, the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for

1

purposes of this Final Judgment and Order of Dismissal.

2.  The Court has personal jurisdiction over all Plaintiffs, Class Members and Defendants, and has subject matter jurisdiction to approve the Settlement Agreement.

3.  The Settlement covers the Class that has been certified by the Court and consists of the Consumer Subclass and the Third-Party Payor Subclass. The Consumer Subclass consists of individuals who paid for some or all of the price of the prescription drug Premarin® in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to the Court's entry of the Preliminary Approval Order (the "Consumer Subclass"). The Third-Party Payor Subclass consists of entities that paid for or reimbursed for all or part of the cost of a member's Premarin® prescription in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to the Court's entry of the Preliminary Approval Order, or in Nevada at any time from October 1, 1999 to the Court's entry of the Preliminary Approval Order (the "Third-Party Payor Subclass"). The Consumer Subclass and the Third-Party Payor Subclass are referred to together herein as the "Class." Excluded from all subclasses are any consumer who paid a fixed cost, or "flat co-pay," to purchase Premarin®, as well as any consumer who was fully insured or fully reimbursed for such purchases.

4.  The record shows that Notice has been given to the Class in the manner approved by the Court in its Order of _____, 2007 (Docket No. __). The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the

case, the terms of the Settlement, Class Members' right to object to or exclude themselves from the Settlement and to appear at the settlement fairness hearing ("Fairness Hearing"); (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

5.  No individuals or entities, other than those listed on Exhibit [ ] hereto, have excluded themselves from the Class. This Order shall have no force or effect on the persons or entities listed on Exhibit [ ] hereto.

6.  The Court finds that extensive arm's-length negotiations have taken place in good faith between Lead Counsel and counsel for the Defendants, resulting in the Settlement Agreement.

7.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement (the "Settlement") and finds that the Settlement and the Settlement Agreement are, in all respects, fair reasonable and adequate, and in the best interest of the Class. The Court further approves the establishment of the Settlement Fund under the terms and conditions set forth in the Settlement Agreement and the Escrow Agreement. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions of the Settlement Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as shall be consistent in all material respects with this Final Judgment and Order of Dismissal and do not limit the rights of Class Members.

8.  The above-captioned case is hereby dismissed with prejudice and without costs to any party.

9.      Plaintiffs, the Class Members and Plaintiffs' Counsel and the successors and assigns of any of them shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have expressly released and forever discharged Defendants and their present and former direct and indirect parents, subsidiaries, divisions, partners and affiliates, and their respective present and former stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors and assigns of each of the foregoing) (the "Defendants' Released Persons") from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs or any Class Member, whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of any conduct, events or transactions, prior to the date hereof, alleged or which could have been asserted in the Litigation or any other forum by Plaintiffs and Class Members against any of the Defendants' Released Persons that arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters or occurrences involved, set forth or referred to in the Litigation (the "Released Claims").  Each Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of Paragraph 3 of the Settlement Agreement, but each Class Member shall be deemed to have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims with respect to the subject matter of the provision of Paragraph 3 of the Settlement Agreement whether or not concealed or hidden, without regard to the subsequent discovery or existence of

such different or additional facts. Each Class Member, and the successors and assigns of any of them, are forever irrevocably barred and enjoined from commencing, instituting, prosecuting or maintaining, either directly or in any other capacity, any of the Released Claims against any of the Defendants' Released Persons and shall not, hereafter, seek to establish liability against any of Defendants' Released Persons based, in whole or in part, on any of the Released Claims.

10.     Plaintiffs and Class Members and any Plaintiffs' or Class Members' counsel and their present and former direct and indirect parents, subsidiaries, divisions, partners and affiliates, and their respective present and former stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors and assigns of each of the foregoing) ("Plaintiffs' Released Persons") are expressly released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Defendants, ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of any conduct, events or transactions, prior to the date hereof, alleged or which could have been asserted in this Litigation by Defendants against any of the Plaintiffs' Released Persons that arise out of or relate in any way to the institution, prosecution, or settlement of the Class Action (the "Released Defendants' Claims"). Each Defendant, and the successors and assigns of any of them, are forever irrevocably barred and enjoined from commencing, instituting, prosecuting or maintaining, either directly or in any other capacity, any of Released Defendants' Claims against any of the Plaintiffs' Released Persons and shall not, hereafter, seek to establish liability against any of Plaintiffs' Released Persons based, in whole or in part, on any of the Defendants'

5

Released Claims.

11. Nothing in this Final Judgment and Order of Dismissal, the Settlement, or the Settlement Agreement, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants.

12. Without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Judgment and Order of Dismissal, to protect and effectuate this Final Judgment and Order of Dismissal, and for any other necessary purpose. Defendants, Plaintiffs and each Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the Exhibits thereto. Without limiting the generality of the foregoing, and without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

13. In the event that the Settlement does not become effective according to the Settlement Agreement, this Final Judgment and Order of Dismissal shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in

accordance with the Settlement Agreement.

SO ORDERED this _____ day of _____, 2007.

                                                      _____
                                                      SANDRA S. BECKWITH
                                                      CHIEF JUDGE