IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | No. C-1-01-447 |
| v. | ) ) | Judge Sandra S. Beckwith |
| WYETH-AYERST LABORATORIES, INC., *et al.,* | ) ) ) ) | Magistrate Judge Timothy S. Hogan |
| Defendants. | ) ) ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING**

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Proposed Settlement and Approval of Form and Manner of Notice (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the Parties; and

WHEREAS, the Court has read and considered the Settlement Agreement and its attached exhibits and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

**Preliminary Approval of Settlement Agreement**

1.    The terms of the Settlement Agreement dated December 29, 2006, including all Exhibits thereto (the "Settlement Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.

1

This Order incorporates herein, and makes a part hereof, the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein. The Settlement Agreement among Plaintiffs and Defendants Wyeth and Wyeth Pharmaceuticals (collectively "Wyeth" and/or "Defendants") was entered into at arm's-length by experienced counsel. The Court finds that the settlement embodied in the Settlement Agreement (the "Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in paragraphs 3 through 4 of this Order.

2. The Settlement covers the Class that has been certified by the Court and consists of the Consumer Subclass and the Third-Party Payor Subclass. The Consumer Subclass consists of individuals who paid for some or all of the price of the prescription drug Premarin® in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to the Court's entry of this Order (the "Consumer Subclass"). The Third-Party Payor Subclass consists of entities that paid for or reimbursed for all or part of the cost of a member's Premarin® prescription in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to the Court's entry of this Order, or in Nevada at any time from October 1, 1999 to the Court's entry of this Order (the "Third-Party Payor Subclass"). The Consumer Subclass and the Third-Party Payor Subclass are referred to together herein as the "Class." Excluded from all subclasses are any consumer who paid a fixed cost, or "flat co-pay," to

purchase Premarin®, as well as any consumer who was fully insured or fully reimbursed for such purchases.

### Notice to Potential Class Members

3. On or before _____, 2007, Lead Counsel shall: (a) cause the Summary Notice of Pendency of Class Action and Proposed Settlement, Motion for Costs, and Fairness Hearing (the "Summary Notice") in the form attached as Exhibit 1 hereto to be published in accordance with the Plan of Notice; (b) cause the Summary Notice to be published on the website established for purposes of this Settlement; and (c) otherwise implement the Plan of Notice.

4. On or before _____, 2007, Lead Counsel shall cause copies of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Costs, and Settlement Hearing, substantially in the form attached as Exhibit 2 hereto (the "Notice"), as well as the Request for Exclusion, attached as Exhibit 2 hereto, to be mailed by first-class mail, postage pre-paid, to all potential Third-Party Payor members of the Class, to the extent that they can be identified with reasonable diligence. In addition, Lead Counsel shall cause the Notice and Request for Exclusion, attached hereto as Exhibit 2, to be published in accordance with the Plan of Notice and copies of the Notice be mailed to all Consumers of the Class who request a copy of the Notice, as set forth in the Plan of Notice.

5. On or before _____, 2007, Lead Counsel shall save and file or cause to be saved and filed a sworn statement attesting to compliance with the provisions of paragraphs 3 and 4 of this Order.

6. The Court appoints Complete Claim Solutions, Inc. as the Notice Administrator. Responsibilities of the Notice Administrator shall include the following: (a) establishing a post office box and toll-free phone number (to be included in the Notices to the Class) for purposes of communication with Class members; (b) disseminating notice to the Class; (c) establishing a

3

website for purposes of posting the Notice, Settlement Agreement and related documents; and (d) accepting and maintaining documents sent from Class Members, including exclusion requests.

7. After review of the proposed Plan of Notice submitted to the Court on _____, 2007, the Court approves the expenditure of actual notice and administrative costs reasonably incurred for the purpose of providing notice to the Class in accordance with the Plan of Notice and in connection with the administration of this Settlement. The Escrow Agent is directed to pay such costs with notice to Lead Counsel and Defendants.

