**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, INC., *et al.*, | ) | Magistrate Judge Timothy S. Hogan |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION,
MOTION FOR COSTS, AND SETTLEMENT HEARING**

*This Notice is about a proposed settlement of a class action lawsuit over the marketing and pricing of the brand name drug Premarin®. If you purchased or paid for Premarin® in certain states since March 24, 1999, this Notice may affect your rights.*

Deadline to File an Objection to Settlement: _____, 2007
Deadline to Request Exclusion from the Class: _____, 2007

**PLEASE READ THIS NOTICE CAREFULLY.** It will tell you what the case is about, the terms of the settlement, what choices you have to make, and what you have to do to protect your rights. This notice explains to you certain deadlines and encloses forms that you must complete if you don't want to be part of the Class. It will also tell you where you can get additional information and help.

**For more information, call the Notice Administrator toll-free at [_____], or go to [www.premarinsettlement.com].**

**Why did I get this Notice?** You received this because you may have purchased or reimbursed others for the purchase of the brand name drug Premarin® during the period March 24, 1999 through [ ]. *You are not being sued.*

**What is the lawsuit about?** Premarin® is a conjugated estrogens product prescribed by doctors to relieve the symptoms associated with menopause. Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation) manufacture Premarin® and are Defendants in this case. Plaintiffs allege that the Defendants violated federal antitrust laws and the state antitrust, unfair competition, and unjust enrichment

1

laws in certain states by engaging in anti-competitive and exclusionary conduct that blocked consumer access to Cenestin, another estrogen therapy product. Specifically, Plaintiffs allege that Defendants entered into exclusive rebate contracts covering Premarin® with managed care organizations such as HMOs, insurance companies, or pharmacy benefit managers ("Third-Party Payors"). **No question is raised about the safety or effectiveness of Premarin®.** Defendants deny Plaintiffs' allegations and contend that their conduct was legal and not exclusionary. In fact, Defendants prevailed in a related class action that was pending before the Court in *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-704, 2005 WL 1396940 (S.D. Ohio June 13, 2005) ("*J.B.D.L.*"). In the *J.B.D.L.* class action, the Court dismissed substantially identical claims brought by "direct purchasers" of Premarin® (*e.g.*, wholesalers and retail chain pharmacies) on summary judgment, meaning that the Court ruled that the claims in *J.B.D.L.* were legally insufficient for the case to proceed to trial. The Court's ruling in *J.B.D.L.* is currently on appeal before the United States Court of Appeals for the Sixth Circuit.

On _____, 2007, the Court issued an Order giving preliminary approval of the Settlement and ordering that this Notice be sent out and the Settlement be publicized.

**Who is part of the Class?** The Class certified by the Court and covered by this Settlement includes two types of persons or entities: consumers and third-party payors of Premarin®. Consumer plaintiffs are individuals who paid for some or all of the price of the prescription drug Premarin® in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to [    ] (the "Consumer Subclass").

Third-party payor plaintiffs are entities such as insurance companies, union health and welfare benefit plans and other organizations that paid for or reimbursed for all or part of the cost of a member's Premarin® prescription in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to [    ], or in Nevada at any time from October 1, 1999 to [    ] (the "Third-Party Payor Subclass").

The Consumer Subclass and the Third-Party Payor Subclass are referred to together herein as the "Class." Excluded from the Class are the Defendants (along with their parents, subsidiaries, or affiliates), all governmental entities, all persons or entities that purchased Premarin® directly from the Defendants or for purposes of resale, any consumer who paid a fixed cost, or "flat co-pay," to purchase Premarin®, as well as any consumer who was fully insured or fully reimbursed for such purchases.

**What Has Happened In this Case?** This case on behalf of consumers and third-party payors is pending before the same Court as an action by direct purchasers (e.g., wholesalers) against Defendants, i.e., *J.B.D.L. Corp., v. Wyeth-Ayerst Laboratories, Inc.*, No. 1:01-CV-704, 1:03-CV-781 ("*J.B.D.L.*"). The *J.B.D.L.* action involves identical allegations of wrongdoing by Defendants. In J.B.D.L., the Court granted summary judgment in favor of Defendants, holding that Defendants' conduct did not violate the antitrust laws, and dismissed the case. See *J.B.D.L. Corp., v. Wyeth-Ayerst Laboratories, Inc.*, No. 1:01-CV-704, 1:03-CV-781, 2005 WL 1396940 (S.D. Ohio, June 13, 2005). The plaintiffs in *J.B.D.L* have pursued an appeal to the United

States Court of Appeals for the Sixth Circuit. Plaintiffs in this case moved to stay this action pending the outcome of the appeal in the J.B.D.L. case, which the Court denied. Defendants filed in this case a summary judgment motion asserting the same grounds for dismissal that the Court granted in the direct purchaser case. While it is possible that the Sixth Circuit Court of Appeals may eventually reverse the *J.B.D.L.* decision, that is extremely unlikely to occur in the near future (if ever) and the scheduling order entered by the Court requires Plaintiffs to have completed briefing summary judgment and be prepared for trial in early 2007. Therefore, there is a high likelihood that summary judgment would be granted against the Class prior to the Sixth Circuit's decision in *J.B.D.L.*

The Parties' ongoing settlement discussions culminated in a mediation on August 30, 2006 before retired federal Judge Edward A. Infante, whose efforts and recommendation led to this Settlement Agreement.

