**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARJORIE FERRELL, *et al.*,  Plaintiffs,  v.  WYETH-AYERST LABORATORIES, INC., *et al.*,  Defendants. | No. C-1-01-447  Judge Sandra S. Beckwith  Magistrate Judge Timothy S. Hogan |

**AFFIDAVIT OF CHARLENE YOUNG**

RE:  MAILING OF NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR COSTS, AND SETTLEMENT HEARING AND PUBLICATION OF SUMMARY NOTICE

CHARLENE YOUNG, being duly sworn, deposes and says as follows:

1. I submit this Affidavit in order to provide the Court and the parties to the above-captioned action with information regarding the mailing of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Costs, and Settlement Hearing and Request for Exclusion Form ("Notice Packet"). I am over the age of 21 years and not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could testify competently thereto.

2. I am the Notice and Administration Manager for Complete Claim Solutions, LLC ("CCS"). CCS was retained as the Notice Administrator by the Lead Counsel to assist in the process of providing notice to the potential Class Members in this action. These Class Members include

both individual consumers as well as Third-Party Payors ("TPPs") such as health insurance companies and the prescription drug benefit plans of self-insured groups.

3. CCS has served as Claims Administrator for classes of other TPP Prescription Drug Antitrust Cases including *In re Lorazepam and Clorazepate Antitrust Litigation* (MDL No. 98-1232); *In re Cardizem CD Antitrust Litigation* (MDL No. 1278); *Vista Healthplan, Inc., and Ramona Sakiestewa v. Bristol-Myers Squibb Co., and American BioScience, Inc.* (Civil Action No. 1:01CV01295 (EGS) (AK)); *In re: Lupron® Marketing and Sales Practices Litigation* (MDL No. 1430); *In re: Terazosin Hydrochloride Antitrust Litigation* (MDL Docket No. 1317); *In re Warfarin Sodium Antitrust Litigation* (MDL No. 98-1232 (SLR)); and *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation* (Docket No. 2:02cv442).

4. CCS maintains a mailing database of approximately 42,829 potential TPP Class Members and record keepers (the "CCS TPP Mailing Database") which consists of membership listings and existing databases from the following sources:

    a) Pharmacy Benefit Management Institute;
    b) Health Insurance Association of America;
    c) Benefits Sourcebook;
    d) Managed Care Information Centers;
    e) Judy Diamond Associates;
    f) A.M. Best Company;
    g) Association of Managed Care Providers;
    h) Society of Professional Benefit Administrators;
    i) American Association of Health Plans;
    j) Self Insurers Institute of America;

    k) National Association of Insurance Commissioners; and

    l) Society of Professional Benefit Administrators.

5. CCS developed the CCS TPP Mailing Database in March 2001 as a proprietary mailing database and it is maintained and regularly updated by CCS to be used in notifying TPP Class members in settlements of large pharmaceutical antitrust litigations, including: *In re Warfarin Sodium Antitrust Litigation* (MDL No. 98-1232); *In re Lorazepam and Clorazepate Antitrust Litigation* (MDL No. 1290); *In re Terazosin Hydrochloride Antitrust Litigation* (MDL No. 1317); *Vista Healthplan, Inc., and Ramona Sakiestewa v. Bristol-Myers Squibb Co., and American BioScience, Inc.* (Civil Action No. 1:01CV01295 (EGS) (AK)); *In re: Lupron® Marketing and Sales Practices Litigation* (MDL No. 1430); *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation* (Docket No. 2:02cv442); and *In re Cardizem CD Antitrust Litigation* (MDL No. 1278). CCS continues to update the CCS TPP Mailing Database with changes of address and additional TPP Class members and record keepers as they are identified in subsequent settlements.

6. Pursuant to the Court's Order Granting Preliminary Approval of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing dated January 17, 2007 (the "Preliminary Approval Order"), CCS caused Notice Packets to be printed, and on March 1, 2007 the Notice Packets were mailed to 42,829 potential TPP Class members, using the CCS TPP Mailing Database. A copy of the Notice Packet is attached hereto as Exhibit 1.

