**Exhibit 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE FERRELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C-1-01-447 |
| | ) | |
| v. | ) | Judge Sandra S. Beckwith |
| | ) | |
| WYETH-AYERST LABORATORIES, | ) | Magistrate Judge Timothy S. Hogan |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

### DECLARATION OF HONORABLE EDWARD INFANTE IN SUPPORT OF
### PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT

1.      I am a retired federal judge and a mediator with JAMS. I presided over the mediation in the above-captioned matter. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Settlement.

2.      I have conducted over 2,000 settlement conferences in all types of civil litigation including securities fraud and shareholder class actions, intellectual property disputes, employment cases and antitrust cases. While a Magistrate Judge for the United States District Court for the Northern District of California from 1990 to 2001, I resolved thousands of pretrial matters including discovery, pleading, and summary judgment motions, and presided over numerous jury trials

3.      The parties approached me after they had reached an impasse in their own settlement negotiations. It is my understanding from speaking with Plaintiffs' and Defendants' counsel that the parties had failed to resolve this case after negotiating on and off for nearly nine months. I agreed to serve as a mediator.

4.      Prior to participating in the mediation, both parties provided me with written confidential mediation statements. Both sides' submissions were lengthy and contained many exhibits. It was clear from the outset that the parties disagreed on the import of many significant facts in this case and likewise disagreed on the proper application of the law to those facts. In addition to those differences, the parties were in an unique position by virtue of this Court's summary judgment ruling in a parallel case brought by direct purchasers, the appeal of which had not been ruled upon at the time of the parties' settlement efforts. Further, the parties, although anxious to resolve this matter, and although relatively small amounts apart, likewise appeared entrenched in their previous settlement positions.

5.      On August 30, 2006, the parties participated in an all day mediation session before me. During this time both parties negotiated vigorously and at arm's length. By the end of the day, the parties were able to reach an agreement in principle.

6.      Thereafter, the parties negotiated the specific terms and conditions embodied in the Settlement Agreement. I understood from speaking with the parties that the drafting process was time consuming.

7.      Indeed, during the drafting process the parties reached an impasse in negotiating these terms. Specifically, they could not resolve the issue of the identity of the proposed *cy pres* recipients. I helped them to resolve that issue during a teleconference on December 14, 2006.

8.      In my view, the settlement negotiations were at arms'-length and hard fought. I likewise believe the settlement to be a fair and reasonable result for the Class.

Dated:  _5-30-07_

_Edward Infante_
Hon. Edward Infante (Ret.)