# EXHIBIT A

Case 1:01-cv-00447-SSB-TSH    Document 184-2    Filed 06/01/2007    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARJORIE FERRELL, et al., | ) |
| Plaintiffs, | ) No. C-1-01-447 |
| v. | ) Judge Sandra S. Beckwith |
| WYETH-AYERST LABORATORIES, INC., et al., | ) Magistrate Judge Timothy S. Hogan |
| Defendants. | ) |

**DECLARATION OF JENNIFER FOUNTAIN CONNOLLY IN SUPPORT OF
CO-LEAD COUNSEL'S MOTION FOR AWARD OF
PARTIAL REIMBURSEMENT OF EXPENSES**

I, Jennifer Fountain Connolly, declare as follows:

1. I am a partner of Wexler Toriseva Wallace LLP (hereinafter "WTW"), Co-Lead Counsel in this action. I am submitting this Declaration in support of Co-Lead Counsel's application for an award of partial reimbursement of Plaintiffs' expenses incurred in connection with services rendered in the above action.

2. This firm is counsel for United Food and Commercial Workers Union and Employers Midwest Health Benefits Fund, a named plaintiff in this action. On June 30, 2004, the Court appointed this firm Co-Lead counsel to prosecute this action.

A. **Reimbursement of Expenses**

3. This firm maintained the Litigation Fund for this case. The Litigation Fund was made up of contributions from all Plaintiffs' counsel who, from time-to-time, were requested to contribute to that Fund in varying amounts necessary to pay expenses incurred in this litigation, *e.g.*, for experts, deposition transcripts, document copying costs and the like.

4. WTW maintained a record of all expenses incurred for the purpose of this litigation. When WTW incurred common expenses itself, those expenses were reimbursed out of

the Litigation Fund. When our co-counsel incurred common expenses, the Litigation Fund reimbursed them for expenses incurred.

5. Many of the expenses incurred in this litigation were expenses that were likewise necessary for the prosecution of a parallel case pending in the California Superior Court for the City and County of San Francisco, *Elizabeth Blevins v. Wyeth-Ayerst Labs., Inc.*, Case No. 324480 ("*Blevins*"). For example, because the Case Management Order in *Blevins* provided that depositions taken in this action could be used in *Blevins*, when we incurred expenses that could be used in both cases we attributed 50% of those expenses to the Litigation Fund for this case, and 50% of those expenses to the Litigation Fund for *Blevins*. On the other hand, when we incurred expenses that could only be properly attributed to this case, such as paying Plaintiffs' expert for preparing aspects of a report useable only in this litigation, those expenses were paid only out of the Litigation Fund for this case.

6. Plaintiffs are not seeking reimbursement for any expenses incurred for or attributed solely to *Blevins* in this case.

7. During the course of this litigation Plaintiffs incurred $450,419.48 in non-reimbursed expenses. Those expenses are broken down as follows:

| Type of Expense | Amount Incurred |
|---|---|
| Experts | $190,977.86 |
| Photocopies | $92,335.99 |
| Travel & Meals | $68,013.34 |
| Court Reporters | $27,926.01 |
| Delivery & Postage | $18,467.20 |
| Telephone/Facsimile | $14,863.84 |
| Online Research | $8,107.55 |
| Court and Subpoena Fees | $7,206.71 |
| Storage | $6,305.87 |
| Miscellaneous | $16,215.11 |
| TOTAL | $450,419.48 |

2

8. The expenses incurred pertaining to this case are reflected in the books and records of this firm maintained in the ordinary course of business. These books and records are prepared from expense vouchers, invoices, check records and similar items and are an accurate record of expenses incurred.

9. Even though Plaintiffs incurred $450,419.48 in expenses, we are only seeking reimbursement of $325,000 as part of the settlement of this litigation.

**B.    Attorneys' Fees Foregone**

10. In addition to the expenses incurred, Plaintiffs' counsel participated in the following work on behalf of the Classes in connection with the investigation and prosecution of the litigation:

   (a)   Drafted or assisted in the drafting of pleadings and discovery in the case;

   (b)   Engaged in factual investigation and legal research;

   (c)   Appeared in Court and telephonically in connection with conferences, arguments and hearings;

   (d)   Took and defended depositions;

   (e)   Consulted with economic experts to assess the existence of antitrust liability and determine the amount of potential damages;

   (f)   Assisted in the organization, coordination, review and analysis of hundreds of thousands of pages of discovery;

   (g)   Participated in formulating litigation and settlement strategies;

   (h)   Participated in settlement negotiations; and

   (i)   Drafted or assisted in drafting the documents necessary for preliminary and final approval of this class action settlement, including the motions for preliminary and final approval, the memoranda in support thereof, and proposed orders.

11. The total number of hours spent on this litigation by all Plaintiffs' firms in this litigation through May 31, 2007 is 12,289.64. The total lodestar amount for attorney and

3

paralegal time, calculated at each plaintiff firm's current hourly rates during the litigation is $4,131,829.88.

12. Plaintiffs are not seeking recovery of any of the fees they incurred in prosecuting this litigation as part of the settlement in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

EXECUTED this 29th day of May, 2007.

_____
Jennifer Fountain Connolly