8. The notice to be provided as set forth in paragraphs 3 through 4 of this Order (the "Notice Provisions") is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

**Requests for Exclusion from the Class**

9. Any member of the Class who wishes to be excluded from the Class shall mail a written request for exclusion ("Request for Exclusion") to the Notice Administrator, to be postmarked no later than _____, 2007, include all necessary documentation and clearly state the following: the name, address, and telephone number of the person or entity that wishes to be excluded from the Class. The Request for Exclusion form included with the Notice can be used for this purpose. For commercial entities, the Request for Exclusion must also include (a) a signed certification containing the following language:

> The undersigned individual hereby represents that he/she has authority to sign and submit this Request for Exclusion on behalf of the above-named class member. If the undersigned individual is not a duly authorized officer, director or employee of the above named class member (if a corporation), or a general partner or duly

4

    authorized employee of the above-named class member (if a partnership), he/she must attach written evidence of the class member's specific grant of authority to him/her to execute this Request for Exclusion on its behalf.

    By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746;

(b) by state, the number of Premarin pills purchased or reimbursed for by the Third-Party Payor in 2003.

  10. If the person providing a certification in the Request for Exclusion on behalf of a Third-Party Payor is not a duly authorized officer, director or employee of the Third-Party Payor requesting exclusion (if a corporation), or a general partner or duly authorized employee of the Third-Party Payor requesting exclusion (if a partnership), he/she must attach written evidence of the Third-Party Payor's grant of authority to him/her to execute the Request for Exclusion on its behalf.

  11. Members of the Class that submit valid, timely, and complete Requests for Exclusion shall not be bound by the Settlement Agreement or the Final Judgment and Order of Dismissal.

  12. Upon receipt, the Notice Administrator shall promptly provide copies of each Request for Exclusion to Lead Counsel and Counsel for Defendants (as identified in the Settlement Agreement).

  13. Any potential member of the Class that does not properly and timely mail a Request for Exclusion as set forth in paragraphs 9 through 10 above shall be automatically included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such potential member of the Class shall have objected to the Settlement.

## The Fairness Hearing

14. A hearing on final settlement approval (the "Fairness Hearing") will be held on _____, 2007 at _____ \_\_.m. before the Honorable Sandra S. Beckwith, United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio, 45202, to consider, *inter alia*, the following: (a) the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of this Litigation, and the entry of final judgment in the action; (b) whether Lead Counsel's application for costs should be granted; (c) whether to approve the proposed plan of *cy pres* distribution; and (d) any objections to the Settlement that may be submitted by Class Members.

15. On or before_____, Lead Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) any petition for expenses.

16. Any member of the Class that has not filed a Request for Exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the action as to Defendants, the entry of final judgment, and/or the petition for expenses, provided, however, that no person shall be heard in opposition to the Settlement, dismissal and/or entry of final judgment or the petition for expenses unless such person on or before_____ submits to the Court and serves on counsel for the Parties a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition. Persons who fail to object as provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

6

17.    Counsel for the Parties entitled to service of documentation described above are as follows:

Counsel for Plaintiffs and the Class

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE LLP
One N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Counsel for Defendants

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Douglas Wald
David Eggert
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

18.    The date and time of the Fairness Hearing shall be set forth in the Notice, but shall be subject to adjournment by the Court without further notice to Class Members other than that which may be posted at the Court.

19.    All other pretrial proceedings in this action among the Parties are stayed and suspended, pending the Effective Date of the Settlement ("Final Approval"), except such proceedings as are provided for in the Settlement Agreement, or which maybe necessary to implement the terms of the Settlement Agreement or this Order.

20. Any Class Member may hire an attorney at his or her or its own expense to appear at the Fairness Hearing. Such attorney shall serve a Notice of Appearance on the Counsel for the Parties and file it with the Court on or before_____.

21. Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a member of the Class who validly and timely elects to be excluded from the Class), shall commence or prosecute against any or all Released Parties, any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released by the Settlement Agreement upon Final Approval, and, upon Final Approval, all Class Members that do not file a timely Request for Exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and any such Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

**Other Provisions**

22. The Court hereby approves the terms of the Escrow Agreement, attached as Exhibit A to the Settlement Agreement.

23. The Court preliminarily approves the *cy pres* distribution of the Settlement Fund, as described in the Settlement Agreement.

24. Upon Final Approval, each and every term and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of the Court.

25. In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the status quo ante rights of the Parties.

26. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by any Defendant, nor shall they be offered in evidence by Plaintiffs or any third party in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

                                                           _____
SANDRA S. BECKWITH
CHIEF JUDGE

DC#1755784_2