**What are the terms of the Settlement?** Defendants paid $1.3 million to settle this Class Action. After the deduction of Court-awarded expenses, costs, Notice and Administration Expenses, taxes and tax-related expenses, if any, the costs and expenses of Lead Counsel and any other costs and expenses as the Court may order, the balance of this sum (including accrued interest) (the "Settlement Fund") will be distributed as set forth below.

The complete terms of the Settlement are in the Settlement Agreement signed by the Parties, a copy of which is available at www.premarinsettlement.com, and is also on file with the Clerk, United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202.

The lawyers for the Class have made a thorough investigation of the law and facts in this case. The parties have engaged in extensive arm's-length negotiations, including mediation before a retired judge, which resulted in this Settlement. Taking into account the risks and hazards of further litigation, including the summary judgment decision in *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.,* No. 1:01-cv-704, 2005 WL 1396940 (S.D. Ohio June 13, 2005), Plaintiffs' lawyers have determined that it is in the best interest of the Class to settle the Litigation on the terms and conditions described herein. Plaintiffs' lawyers concluded that, under the circumstances, the Settlement is fair, reasonable, adequate and in the best interests of the Class.

The settlement provides for a "cy pres" distribution of the net settlement proceeds to the National Women's Health Resource Center and The Society for Women's Health Research or, alternatively, to such other charities or other nonprofit organizations as may be ordered by the Court.

**Will Plaintiffs' Counsel receive attorneys' fees?** No. Although Plaintiffs' Counsel have spent more than _____ hours on this case, there are insufficient funds available for attorneys' fees. Plaintiffs' Counsel will apply for reimbursement of costs and expenses not to exceed $325,000.

## DECISIONS YOU MUST MAKE NOW

**What are my choices as a Class Member?** You have a choice of whether to remain a member of the Class or whether to exclude yourself from the Litigation.

**What do I have to do to remain a member of the Class?** *You Do Not Need To Do Anything At This Time*. If you meet the definition of a Class Member, you will automatically be considered part of the Class unless you exclude yourself. As a Class Member, you will be bound by all orders and judgments of the Court. Any claim you have against Defendants concerning the allegations summarized in this Notice will be determined by the final resolution of the case.

**How Do I Exclude Myself From The Class?** You can get out of the Class by sending a signed letter asking to be excluded to Premarin Claims Exclusions, c/o _____P.O. Box _____, _____. Please include your name, the name of the person or entity seeking exclusion, an address and telephone number. For your convenience, a Request for Exclusion form is provided below. All Requests for Exclusion must be postmarked by _____, 2007. *If you exclude yourself, you will not be bound by the terms of the Settlement, any Court orders or judgments.* If you wish to remain a member of the Class, **DO NOT** submit a Request for Exclusion.

Requests for Exclusion must be sent to the following address:

**Premarin Notice Administrator**
**Complete Claim Solutions**
**[Address]**

**Who are the lawyers for the Class?** The following counsel have been approved by the Court as Lead Counsel on behalf of the Class:

 Kenneth A. Wexler
 Jennifer Fountain Connolly
 WEXLER TORISEVA WALLACE LLP
 One N. LaSalle Street, Suite 2000
 Chicago, Illinois 60602
 Telephone: (312) 346-2222
 Facsimile: (312) 346-0022

**Can I have my own lawyer?** Yes, you can be represented by your own lawyer, but you will have to pay all of your own lawyer's fees and expenses.

**If I stay in the Class and accept the Settlement, what claims am I giving up?** If the Settlement is approved by the Court, then the lawsuit will be dismissed. You and all members of the Class will be releasing any and all claims, whether known or unknown, that arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters or occurrences involved, set forth or referred to in the Litigation, against any of the Defendants' Released Persons (as defined in the Settlement Agreement).

**THE FAIRNESS HEARING**

**When does the Court rule on the Settlement?** Pursuant to the Court's Order dated ___, 2006, a Fairness Hearing will be held on _____, 2007, at _____ __.m. at the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202. The hearing date may be changed without notice, so to ensure you have the most up to date

information you may visit the website: [www.premarinsettlement.com]. The purpose of the Fairness Hearing is to do the following:

(a)   determine whether the Settlement is fair, reasonable and adequate and in the best interests of the Class, whether it should be approved by the Court, and whether judgment should be entered;

(b)   consider the applications of attorneys for Plaintiffs and the Class for an award of reimbursement of litigation expenses not to exceed $325,000; and

(c)   consider any other issues the Court thinks necessary.