7. Pursuant to the Court's Preliminary Approval Order, CCS caused the Summary Notice to be published in the April 17, 2007 issue of <u>Women's Day</u>, the April 2007 issue of <u>Better Homes</u>

& Gardens, the March 25, 2007 issue of USA Weekend, the March 25, 2007 issue of Parade, the April 2007 issue of HR Magazine, and the March 26, 2007 issue of National Underwriters: Life and Health.  A copy of the published Summary Notice is attached hereto as Exhibit 2.

8.     CCS has acted as a repository for inquiries and communications from potential Class Members.  Pursuant to the Preliminary Approval Order, CCS established a Post Office Box, a toll-free telephone "hotline," a website, and an email address to respond to potential claimants' inquiries.

9.     As of May 11, 2007, CCS has received approximately 15,086 telephone calls to the hotline, of which approximately 2,745 requested to speak to a live operator.  As a result, Notice Packets have been mailed to 4,780 potential Consumer and TPP Class members.

10.    As of May 11, 2007, two (2) Notice Packets have been returned by the United States Postal Service ("USPS") as undeliverable with forwarding addresses.  These Notice Packets have been mailed to the new addresses.

11.    As of May 11, 2007, 71 Notice Packets have been returned to CCS by the USPS as undeliverable without forwarding addresses.  CCS submitted these addresses to Accurint, an address research firm.  Accurint was able to locate four (4) new addresses and CCS subsequently mailed Notice Packets to the new addresses.

12.    As of May 11, 2007, a total of 47,615 Notice Packets have been mailed to potential Consumer and TPP Class members.

13. As mentioned in ¶8 above, CCS developed and maintains a website (www.Premarinclassaction.com). The website was "live" as of March 2, 2007 and as of May 11, 2007 the website has been visited a total of 6,954 times. Additionally CCS developed and maintains an E-mail address (Premarinohioinfo@CompleteClaimSolutions.com). The email address was "live" as of February 26, 2007 and has received 294 emails to date.

14. Pursuant to the Preliminary Approval Order, Requests for Exclusion must be postmarked not later than April 27, 2007. As of May 11, 2007, CCS has received timely Requests for Exclusions from 89 TPPs and 3,449 Consumers. Of the exclusions, 3,305 are West Virginia women included on spreadsheets submitted by the Calwell Practice PLLC.

15. I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____<br>Charlene Young

Sworn to before me this 14th day of May 2007.

_____
Notary Public



Notary Public State of Florida
Tonette M Fiaschi
My Commission DD516259
Expires 04/22/2010

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARJORIE FERRELL, *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>WYETH-AYERST LABORATORIES, INC., *et al.*,<br><br>              Defendants. | No. C-1-01-447<br><br>Judge Sandra S. Beckwith<br><br>Magistrate Judge Timothy S. Hogan |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION,
MOTION FOR COSTS, AND SETTLEMENT HEARING**

*This Notice is about a proposed settlement of a class action lawsuit over the marketing and pricing of the brand name drug Premarin®. If you purchased or paid for Premarin® in certain states since March 24, 1999*, this Notice may affect your rights.

    Deadline to File an Objection to Settlement:      June 1, 2007
    Deadline to Request Exclusion from the Class:     April 27, 2007

**PLEASE READ THIS NOTICE CAREFULLY.** It will tell you what the case is about, the terms of the Settlement, what choices you have to make, and what you have to do to protect your rights. This Notice explains to you certain deadlines and encloses forms that you must complete if you don't want to be part of the Class. It will also tell you where you can get additional information and help.

**For more information, call the Notice Administrator toll-free at 800-393-2786, or go to www.premarinclassaction.com.**

**Why did I get this Notice?** You received this because you may have purchased or reimbursed others for the purchase of the brand name drug Premarin® during the period March 24, 1999 through January 12, 2007. *You are not being sued.*

**What is the lawsuit about?** Premarin® is a conjugated estrogens product prescribed by doctors to relieve the symptoms associated with menopause. Wyeth Pharmaceuticals (formerly Wyeth-Ayerst Laboratories, Inc.) and Wyeth (formerly American Home Products Corporation) manufacture Premarin® and are Defendants in this case. Plaintiffs allege that the Defendants violated federal antitrust laws and the state antitrust, unfair competition, and unjust enrichment laws in certain states by engaging in anti-competitive and exclusionary conduct that blocked consumer access to Cenestin, another estrogen therapy product. Specifically, Plaintiffs allege that Defendants entered into exclusive rebate contracts covering Premarin® with managed care organizations such as HMOs, insurance companies, or pharmacy benefit managers ("Third-Party Payors"). **No question is raised about the safety or effectiveness of Premarin®.** Defendants deny Plaintiffs' allegations and contend that their conduct was legal and not exclusionary. In fact, Defendants prevailed in a related class action that was pending before the Court in *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-704, 2005 WL 1396940 (S.D. Ohio, June 13, 2005) ("*J.B.D.L.*"). In the *J.B.D.L.* class action, the Court dismissed substantially identical claims brought by "direct purchasers" of Premarin® (*e.g.*, wholesalers and retail chain pharmacies) on summary judgment, meaning that the Court ruled that the claims in *J.B.D.L.* were legally insufficient for the case to proceed to trial. The Court's ruling in *J.B.D.L.* is currently on appeal before the United States Court of Appeals for the Sixth Circuit.

On January 12, 2007, the Court issued an Order giving preliminary approval of the Settlement and ordering that this Notice be sent out and the Settlement be publicized.

**Who is part of the Class?** The Class certified by the Court and covered by this Settlement includes two types of persons or entities: consumers and third-party payors of Premarin®.

1

Consumer Plaintiffs are individuals who paid for some or all of the price of the prescription drug Premarin® in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to January 12, 2007 (the "Consumer Subclass").

Third-Party Payor Plaintiffs are entities such as insurance companies, union health and welfare benefit plans and other organizations that paid for or reimbursed for all or part of the cost of a member's Premarin® prescription in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin at any time from March 24, 1999 to January 12, 2007, or in Nevada at any time from October 1, 1999 to January 12, 2007 (the "Third-Party Payor Subclass").

The Consumer Subclass and the Third-Party Payor Subclass are referred to together herein as the "Class." Excluded from the Class are the Defendants (along with their parents, subsidiaries, or affiliates), all governmental entities, all persons or entities that purchased Premarin® directly from the Defendants or for purposes of resale, any consumer who paid a fixed cost, or "flat co-pay," to purchase Premarin®, as well as any consumer who was fully insured or fully reimbursed for such purchases.

**What has happened in this case?** This case on behalf of consumers and third-party payors is pending before the same Court as an action by direct purchasers (e.g., wholesalers) against Defendants, i.e., *J.B.D.L. Corp., v. Wyeth-Ayerst Laboratories, Inc.*, No. 1:01-cv-704, 1:03-cv-781 ("*J.B.D.L.*"). The *J.B.D.L.* action involves identical allegations of wrongdoing by Defendants. In *J.B.D.L.*, the Court granted summary judgment in favor of Defendants, holding that Defendants' conduct did not violate the antitrust laws, and dismissed the case. See *J.B.D.L. Corp., v. Wyeth-Ayerst Laboratories, Inc.*, No. 1:01-cv-704, 1:03-cv-781, 2005 WL 1396940 (S.D. Ohio, June 13, 2005). The Plaintiffs in *J.B.D.L.* have pursued an appeal to the United States Court of Appeals for the Sixth Circuit. Plaintiffs in this case moved to stay this action pending the outcome of the appeal in the *J.B.D.L.* case, which the Court denied. Defendants filed in this case a summary judgment motion asserting the same grounds for dismissal that the Court granted in the direct purchaser case. While it is possible that the Sixth Circuit Court of Appeals may eventually reverse the *J.B.D.L.* decision, that is extremely unlikely to occur in the near future (if ever) and the scheduling order entered by the Court requires Plaintiffs to have completed briefing summary judgment and be prepared for trial in early 2007. Therefore, there is a high likelihood that summary judgment would be granted against the Class prior to the Sixth Circuit's decision in *J.B.D.L.*

The Parties' ongoing settlement discussions culminated in a mediation on August 30, 2006 before retired federal Judge Edward A. Infante, whose efforts and recommendation led to this Settlement Agreement.

**What are the terms of the Settlement?** Defendants paid $1.3 million to settle this Class Action. After the deduction of Court-awarded expenses, costs, notice and administration expenses, taxes and tax-related expenses, if any, the costs and expenses of Lead Counsel and any other costs and expenses as the Court may order, the balance of this sum (including accrued interest) (the "Settlement Fund") will be distributed as set forth below.

The complete terms of the Settlement are in the Settlement Agreement signed by the Parties, a copy of which is available at www.premarinclassaction.com, and is also on file with the Clerk, United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202.

The lawyers for the Class have made a thorough investigation of the law and facts in this case. The parties have engaged in extensive arm's-length negotiations, including mediation before a retired judge, which resulted in this Settlement. Taking into account the risks and hazards of further litigation, including the summary judgment decision in *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-704, 2005 WL 1396940 (S.D. Ohio, June 13, 2005), Plaintiffs' lawyers have determined that it is in the best interest of the Class to settle the Litigation on the terms and conditions described herein. Plaintiffs' lawyers concluded that, under the circumstances, the Settlement is fair, reasonable, adequate and in the best interests of the Class.

The Settlement provides for a "cy pres" distribution of the net settlement proceeds to the National Women's Health Resource Center and The Society for Women's Health Research or, alternatively, to such other charities or other nonprofit organizations as may be ordered by the Court.

**Will Plaintiffs' Counsel receive attorneys' fees?** No. Although Plaintiffs' Counsel have spent more than 10,000 hours on this case, there are insufficient funds available for attorneys' fees. Plaintiffs' Counsel will apply for reimbursement of costs and expenses not to exceed $325,000.

2

## DECISIONS YOU MUST MAKE NOW

**What are my choices as a Class Member?**  You have a choice of whether to remain a member of the Class or whether to exclude yourself from the Litigation.

**What do I have to do to remain a member of the Class?**  *You Do Not Need To Do Anything At This Time*.  If you meet the definition of a Class Member, you will automatically be considered part of the Class unless you exclude yourself.  As a Class Member, you will be bound by all orders and judgments of the Court.  Any claim you have against Defendants concerning the allegations summarized in this Notice will be determined by the final resolution of the case.

**How do I exclude myself from The Class?**  You can get out of the Class by sending a signed letter asking to be excluded to Premarin Litigation Administrator, c/o Complete Claim Solutions, LLC, P.O. Box 24746, West Palm Beach, FL 33416.  Please include your name, the name of the person or entity seeking exclusion, an address and telephone number.  For your convenience, a Request for Exclusion form is provided below.  All Requests for Exclusion must be postmarked no later than April 27, 2007.  *If you exclude yourself, you will not be bound by the terms of the Settlement, any Court orders or judgments.*  If you wish to remain a member of the Class, **DO NOT** submit a Request for Exclusion.

Requests for Exclusion must be sent to the following address:

**Premarin Litigation Administrator**
**c/o Complete Claim Solutions, LLC**
**P.O. Box 24746**
**West Palm Beach, FL  33416**

**Who are the lawyers for the Class?**  The following counsel have been approved by the Court as Lead Counsel on behalf of the Class:

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE LLP
One N. LaSalle Street, Suite 2000
Chicago, Illinois  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

**Can I have my own lawyer?**  Yes, you can be represented by your own lawyer, but you will have to pay all of your own lawyer's fees and expenses.

**If I stay in the Class and accept the Settlement, what claims am I giving up?**  If the Settlement is approved by the Court, then the lawsuit will be dismissed.  You and all members of the Class will be releasing any and all claims, whether known or unknown, that arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters or occurrences involved, set forth or referred to in the Litigation, against any of the Defendants' Released Persons (as defined in the Settlement Agreement).

## THE FAIRNESS HEARING

**When does the Court rule on the Settlement?**  Pursuant to the Court's Order dated January 12, 2007, a Fairness Hearing will be held on June 15, 2007, at 1:30 p.m., at the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Court Room 2, Cincinnati, Ohio 45202.  The hearing date may be changed without notice, so to ensure you have the most up to date information, you may visit the website: www.premarinclassaction.com.  The purpose of the Fairness Hearing is to do the following:

    (a) determine whether the Settlement is fair, reasonable and adequate and in the best interests of the Class, whether it should be approved by the Court, and whether judgment should be entered;

    (b) consider the applications of attorneys for Plaintiffs and the Class for an award of reimbursement of litigation expenses not to exceed $325,000; and

(c) consider any other issues the Court thinks necessary.

**Can I object to the Settlement?** If you are a Class Member as defined above, and you have not requested exclusion from the Class, you may still object to the fairness, reasonableness or adequacy of the Settlement or the applications for litigation expenses.

**How do I object or participate in the Fairness Hearing?** To object, you (or your lawyer if you have one) must file a written statement with the Clerk of the Court, United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202, on or before June 1, 2007. The statement must include: (i) the name, address and telephone number of the Class Member and, if applicable, the name, address and telephone number of the Class Member's attorney, (ii) the objection, including any papers in support thereof, and (iii) if you intend to appear at the Fairness Hearing, a statement to that effect and the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony. Your written statement should include a brief description of your objection and you may also include any other supporting materials, papers or briefs that you want the Court to consider. Whatever you file with the Court must also be mailed to the following:

| Lead Counsel for Plaintiffs and the Class | Counsel for Defendants | |
|---|---|---|
| Kenneth A. Wexler | Dan K. Webb | Douglas Wald |
| Jennifer Fountain Connolly | W. Gordon Dobie | David Eggert |
| WEXLER TORISEVA WALLACE LLP | WINSTON & STRAWN LLP | ARNOLD & PORTER LLP |
| One N. LaSalle Street, Suite 2000 | 35 West Wacker Drive | 555 Twelfth Street, NW |
| Chicago, Illinois 60602 | Chicago, Illinois 60601 | Washington, DC 20004 |
| Telephone: (312) 346-2222 | Telephone: (312) 558-5600 | Telephone: (202) 942-5000 |
| Facsimile: (312) 346-0022 | Facsimile: (312) 558-5700 | Facsimile: (202) 942-5999 |

Anyone can come to the Fairness Hearing and watch. Any Class Member who timely files and serves a written objection may also appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness or adequacy of the Settlement, or the applications for litigation expenses. You do not, however, have to be at the hearing to object. If you follow the rules above for filing an objection, the Court will consider your objection whether or not you come to the hearing.

Any Class Member who does not timely file and serve a written objection and a Notice of Intention to Appear by June 1, 2007, and any witness not identified in the Notice of Intention to Appear, shall not be permitted to object or appear at the Fairness Hearing, except for good cause shown, and shall be deemed to have waived, forfeited, and shall be barred from raising, any objection to the Settlement made at the Fairness Hearing, and shall be bound by all of the terms of the Settlement and by all orders of the Court.

## COSTS

At the Fairness Hearing, Plaintiffs' Counsel will ask the Court to approve an award of litigation expenses not to exceed $325,000. All awards of expenses shall be paid exclusively out of the Settlement Fund. The cost of notice and administration, not to exceed $532,880.75, will also be paid out of the Settlement Fund.

## FURTHER INFORMATION

This Notice contains only a summary of the Settlement. The complete terms of the Settlement are contained in the Settlement Agreement, which is available to the public to review at the Clerk's Office, United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202. In addition, the complete Settlement Agreement is posted on the website at www.premarinclassaction.com. Please do not contact the Court, the Clerk's Office or the Judge, except as set forth herein.

**PLEASE DO NOT PHONE THE COURT.**

Dated: January 12, 2007                             United States District Court
                                                    Southern District of Ohio

| | | |
|---|---|---|
| **Must be Postmarked No Later Than April 27, 2007** | Ferrell v. Wyeth-Ayerst Labs, Inc., et al.<br>Case No. 1:01-cv-447 (S.D. Ohio) | For Official Use Only |

# REQUEST FOR EXCLUSION

THE PERSON OR ENTITY SET FORTH BELOW HEREBY EXCLUDES ITSELF, HERSELF OR HIMSELF FROM THE CLASS CERTIFIED IN <u>FERRELL v. WYETH-AYERST LABS, INC., et al.</u>, Case No. 1:01-cv-447 (S.D. Ohio).

Name of person or entity: _____

Address: _____

Telephone: _____

Signature: _____    Position _____
(if person signing is different from name of person or entity, provide position or basis of authority)

If the Request for Exclusion is on behalf of a commercial entity, the Court requests that you also provide the following information and complete the Certification in order to elect to be excluded from the Class:

**Total number of Premarin pills paid or reimbursed for in 2003:**

    **In AZ, FL, IA, KS, MA, ME, MI, MN, MS, NM, NC, ND, NV, SD, TN, VT, WV, WI:** _____

For mail order purchases, the state of residence of the patient is deemed to be the state in which the purchase occurred.

**Certification**

**The undersigned individual hereby represents that he/she has the authority to sign and submit this Request for Exclusion on behalf of the above-named Class Member. If the undersigned individual is not a duly authorized officer, director or employee of the above-named Class Member (if a corporation), or a general partner or duly authorized employee of the above-named Class Member (if a partnership), he/she must attach written evidence of the Class Member's specific grant of authority to him/her to execute this Request for Exclusion on its behalf.**

**By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.**

Name: _____

Legal Relationship to Class Member: _____

Contact/Telephone Number: _____

Signature: _____    Executed on: _____

MAIL TO:   Premarin Litigation Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24746
West Palm Beach, FL  33416

*The Request for Exclusion must be postmarked no later than April 27, 2007.*

5

Premarin Litigation Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24746
West Palm Beach, FL 33416

# IMPORTANT COURT DOCUMENTS

# EXHIBIT 2

# ATTENTION PREMARIN® PURCHASERS

**To: All persons or entities who purchased or paid for PREMARIN® at anytime from March 24, 1999 to January 12, 2007 in Arizona, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia or Wisconsin,**

*or*

**All "Third-Party Payors" who paid for or reimbursed for PREMARIN® in Nevada from October 1, 1999 to January 12, 2007:**

A settlement has been proposed in a class action lawsuit alleging that the manufacturer of Premarin® violated federal antitrust laws and the state antitrust, unfair competition, and unjust enrichment laws in the states listed above by entering into allegedly exclusive rebate contracts covering Premarin® with managed care organizations such as HMOs, insurance companies, or pharmacy benefit managers ("Third-Party Payors").

**No question is raised about the safety or effectiveness of Premarin®.**

Defendants deny that they committed any violation of law or any wrongdoing or that they have any liability with respect to Plaintiffs or the Class.

In fact, Defendants prevailed in a related class action pending before the Court in *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-704, 2005 WL 1396940 (S.D. Ohio June 13, 2005) ("*J.B.D.L.*"). In the *J.B.D.L.* class action, the Court dismissed substantially identical claims brought by "direct purchasers" of Premarin® (*e.g.*, wholesalers and retail chain pharmacies) on summary judgment, meaning that the Court ruled that the claims in *J.B.D.L.* were legally insufficient for the case to proceed to trial. The Court's ruling in *J.B.D.L.* is currently on appeal before the United States Court of Appeals for the Sixth Circuit.

**You may have important legal rights under this settlement, some of which you must act on by April 27, 2007.**

**For a Class Action Notice Package with the full details of this settlement, please call:**

## 1-800-393-2786

**or you may write to:**

**Premarin Litigation Administrator, c/o Complete Claim Solutions, LLC
P.O. Box 24746, West Palm Beach, FL 33416**

**or you may visit the website at www.premarinclassaction.com.**