**Can I object to the Settlement?**  If you are a Class member as defined above, and you have not requested exclusion from the Class, you may still object to the fairness, reasonableness or adequacy of the Settlement or the applications for litigation expenses.

**How do I object or participate in the Fairness Hearing?**  To object, you (or your lawyer if you have one) must file a written statement with the Clerk of the Court, United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202, on or before_____, 2007. The statement must include: (i) the name, address and telephone number of the Class member and, if applicable, the name, address and telephone number of the Class member's attorney, (ii) the objection, including any papers in support thereof, and (iii) if you intend to appear at the Fairness Hearing, a statement to that effect and the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony. Your written statement should include a brief description of your objection and you may also include any other supporting materials, papers or briefs that you want the Court to consider. Whatever you file with the Court must also be mailed to the following:

<u>Lead Counsel for Plaintiffs and the Class</u>

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE LLP
One N. LaSalle Street, Suite 2000
Chicago, Illinois  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

<u>Counsel for Defendants</u>

Dan K. Webb
W. Gordon Dobie
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700

>Douglas Wald
>David Eggert
>ARNOLD & PORTER LLP
>555 Twelfth Street, NW
>Washington, DC  20004
>Telephone:  (202) 942-5000
>Facsimile:  (202) 942-5999

Anyone can come to the Fairness Hearing and watch.  Any Class Member who timely files and serves a written objection may also appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness or adequacy of the Settlement, or the applications for litigation expenses.  You do not, however, have to be at the hearing to object.  If you follow the rules above for filing an objection, the Court will consider your objection whether or not you come to the hearing.

Any Class member who does not timely file and serve a written objection and a notice of intention to appear by _____, 2007, and any witness not identified in the notice of intention to appear, shall not be permitted to object or appear at the Fairness Hearing, except for good cause shown, and shall be deemed to have waived, forfeited, and shall be barred from raising, any objection to the Settlement made at the Fairness Hearing, and shall be bound by all of the terms of the Settlement and by all orders of the Court.

## COSTS

At the Fairness Hearing, Plaintiffs' Counsel will ask the Court to approve an award of litigation expenses not to exceed $325,000.  All awards of expenses shall be paid exclusively out of the Settlement Fund.  The cost of notice and administration, not to exceed $_____, will also be paid out of the Settlement Fund.

## FURTHER INFORMATION

This Notice contains only a summary of the Settlement.  The complete terms of the Settlement are contained in the Settlement Agreement, which is available to the public to review at the Clerk's office, United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202.  In addition, the complete Settlement Agreement is posted on the website at [www.premarinsettlement.com].  Please do not contact the Court, the Clerk's office or the Judge, except as set forth herein.

**PLEASE DO NOT PHONE THE COURT.**

Dated: _____, 2007

>United States District Court
>Southern District of Ohio

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THE PERSON OR ENTITY SET FORTH BELOW HEREBY EXCLUDES ITSELF, HERSELF OR HIMSELF FROM THE CLASS CERTIFIED IN <u>FERRELL v. WYETH-AYERST LABS, et al.</u>, Case No. 1:01-CV-447 (S.D. Ohio).

Name of person or entity: _____
Address: _____
Telephone: _____

Signature: _____
(if person signing is different from name of person or entity, provide position or basis of authority)

If the Request for Exclusion is on behalf of a commercial entity, the Court requests that you also provide the following information and complete the Certification in order to elect to be excluded from the Class:

**Total number of Premarin pills paid or reimbursed for in 2003:**

    **(A)  In AZ, FL, IA, KS, MA, ME, MI, MN, MS, NM, NC, ND, NV, SD, TN, VT, WV, WI:** _____

For mail order purchases, the state of residence of the patient is deemed to be the state in which the purchase occurred.

## Certification

**The undersigned individual hereby represents that he/she has the authority to sign and submit this Request for Exclusion on behalf of the above-named Class Member. If the undersigned individual is not a duly authorized officer, director or employee of the above-named Class Member (if a corporation), or a general partner or duly authorized employee of the above-named Class Member (if a partnership), he/she must attach written evidence of the Class Member's specific grant of authority to him/her to execute this Request for Exclusion on its behalf.**

**By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct. 38 U.S.C. § 1746.**

Name: _____
Legal Relationship to Class Member: _____
Contact/Telephone Number: _____
Signature: _____
Executed on: _____

Mail to Premarin Claims Exclusions, c/o _____ LLC, P.O. Box _____, _____,\_\_\_\_. It must be postmarked on or before _____, 2007.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -